# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**OBJECTION TO FIRST INTERIM FEE APPLICATION** |

Secured creditor Keystone Savings Bank ("Bank") objects to Debtor's Counsel's First Interim Fee Application, which seeks to utilize approximately $70,636.50 of KSB's pre-petition cash collateral as payment for Debtor's counsel's fees. The Debtor does not provide for or propose adequate protection for the use of KSB's pre-petition cash collateral, and any proceeding to determine the validity, priority, or extent of KSB's lien in the pre-petition attorney trust account balance must be made in an adversary proceeding. Fed. R. Bank. P. 7001(2). For purposes of the issue presented under section 330—whether to award reasonable compensation—the question of how the Debtor is to pay that compensation and from what sources is not ripe for decision and unnecessary to approve counsels' fees.

The Bank reiterates and incorporates its prior positions that the Debtor's movement of approximately $100,000 pre-petition from its account at the Bank to its counsel's trust account did not remove the Bank's existing lien, and, in any event, did not prevent the Bank's commercial banket from attaching to it. *See* Dkt. 124 and positions stated on record at July 20, 2023 hearing. Without limiting the foregoing:

- The Bank's security interests were not laundered away by the Debtor's placement of funds in trust, because the "[f]unds remain the property of the client until the attorney earns them." *Iowa Supreme Ct. Bd. of Pro. Ethics & Conduct v. Apland*, 577 N.W.2d 50, 55 (Iowa 1998). "[T]he debtor itself is not a transferee" under Iowa Code

section 554.9332, Unif. Comm. Code § 9-332 cmt. 2, so moving money from a bank account into a trust account does not wipe out creditors' liens.

- Attorney retaining liens do not wipe away pre-existing liens either, and do not apply to the unearned balance held in trust as of the petition date. This is so because in Iowa an attorney has a lien for a "balance of compensation" on "[m]oney in the attorney's hands belonging to a client." Iowa Code § 602.10116(2). This lien only secures the "attorney's fees and charges which are due for services *already rendered*." *Tri City Equip. Co.*, 460 N.W.2d at 466 (emphasis added). The consequence is retaining liens do not rinse trust deposits of pre-existing, perfected security interests. Nor do those liens apply to unearned portions of the trust, which is undisputedly the situation here because Debtor's counsel disclosed no pre-petition balance owing or conflicts of interest.

- As identified on the record on July 20, 2023, even if sections 554.9332 and 602.10116 eviscerated the Bank's pre-existing liens (they did not), the Bank's security interest nonetheless reattached to the Debtor's funds in its counsel's trust account. The Bank's security interests reaches both proceeds of its collateral and any general intangibles of the Debtor. *See In re 3PL4PL, LLC*, 619 B.R. 441 (Bankr. D. Colo. 2020) (debtor's property interest in a security retainer paid to a law firm was a general intangible). Because Iowa law clearly states that "[f]unds remain the property of the client until the attorney earns them," *Apland*, 577 N.W.2d at 55, any hypothetical engagement language which skirts this command goes against professional ethics and public policy, and is void. *Harvey v. Care Initiatives, Inc.*, 634 N.W.2d 681, 684 n.4 (Iowa 2001) ("We also recognize that a contract in violation of public policy is void.");

*Bergantzel v. Mlynarik*, 619 N.W.2d 309, 318 (Iowa 2000) ("[T]he public policy underlying the regulation of the practice of law is strong."). Thus, the Bank has a valid and perfected security interest in the Debtor's pre-petition, unearned retainer balance which cannot be used to fund post-petition professional fees in the absence of adequate protection and procedures which the Debtor is not offering or following here.

Accordingly, the Bank objects to the Debtor's Counsel's Application, in that it wrongly seeks to utilize approximately $70,636.50 of KSB's pre-petition cash collateral as payment for Debtor's counsel's fees. Unless or until this provision is fully withdrawn, the Bank asks the Court to deny the Application.

Dated: September 7, 2023

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls