# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 11 |
| BDC Group, Inc., | Bankruptcy No. 23-00484 |
| Debtor-in-Possession. | JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY |

COME NOW the Debtor-in-Possession, BDC Group, Inc. (hereafter, "Debtor"), and creditor Caterpillar Financial Services (hereafter, "Caterpillar"), through their undersigned counsel, and hereby respectfully request this Court authorize relief from the automatic stay relating to Caterpillar Financial Services' collateral in Virginia, stating the following in support:

1. The Debtor filed its Chapter 11 bankruptcy on June 13, 2023.
2. On August 1, 2023, Caterpillar filed Proofs of Claim, numbered 33 and 34, showing prepetition claims in the total amount of $190,168.31. Those Proofs of Claim, together with all supporting documents attached thereto, are by this reference incorporated herein as if set forth verbatim.
3. The Debtor has wound down its operations in Virginia, and two pieces of collateral, a 2018 Trail King TK24LP Trailer (VIN 1TKC0312XKP129420) and a Caterpillar a mini excavator (S/N CAT303EAJWY06119) (hereafter, "Equipment") remain in Virginia awaiting disposition.[1]
4. To reduce the risk of theft or vandalism and to reduce Debtor's need to lease storage lots in Virginia, Debtor and Caterpillar wish to liquidate the Equipment in an orderly and expeditious manner.
5. The parties have agreed that, upon the lifting of the stay, Caterpillar will recover the Equipment and liquidate it based on its normal practices and apply the proceeds to the costs of recovery and sale, then to the remaining indebtedness on the Equipment, and any residual on the mini excavator will be forwarded to Keystone Savings Bank (hereafter, "Keystone") for application to its outstanding pre-petition debt. Any residual on the trailer will be paid over to

---

1. Documentation regarding these pieces of equipment are found in the attachment to Claim #34 on pages 10 and 14 respectively.

  the Debtor-in-possession's attorneys to be held in trust pending the parties' resolution of the application of such residual proceeds.

6. Within thirty (30) days after the completion of a sale, Caterpillar shall file with the Court a report of sale which sets forth the gross proceeds received, any expenses or costs paid from the sale, the application of net proceeds to Caterpillar's claims, and the disposition of any residual proceeds exceeding the amount of Caterpillar's claims.

7. All parties' rights are reserved, including disputing the scope of Caterpillar's and Keystone's prepetition security interests, collateral valuation, and status as oversecured or undersecured.

8. Debtor and Caterpillar request that an order granting this relief be effective immediately upon entry and that the 10-day stay period, provided for in Bankruptcy Rule 4001(a)(3) not apply.

9. A proposed order signed by the parties L.R. 4001-1(a) requires is attached to this motion.

WHEREFORE the Debtor and Caterpillar respectfully request this Court relieve Caterpillar of the automatic stay related to the Equipment and authorize the sale of Equipment as outlined above, and grant such other relief as is just and equitable given the circumstances.

Dated this 14th day of September, 2023.

            Respectfully submitted,

            AG & BUSINESS LEGAL STRATEGIES

            /s/ Austin Peiffer
            Austin J. Peiffer AT0014402
            P.O. Box 11425
            Cedar Rapids, Iowa 52410-1425
            Telephone: (319) 363-1641
            Fax: (319) 200-2059
            Email: austin@ablsonline.com
            ATTORNEY FOR DEBTOR-IN-POSSESSION

        HEYL, ROYSTER, VOELKER & ALLEN, P.C.

        /s/ Mark A Ludolph
        Mark A. Ludolph AT0014578
        PO Box 6199
        Peoria, IL 616041
        Telephone: 309-677-9554
        Email: mludolph@heylroyster.com
        ATTORNEY FOR CATERPILLAR
        FINANCIAL SERVICES

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of September, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

        Signed: /s/ Michael J. Peiffer

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| IN RE: | Chapter 11 |
|---|---|
| BDC Group, Inc., | Bankruptcy No. 23-00484 |
| Debtor-in-Possession. | CONSENT ORDER LIFTING STAY |

The matter before the Court is the Joint Motion for Relief from Automatic Stay (Doc. 195) filed by the Debtor-in-Possession and Caterpillar Financial Services. The Court finds that the parties have stipulated to a resolution and settlement of said Motions pursuant to Rule 4001(d) and L.R. 4001-1(a) and that such stipulation should be approved upon the terms and conditions as here-in-after set forth:

IT IS THEREFORE ORDERED:

1. The automatic stay regarding Caterpillar's collateral located in Virginia, a 2018 Trail King TK24LP Trailer (VIN 1TKC0312XKP129420) and a Caterpillar a mini excavator (S/N CAT303EAJWY06119), is lifted. Caterpillar will sell the collateral listed above and the sale proceeds thereof will be applied first to Caterpillar's outstanding debts secured by the collateral sold and, for the mini excavator, second to Keystone Savings Bank ("Keystone") on account of its prepetition secured debts. With respect to the sale or disposition of the trailer, residual proceeds, if any, shall be paid to the Debtor-in-Possession's attorneys to be held in trust pending the parties' resolution of the application of such residual proceeds.
2. The sale of Caterpillar's collateral as provided for in this order shall be upon such terms and conditions as agreed to by Keystone and Caterpillar.
3. Within thirty (30) days after the completion of a sale, Caterpillar shall file with the Court a report of sale which sets forth the gross proceeds received, any expenses or costs paid from the sale, the application of net proceeds to Caterpillar's claims, and the disposition of any residual proceeds exceeding the amount of Caterpillar's claims.
4. All parties' rights are reserved, including disputing the scope of Caterpillar's and Keystone's prepetition security interests, collateral valuation, and status as oversecured or undersecured.

5. This Order shall be effective immediately upon entry and the 10-day stay period, provided for in Bankruptcy Rule 4001(a)(3) shall not apply.

Dated and Entered:

                                                Thad J. Collins
                                                Chief Bankruptcy Judge

Agreed to Form and Content:

/s/ Mark Ludolph
Mark Ludolph, Counsel for Caterpillar Financial

/s/ Abram Carls
Abram Carls, Counsel for Keystone Savings Bank

/s/ Elizabeth Janczak
Elizabeth Janczak, Counsel for the Unsecured Creditors Committee

/s/ Austin Peiffer
Austin J. Peiffer AT0014402
Ag & Business Legal Strategies
Attorney for Debtor-in-Possession