# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | Chapter 11 |
| BDC Group Inc., | Bankruptcy No. 23-00484 |
| Debtor-in-Possession. | MOTION TO TERMINATE OR WAIVE EXCLUSIVITY |

COMES NOW the Debtor-in-Possession, BDC Group Inc., through its undersigned counsel, and under 11 U.S.C. § 1121(d)(1) hereby respectfully requests this Court terminate (or authorize the Debtor to waive) its exclusive period to file a plan, stating the following in support:

1. The Debtor-in-Possession filed its Chapter 11 bankruptcy on June 13, 2023. Under 11 U.S.C. § 1121(b) the Debtor has the exclusive right to file a reorganization plan until Wednesday, October 11, 2023.
2. 11 U.S.C. § 1121(d)(1) authorizes parties in interest[1] to request the Court reduce the exclusivity period for cause.
3. The Debtor is working on and intends to file a new value plan that impairs at least one class of unsecured creditors. If any impaired class of creditors or interests does not accept the plan then the plan is only eligible for confirmation under 11 U.S.C. § 1129(b)(1)'s "cramdown" procedures, including the requirement that the plan be fair and equitable to nonaccepting impaired classes. If there are any nonaccepting impaired unsecured-creditor classes then 11 U.S.C. § 1129(b)(2)(B) defines fair and equitable treatment for those classes, including 11 U.S.C. § 1129(b)(2)(B)(ii)'s absolute priority rule.
4. One requirement for satisfying the absolute priority rule to confirm a new value plan is providing a market test to evaluate the proposed new value's sufficiency. *Bank of Am. Nat. Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 458 (1999). In *203 N. LaSalle* the Court discussed "the opportunity to offer competing plans" as a possibility means for providing this market test. *Id.*
5. Bankruptcy courts have recognized that the end of the exclusivity period can supply the competitive bidding *203 N. LaSalle*'s market test requires. *See, e.g.,*

---

1. Including the Debtor, 11 U.S.C. § 1109(b).

*In re Situation Mgmt. Sys., Ltd.*, 252 B.R. 857, 865 (Bankr. D. Mass. 2000) (holding a debtor's proposal of a new value plan was cause under 11 U.S.C. § 1121(d)(1) to terminate exclusivity and allow creditors to propose competing plans); *In re Red Mountain Mach. Co.*, 448 B.R. 1, 16, 18 (Bankr. D. Ariz. 2011) (holding that the debtor's proposed new value cash contribution satisfied *203 N. LaSalle*'s "top dollar" requirement when exclusivity had expired because the "option value" of the exclusive right to propose a plan which the debtor's prepetition interestholders enjoyed was zero when the exclusivity period had expired).

6. The Debtor hopes to propose a plan its unsecured classes accept, which would make the absolute priority rule inapplicable. However, in case this does not happen the Debtor wishes to satisfy the absolute priority rule by allowing other parties in interest to propose competing plans. Terminating exclusivity (or allowing Debtor to waive it) allows creditors this opportunity and satisfies *203 N. LaSalle*.

7. Under Fed. R. Bankr. P. 9013(b) the Debtor respectfully requests this Court direct which entities should be served this motion, since the rules neither require service nor specify the entities to be served. The Debtor submits that CM/ECF service is sufficient, since that will notify to the parties most involved in the case and most likely to consider submitting a competing plan.

WHEREFORE the Debtor-in-Possession respectfully requests this Court terminate or authorize the Debtor to waive its 11 U.S.C. § 1121(b) exclusive period to propose a plan, direct which entities should be served this motion, and grant such other relief as is just and equitable given the circumstances.

Dated this 15th day of September, 2023.

> Respectfully submitted,
>
> AG & BUSINESS LEGAL STRATEGIES
>
> /s/Austin Peiffer
> Austin J. Peiffer AT0014402
> P.O. Box 11425
> Cedar Rapids, Iowa 52410-1425
> Telephone:   (319) 363-1641
> Fax:            (319) 200-2059
> Email:         austin@ablsonline.com
> ATTORNEY FOR DEBTOR-IN-POSSESSION

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of September, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

Signed: /s/ Alex C. Tvedte