### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>MOTION TO REVISE, OR TO AMEND |

Secured creditor Keystone Savings Bank ("Bank") pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 9023 seeks revision or amendment of the Court's September 1, 2023 oral ruling, and states:

1.　At hearing the Court described its ruling as partial but seemingly left little to decide on whether approximately $70,636.50 of unearned, pre-petition retainer held by Debtor's counsel in trust was the Bank's cash collateral. The issue arose under the Debtor's Motion to Approve Secured Credit (*see* Dkts. 11, 127 at 23, and 129) and potentially under its Application to Employ (*see* Dkt. 5 and 111). Neither of those Motions were explicitly resolved, and remain pending. The Court indicated it would set a status hearing two weeks later, and the parties have engaged in discussions in the interim. *See* Dkt. 203. Those discussion continue.

2.　As to the matters discussed during the September 1, 2023 hearing, and if the ruling was partial, the Bank seeks revision under Rule 54(b) as incorporated to the contested matters by Bankruptcy Rule 9014. *De Dios v. Indem. Ins. Co. of N. Am.*, No. C 18-4015-MWB, 2018 WL 3420810, at *1 (N.D. Iowa July 13, 2018) (organizing standards for Rule 54(b) application). If complete, amendment is sought pursuant to Rule 9023. Three basis are asserted under each rule.

3.　First, the Bank's security interests were not wiped away by the Debtor's placement of funds in trust, because the "[f]unds remain the property of the client until the

attorney earns them." *Iowa Supreme Ct. Bd. of Pro. Ethics & Conduct v. Apland*, 577 N.W.2d 50, 55 (Iowa 1998). The Court described a plain meaning transfer between the Debtor's checking account at the Bank and Debtor's counsel's trust account. But the question under Iowa Code section 554.9332 is whether in such a scenario the Debtor qualifies as "a transferee of funds," and the commentary answers that it does not. Unif. Comm. Code § 9-332 cmt. 2 ("[T]he debtor itself is not a transferee"). Moving money from a Debtor's left hand to its right may be a transfer in a literal sense, but calling the Debtor a transferee as a result of the movement lacks the common version of the same thing. Moreover, an attorney cannot qualify as a "transferee" under Iowa law in this scenario because, again, "[f]unds remain the property of the client until the attorney earns them." *Apland*, 577 N.W.2d at 55. The result under section 554.9332 is a policy that courts should favor, whereby clients cannot launder money by moving it into their attorneys' trust account.

4. Second, the Court's oral ruling referenced attorney retaining liens but those liens do not wipe away pre-existing liens and do not apply to the unearned balance held in trust. This is so because in Iowa an attorney has a lien for a "balance of compensation" on "[m]oney in the attorney's hands belonging to a client." Iowa Code § 602.10116(2). And this lien only secures the "attorney's fees and charges which are due for services *already rendered*." *Tri City Equip. Co.*, 460 N.W.2d at 466 (emphasis added). The consequence is retaining liens do not rinse trust deposits of pre-existing, perfected security interests. Nor do those liens apply to unearned portions of the trust, which is undisputedly the situation here because Debtor's counsel disclosed no pre-petition balance owing or conflicts of interest. *See* Dkt. 5 ("[T]he Law Firm is a 'disinterested person' . . .").

5.  Finally, and as identified on the record on July 20, 2023, even if sections 554.9332 and 602.10116 eviscerated the Bank's pre-existing liens (they did not), the Bank's security interest nonetheless attached to the Debtor's funds in its counsel's trust account. The Bank's security interests reaches both proceeds of its collateral and any general intangibles of the Debtor. *See In re 3PL4PL, LLC*, 619 B.R. 441 (Bankr. D. Colo. 2020) (debtor's property interest in a security retainer paid to a law firm was a general intangible). Because Iowa law clearly states that "[f]unds remain the property of the client until the attorney earns them," *Apland*, 577 N.W.2d at 55, any hypothetical engagement language which skirts this command goes against professional ethics and public policy, and is void. *Harvey v. Care Initiatives, Inc.*, 634 N.W.2d 681, 684 n.4 (Iowa 2001) ("We also recognize that a contract in violation of public policy is void."); *Bergantzel v. Mlynarik*, 619 N.W.2d 309, 318 (Iowa 2000) ("[T]he public policy underlying the regulation of the practice of law is strong."). An attorney simply cannot contract around the law. Thus, the Bank has a valid and perfected security interest in the Debtor's pre-petition, unearned retainer balance which cannot be used to fund post-petition professional fees in the absence of adequate protection and procedures which the Debtor is not offering or following here.

6.  For these reasons the Bank seeks revision and amendment of the Court's September 1, 2023 oral ruling.

WHEREFORE, Keystone Savings Bank respectfully requests that the Court grant this Motion, enter an order revising and amending its September 1, 2023 oral ruling such that the Bank's pre-petition security interests in the Debtor's $70,636.50 unearned, pre-petition retainer is recognized, and for such further relief consistent with that position and as may be just given the circumstances.

Dated: September 15, 2023

        Respectfully Submitted,

        SIMMONS PERRINE MOYER BERGMAN PLC

        /s/ Abram V. Carls
        Abram V. Carls, AT0011818
        115 Third Street SE, Suite 1200
        Cedar Rapids, IA 52401
        Phone: 319-366-7641
        Facsimile: 319-366-1917
        acarls@spmblaw.com
        ATTORNEYS FOR KEYSTONE SAVINGS BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 15, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

        /s/ Abram V. Carls