**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re: | Chapter 11 |
| BDC GROUP, INC., | Case No. 23-00484 |
| Debtor. | Hon. Thad J. Collins |
| | **COMMITTEE'S OBJECTION TO JOINT MOTION FOR RELIEF FROM AUTOMATIC STAY (ECF No. 209)** |
| | **Hearing Date: October 6, 2023** |

The Official Committee of Unsecured Creditors (the "Committee") of BDC Group, Inc. (the "Debtor") submits this objection to the joint motion (the "Motion") (ECF No. 209) filed by the Debtor and Keystone Savings Bank ("KSB") to lift the automatic stay as to KSB's collateral in Virginia and certain pre-petition receivables. In support here, the Committee states as follows:

**Preliminary Statement**

The Debtor and KSB seek Court authority to modify the automatic stay in order to permit KSB to liquidate certain collateral in Virginia, where the Debtor ceased operations, and to apply $500,000 of cash proceeds of pre-petition accounts receivable to KSB's pre-petition debt. The Committee generally has no objection to KSB liquidating the Virginia collateral, but strongly objects to lifting the stay to allow KSB to be paid $500,000 on account of its pre-petition debt.

The Debtor and KSB have no demonstrated that cause exists to modify the stay, nor have they demonstrated that KSB is oversecured and would be entitled to post-petition interest or attorneys' fees. Indeed, it may very well be that the Debtor requires use of that $500,000 as cash collateral to continue funding this chapter 11 case through confirmation.

## Background

On June 13, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. On Jun 14, 2023, the Debtor filed a motion for authority to incur post-petition debt from KSB (the "DIP Financing Motion") (ECF No. 11). Under the DIP Financing Motion, KSB proposed to make a revolving post-petition loan of up to $700,000 in exchange for certain liens on the Debtor's assets. *Id.* The Court has entered several interim orders approving the DIP Financing Motion and the Debtor's authorization to incur post-petition debt from KSB expired on September 22, 2023. *See* ECF No. 47, 133, 145, 172, and 216. The Debtor, KSB, and the Committee are in the process of negotiating the terms of a final DIP order and budget but as of the date of this filing, the parties have not reached final terms.

After the filing of the case, the Debtor opened a lockbox account with KSB into which the Debtor deposited customer payments relating to pre-petition invoices (the "Pre-Petition Receivables"). *See e.g.* August 2023 Monthly Operating Report at pp. 34-35. As of August 31, 2023, the Debtor had a balance of $721,230.85 in the lockbox account.

## Objections

The Committee objects to the Motion on the basis that: (1) the Debtor and KSB have not carried their burden of demonstrating cause to lift the stay as to the Pre-Petition Receivables, (2) the Debtor and KSB have not demonstrated that KSB is entitled to post-petition interest on its pre-petition debt, and (3) any lift stay order on any DIP collateral cannot be effective until entry of a final order on the DIP Financing Motion.

**I.     The Debtor and KSB Have Not Demonstrated Cause to Lift the Stay for the Pre-Petition Receivables.**

The Court should deny the Motion because no facts, evidence, or argument have been presented demonstrating cause to lift the automatic stay. Indeed, the facts demonstrate that KSB is adequately protected in the Pre-Petition Receivables and that the Debtor may in fact need the Pre-Petition Receivables to fund this bankruptcy case through plan confirmation.

Section 362(d) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by . . . modifying such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have equity in such property; and (B) such property is not necessary for an effective reorganization.

11 U.S.C. § 362(d).

Under section 362(d)(2), a court should grant relief from the automatic stay only if the debtor does not have equity in the property **and** the property is not necessary to an effective reorganization. *See, e.g., In re Gilbertson Restaurants LLC*, 2004 WL 1724876, at *2 (Bankr. N.D. Iowa May 20, 2004); *In re GAC Storage Lansing, LLC,* 485 B.R. 174, (Bankr. N.D. Ill. 2013)

As explained by the Supreme Court:

> What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means … that there must be "a reasonable possibility of a successful reorganization within a reasonable time."

*United Savings Ass'n of Tex. v. Timbers of Inwood Forest Assoc., Inc.,* 484 U.S. 365, 375-76 (1988).

First, the Debtor and KSB have not demonstrated cause – such as lack of adequate protection – because the Pre-Petition Receivables are sitting safe and sound with KSB and the receivables are not depreciating in value as a result of the automatic stay.

