# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Chapter 11 |
| BDC GROUP, INC., | Case No. 23-00484 |
| Debtor. | Hon. Thad J. Collins |
| | **CONTESTED MOTION FOR RULE 2004 EXAM OF KEYSTONE SAVINGS BANK** |

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 case of BDC Group, Inc. (the "Debtor"), hereby moves for entry of order authorizing the Committee to take the examination of Keystone Savings Bank ("KSB") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support hereof, the Committee states as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested by this motion is Bankruptcy Rule 2004 and 11 U.S.C. § 105(a).

## BACKGROUND

3. On June 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

SGR/43449569.2

4. KSB is the Debtor's pre-petition and post-petition secured lender. Prior to the Petition Date, and during this bankruptcy case, the Debtor maintained its operating accounts at KSB.

5. Prior to the bankruptcy filing, the Debtor maintained one primary operating account with KSB (account ending 2452) into which the Debtor deposited its receivables and made operating expense payments. KSB funded the Debtor's daily expenditures from the revolving loan and swept the balance of the account daily.

6. Shortly after the bankruptcy filing, the Debtor opened up a separate lockbox account with KSB into which the Debtor's accounts receivable relating to pre-petition invoices were deposited and have been held during the pendency of the bankruptcy case.

7. On August 19, 2023, KSB filed a claim against the Debtor's bankruptcy estate in the amount of $3,081,954.64, consisting of three separate debts: (1) a purchase money security loan to BDC to purchase certain equipment and vehicles with a balance of $620,631.80, (2) a revolving loan acquired from Farmers and Merchants Bank with a balance of $1,390,652.94, and (3) a revolving loan acquired from Farmers and Merchants Bank with a balance of $1,070,669.90.

8. On August 23, 2023 creditor Isotropic Networks, Inc. conducted a Rule 2004 examination under oath of Dennis Bruce, the Debtor's president and sole owner. During that examination, Mr. Bruce testified regarding the Debtor's pre-petition billing and invoicing practices relating to an Isotropic project and why, allegedly, subcontractors on the Isotropic project were not paid commensurately with the progress payments Isotropic made to the Debtor.

9. On September 12, 2023, the Debtor filed a report of avoidance actions identifying approximately $6.6 million in potential avoidance actions based on the Debtor's limited review of possibly actions.

10. On August 25, 2023, counsel for the Committee e-mailed counsel for KSB a copy of a draft rider for documents the Committee intended to seek from KSB and requesting that the parties discuss an agreement as to timing and place of production. *See* E-mail correspondence dated August 25, 2023, attached hereto as Exhibit 1.

11. Despite multiple follow-up telephone calls and e-mail correspondence between counsel for the Committee and KSB over the last month, KSB has yet to agree to a date for production of documents.

12. On September 25, 2023, counsel for the Committee again e-mailed counsel for KSB to inquire on the status of the Committee's request and asking KSB to inform the Committee by noon on September 28, 2023 whether it would agree to a deadline of October 9, 2023 for production of documents. *See* E-mail correspondence dated September 25, 2023, attached hereto as Exhibit 2. KSB's counsel did not respond to the September 25, 2023 e-mail.

## ARGUMENT

13. The Committee seeks to issue a Rule 2004 subpoena for documents to KSB seeking information in connection with its investigation of the Debtor's pre-petition operations and conduct and identifying potential estate causes of action which could be pursued for the benefit of creditors and used as a funding source for this chapter 11 case.

14. Bankruptcy Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).

15. The scope of Rule 2004 is extremely broad. "Legitimate goals of Rule 2004 examinations include 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

16. The Committee requests that the Court issue an order authorizing the issuance of the Rule 2004 subpoena attached as Exhibit 3 requesting documents from KSB including, without limitation,

   a. bank statements, canceled checks, and wire transfer advices;

   b. a complete loan advance and payment history;

   c. communications relating to the Debtor's receivables and billings to the Debtor's customers; and

   d. communications relating to the Debtor's payment of its suppliers, vendors, or subcontractors.

*See* Exhibit 3.[1]

17. This discovery will bear on the Debtor's business affairs, claims against the estate, and potential estate causes of action. In particular, the Committee seeks to investigate: (i) potentially avoidable transfers under chapter 5 of the Bankruptcy Code, (ii) the Debtor's billing and payment practices with respect to its suppliers and vendors which issues were raised by Isotropic and bear further investigation by the Committee, and (iii) the basis for KSB's claimed amounts due under its loans.

18. The Committee is not seeking an examination under oath of KSB at this time.

## COMPLIANCE WITH LOCAL RULE 2004-1

19. Pursuant to Local Bankruptcy Rule 2004-1(a), counsel for the Committee contacted counsel for KSB in an attempt to reach agreement regarding the examination requested in this motion more than a month ago. Despite several separate conversations and multiple e-mails, KSB has not consented to a date, time, or place for production of documents – though it also has not raised a specific objection to the requests either.

---

[1] The document requests in Exhibit 3 are narrower than originally provided to KSB on August 25, 2023.

20. This examination is needed so that the Committee may investigate the Debtor's assets, financial affairs, potential estate causes of action available to fund a chapter 11 plan and distribute to creditors, and the amount of KSB's pre-petition claim.

## **NOTICE**

21. Notice of this motion has been provided to the Office of the United States Trustee and all parties who are entitled to notice through the Court's ECF noticing system.

22. Pursuant to Local Rule 2004-1(c)(2), the parties served with this motion shall have 14 days from the date of service to file an objection to the motion stating the grounds of objection.

WHEREFORE, the Committee requests that the Court enter an Order authorizing: (i) the Committee to issue the Rule 2004 subpoena attached to the Motion as Exhibit 3 upon KSB by and through its counsel; (ii) requiring KSB to serve responsive documents within 7 days of service of the Rule 2004 subpoena; and (iii) granting such other and further relief as is just and equitable.

Dated: October 2, 2023

**SMITH GAMBRELL & RUSSELL LLP**

By:  /s/ Elizabeth L. Janczak
         One of Its Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
SMITH GAMBRELL & RUSSELL LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
sderousse@sgrlaw.com
ejanczak@sgrlaw.com

*Counsel for the Official Committee of Unsecured Creditors of BDC Group, Inc.*