# EXHIBIT 3

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Iowa_____

In re ___BDC Group LLC___     Case No. ___23-00484___
          Debtor
                              Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___Keystone Savings Bank___

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached rider

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

                                        OR

_____             _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___Off. Comm. of Unsecured Creditors___, who issues or requests this subpoena, are:

Elizabeth L. Janczak, Smith Gambrell & Russell LLP; 311 S. Wacker Dr. Suite 3000, Chicago, IL 60606; ejanczak@sgrlaw.com; 312.360.6722

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

***In re BDC Group Inc.***
**23-00484 (Bankr. N.D. Iowa)**
**Document Subpoena to Keystone Savings Bank**

## DOCUMENT RIDER

Pursuant to the accompanying Subpoena and the Definitions and Instructions at the end of this Document Rider, please produce the following documents on or before _____, **2023 at 5:00 p.m. Central Time to Smith, Gambrell & Russell, LLP c/o Elizabeth Janczak, 311 S. Wacker Dr. Suite 3000, Chicago, IL 60606:**

1. For the period of June 1, 2019 through the Petition Date, all Documents relating to: (i) signature cards, (ii) statements, and (iii) financial summaries of any and all debit cards or Bank Accounts or certificates of deposit in the name of BDC, or in which BDC had an interest, including without limitation account ending in 2452 and 2633.

2. For the period of June 1, 2019 through the Petition Date, all Documents relating to: (i) checkbook registers, (ii) stubs, (iii) cancelled checks, (iv) deposit slips, (v) wire transfer confirmations, (vi) wire and ACH transfer advices and detail (sufficient to identify the beneficiary/recipient), and (vi) passbooks of any and all debit cards or Bank Accounts or certificates of deposit in the name of BDC, or in which BDC had an interest, including without limitation those relating to account ending in 2452 and 2633.

3. Documents reflecting the complete loan advance and payment history between Keystone and BDC relating to loan numbers 1234697402 and 2317107901 including, without limitation, ledgers and statements reflecting the dates and amounts of each advance made by Keystone to BDC and each payment made by BDC to Keystone.

4. For the period of February 1, 2023 through the present, Communications between You and BDC regarding BDC's pending projects, receivables, or billings to its customers.

5. For the period of February 1, 2023 through the present, Communications between and among Your employees, officers, or agents regarding BDC's pending projects, receivables, or billings to its customers.

6. For the period of February 1, 2023 through the present, Communications between You and BDC regarding BDC's payment of its suppliers, vendors, or subcontractors.

7. For the period of February 1, 2023 through the present, Communications between and among Your employees, officers, or agents regarding BDC's payment of its suppliers, vendors, or subcontractors.

## DEFINITIONS

1. "*Keystone*" or "*You*" shall mean Keystone Savings Bank and includes any and all of its predecessors, predecessors in interest, successors, successors in interest, subsidiaries, divisions, joint ventures, affiliates and affiliated entities, as well as the officers, directors, agents, employees, representatives of the foregoing, and all persons acting on its/their behalf or under its/their control.

2. "*And*" shall mean and/or.

3. "*Any*" shall mean any and all.

4. "*Bank Account*" as used in these requests shall mean checking account(s), savings account(s) or any other depository arrangement(s) with a financial institution, savings association or credit union, whether registered in your name; your name and another or others; your name as trustee for another or others; another or others as trustee for you; and any partnership, trust or other entity in which you have or had an interest, or has or had authority to represent another in connection therewith.

5. "*BDC*" shall mean BDC Group Inc. and its agents, attorneys, officers, directors, members, representatives, predecessors, and successors.[1]

6. "*Court*" shall mean the United States Bankruptcy Court for the Northern District of Iowa.

7. The term "*Document*" or "*Documents*" means every original (any copy of any original and any copy which differs in any way from any original, e.g., because handwritten or "blind" notes appear thereon or are attached thereto) of every writing and recording, computerized records, digital or electronically stored data, photographs, or other memorialization, of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, communications of any nature, telegrams, memoranda, advertisements, books, records, analyses, notebooks, blueprints, maps, surveys, graphs, charts, plans, summaries or records or transcriptions of personal conversations or statements however made, business forms, labels, appointment books, diaries, routing slips, reports, publications, photographs, films, minutes and other formal or informal memoranda of meetings, transcripts or oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts, including all modifications and/or revisions thereof, papers and forms filed with courts or other governmental bodies, notices, messages, calendar entries, brochures, pamphlets, press releases, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records and dictation belts to which you or your company now has or has had access to in the past. Any

---

[1] BDC's federal employer identification number is 47-2908533

3

document with any marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this Rider.

8. "*Person*" or "*Persons*" shall mean any and all entities, as well as natural persons, and, without limitation, shall be defined to include natural persons, corporations, partnerships, joint owners, associations, companies, joint ventures, firms, proprietorships, and any other legal entity.

9. "*Petition Date*" means June 13, 2023.

10. "*Regarding*" and "*relating to*" means concerning, constituting, analyzing, supporting, reflecting, describing, discussing, summarizing, referring to, reporting on, commenting on, inquiring about, setting forth, explaining, considering, pertaining to, mentioning, or alluding to, in whole or in part.

11. *"Related to"* or *"Relates to"* means: consisting of, referred to, reflected by or in any way logically or factually connected with the matters discussed, directly or indirectly.

12. "*Refer*," "*Relate*," "*Reflect*," "*Regard*," "*Refer to*," "*Relate to*," "*Relating to*," and "*Concerning*" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting.

## **INSTRUCTIONS**

1. In responding to these requests, You shall furnish all Documents described below that are in Your possession, custody or control at the time of production, including Documents in

the possession, custody or control of Your agents and representatives. Your agents and representatives include, but are not limited to, any officials, officers, directors, employees, attorneys, accountants, consultants, financial advisors, governmental advisors, regulatory advisors, investigators or brokers to whom You have provided Documents. You shall furnish all Documents described above that have been provided to You by any persons (including governmental agencies) who are obligated to give you access to, who have given You access to, or who have agreed to give You access to, Documents or information, upon Your request, whether or not any such access to Documents or information has, as yet, been given.

2. Except where otherwise indicated, these requests cover the period from **June 1, 2019** through the **Petition Date**, and request the production of all Documents prepared, sent or received, in whole or in part, during such period, and of all Documents, whenever prepared, which relate to any part of such period.

3. If You refuse to answer or provide Documents in response to any request, in whole or in part, under a claim of privilege, you should answer the request to the fullest extent possible and, with respect to any Documents withheld under a claim of privilege, the Federal Rules of Bankruptcy Procedure require you to: (i) describe the nature and basis of the claimed privilege; (ii) name the person or entity claiming the privilege; and (iii) describe the Documents withheld under the claim of privilege with sufficient particularity to allow the party issuing this Subpoena and the Court to assess whether such privilege claim is appropriate.

4. You should produce all Documents in their native form. By way of example, when you produce a Microsoft Excel spreadsheet you should produce that spreadsheet in unaltered electronic form with the file extension ".xls".

5.  If You have knowledge of any Document called for by these requests that was, but is no longer, in Your possession, custody, or control, please identify each such Document or other material and state the circumstances under which You lost or relinquished possession, custody, or control of the Document.

6.  Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa to bring within the scope of the request any information which otherwise might be construed to be outside the scope. All words and phrases shall be construed as masculine, feminine, or gender neutral, according to context and to bring within the scope of the request any information which otherwise might be construed to be outside the scope.

7.  These requests are continuing in nature and require You to timely file supplemental responses if additional or different information is obtained. You should include in any supplemental response the date and manner in which the additional or different information became known.