## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| IN RE:<br><br>BDC GROUP, INC.,<br><br>       Debtor. | Case No. 23-00484<br><br>**REPLY TO OBJECTION TO JOINT MOTION TO LIFT STAY** |
|---|---|

Keystone Savings Bank ("Bank") provides this reply to the Committee of Unsecured Creditor's Objection to Joint Motion for Relief from Automatic Stay, Dkt. 221 ("Objection").

The Unsecured Creditor's Committee objects but has no horse in this race. Lift-stay disputes ordinarily occur between parties with interests in the collateral at issue. A secured creditor seeks permission to exert its lien rights and the debtor opposes, most frequently because the debtor needs the property to reorganize. But here a party with no lien or property at issue and one who has thus far opposed the Debtor's reorganization efforts—the Unsecured Creditor's Committee—objects. In so doing the Committee forgets that it has no interest in the contents of the Joint Motion, Dkt. 209, and seeks to assert the rights of third parties contrary to those parties' (the Debtor and Bank) assertion of them.

"Cause" exists to lift the stay because the Debtor says so. *See* 11 U.S.C. § 362(d)(1) ("for cause, including" [open ended]). The Debtor determined cause exists to surrender equipment collateral, which the Committee does not oppose. The Debtor reached the same conclusion with respect to a portion of the collected pre-petition accounts receivable. Why the Court should substitute the Debtor's judgment with the Committee's judgment but only when the Committee disagrees is not answered in the Objection.

The Committee also contradicts itself in arguing first that the Debtor has not proven it lacks equity in the Bank's collateral but then stating "[t]he Committee remains skeptical that KSB is oversecured." Objection at 4. Setting aside the apparent make-work caused by

contradictory positions like these, the prudent course is to do what the Debtor has done: seek to apply proceeds now and mitigate the risk of future interest and fees, thereby enhancing reorganization prospects.

Retaining the collected pre-petition receivables has moreover become a drain on the Debtor's budget. The U. S. Trustee first stated that it did not care about the insurance limits of Section 345, probably because the deposits were held at the bank who owned them. *See* Exhibit 1 (email with U.S. Trustee). But recently the U.S. Trustee has switched stances and is demanding that something be done or face case dismissal. Despite easy solutions to satisfy Section 345 insurance threshold concerns, the U.S. Trustee now says insured banks must also be "depositaries" "authorized" by the U.S. Trustee. *See* Exhibit 2 at 1 (recent correspondence with the U.S. Trustee). Frustratingly, the U.S. Trustee has not produced authority to substantiate its position. More frustratingly, the U.S. Trustee has agreed that lifting the stay to withdraw deposited proceeds would solve the problem, but despite that says it "will <u>not</u> be supporting" the Joint Motion. *Id.* (emphasis in original); *but see id.* at 4 ("The options I believe were paying down secured debt (per cash collateral motion)"). So again in terms of "cause," lifting the stay resolves an unnecessary administrative headache and applies funds not needed to reorganization to debts, thereby mitigating cost risks in the future.

Finally, if the Committee is concerned about case costs, Objection at 4, then it should not be unnecessarily adding to them with Objections such as these. The Debtor engaged its counsel and should not be saddled with the additional burden of Committee fees where unsecured creditors have no interest at issue or where the Committee's professionals fill the role of a second diligence opinion and fail to return value to the creditors they represent.

Increasing administrative costs so as to enhance a position on objections elsewhere is an issue the Court should be mindful of.

WHEREFORE, the Bank requests that Court overrule the Unsecured Creditor's Committee's Objections and grant the Joint Motion to Lift Stay.

Dated: October 5, 2023

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 5, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls