UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. |
| BDC GROUP, INC. | ) | |
| | ) | 23-00484 |
| | ) | |
| | ) | U.S. TRUSTEE'S LIMITED OBJECTION |
| Debtor. | ) | TO JOINT MOTION FOR RELIEF FROM |
| | ) | AUTOMATIC STAY |

The Acting United States Trustee (UST), through the undersigned, hereby files this Limited Objection to the Joint Motion for Relief from Automatic Stay. *See* Doc. 209. In support the UST respectfully states:

1. The case was filed on June 13, 2023. Exclusivity was terminated on September 27, 2023. No plan is currently on file.

2. A Joint Motion for relief from Stay ("Motion") was filed by Creditor Keystone Savings Bank on September 19, 2023. *See* Doc. 209.

3. A preliminary telephonic hearing is set for October 6 at 10:30 AM.

4. The Motion seeks relief from the automatic stay two accomplish two goals. First, Creditor Keystone Savings Bank ("KSB") seeks to be able to liquidate certain property currently stored in Virginia, where the Debtor has already wound down business operations. Second, and seemingly unrelated, the Debtor seeks to lift the stay to be able to pay $500,000 to KSB on their prepetition receivables that are currently held in an escrow account.

5. The Official Committee of Unsecured Creditors ("Committee") filed its Objection to the Motion on September 29, 2023. *See* Doc. 221. The Committee's Objection correctly notes that cause has not been demonstrated to lift the stay as to the pre-petition receivable, KSB has not

shown it is entitled to post-petition interest on a pre-petition debt, and any Order entered must be subject to the final order on the DIP Financing Motion.

6. In addition to the objections advanced by the Committee, the UST questions the contemplated procedures and stated reasoning for the Motion.

7. The Motion states KSB needs relief from the automatic stay in order to liquidate the property it holds liens against that is currently located in Virginia. However, in order to remove property from the bankruptcy estate the Debtor must do more than lift the stay against one creditor. The lack of the automatic stay applying does not remove the property from the bankruptcy estate; even if the current Motion for Relief from Stay is treated as a Motion to Compel Abandonment, this process is no more beneficial to any party than a traditional Motion to Sell Property pursuant to § 363. The unusual procedure chosen here is deficient and only serves to contravene the procedural safeguards built into the Code, including full and proper noticing, and a complete priority scheme for how payments should be applied. Simply lifting the stay against on creditor seeking control over property of the estate does not give that one creditor the unchecked ability to dispose of the property and retain the proceeds without any sort of notice or Court intervention.

8. Further, the Debtor admits in their Motion that the purpose of paying KSB for pre-petition receivables at this time is to pay interest and avoid insurance threshold issues under 11 U.S.C. § 345. *See* Doc. 209, Paragraph 7. As the Committee points out, the interest to be incurred here is negligible. As such, payment of $500,000 is not warranted and statutorily inappropriate. This "insurance threshold" is an issue arising because the Code and UST Guidelines require debtors to keep their money in accounts that are backed by federal deposit insurance. The Debtor currently has more money in their DIP account than can be insured, and so instead of opening another

account elsewhere or otherwise complying with the UST requirements, the Debtor is suggesting they pay a pre-petition debt.

9. The Motion for Relief from Stay does not represent good faith actions by the Debtor seeking to advance this bankruptcy case and pursue the best interests of the estate. Rather the Motion represents a gross overreach of Keystone Savings Bank seeking to grab at whatever source of money is available, and a contravention of the statutorily required procedures set out in the Bankruptcy Code.

WHEREFORE, the UST requests that the Motion to Lift the Automatic Stay be denied in its entirety.

Dated:  October 5, 2023

Respectfully Submitted,

**Mary R. Jensen**
Acting United States Trustee

Claire R. Davison
By:/s/ Claire R. Davison
Claire R. Davison
AT #0014945
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (202) 320-3943
Claire.r.davison@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on October 5, 2023:
All parties receiving ecf notifications.

 /s/ Jennifer L. Cline
Jennifer L. Cline
Paralegal Specialist
Office of U.S. Trustee