**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>      Debtor. | Case No. 23-00484<br><br>**OBJECTION TO FEE APPLICATION** |

Keystone Savings Bank ("Bank") objects to the First Interim Fee Application filed by

Counsel for the Committee of Unsecured Creditors ("Applicant"), Dkt. 192 ("Application")

and states:

Applicant seeks to tax a small business Debtor with $78,500 of additional expense

charged over a mere two months without answering "for what gain and why?" In so doing

Applicant overlooks the Bankruptcy Code's requirement that for their services to be

compensable from the Estate the services must be "necessary costs and expenses of preserving

the Estate." 11 U.S.C. § 503(b). This means they "must (a) confer an actual and demonstrable

benefit on the debtor's estate, the creditors, and to the extent relevant, the stockholders, and

(b) arise from a transaction with a bankruptcy estate." *Sanchez v. Nw. Airlines, Inc.*, 659 F.3d

671, 677 (8th Cir. 2011) (cleaned up). And preferential treatment is "tightly construed."

*Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006).

If the basis for the Application is instead Section 330 (the Application is ambiguous

on this point) the request fares no better. The Bankruptcy Code cuts down professional fees

for "unnecessary duplication of services," 11 U.S.C. § 330(a)(4)(A), and like Section 503

prohibits fees for services not "reasonably likely to benefit the debtor's estate" or not "necessary

to the administration of the case." *Id; cf. In re Reed*, 890 F.2d 104, 105 (8th Cir. 1989) ("In our

judgment, the overwhelming weight of authority propounds the better rule requiring benefit

to the estate."); *In re Kloubec*, 251 B.R. 861, 864 (Bankr. N.D. Iowa 2000) ("[F]ee applications

for [] attorneys in bankruptcy will be denied to the extent the services rendered . . . did not benefit the bankruptcy estate."). In jumping to the question of an amount of reasonable compensation, the Application misses the precursory question of whether the fees are compensable to begin with. 11 U.S.C. § 330(a)(4)(A).

Applicant bears the burden[1] to answer this question and meet these standards and here the Applicant falls short. Two sentences buried at the tag end of the Application summarily conclude the $78,500.00 of services "ensur[ed] that the Debtor's assets were properly preserved and administered" and that "the estates [sic] and their creditors" "gained the highest value under the circumstances to maximize the potential recovery." Application at 8. The assets Applicant claims were "preserved" and "administered" are not identified, nor is detail given to the "high[] value" the Applicant states to have returned. Given the case and counsel already involved, it's more probable that no real value has been returned to the Estate above what would have returned anyway, particularly given the hefty cost of $78,500 in two months. Charging dollars to pursue pennies and dimes is not an Estate "benefit" or "necessary to the administration of the case," to use the words of the statute. 11 U.S.C. § 330(a)(4)(A).

Instead of fostering and enhancing the case moreover, the Committee of Unsecured Creditors has interrupted the progress of reorganization. The billing invoices submitted with the Application demonstrate diligence investigations that came up empty (and which the Debtor already conducted, i.e. duplication), objections to financing necessary to continue the Debtor's operations (and thereby grow the Estate), and through Applicants efforts and many

---

[1] *E.g. In re Clark*, 223 F.3d 859, 863 (8th Cir. 2000) (burden on the applicant); In re Bailey Ridge Partners, LLC, No. BR 17-00033, 2018 WL 3655385, at *5 (Bankr. N.D. Iowa June 28, 2018) ("This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by the debtor.").

obstacles increase the total cost of administration (with the side effect of making all of the financing and reorganization prospects that much more complicated). *See* 11 U.S.C. § 1129(a)(9) (requiring payment of administrative expenses on confirmation, with the side impact of allowing adverse professionals to enhance feasibility objections by running up the bill). Presumably the Debtor can identify the many ways in which its interface with the Committee drove up costs and delayed reorganization.

Finally, and assuming for purposes of argument that the Applicant has proven some compensable services, the hourly rate charged may fit the Chicago market but is well above that "customarily charged in the community by someone who possesses similar skill, experience, expertise, stature and reputation." *In re Pothoven,* 84 B.R. 579, 584 (Bankr. S.D. Iowa 1988); *cf. In re VeroBlue Farms, Inc.*, No. AP 19-09015, 2023 WL 3011756, at *5 (Bankr. N.D. Iowa Apr. 19, 2023) (applying a "downward adjustment to Chicago counsel's rates"). Debtor's counsel is no comparison because whereas the Applicant has three well-to-do clients to fund fee costs, Debtor's counsel's client is bankrupt. The risks of engagement are decidedly different.

Lead committee member and chairman Liquid Capital Exchange (*see* Dkt. 57) paid $400/hour to reputable and experienced local *trial* counsel in its lawsuit against the Debtor. Affidavit of Randall D. Armentrout at ¶¶2-7, *Liquid Capital Exchange, Inc. v. BDC Group, Inc.*, No. 20-cv-00089-CJW-MAR, (N.D. Iowa May 9, 2022), Dkt. 167-3. The diligence work and litigation identified in the Application on a local rate basis should not be valued higher than that and is still (on a local basis) worth less. If the Applicant wants recovery above that threshold, it can look to its committee-member clients for payment.

WHEREFORE, the Bank requests that Court sustain this Objection and deny the

Application.

Dated: October 5, 2023

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 5, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls