# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>BDC GROUP, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 23-00484<br><br>Hon. Thad J. Collins<br><br>**COMMITTEE'S OBJECTION TO MOTION TO REVISE, OR TO AMEND (ECF No. 207)** |

The Official Committee of Unsecured Creditors (the "Committee") of BDC Group, Inc. (the "Debtor") submits this objection to the motion (the "Motion") (ECF No. 207) filed by the Keystone Savings Bank ("KSB") to revise or amend the Court's September 1, 2023 oral ruling. In support here, the Committee states as follows:

## Objection

On September 1, 2023, the Court issued an oral ruling that the cash transferred from the Debtor to its attorneys, Ag & Legal Business Strategies ("ABLS") on accounts of ABLS' legal fee retainer were transferred free and clear of KSB pre-petition liens and security interests in such cash. That oral ruling was in direct response to KSB's objection to ABLS' employment application in which ABLS sought permission to apply its legal fee retainer to its post-petition fees – a standard occurrence in chapter 11 cases.[1]

None of KSB's arguments in the Motion warrant an alternate outcome. KSB again fails to distinguish between legal title to the funds and ABLS' possessory interest in them. *See e.g. In re Tuscany Energy, LLC*, 561 B.R. 910, 915 (Bankr. S.D. Fla. 2018) ("Debtor-in-possession counsel

---

[1] The Committee incorporates by reference the arguments set forth in its pre-hearing brief filed on July 20, 2023 as ECF No. 130.

who obtains a prepetition retainer to ensure payment of fees and expenses in a chapter 11 case (or a postpetition retainer authorized by court order) becomes a secured creditor, secured by a possessory security interest in money."); *In re GOCO Realty Fund I*, 151 B.R. 241, 250-52 (Bankr. N.D. Cal. 1993) (holding that counsel holding a security retainer had a validly perfected security interest in the funds in its possession and secured creditor's interest in assigned rents did not continue after retainer transferred to attorney). The standard definition of a transfer and common sense dictate that moving money from an account held in the name of and controlled by person A to an account in the name of and controlled by person B constitutes a transfer.

To the extent KSB has any security interest, it is only in the right of a general intangible, *i.e.* an interest in the Debtor's right to payment from ABLS. But the Debtor's right to payment from ABLS is governed by the underlying contract – ABLS's engagement letter. The Debtor has no current or immediate right to return of the legal retainer unless and until ABLS' engagement is concluded or otherwise terminated. As that has not occurred and as ABLS has certainly incurred legal fees exceeding the balance of the pre-petition retainer, the value of any such security interest in the general intangible is zero. KSB has no legal right or ability to dictate the use of the legal retainer, which is controlled by the contract between the Debtor and ABLS.

For these reasons, the Committee objects and requests that the Court deny the Motion.

Dated: October 6, 2023                                  **SMITH GAMBRELL & RUSSELL LLP**

By: /s/ Elizabeth L. Janczak
       One of Its Attorneys

Shelly A. DeRousse*
Elizabeth L. Janczak*
Tonita M. Helton (Iowa Bar No. AT0009125)
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Tel:     312.360.6000
Fax:    312.360.6520
Email:   sderousse@sgrlaw.com
            ejanczak@sgrlaw.com
            thelton@sgrlaw.com
*Admitted pro hac vice*

*Counsel for Official Committee of Unsecured Creditors of BDC Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2023, the *Committee's Objection to Motion to Revise, or To Amend (ECF No. 207)* was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system.

/s/ Elizabeth L. Janczak