**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| IN RE: | Chapter 11 |
|---|---|
| BDC Group Inc., | Bankruptcy No. 23-00484 |
| Debtor-in-Possession. | MOTION TO SHORTEN PLAN & DISCLOSURE STATEMENT BAR DATES |

COMES NOW the Debtor-in-Possession, BDC Group Inc., through its undersigned counsel, and under Fed. R. Bankr. P. 9006(c)(1) and L.Rs. 3017-1(a) and 3018-1(b) hereby respectfully requests this Court shorten the time for objections to its plan and disclosure statement and expedite the confirmation hearing, stating the following in support:

1. On October 17, 2023 the Debtor filed its plan (Doc. 246), disclosure statement (Doc. 247), and related documents.
2. Fed. R. Bankr. P. 2002(b) requires 28 days' notice to parties in interest of the time for objections to and a hearing on both the disclosure statement and confirming a Chapter 11 plan. L.R. 3017-1(a) requires the hearing on approving the disclosure statement occur at least 14 days after the objection bar date However, Fed. R. Bankr. P. 9006(c)(1) allows this Court, in its discretion and for cause shown, to order these periods reduced, and L.R. 3017-1(a) allows reduction of these periods to be requested by written motion.
3. Fed. R. Bankr. P. 9006(c)(1) specifically does not require notice of motions made under it, allowing for *ex parte* motions like this one.
4. Fed. R. Bankr. P. 9006(c)(2) lists the only rules whose periods are not subject to reduction under Fed. R. Bankr. P. 9006(c)(1), and Fed. R. Bankr. P. 2002(b) is not listed there.
5. The Debtor requests this reduction for two reasons. First, this bankruptcy's administrative expenses have greatly burdened its cash flows. Prolonging this case will only increase those burdens and make its post-bankruptcy recovery more difficult. Second, the Debtor submits that its plan and disclosure statement are straightforward and do not require extensive analysis or interpretation. The Debtor believes the parties-in-interest who wish to participate in the process will have sufficient time to do so on the schedule it proposes below.

6. The Debtor respectfully requests the following schedule:
   a. Objections to the disclosure statement or the plan due November 1, 2023 by 5:00 P.M. Central Prevailing Time.
   b. Ballots for the plan returned to Debtor's attorney by November 1, 2023 by 5:00 P.M. Central Prevailing Time.
   c. Ballot report due by November 2, 2023 (as L.R. 3018-1(b) requires).
   d. Combined hearing on the disclosure statement's adequacy and plan confirmation on November 3, 2023.
7. Counsel for the Debtor-in-Possession has not spoken with the Office of the United States Trustee and does not know its position on this motion.
8. Counsel for the Debtor-in-Possession has not spoken with counsel for the Unsecured Creditors Committee regarding this motion and does not know its position on this motion.

WHEREFORE the Debtor-in-Possession respectfully requests this Court shorten the time for objections to its plan and disclosure statement, expedite the confirmation hearing, and grant such other relief as is just and equitable given the circumstances.

Dated this 17th day of October, 2023.

Respectfully submitted,

AG & BUSINESS LEGAL STRATEGIES

/s/ Austin J. Peiffer
Austin J. Peiffer AT0014402
P.O. Box 11425
Cedar Rapids, Iowa 52410-1425
Telephone:   (319) 363-1641
Fax:         (319) 200-2059
Email:       austin@ablsonline.com
ATTORNEY FOR DEBTOR-IN-POSSESSION

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of October, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

Signed: /s/ Leah M. Watson