UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. |
| BDC GROUP, INC. | ) | |
| | ) | 23-00484 |
| | ) | |
| | ) | U.S. TRUSTEE'S OBJECTION TO |
| Debtor. | ) | MOTION TO SHORTEN TIME TO |
| | ) | OBJECT TO CHAPTER 11 PLAN |

The Acting United States Trustee (UST), through the undersigned, hereby files this Objection to the Debtor's Motion to Shorten Time to Object to Chapter 11 Plan and Disclosure Statement. *See* Doc. 249. In support the UST respectfully states:

1. The case was filed on June 13, 2023. Exclusivity was terminated on September 27, 2023. The Debtor filed its Chapter 11 Plan and Disclosure Statement on October 17, 2023.

2. The Motion to Shorten Time to Object ("Motion") was also filed on October 17, 2023. No hearing has been set.

3. Fed. R. Bankr. P. 2002(b) requires 28 days' notice to parties in interest for objections to and a hearing on the disclosure statement and chapter 11 plan. L.R. 3017-1(a) requires the hearing on the disclosure statement occur at least 14 days after the objection bar date. The UST agrees that Fed. R. Bankr. Pro. 9006(c)(1) allows for the reduction in time for notice of a proposed plan *for cause shown.*

4. The Debtor maintains that the growing administrative expenses of the case and the stated simplicity of the plan and disclosure statement allow for the time for notice to all parties to be reduced by half. The Motion seeks to allow only 14 days notice of both the disclosure statement and plan, requiring creditors to vote on the plan in 15 days, and a hearing just 16 days after the plan and disclosure statement were filed.

5. The UST submits that the reasons stated by the debtor are not sufficient cause to drastically reduce parties' opportunity to actively engage with a Plan, which will undoubtedly substantially affect the rights of every party in interest, regardless of their level of participation in the case thus far.

6. The time for concern over administrative expenses is not at the critical moment of examining the appropriateness of a plan and disclosure statement. The importance of a well-constructed and thought-out plan cannot be overstated, as it alters the rights of literally every party in interest. Parties should be afforded the full allotment of time dictated by Congress to fully analyze their rights and duties pursuant to the plan. The Debtor's own interest in reducing administrative costs only at this juncture does not override this concern.

7. The Debtor amended their Monthly Operating Reports for July, August, and September on October 13 and October 17. The Debtor is also currently operating without a final Cash Collateral Order or DIP Budget. All parties have been left in the dark over the past few months as to the financial condition of the Debtor, and will need the full statutory time provided by Congress to continue analyzing these ongoing changes and amendments.

8. On October 17, the Debtor updated their creditor matrix to reflect a number of additions and changes to the notice addresses of parties in interest.

9. Further, on October 18, the Debtor amended their Statement of Financial Affairs and Summary of Assets and Liabilities. Again, parties in interest will need their full statutorily provided time period to analyze how this affects their rights under the Plan.

10. Finally, on October 2 the Official Committee of Unsecure Creditors filed a Motion for 2004 Examination of Keystone Savings Bank. The Motion was granted on October 18. Decreasing the amount of time to analyze the Disclosure Statement and Plan to two weeks will not provide

the Committee enough time to conduct their examination and use any information they uncover in a productive manner.

WHEREFORE, the UST requests that the Motion to Shorten Time to Object to Chapter 11 Plan be denied in its entirety.

Dated:  October 18, 2023

Respectfully Submitted,

**Mary R. Jensen**
Acting United States Trustee

Claire R. Davison
By:/s/ Claire R. Davison
Claire R. Davison
AT #0014945
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (202) 320-3943
Claire.r.davison@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on October 18, 2023:
All parties receiving ecf notifications.

*/s/ Claire R Davison*
Claire R. Davison
Trial Attorney
Office of U.S. Trustee