# United States Bankruptcy Court
## Northern District of Iowa

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| | **Bankruptcy No.** 23-00484 |
| BDC Group, Inc. , | |
| **Debtor.** | **Joinder in Objection of United States Trustee to Debtor's Motion to Shorten Time** |

East Central Iowa Council of Governments (ECICOG), by its attorney, Rush M. Shortley, joins the objection of the United States Trustee (UST) in Debtor's motion to shorten time to object to Debtor's Disclosure Statement and Plan for the following reasons:

1. ECICOG agrees with all the concerns expressed by the UST's objection.

2. In addition, ECICOG's undersigned counsel has had less than a day since the proposed disclosure statement and plan were filed to read them and think about their provisions as well as respond to Debtor's granted motion for a deadline of October 31 to file its amended claim required by Debtor's amended schedules changing the values of some of ECICOG's collateralized vehicles, and has upon a first reading come to the conclusion that the disclosure statement is woefully inadequate to allow ECICOG and the other creditors of Debtor to evaluate the feasibility of the proposed plan (All references are to the disclosure statement filed on October 17, 2023):

    a. The GAAP Income and Net Profit (Loss) for 2019 through 2022 listed on page 9 shows three years of losses and two years of profits substantially less than any one of the losses for the loss years with no detailed profit/loss statements for those years. The company was started in 2015, and none of this data for the years before 2019 is shown.

    b. Page 10 appears to blame the financial downfall of the company on the unprofitable business activities conducted in Virginia and the subsequent financial efforts to stem the disaster which were unsuccessful. The only explanation is a brief statement blaming the company's senior vice president, who has left the company with no

explanation of how things went so badly without the president of the company having early knowledge of the officer's deficiencies and taking effective control of the mitigation efforts. There is no explanation for how a $1.5 million loss required borrowing $2.5 million from secondary market lenders.

c. The disclosure statement fails to provide any effort to explain how the other operations of the company would have been profitable without the Virginia losses. Given the earlier statement of three years of losses with two years of minimal losses, the failure to give the dates of the Virginia expedition suggests that the Virginia operations may well be the cause of all the losses for those three years and the low profits for the other two years.

d. The balance of the discussion of business activities seems to suggest that somehow the Mediacom and the City of Cedar Rapids business will bail the company out. There is no further discussion of new business or continuing old business. If these two entities are indeed the salvation of the company, the cash flow attached fails to break out their contributions separately so that they can be evaluated. The only other effort to ensure the creditors and other interested parties of the profitability of the company is the vague BDC's CFO's CONCLUSION REGARDING POSTPETITION OPERATIONS on Page 13.

e. The meager cash flow from 10/20/2023 through December 2024 attached as Schedule 3 and the balance sheets attached as Schedule 5 fail to show the $100,000 capital infusion claimed to being provided by a company owned by Candace Bruce, whose name suggests she is an insider to the debtor. There is no effort to explain how a capital infusion of $100,000 is adequate to recapitalize the company to form a basis of its ability to conduct profitable business activities.

f. The claimed loan payments projected in the cash flow should be detailed in a detail sheet attached to the cash flow identifying the projected monthly payments to be made to each creditor under the plan at the plan interest rate of 5.83 percent as defined by the plan. The monthly payments to ECICOG would be estimated to be approximately $2,200 of the amount of monthly loan payments projected in the plan to all creditors except Keystone State Bank. Not having the details of projected

    payments to creditors substantially inhibits the ability of creditors and other interested parties to evaluate the feasibility of the plan.

    g. The Cash Flow attached as Schedule 3 stops at December 2024, claiming to have $337,531 cash in the bank at the end of the year. There is no projected cash flow, P/L statement, or balance sheet beyond December 2023. The statement does not set out a detailed business plan for at least a 3-year period to support the plan's treatment of over secured claims under its Type A treatment regimen.

    h. The only discussion of future new business is a vague reference to a report from the Iowa Department of Management of September 26, 2023 regarding the federal money that will be available for broadband expansion in Iowa. There is no effort to discuss how that opportunity will be exploited by the company to obtain the business necessary to return to profitable status and be able to pay its creditors as proposed by its plan. The creditors and other interested parties are merely referred to an Iowa government website that will explain the overall impact of the grant program on the state of Iowa.

    i. The federal income tax impact on the company's ability to carry out its plan is a vague explanation that the debtor does not expect any significant tax liability as a result of "its implementation of the plan." There is no explanation at all of whether the company can take advantage of prior net operating losses to buffer any tax liabilities it may incur in the early years of its plan.

    j. Beginning on Page 20, Debtor expresses its reliance on key personnel to carry out its plan, but does not name any of these key personnel or acquaint the creditors and other parties in interest with the particular talents of the key personnel who will make the business profitable again and able to pay its plan debt.

3. Based on these immediate observations and those of the UST, ECICOG believes the disclosure statement filed in support of Debtor's plan should be separately considered before it is allowed to be sent out as support for a reorganization plan that includes a 10-year payout period for all fully secured creditors and relies on this company regaining

profitability, if it ever was profitable, or gaining profitability over time such that its plan debt can be serviced as proposed in the plan.

WHEREFORE, ECICOG joins the United States Trustee in its objections to Debtor's motion to shorten time and separately requests separate consideration of Debtor's Disclosure Statement before the Plan of Reorganization is noticed out for objections and balloted. ECICOG also requests this Honorable Court for such other and further relief it finds proper according to equity and good conscience.

Dated: October 18, 2023

Respectfully Submitted,

_____
Rush M. Shortley                              7353
1921 51st Street NE
Cedar Rapids, IA 52402
Phone: (319) 294-1907
E-mail: rush@shortleylaw.com
Attorney for East Central Iowa Council of Governments