# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-00484<br><br>Hon. Thad J. Collins<br><br>**COMMITTEE'S MOTION TO CONTINUE EVIDENTIARY HEARING**<br><br>**(EXPEDITED RELIEF REQUESTED)** |

The Official Committee of Unsecured Creditors (the "Committee") of BDC Group, Inc. (the "Debtor") submits this motion (the "Motion") to continue the evidentiary hearing on the Joint Motion for Relief from Automatic Stay (ECF No. 209) ("Relief From Stay Motion") filed jointly by the Debtor and Keystone Savings Bank ("KSB"). In support hereof, the Committee states as follows:

## Background

1. On June 13, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. On September 19, 2023, the Debtor and KSB filed the Relief From Stay Motion. The Committee filed an objection to the Relief From Stay Motion on September 29, 2023 (ECF 221).

3. On October 5, 2023, KSB filed its reply in support of the Relief From Stay Motion (ECF 229).

4. On October 6, 2023, the Court entered its Proceeding Memo, Scheduling Order, and Order Granting in Part and Continuing in Part the Motion for Relief from Stay (ECF 233),

setting an in-person evidentiary hearing on the Relief From Stay Motion (with respect to the $500,000 of collections on KSB's pre-petition receivables) for October 26, 2023, at 10:30 a.m.

5. On October 12, 2023, KSB served the Committee with a trial subpoena requiring the testimony of a representative of the Committee in connection with the Relief From Stay Motion.[1]

6. However, on October 17, 2023, shortly after the evidentiary hearing was set, the Debtor filed its plan (ECF 246), disclosure statement (ECF 247) and its Motion To Shorten Plan & Disclosure Statement Bar Dates (ECF 249) (the "Motion To Shorten"). Pursuant to the Motion To Shorten, the Debtor is seeking to have this Court set a combined hearing on the adequacy of the disclosure statement and plan confirmation for November 3, 2023. Certain parties have objected to the Motion to Shorten and the Court has set a hearing on it for October 27, 2023, which makes it unlikely that plan confirmation will occur on November 3rd.[2]

## Relief Requested

7. Based on the Debtor's recent filing of its plan and disclosure statement, it does not make sense to have an expensive evidentiary hearing on the Relief From Stay Motion prior to any plan confirmation hearing. Indeed, any outcome from the evidentiary hearing on the Relief From Stay Motion would be rendered moot by the eventual confirmation of the Debtor's plan, which provides that the funds at issue in the Relief From Stay Motion would be surrendered to KSB. *See*

---

[1] The Committee opposed the need for a Committee representative's testimony as the Committee does not have personal knowledge of the facts relevant to the Relief From Stay Motion. Committee counsel has further been unable to identify a Committee representative who is able to appear in person due to travel and work schedules. *See* Janczak Declaration, at ¶ 5. The Committee has offered to work with KSB on a declaration in lieu of testimony, but as of the date of this motion the Committee and KSB have yet to reach an agreement.

[2] The Committee was not consulted prior to the Debtor filing the Motion to Shorten seeking a plan confirmation hearing on November 3, 2023. The Committee has informed the Debtor that its counsel have conflicts on that date and are unavailable to attend a confirmation hearing on that date. Further, the U.S. Trustee has objected to the Motion to Shorten and the Committee shares the U.S. Trustee's concern that two weeks' notice to creditors is insufficient to permit a meaningful and fulsome review of the proposed plan. The Committee intends to consult with the parties-in-interest regarding an agreeable plan confirmation schedule.

ECF No. 246 at p. 13 (providing that on the plan effective date, KSB would apply the balance of the prepetition receivables in the approximate amount of $721,230.85 to its prepetition secured claim).

8. Spending estate and judicial resources on preparing for and conducting an evidentiary hearing on motion where the outcome could become moot days later is not an efficient use of time or money – particularly since KSB seeks the testimony of a Committee representative which will only further (and unnecessarily) add to the mounting administrative expenses of this – which is one of the two bases for the Debtor's Motion to Shorten.

9. Perhaps more importantly, some of the legal and factual issues relevant to the Relief From Stay Motion are equally relevant to the proposed chapter 11 plan – in particular the over- or under-secured status of KSB's prepetition liens and whether KSB's prepetition liens extend to post-petition chapter 5 causes of action. Indeed, based on the Debtor's disclosure statement it appears that whether or not KSB's prepetition liens extend to chapter 5 causes of action is the linchpin in determining whether KSB is oversecured. *See* ECF No. 247-4 at p. 7 (identifying KSB's pre-petition secured claim as unsecured by $657,912.07 and oversecured by $150,034.54 after applying the value of chapter 5 causes of action).

10. This is a pure legal issue which the Committee believes the Court should decide first before it considers whether evidence is necessary on the Relief From Stay Motion or on the value of KSB's collateral. Based on the Debtor's analysis, it appears that if KSB's prepetition liens do not extend to chapter 5 avoidance actions then KSB is undoubtedly undersecured and there is no cause to lift the automatic stay at this time.

11. The Committee notified the Debtor, KSB, and the U.S. Trustee of its intent to seek a continuance of the evidentiary hearing on the Relief From Stay Motion on October 18, 2023, and asked for their consent to a continuance. *See* Declaration of Elizabeth L. Janczak in Support of

Committee's Motion To Continue Evidentiary Hearing (the "Janczak Declaration"), at ¶ 7.

