# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>BDC GROUP, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 23-00484<br><br>Hon. Thad J. Collins<br><br>**DECLARATION OF ELIZABETH L. JANCZAK IN SUPPORT OF COMMITTEE'S MOTION TO CONTINUE EVIDENTIARY HEARING (ECF 258)**<br><br>**(EXPEDITED RELIEF REQUESTED)** |

I, Elizabeth L. Janczak, submit this declaration under 28 U.S.C. § 1746 and declare as follows:

1. I am an attorney with the law firm Smith, Gambrell & Russell, LLP, counsel for the Official Committee of Unsecured Creditors (the "Committee") in this action.

2. I submit this declaration in support of the Committee's Motion To Continue Evidentiary Hearing (the "Motion To Continue").

3. Unless otherwise stated, I base this declaration on personal knowledge.

4. On October 12, 2023, Keystone Savings Bank ("KSB") served the Committee with a trial subpoena requiring the testimony of a Committee representative in connection with the Joint Motion for Relief from Automatic Stay (ECF No. 209) ("Relief From Stay Motion"). *See* Exhibit 1, attached hereto.

5. As of today's date, I have been unable to identify a Committee representative who is able to appear in person due to travel and work schedules. In particular, one of the three Committee members is on vacation this week, another Committee member has been unreachable,

and another Committee member has work and personal conflicts on October 25 and 26, 2023 which would present a significant undue burden.

6. I have offered to work with KSB on a declaration in lieu of in person testimony, but as of today's date have not yet reached an agreement with KSB.

7. On October 18, 2023, I notified counsel for the Debtor, KSB, and the U.S. Trustee of the Committee's intent to seek a continuance regarding Relief From Stay Motion.

8. The U.S. Trustee indicated that it has no objection to the Motion to Continue. The Debtor has indicated it consents to the continuance.

9. As of the time of filing the motion, KSB has not responded to the Committee's request. I followed up with KSB's counsel later in the day on October 18, 2023 and again on October 19, 2023, asking KSB's counsel to respond no later than 12:00 p.m. on October 19, 2023. As of the filing of this Declaration, KSB's counsel has failed to respond and indicate whether it consents to the continuance.

10. We contacted the Court Deputy, Danielle Cripe, via e-mail on October 18, 2023 pursuant to Local Rule 5071-1 to schedule a hearing on the Motion To Continue. Ms. Cripe responded to our e-mail acknowledging that she is aware that the Motion To Continue is being filed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 19, 2023, in Chicago, Illinois.

   /s/ Elizabeth L. Janczak_____
Elizabeth L. Janczak

# EXHIBIT 1

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern District of Iowa

In re: BDC Group, Inc.
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. 23-00484

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Official Committee of Unsecured Creditors, Designated Representative (see addendum of matters for examination)
*(Name of person to whom the subpoena is directed)*

[X] **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | U.S. Courthouse<br>111 Seventh Avenue SE<br>Cedar Rapids, IA 52401 | COURTROOM | 6th Floor Courtroom |
|---|---|---|---|
| | | DATE AND TIME | October 26, 2023 at 10:30 am CST |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/23

CLERK OF COURT

_____                    OR       _____/s/_____
*Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Keystone Savings Bank, who issues or requests this subpoena, are:

Abram V. Carls; 115 3rd Ave SE, Ste 1200, Cedar Rapids, IA 52401; acarls@spmblaw.com; 319-366-7641

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

　　　I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 23-00484   Doc 258-1    Filed 10/19/23    Entered 10/19/23 12:24:59    Desc
Supplement Declaration of Elizabeth L. Janczak    Page 6 of 7

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ADDENDUM TO SUBPOENA
## DATED OCTOBER 12, 2023

The Official Committee of Unsecured Creditors formed by the United States Trustee pursuant to 11 U.S.C. § 1102 in Northern District of Iowa Bankruptcy case no. 23-00484, *In re BDC Group, Inc.*, is directed to designate one or more members, officers, directors, managing agents, or other persons who are most knowledgeable and competent to testify regarding the following matters. Capitalized terms have the meaning provided to them in the Committee's Objection to Joint Motion to Relief From Automatic Stay, Dkt. 221.

1. Keystone Savings Bank's adequate protection in the Pre-Petition Receivables.

2. Debtor BDC Group, Inc.'s need for the Pre-Petition Receivables to fund this bankruptcy case through plan confirmation.

3. The necessity of Pre-Petition Receivables for Debtor BDC Group, Inc.'s effective reorganization or to fund a successful reorganization.

4. Debtor BDC Group, Inc.'s need to use Pre-Petition Receivables as cash collateral to emerge from bankruptcy.