UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>**BDC GROUP, INC.,**<br><br>Debtor-In-Possession. | Case No. 23-00484<br><br>Chapter 11<br><br>**OBJECTION TO DEBTOR'S MOTION TO SHORTEN PLAN AND DISCLOSURE STATEMENT BAR DATES** |

COMES NOW Manchester Leasing Services, Inc. ("MLS"), through its attorney, and in support of its Objection to Debtor's Motion to Shorten Plan and Disclosure Statement Bar Dates, states as follows:

1. On October 17, 2023, the Debtor files its Plan (Docket #246)and Disclosure Statement (Docket #247) with the Court.

2. Also on October 17, 2023, the Debtor filed a Motion seeking to reduce the time period that creditors would have to object to the adequacy of the Disclosure Statement and/or the confirmation of the proposed Plan from the 28 days required by FRBP 2002(b) to just 14 days, with a proposed bar date for objections to both documents of November 1, 2023.

3. The Debtor's Motion also requests that the Court schedule a hearing on the adequacy of the Disclosure Statement and confirmation of the Plan sometime on November 3, 2023, less than 48 hours from when any objections would be required to be filed.

4. The Debtor states that the reasons for the expedited hearing and shortened objection deadline are twofold: (a) that the accruing administrative expenses are burdening the

estate and Debtor's prospects to re-organize; and (b) that the Debtor's Plan and Disclosure

Statement are  "straightforward and do not require extensive analysis or interpretation".

5.      The accruing administrative expenses and potential claims are matters that the

Debtor, as debtor in possession, should have been managing during the course of the Chapter 11

proceeding.   As reflected by Schedule 4 attached to the Debtor's Disclosure Statement (Docket

247-4) the Debtor has apparently amassed $621,000 in post-petition payables as of September

30, 2023.   Presumably the majority of those unpaid post-petition payables concern necessary

expenses and may be entitled to administrative expense priority status under 11 U.S.C.

§503(b(1).

6.      The fact that the Debtor managed its operations as a Debtor in Possession to

amass $621,000 in unpaid expenses and payables during the sixteen (16) week period from the

filing date through September 30, 2023, should not be grounds to shorten the time period that

creditors have to assess and analyze the Debtor's Plan and Disclosure Statement. The very fact

that the Debtor had such a significant accrual of unpaid post-petition expenses accrue in such a

short period evidences the need for the creditors to assess whether or not the Debtor's cashflow

projections for the Reorganized Debtor are rationale and achievable, and whether the Plan as

proposed is feasible.

7.      MLS contemplates filing extensive objections to the Debtor's proposed Plan.  The

Debtor has apparently proposed to re-amortize the MLS claims concerning equipment the Debtor

wishes to retain over a new and extended ten (10) year period, notwithstanding that the claims

concern credit arrangements that were nearing the end of their term and amortization over an

additional ten (10) year period would extend repayment obligations well beyond the projected

useful life of the equipment (thus rendering the claims virtually unsecured as the equipment depreciates to little or no value during the early portion of the proposed ten (10) year payout). This proposed re-amortization over ten (10) years is apparently being proposed as treatment of the other secured creditors' claims, who presumably hold collateral that is likewise already nearing the end of its useful life.

8.      In addition, the Debtor's Plan fails to address MLS claims concerning equipment that the Debtor converted pre-petition, or that the Debtor has failed to account for to date.   These issues will also be addressed in the substantive objection that MLS anticipates filing as to adequacy of the Debtor's Disclosure Statement and confirmation of the proposed Plan.

9.      Of an even greater is the Debtor's view that a hearing on the adequacy of the Debtor's Disclosure Statement and confirmation of the proposed Plan could be held within two days of the cutoff for Objections to be filed.   As stated, MLS will be filing an extensive and substantive objection to both the adequacy of the Debtor's Disclosure Statement as well as the confirmation of the Debtor's Plan.  Scheduling a hearing within two days of the deadline for such Objections to be filed provides the parties no time to engage in post-Objection negotiations and discussions to attempt to resolve some or all of the issues raised by the objecting parties, which may require the Debtor to file substantive amendments to, or a wholly amended Plan. Holding a hearing in such an expedited fashion would require the Court to hear all issues raised in any Objections, regardless if the issues could be resolved by the parties through negotiations and discussions, as opposed to having the Court resolve after taking testimony and hearing argument on all issues raised.

WHEREFORE, MLS prays that its Objection be sustained, for cause, as set forth herein, and that the Court set deadlines in accordance with those time periods proposed in FRBP 2002 as to the bar dates for objections to the Debtor's Disclosure Statement and Plan, as well as the scheduling of a hearing on the adequacy of the Debtor's Disclosure Statement and confirmation of the proposed Plan at a time reasonably calculated to provide any objecting parties and the Debtor sufficient time to discuss and possibly resolve issues raised in any objections, and for any and all other relief deemed just and equitable in the premises.

Dated this 19th day of October, 2023.

Respectfully submitted,

_/s/ Terry L. Gibson_

Terry L. Gibson                    AT0002903
WANDRO & ASSOCIATES, P.C.
2015 Grand Avenue, Suite 102
Des Moines, Iowa 50312
Telephone:     515/717-7455
Facsimile:     515/608-4645
tgibson@wandrolaw.com

**COUNSEL TO MANCHESTER
LEASING SERVICES, INC.**

**Certificate of Service**

The document was served electronically on parties who receive electronic notice through the CM/ECF as listed on CM/ECF's notice of electronic filing.

Dated this 19th day of October, 2023.

*/s/ Terry L. Gibson*

Terry L. Gibson