**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**RESPONSE TO MOTION TO CONTINUE EVIDENTIARY HEARING AND OBJECTION TO SWAPPING MATTERS FOR HEARING** |

Keystone Savings Bank ("Bank") provides this response to the Committee of Unsecured Creditors' ("Committee") request to continue hearing and its objection to swap matters for hearing, Dkt. 258 ("Motion"), and states:

At the preliminary hearing on the Debtor and Bank's joint motion to lift stay the Court queried whether the Committee would challenge the Bank's secured status in the accounts receivable proceeds at issue. The Committee's Motion to Continue answers that question in the negative. It argues that issues relevant to the outer margin of the Bank's secured claim position—"the over- or under-secured status of KSB's prepetition liens and whether KSB's prepetition liens extend to post-petition chapter 5 causes of action"—are "important[]" reasons to continue hearing on the inner core of the secured claim before the Court. Motion ¶ 9. As with its objection to the lift stay request, the Committee does not even suggest that the Bank's secured status in the receivables subject to stay lift is no good.

The Committee argues that the Bank "is undoubtedly undersecured" if its "prepetition liens do not extend to Chapter 5 avoidance actions." Motion ¶ 10. But that position concedes a lack of adequate protection and cause to lift stay as requested, unless the Committee agrees through its Motion that the Bank's liens do extend to Chapter 5 actions. Moreover, and if the Bank's liens do extend to the Debtor's general intangible property interests (they do), then

cause still exists to lift stay as set forth in the joint motion and the Bank's reply. Dkts. 209 and 229. Simply, the Committee cannot argue the issue both ways and should lose either way.

In the end, the Bank will defer to the Court's judgment on whether to continue the lift stay hearing.[1] Because the Committee has no stake in objecting to begin with, finally granting the request to lift stay seems more appropriate than holding further hearing on it. The Bank is secured by the collateral at issue, the Debtor is in agreement that reorganization doesn't need it, and the stay has lifted already in any event. 11 U.S.C. § 362(e)(1) (stay lifts automatically in thirty days unless the Court "orders such stay continued in effect" upon finding of "reasonable likelihood" that the Committee will prevail); Order, Dkt. 233 (continuing hearing on joint motion but not providing that the "stay continue[] in effect"). So to borrow the Committee's words at paragraph eight of its Motion, "spending estate and judicial resources on preparing for and conducting an evidentiary hearing on [the] motion" "only further (and unnecessarily) add[s] to the mounting administrative expenses of this [case]."

Separately, the Committee's request to swap matters for hearing on seven days' notice is inappropriate. The Committee will need to produce a representative for testimony at hearing on the contested fee application, and before then respond to discovery aimed at predicate questions imposed by Section 330 and left unanswered in the application: what benefit did two months and $78,000 in lawyer fees accrue to the Estate? 11 U.S.C. § 330(a)(4)(A). Its Motion identifies the unavailability of a representative on October 26 as

---

[1] The Committee says it notified the parties of its continuance request on October 18, 2023, and that the U.S. Trustee and Debtor responded. Motion ¶ 11. What the Committee does not say is counsel knew the undersigned was not working on October 18 and unavailable to provide a response. *See* Exhibit 1 attached at 1 (email communicating unavailability). A response was provided after emails were found the evening of October 19.

cause to continue, and seven days is insufficient to time to serve discovery, respond to discovery, and then prepare for the hearing anyway. The parties should confer and schedule a date, as opposed to one party swapping things in and out at the last minute.

WHEREFORE, the Bank requests that Court finally grant the Joint Motion to Lift Stay, and sustain this objection to scheduling new matters for hearing on October 26, 2023.

Dated: October 20, 2023

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 20, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls