# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**KEYSTONE SAVINGS BANK'S BRIEF SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT** |

Keystone Savings Bank provides the following brief in support of its Motion for Summary Judgment on its Motion to Recognize Lien.

**1. Introduction.**

The Bank moves for summary judgment on its request for the Court to recognize the Bank's security interests in avoidance actions under Chapter 5 of the Bankruptcy Code. The facts supporting this request are beyond genuine dispute, and the Bank is therefore entitled to judgment as a matter of law.

**2. Summary Judgment Standard.**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (incorporated by Fed. R. Bankr. P. 7056). "The non-moving party must set out specific facts showing a genuine dispute for trial." *In re Diamond Insulation Inc.*, No. AP 17-09015, 2017 WL 3888292, at *1 (Bankr. N.D. Iowa Sept. 1, 2017). If the non-moving party fails to do so, summary judgment should enter against it. *Id.*

**3. The Bank Has a Security Interest in Avoidance Actions.**

The Eighth Circuit has established that a debtor has a prepetition, inchoate property interest in avoidance actions. *In re Simply Essentials, LLC*, 78 F.4th 1006, 1009 (8th Cir. 2023) ("[T]he debtor has an inchoate interest in the avoidance actions prior to the commencement

of the bankruptcy proceedings."). The debtor carries this inchoate interest into bankruptcy, and then Bankruptcy Code section 541(a)(1), which encompasses the debtor's "property" at the "commencement of the case," places it in the debtor's bankruptcy estate. *Id.*; 11 U.S.C. § 541(a)(1). In this way, Chapter 5 avoidance actions originate in the debtor's pre-petition property interests. *Simply Essentials,* 78 F.4th at 1009.

But since a debtor's interest in avoidance actions is substantial enough to enter the estate through section 541(a)(1), it is also substantial enough to be subject to a secured creditor's prepetition lien. *See* Iowa Code § 554.9203 cmt. 6 (explaining that a security interest attaches to "whatever rights a debtor may have" in collateral). The only question is what type of collateral description must be utilized to convey a security interest in avoidance actions.

Under the Uniform Commercial Code the answer is clear: general intangibles. General intangibles comprise a "catch-all" category that includes nearly every conceivable property interest a debtor has that is not otherwise captured by another collateral classification. *In re Sunberg*, 729 F.2d 561, 562 (8th Cir. 1984); *see* Iowa Code § 554.9102(1)(as) (defining "general intangible" as "any personal property" but excluding items not applicable here). Paired with a security agreement contains a proceeds and after-acquired property clause, then, a pledge of general intangibles will reach a debtor's interests in inchoate causes of action. *E.g.*, *In re Heron, Burchette, Ruckert & Rothwell*, 148 B.R. 660, 683 (Bankr. D.D.C. 1992) (collecting cases and concluding, "Where the parties include an after acquired property clause, inchoate choses in action are brought within the grasp of the security interest."). Consequently, the pledge of general intangibles fixes a lien to a debtor's interests in avoidance actions and related disposition and proceeds of them. Iowa Code §§ 554.9203 (basic attachment), 554.9204 (attachment to after-acquired property), 554.9315 (continuity of lien and perfection in

collateral and proceeds); *In re Schley*, 509 B.R. 901, 913 (Bankr. N.D. Iowa 2014) (determining that lien extended to proceeds).

In this case the Bank's blanket prepetition security interests covered the Debtor's general intangibles and included both proceeds and after-acquired property clauses. Bank's Appendix in Support of Motion for Summary Judgment ("B-App.") at 19, 22, 32. Straightforwardly, under the above authority, the Bank's security interest therefore attached to the Debtor's inchoate interest in avoidance actions.

These inchoate avoidance actions matured into choate avoidance actions when BDC filed its bankruptcy petition. *In re Raynor*, 406 B.R. 375, 381 (B.A.P. 8th Cir. 2009), *aff'd*, 617 F.3d 1065 (8th Cir. 2010) ("Avoidance actions accrue when a debtor commences a case by filing a bankruptcy petition[.]"). But even though *Simply Essentials* funnels these fully formed avoidance actions into the Debtor's estate under section 541, thereby stripping the Debtor of its interest in them, the Bank's secured interest is not likewise lost.

