UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. |
| BDC GROUP, INC. | ) | |
| | ) | 23-00484 |
| | ) | |
| | ) | U.S. TRUSTEE'S OBJECTION TO THE |
| Debtor. | ) | SECOND INTERIM FEE APPLICATION |
| | ) | FOR DEBTOR'S COUNSEL |

The Acting United States Trustee (UST), through the undersigned, hereby files this Objection to the *Second Interim Fee Application for Debtor's Counsel* ("Application"). *See* Doc. 279. In support the UST respectfully states:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Objection and Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§330 and 331, as well as Fed. R. Bankr. P. 2016. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. §307; 28 U.S.C. § 581 *et seq.*

## PROCEDURAL BACKGROUND

2. The Debtor, BDC Group, Inc., filed for chapter 11 relief on June 13, 2023.

3. The United States Trustee filed its Notice of Appointment of Creditors' Committee on June 22, 2023, which was later amended on June 26. *See* Docs. 57 and 68. Counsel for the Official Committee of Unsecured Creditors filed their Notice of Appearance beginning on June 28, 2023. *See* Doc. 79.

4. The Debtor filed its Chapter 11 Plan on October 17, 2023. *See* Doc. 246. There are objections to the Plan, and the Debtor has indicated they intend on filing an Amended Plan. No hearing on the Plan has been set.

5. The Debtor filed this Application on November 1, 2023. *See* Doc. 279. Objections are due by November 22, 2023. The Application covers the period from August 11, 2023 through October 15, 2023 and seeks payment of $97,49375 in attorney fees and $6,31645 in expenses for a total payment of $103,810.17.

6. The Debtor previously requested payment of $68,064.89 ($65,588.00 in fees and $2,476.89 in expenses) for the period covering June 13, 2023 through August 10, 2023. *See* Doc. 162, filed August 17, 2023. The First Application was granted in full by the Court on September 8, 2023. *See* Doc. 188.

7. The UST brings the present Objection to the Second Application for following reasons: entries for work done outside the compensation period cannot be paid at this time, work done on an adversary proceeding meant to protect the Debtor's non-filing principal did not present a benefit to the estate, excessive attorney representation and intra-office conferences, and requests for payment of time spent researching legal issues is not compensable.

## ARGUMENT

*A. Fees Incurred Outside the Second Application Period Are Not Compensable*

8. The present application is meant to cover the time period from August 11, 2023 through October 15, 2023. However, there are a number of charges included in this application for work done and expenses incurred before and after that time period.

9. Prior to August 11, 2023, the Application includes charges for $187.00 in fees incurred from July 10, 2023 through August 1, 2023. The UST requests a reduction of any fee award by $187.00 for fees incurred prior to the Second Application period.

10. After October 15, 2023, the Application includes charges for $9,569.00 in fees incurred from October 16, 2023 through October 23, 2023. The UST requests a reduction of any fee award by $9,569.00 for fees incurred after the Second Application period.

11. Finally, the Second Application also requests payment of expenses incurred from October 17, 2023 through October 20, 2023. These expenses total $5,733.87. The UST requests a reduction of any award by $5,733.87 for expenses incurred after the Second Application period.

 B. *Fees Incurred Prosecuting An Adversary Protecting a Non-Debtor Did Not Provide a Benefit to the Estate*

12. On September 14, 2023, the Debtor, BDC Group, Inc., filed an adversary proceeding which sought to extend the automatic stay imposed in the Debtor's bankruptcy case to the Debtor's non-filing principal. The adversary sought a temporary restraining order preventing any collection efforts against Dennis Bruce that would extend through Plan confirmation.

13. Included in the Application are charges totaling $6,966.00 for work done solely for the adversary proceeding. Additionally, there are expenses related solely to the adversary proceeding totaling $329.29.

14. The adversary proceeding was specifically meant to "protect Debtor's President, Dennis Bruce, from Defendants' continuation of their active judicial actions. . ." *See*. Adversary Doc. 1, paragraph 1. The Adversary did not represent a benefit to the estate, rather sought protection of the Debtor's non-filing principal. The Complaint stated the protection was necessary to allow Dennis Bruce to participate in the filing of the Plan, although the present Application does not

show a substantial amount of communications with Mr. Bruce to evidence his active participation in the Plan formulation.

15. Further, at the telephonic hearing held on November 3, the UST stated there may be an actual conflict of interest where the Debtor's attorneys were representing the interests of Dennis Bruce, who has had independent counsel since at least June 14. *See* Doc. 9, case no. 23-484, Appearance and Request for Notice for Dennis Bruce, Equity Holder (attorney Ron Martin appearing on behalf of Dennis Bruce).

