UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re | Chapter 11 |
| BDC Group Inc., | Bankr. No. 23-00484 |
| Debtor. | DECLARATION OF DWIGHT DAVIS IN SUPPORT OF MOTION TO EXPEDITE HEARING ON MOTION FOR STAY RELIEF |

Under 28 U.S.C. § 1746 and penalty of perjury, I, Dwight Davis, declare:

1. I am the onsite project manager employed by Zayo Group, LLC ("**Zayo**"), a creditor and counterparty to a *Master Construction Services Agreement* dated as of October 13, 2020 (as amended as of March 31, 2023, the "**Contract**") with BDC Group Inc. ("**Debtor**"), the debtor-in-possession in this chapter 11 case. I make all statements in this Declaration based on direct personal knowledge of which I am capable and willing to testify to this Court if called to do so. I make this Declaration in support of Zayo's motion to expedite the hearing on Zayo's motion for an order granting Zayo relief from the automatic stay to permit Zayo to terminate the Contract [DE 307] (the "**Stay Relief Motion**").

2. I am one of the Zayo employees principally responsible for supervising the work on the Project,[1] a role that includes frequent and constant interfacing with and supervision of Debtor's personnel with respect to Debtor's work on the Project under the Contract. Debtor's performance of the Contract has been wholly

---

[1] All capitalized but undefined terms used in this Declaration are defined in the Stay Relief Motion.

4882-4243-0614.1 98251.00009

unsatisfactory, beset with frequent and lengthy delays, damages to telecommunication cabling through carelessness and, most recently, by the credible threat of mechanics liens being placed on the Project and adjoining real property and improvements owing to Debtor's failure to pay its own subcontractors.

3. Matters have worsened even in the one day since Zayo filed its Stay Relief Motion. On a phone call today, on December 8, 2023, between me and Dennis Bruce, one of Debtor's project managers, Mr. Bruce informed me that Debtor is unwilling to continue work on the Project and under the Contract after the end of this month unless Zayo agrees to a new *Project Service Agreement* providing increased pricing and compensation to Debtor.

4. Neither the Contract nor its component *Project Service Agreement* to which the Debtor is bound gives Debtor any right to demand increased compensation for services Debtor has committed itself to provide, even under circumstances where Debtor's performance has not been broadly and materially unsatisfactory. It is clear to me that Debtor is attempting to extort additional money from Zayo with a threat to cease all work on the Project while simultaneously refusing to pay Debtor's own subcontractor, who has now formally indicated that it will lien the Project and third parties' real property, including the tracks owned and operated by the Iowa Interstate Railroad.

5. Debtor's threat indicates clearly to me that Debtor intends to further breach the Contract within three weeks and impose massive economic damages on

Zayo, the Project, and the Project's adjoining railroad. To protect the value and integrity of the Project and the adjoining property, which is now in imminent jeopardy, Zayo must be permitted to terminate the Contract immediately and bring on a substitute contractor to complete the extensive work Debtor is unable and unwilling to perform.

Dated December 8, 2023

DocuSigned by:

Dwight Davis

0891C4F634D2474...

DWIGHT DAVIS