**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| IN RE:<br><br>BDC Group Inc.,<br><br>    Debtor-in-Possession. | Chapter 11<br><br>Bankruptcy No. 23-00484<br><br>RESISTANCE TO MOTION FOR RELIEF FROM AUTOMATIC STAY TO TERMINATE EXECUTORY CONTRACT |
|---|---|

COMES NOW the Debtor-in-Possession, BDC Group Inc., through its undersigned counsel, and hereby respectfully requests this Court deny Zayo Group, LLC's Motion for Relief from Automatic Stay to Terminate Executory Contract (Doc. 307), stating the following in support:

1.  Debtor disputes Zayo's Motion's factual allegations. The Debtor has diligently worked on the Zayo Contract before and during this bankruptcy, including performing work beyond the Contract's scope under change orders Zayo requested and approved.

2.  Zayo's Motion to Expedite Hearing on Motion for Stay Relief (Doc. 315) and Dwight Davis's declaration supporting it (Doc. 316) allege that on December 8, 2023 Dennis Bruce, Debtor's president, told Mr. Davis that BDC would terminate work unless it was paid more and that BDC's subcontractors are not being paid.

3.  Mr. Bruce is unavailable this week and will not be available for the initial hearing set for this Friday, December 15. However, he was able to inform Debtor's counsel that while he did speak with Mr. Davis on December 8, 2023, the discussion topic was a change order and Mr. Davis agreed to that change order, as he, as the onsite project manager ("OSP Manager"), had the authority to do under Section 16.6 of the Master Construction Services Agreement.

4.  Additionally, he informed Debtor's counsel that the subcontractors who have not been paid performed work for change orders Zayo requested but has not yet paid for. Section 16 of the Master Construction Services Agreement provides for change orders and payment for them. Zayo's failure to pay for work performed on change orders it requested and approved is a violation of the Contract.

5. Zayo's Motion's characterizations of the delays this project has experienced is disingenuous. It lays all of the blame on the Debtor (never mind that Zayo's Motion repeatedly complains that work did not take place during winter on a project in the Midwest, when and where weather can render outside construction work untenable) and says the First Amendment to Project Service Agreement #11 was solely because of and to address Debtor's delays. However, the First Amendment itself shows this is false.

6. The First Amendment comprehensively revises *all* the Project Service Agreement's delivery deadlines, not only the "Priority 1 Section" deadlines (a phrase used in Zayo's Motion but never used in any of the Contract documents). Over half of the deadlines were set "TBD (fiber delivery)" and "90 days from NTP." Slightly below the First Agreement's Site Completion Milestone table, "NTP" is defined as "the date all segment permits and materials are received."

7. The Project Service Agreement assigns Zayo the responsibility of providing fiber optic cable.

8. So, Zayo's Motion blames Debtor's for delays caused in part by Zayo's own inability to fulfil its obligations under the Contract (*see, e.g.,* Span 11, original site completion date 12/1/2022, delayed to "TBD (fiber delivery)") and ignores the First Amendment significant accommodations for its contractual obligations to focus only how the First Amendment accommodated on Debtor's alleged delays.

9. Debtor's Contract with Zayo is significant to Debtor's business and its reorganization plan. Given the factual disputes and Mr. Bruce's unavailability for the Friday, December 15, 2023 initial hearing, if the Court is inclined to consider Zayo's Motion (rather than denying it out of hand) the Debtor submits that an evidentiary hearing at a later date is necessary.

WHEREFORE the Debtor-in-Possession respectfully requests this Court deny Zayo's Motion for Relief from Automatic Stay to Terminate Executory Contract or set it for an evidentiary hearing at a later date, and grant such other relief as is just and equitable given the circumstances.

Dated this 14th day of December, 2023.

Respectfully submitted,

AG & BUSINESS LEGAL STRATEGIES

/s/ Austin Peiffer
Austin J. Peiffer AT0014402
P.O. Box 11425
Cedar Rapids, Iowa 52410-1425
Telephone:   (319) 363-1641
Fax:            (319) 200-2059
Email:         austin@ablsonline.com
ATTORNEY FOR DEBTOR-IN-POSSESSION

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of December, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

Signed: /s/ Alex C. Tvedte