# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**RESISTANCE TO ZAYO'S MOTION TO LIFT STAY** |

Keystone Savings Bank (the "Bank") respectfully resists Zayo Group, LLC's Motion for Relief from Stay, Dkt. 307.

Zayo seeks relief from the automatic stay so that it may exercise what it describes as a unilateral right to terminate a construction services agreement ("Agreement") with the Debtor. The provisions of the Agreement go farther than this statement, however, and may require the Debtor to maintain its construction equipment at the Zayo project site and act at Zayo's direction with respect to subcontractors (Agreement ¶18.2, 18.3). Because Zayo alleges that the Debtor has not performed all obligations, it is likewise unclear whether Zayo intends to honor the termination payment provisions (Agreement ¶18.4). Termination may create costs and obligations for the Estate for which no renumeration would be paid willingly by Zayo. Due to the lack of clarity on the impact of termination to the Estate, the Bank respectfully objects.

Zayo's Lift Stay Motion should only test whether section 362 remains applicable. Any order lifting the stay should not operate as an adjudication of any contract or other right existing in favor of the Debtor or Zayo, specifically including the Estate's rights to payment for Zayo accounts receivable, restitution and quantum meruit, and lien rights. Similarly, nothing in any Order lifting the automatic stay should permit Zayo to setoff purported claims against value owed to the Estate for work performed or materials provided by the Debtor. To the extent that Zayo intends by its Lift Stay Motion to adjudicate any of these potential issues

or impact these rights, the Motion is substantively and procedurally improper and the Bank respectfully objects.

The Bank has asked Zayo's counsel for the production of documents related to Zayo's Motion, and awaits a functional reply. Time may be needed to sort fact from fiction such that setting a final hearing at this stage presents a difficult forecast. The Court should order that the stay continue in effect until that final adjudication occurs. 11 U.S.C. § 362(e). Zayo should not be allowed to delay in discovery and thereby obtain automatic stay relief without a final hearing.

WHEREFORE Keystone Savings Bank respectfully requests that the Court deny Zayo Group, LLC's Motion for Relief from Stay.

Dated: December 14, 2023

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 14, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls