# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION TO CONTINUE EVIDENTIARY HEARING**<br><br>**EXPEDITED RELIEF REQUESTED** |

Keystone Savings Bank ("Bank") moves the Court to continue the January 5, 2024 final evidentiary hearing on Zayo Group, LLC's Motion for Relief from Stay, Dkt. 307, and in support states:

1.  Zayo seeks stay relief but is not timely and cooperatively providing documents and information about the alleged causes for stay relief recited in its Motion. On December 11 the Bank asked Zayo to produce six categories of documents that focus on Zayo's allegations, which were the same requests identified during proceedings that resulted in the January 5, 2024 hearing date. Zayo provided no information prior to the holiday season, nor any forecast of when and what should be expected.

2.  Instead, Zayo served twenty-two hearing exhibits on the evening of December 28. It's counsel now claims that the exhibits are complete responses but they plainly are not.[1] Follow-up requests for Zayo to identify (i) the alignment between exhibits and production requests and (ii) whether additional responsive information was withheld, have been ignored. *See* Exhibit 1. Two conclusions are plain: Zayo does not want to provide information and do

---

[1] For example, the Bank requested all documents supporting Zayo's allegation that it incurred "significant economic damages" including "increased costs for flaggers and other support crew" and "field inspections" and payments of "an average of $2,540 per day." Motion to Lift ¶ 9. Zayo's counsel says that Exhibits 1 through 17 are all responsive to this request, but none of those exhibits contain information about flaggers and support crew or field inspections, or the average damage figure alleged.

so in a way that allows the Bank meaningful review and an opportunity to prepare a response.

3. This matters because Zayo likely owes hundreds of thousands of dollars to the Estate. Zayo has not paid as previously represented and took great care it is filing to suggest that conclusion without falsely making it. *See* Motion to Lift ¶ 7 (saying "Zayo has paid all Debtor's invoices are required under the Contract" but omitting, if its contract interpretation were true, the authorized work that then occurred out of scope). Zayo has not provided all BDC invoices and documents showing Zayo's payments of them as requested, so the full extent of Zayo's payment obligation remains unclear. But what is clear is lifting the automatic stay could have material consequences to the Estate. Those consequences should be disclosed by Zayo and known to all interested parties prior to any final hearing.

4. Even assuming that Zayo's unusual (furtive) exhibits-as-production-responses made all information available, cause still exists to continue the hearing. At no point has Zayo explained why it sent hundreds of pages of information at the last possible moment when most of the "exhibits" would have been immediately available on December 11, 2023, when Zayo was first asked for them. Minimally, Zayo could have communicated its plan and produced back then what it held off for weeks later, when no time existed for review and follow-up. As a consequence the final evidentiary hearing should be moved.

5. Correspondence showing Zayo's delay, etc., is attach as Exhibit 1. Zayo has thus far ignored the undersigned's most recent message and has not answered (i) what exhibits are responsive to each production request and (ii) whether any information was withheld. Basic, even cursory document review shows that Zayo is withholding requested information.

6. The undersigned solicited whether the Debtor and Committee would join a continuance request. The Committee deferred to the Debtor, and the Debtor says it joins the

request. Committee counsel has a flight to Cedar Rapids scheduled the afternoon of January 3, which would be unnecessary if the Court continues the evidentiary hearing.

7.     As part of its continuance order the Court should order that the stay continue in effect until a final adjudication occurs. 11 U.S.C. § 362(e). Zayo should not be allowed to delay in discovery and thereby obtain automatic stay relief without a final hearing.

WHEREFORE, Keystone Savings Bank respectfully requests that the Court enter an Order continuing the January 5, 2024 evidentiary hearing and ordering that the stay continue until a final adjudication occurs, and for such further relief as may be just given the circumstances.

Dated: December 31, 2023

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 31, 2023, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls