### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**OBJECTION TO SECOND FEE APPLICATION** |

Keystone Savings Bank ("Bank") objects to the Second Interim Fee Application filed by Counsel for the Committee of Unsecured Creditors ("Applicant"), Dkt. 331 ("Application") and states:

1. Not every bankruptcy case gives rise to a prospect of recovery for unsecured creditors, and where that is evident and holds true, as here, permitting Applicant to shift fees onto the Estate aids two impermissible purposes: (i) it bleeds whatever recovery might be available for unsecured creditors (and other professionals) from the Estate, and (ii) it purports to hand unsecured creditors plan-veto power through administrative expenses where the Code otherwise leaves them with no interest. *See* 11 U.S.C. § 1129(a)(9). As with its first fee application, Applicant seeks compensation from the Estate for services that were unnecessary, duplicative, or that provided the Estate with no measurable benefit.

2. Applicant asserts that the furtherance of "committee" "statutory functions" sufficiently establishes grounds for compensation. Application ¶ 15. Going through statutory motions, however, were neither "necessary" nor "beneficial" to *this* Estate as Applicant tacitly acknowledges. *Id.* (appraising the Committee of developments was "necessary and beneficial to [the] committee and to unsecured creditors," (not this Estate)). Nothing in the Application is called out as measurably beneficial. The Estate is instead being billed another deficit, this time for $55,019.00.

3. Likewise unavailing is Applicant's position that compensation should flow

from "services [that] promote the bankruptcy process or administration of the estate in accordance with the Bankruptcy Code." Application ¶ 16. There are no participation medals of this kind in bankruptcy, where resources are by definition scarce. Congress barred such arguments by prohibiting fees for "unnecessary services" and those not "reasonably likely to benefit the debtor's estate" or not "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A); *cf. In re Reed*, 890 F.2d 104, 105 (8th Cir. 1989) ("In our judgment, the overwhelming weight of authority propounds the better rule requiring benefit to the estate."). Applicant bears the burden of establishing compensable value to the Estate (not the Committee). But the Application yields no Estate value and should therefore be denied.

4. The Bank incorporates the statutory provisions, legal authorities, and arguments within its first fee application objection, Dkt. 231. As stated there and summarized here, Applicant does not establish a basis for compensation from the Estate and at rates commensurate with those in eastern Iowa.

5. The undersigned requests that he be allowed to discuss these matters with Committee counsel before the Application is set for hearing.

WHEREFORE, the Bank requests that Court sustain this Objection and deny the Application.

Dated: January 12, 2024

                                  Respectfully Submitted,

                                  SIMMONS PERRINE MOYER BERGMAN PLC

                                  /s/ Abram V. Carls
                                  Abram V. Carls, AT0011818
                                  115 Third Street SE, Suite 1200
                                  Cedar Rapids, IA 52401
                                  Phone: 319-366-7641
                                  Facsimile: 319-366-1917
                                  acarls@spmblaw.com
                                  ATTORNEYS FOR KEYSTONE SAVINGS BANK

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 12, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

                                  /s/ Abram V. Carls