Second, the Debtor and KSB have not addressed whether KSB has equity in the Pre-Petition Receivables and, even if it does not, whether those receivables are necessary for an effective reorganization. No effort has been made to establish whether KSB is oversecured or undersecured on account of its pre-petition liens. On that basis alone, the Motion should be denied. But even if it is undersecured, the Debtor may yet need those Pre-Petition Receivables to fund a successful reorganization. There is not yet a final order entered on the DIP Financing Motion and it remains to be seen whether the $700,000 revolving commitment from KSB will be sufficient to fund this chapter 11 case – including professional fees – through plan confirmation. If the DIP commitment is insufficient to fund this case, or the parties fail to reach an agreement on a final DIP order, the Debtor may need the use of its own cash collateral to emerge from bankruptcy. Moreover, if the $700,000 DIP loan does not fully fund administrative expenses of this case, the Pre-Petition Receivables may be subject to surcharge under section 506(c).

In short, the Debtor and KSB have not carried their burden of establishing that cause exists to lift the automatic stay to allow KSB to apply $500,000 of Pre-Petition Receivables to its pre-petition debt.

**II.     The Debtor and KSB Have Not Demonstrated that KSB is Entitled to Post-Petition Interest on its Pre-Petition Debt.**

The Motion assumes, without any factual support, that KSB is entitled to post-petition interest on its pre-petition debt and identifies the reduction of continued accrued interest as a basis for allowing KSB to apply the cash now. The Committee remains skeptical that KSB is oversecured. However, even if it were oversecured the Debtor would only be saving approximately

4

$149.31 per day – a total savings of $13,586.81 through the end of the year – by allowing a partial paydown of KSB right now.[1] In contrast, there is significant potential harm to the estate in allowing that money to go out the door as the Debtor may require its use to fund the plan. Spending $500,000 that the Debtor may need in order to save $13,586.81 that it likely does not owe anyway is not in the best interests of the estate. KSB should wait in line to be paid, just like every other pre-petition creditor in this case.

### III.     Any Lift Stay Order Applicable to DIP Collateral Must Await Entry of a Final Order on the DIP Financing Motion.

The Debtor and KSB seek to lift the stay as to certain Virginia collateral identified in the Motion. However, three of those assets are titled trailers to which KSB's pre-petition liens do not extend and which are identified as "[o]nly collateral for DIP." The Committee presumes that the basis for this statement is the First Interim Order's grant of senior superpriority security interests in "DIP Collateral", which is generally defined to include all of the Debtor's assets except for the Professional Fee Escrow and certain leasehold interests. (ECF No. 47-1 at pp. 3 and 19.)

While the Committee generally has no objection to this relief, the effectiveness of any order lifting the stay as to DIP collateral should be stayed pending entry of a final order on the DIP Financing Motion because the granting of superpriority liens, as of today's date, has only been granted on an interim basis and is subject to final consideration and approval by this Court.

---

[1]     KSB is owed $1,385,044.02 in principal on its highest pre-petition debt. It has an interest rate of prime + 2.25%, which totals 10.75% currently. This equals per diem interest of $413.59 (($1,385,044.02*.1075)/360). If KSB were to be paid $500,000 applied to the principal balance of the loan, it would continue to accrue per diem interest of $264.28 (($885,044.02*.1075)/360). $149.31 per day multiplied by 91 days from October 1, 2023 to December 31, 2023 totals $13,586.81.

**Conclusion**

For the reasons set forth above, the Committee requests that the Court deny the Motion to the extent it seeks to lift the stay as to the Pre-Petition Receivables and delay the effectiveness of an order lifting the stay as to DIP collateral until entry of a final order on the DIP Financing Motion.

Dated: September 29, 2023  **SMITH GAMBRELL & RUSSELL LLP**

By: /s/ Elizabeth L. Janczak
      One of Its Attorneys

Shelly A. DeRousse*
Elizabeth L. Janczak*
Tonita M. Helton (Iowa Bar No. AT0009125)
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:   312.360.6000
Fax:   312.360.6520
Email:  sderousse@sgrlaw.com
         ejanczak@sgrlaw.com
         thelton@sgrlaw.com
**Admitted pro hac vice*

*Counsel for Official Committee of Unsecured Creditors of BDC Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 29, 2023, the *Committee's Objection to Joint Motion for Relief From Automatic Stay (ECF No. 209)* was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system.

/s/ Elizabeth L. Janczak