12. The U.S. Trustee has stated that it has no objection to the requested continuance. The Debtor has consented to the requested continuance. As of the time of filing this motion, KSB has not responded to the Committee's request. *See* Janczak Declaration, at ¶¶ 8-9.

13. The Committee requests an expedited hearing on this Motion To Continue. The Committee has contacted the Courtroom Deputy pursuant to Local Rule 5071-1. *See* Janczak Declaration, at ¶ 10. A hearing as soon as the Court's calendar allows will ensure additional costs are not spent preparing for an evidentiary hearing and will otherwise free up judicial resources.

**Applicable Law**

14. Pursuant to Local Rule 5071-1(a), "[a] continuance of a trial or hearing may be granted for good cause."

15. The party requesting a continuance "must contact all opposing counsel to advise them of the intended motion and to ascertain whether opposing counsel will consent to the motion." Local R. Bankr. P. 5071-1(c).

16. Under "cause" or "good cause" standards, the court has "considerable discretion" to allow for an extension of time. *See, e.g., Albright as Next Fried of Doe v. Mountain Home School Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (citations omitted). Factors for courts to consider include "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Hawkeye Gold, LLC v. China Nat'l Materials Indus. Import and Export Corp.*, No. 16-cv-00355-JAJ, 2017 WL 10153534, at *2 (S.D. Iowa Sept. 6, 2017).

4

**Legal Analysis**

17.    In the Relief From Stay Motion, KSB seeks relief from the automatic stay in order to apply $500,000 of the Debtor's prepetition receivables to its pre-petition secured claim. That is the subject of the October 26, 2023 evidentiary hearing. However, if the Debtor's plan is confirmed, those same funds would be surrendered to KSB in any case. Moreover, deciding the legal issue of whether KSB's prepetition liens extend to chapter 5 causes of action is a threshold legal issue that is necessary to decide before evidence becomes necessary. Accordingly, it would be a much more efficient use of estate and judicial resources to continue the evidentiary hearing to the plan confirmation hearing. Accordingly, there is good cause to continue the October 26, 2023 evidentiary hearing.

18.    As to the first *Hawkeye Gold* factor, the Committee will suffer prejudice if the evidentiary hearing is not continued. The Committee would have to expend resources that could otherwise go to unsecured creditors preparing for and participating in an evidentiary hearing that may be rendered moot days later if the plan is confirmed and may be entirely unnecessary if this Court determines KSB's liens do not attach to chapter 5 causes of action as a matter of law. If the Committee is unable to reach an agreement with KSB on Committee testimony, a Committee representative may also be required to travel from Canada to Cedar Rapids, Iowa to testify, further increasing the administrative expenses of this case.

19.    Conversely, there is no prejudice to KSB with such a continuance since the plan confirmation hearing is likely to occur soon, pursuant to which KSB would obtain essentially the same relief. Additionally, the funds sitting in the lockbox account do not appear to be diminishing based on the Debtor's monthly operating reports filed with this Court.

20. The second *Hawkeye Gold* factor weighs in favor of a continuance of the evidentiary hearing as well. The Committee is only seeking a short adjournment to the same date as the confirmation hearing so that both may heard together.

21. The third *Hawkeye Gold* factor also weighs in favor of a continuance. The reason for the requested continuance is that it was not until one day before this filing, on October 17, 2023, that the Debtor filed its plan, disclosure statement and Motion To Shorten. It was not until then that the Committee realized that the outcome of the Relief From Stay Motion would become moot by plan confirmation and that issues relevant to the Relief From Stay Motion would overlap with issues relating to plan confirmation (i.e. whether KSB's pre-petition liens extend to chapter 5 causes of action).

22. As to the final element, the Committee has acted in good faith to resolve this dispute and believes that it does not make sense to proceed with the evidentiary hearing next week with plan confirmation following shortly thereafter. The Committee seeks to reduce administrative expenses incurred by the estate and make the most efficient use of judicial time and resources.

23. For these reasons, the Committee requests that the Court continue the evidentiary hearing on the Relief From Stay Motion to coincide with the plan confirmation hearing and re-set the other matters being heard on October 26, 2023 (Official Committee of Unsecured Creditors' First Application for Compensation for Smith, Gambrell & Russell, LLP (ECF 192) and KSB's Motion To Revise, or To Amend (ECF 207)) to be heard telephonically or by videoconference.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order: (i) granting a continuance of the evidentiary hearing on the Relief From Stay Motion to the date of plan confirmation; (ii) converting the October 26, 2023 hearing on the Official Committee of Unsecured Creditors' First Application for Compensation for Smith, Gambrell & Russell, LLP (ECF 192) and KSB's Motion To Revise, or To Amend (ECF 207) to a telephonic or

videoconference hearing; and (iii) granting such other and further relief as is just and proper.

Dated: October 19, 2023      **SMITH GAMBRELL & RUSSELL LLP**

                By: /s/ Elizabeth L. Janczak
                   One of Its Attorneys

                Shelly A. DeRousse*
                Elizabeth L. Janczak*
                Tonita M. Helton (Iowa Bar No. AT0009125)
                311 South Wacker Drive, Suite 3000
                Chicago, IL 60606
                Tel:  312.360.6000
                Fax:  312.360.6520
                Email: sderousse@sgrlaw.com
                     ejanczak@sgrlaw.com
                     thelton@sgrlaw.com
                **Admitted pro hac vice*

                *Counsel for Official Committee of Unsecured Creditors of BDC Group, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 19, 2023, the *Committee's Motion To Continue Evidentiary Hearing* was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system.

                                                              /s/ Elizabeth L. Janczak