This is due to Code section 552(b)(1). 11 U.S.C. § 552(b)(1). That section provides, in relevant part:

> [I]f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, or profits of such property, then such security interest extends to such proceeds, products, offspring, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law[.]

*Id.* In other words, insofar as a debtor and a secured creditor have a valid prepetition security agreement that extends to the debtor's prepetition collateral and the proceeds of that collateral, the secured creditor's lien in proceeds remains active after case-commencement as well. *Id.*

Section 552(b)(1) incorporates state law (and the parties' security agreement) to determine what constitutes "proceeds" for purposes of delimiting the secured creditor's post-petition security interest. *Id.* Under Iowa law, "proceeds" is defined, among other ways, as "whatever is acquired upon the [] disposition of collateral" and "rights arising out of collateral." Iowa Code § 554.9102(1)(bp)(3). Continuity of security interests in proceeds is preserved. Iowa Code § 554.9315.

Pulling these elements of section 552(b)(1) together here, there is no dispute that the Bank and the Debtor had a pre-petition security agreement that extended to the Debtor's property "acquired before the commencement of the case" and to "proceeds" of that property. 11 U.S.C. § 552(b)(1); B-App. at 19, 22, 32**.** And given the argument above, it is inescapable that this security interest attached to BDC's inchoate interest in avoidance actions. So, all that remains outstanding is whether the choate avoidance actions are section 552(b) proceeds of the inchoate avoidance actions.

Common sense dictates that they are—where else would the *choate* avoidance actions come from if not an *in*choate interest in them? This was the holding of *Simply Essentials*. 78 F.4th at 1009. But the statutory answer under Iowa's UCC is just as clear. Applying the three-part "proceeds" definition here ("rights" "arising out of" "collateral"), the estate's avoidance actions plainly are proceeds of the Debtor's inchoate interest in those avoidance actions. First, the Debtor's inchoate interest was the Bank's "collateral," as explained above. Second, per *Simply Essentials*, the estate's avoidance actions "arose out of" this collateral—otherwise the actions couldn't enter the estate under section 541(a)(1). 78 F.4th at 1009. Third and finally, avoidance actions are "rights" to set aside certain prepetition transfers. *E.g.*, 11 U.S.C. § 544(a) (giving the trustee "rights" to avoid property transfers).

Even if, moreover, the choate property did not "arise out of" its inchoate form but resulted from the transformation of one form to the other, it would still be "whatever is acquired" from "disposition" or "collected" from the "collateral." Iowa Code §§ 554.9102(1)(bp)(1)-(2). Therefore, the result is the same and avoidance actions are proceeds of a debtor's inchoate interests in them.

Thus, the estate's Chapter 5 avoidance actions are proceeds because they are rights that arise out of the Bank's collateral, *i.e.*, the Debtor's inchoate interest in avoidance actions. Iowa Code § 554.9102(1)(bp); Iowa Code § 554.9315. As a result, section 552(b)(1) provides that the Bank's security interest "extends" to the avoidance actions. 11 U.S.C. § 552(b)(1). And since there is no issue as to the facts that establish this legal conclusion, summary judgment should enter in favor of the Bank.

WHEREFORE, Keystone Savings Bank respectfully requests that the Court enter an Order declaring and recognizing the Bank's security interests and lien in all Chapter 5 avoidance actions, and for such further relief in the Bank's favor as may be just given the circumstances.

Dated: November 8, 2023

        Respectfully Submitted,

        SIMMONS PERRINE MOYER BERGMAN PLC

        /s/ Abram V. Carls
        Abram V. Carls, AT0011818
        115 Third Street SE, Suite 1200
        Cedar Rapids, IA 52401
        Phone: 319-366-7641
        Facsimile: 319-366-1917
        acarls@spmblaw.com
        ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on November 8, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

                                /s/ Abram V. Carls