16. Ultimately, a temporary restraining order was put in place on September 18, 2023 which continued through November 9, when the Court found that the circumstances allowing a temporary restraining order had not been satisfied and it dissolved the temporary restraining order in place. A scheduling conference has been set in the matter for December 15, 2023.

17. As stated in the Complaint, the Adversary was meant to protect Dennis Bruce, not the Debtor. The UST raised the potential unavoidable conflict issue at the November 2 telephonic hearing. The actions in the Adversary are now moot, according to the Adversary complaint as a Plan has been filed, and no work completed in the Adversary was meant to nor actually benefitted the Debtor's estate. As such, the UST requests any fee award to be reduced by $6,966.00 and any expense award to be reduced by $329.29.

    *C. Excessive Intra-Office Conferences and Overstaffing is Not Compensable*

18. This Application also includes a number of items that do not show the best billing judgment standard required. Billing Judgment is an additional factor when analyzing if work was duplicative. *See Matter of Fansteel, Inc.*, No. 16-01823, 2017 Bankr. LEXIS 1265, at *3 (Bankr. S.D. Iowa May 9, 2017). Good billing judgment is reflected where a case is staffed in an efficient manner that is most cost-effective to the client's interest. *Id.* At *5.

19. There are a number of meetings between members of the office billed and meetings where there are multiple attorneys in a conference with other parties where both attorneys have charged for their attendance.

20. Further, while it is not abnormal to have multiple attorneys attend a meeting with other parties, that does not require the estate to pay for such duplication of efforts. Unless the attorneys can show each person provided a benefit to the estate for their special area of expertise, it is expected that "attorneys should work independently without the incessant 'conferring' that so often forms a major part of many fee applications." *In re Pettibone Corp,*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987); *see also In re Pothoven*, 84 B.R. 579, 585 (Bankr. S.D. Iowa 1988). "Fees are not allowed for simply reviewing the work product of another or for duplicative billing by attorneys involved in intra-office conferences." *In re Agriprocessors, Inc.*, Bankr. No. 08-02751, 2009 Bankr. LEXIS 3916, 2009 WL 4823808, at *2 (Bankr. N.D. Iowa Dec. 8, 2009).

21. This application includes charges totaling $4,575.00 for time spent on intra-office conferences or where there are multiple attorneys attending the same meeting and both billing. As such, the UST requests a fee reduction of $4,575.00. This reduction represents only a reduction in one attorney attending a meeting, and still allows the second attorney's time to be compensated.

        *D. Time Spent Researching is Not Compensable*

22. Finally, this Application includes a substantial amount of time spent on "research," on issues related to the bankruptcy and the adversary proceeding.

23. ABLS charges $350 to $575 per hour for attorneys. All non-attorney staff charges $170 per hour. This rate is one of the highest, if not the highest, rate for Iowa based attorneys who regularly file in the Northern District of Iowa.

24. This Court in *In re VeroBlue Farms USA, Inc.*, 2023 Bankr. LEXIS 1071, *14 (Bankr. N.D. Iowa, April 19, 2023) noted that hourly rates must be reasonable. Counsel is presumed to be sufficiently experienced and to have an adequate background in the applicable law. *In re Pettibone Corp.*, 74 B.R. at 303.

25. Where a firm charges a high hourly rate, the expectation should be that they are being commensurately compensated for the level of skill they bring to a case. Here, researching basic Iowa law questions as they relate to a relatively straightforward bankruptcy and adversary should not be compensated. Notably, most of the research charges were incurred by Attorney Joe Peiffer, who bills at $575 per hour.

26. The UST requests a reduction of $3,432.50 for time spent researching in this case.

WHEREFORE, the Acting United States Trustee requests that the Court reduce the Second Fee Application by a total of $24,972.00 for the reasons listed above and for other such relief as is just and equitable.

Dated:  November 22, 2023

Respectfully Submitted,

**Mary R. Jensen**
Acting United States Trustee

Claire R. Davison
By:/s/ Claire R. Davison
Claire R. Davison
AT #0014945
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (202) 320-3943
Claire.r.davison@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on November 22, 2023:

All parties receiving ecf notifications.

                                                                                     */s/ Jennifer L. Cline*
                                                                                     Jennifer L. Cline
                                                                                     Paralegal Specialist
                                                                                     Office of U.S. Trustee