## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>        Debtor. | Case No. 23-00484<br><br>**SECOND MOTION TO CONTINUE EVIDENTIARY HEARING**<br><br>**EXPEDITED RELIEF REQUESTED** |

Keystone Savings Bank ("Bank") moves the Court to continue the January 18, 2024 final evidentiary hearing on Zayo Group, LLC's Motion for Relief from Stay, Dkt. 307, and in support states:

### I. Zayo Is Still Not Responding to Discovery

1.      Following the Court's January 2, 2024 hearing and initial continuance, the Bank asked Zayo when Zayo would respond to discovery, what the supplemental productions would look like, and when they would be transmitted. *See* Exhibit 1 (email to Atty. Goetz). Zayo did not respond.

2.      The Bank separately asked Zayo if it would commit to paying BDC for the work BDC performed, to which Zayo did respond, but forecast the process would take "the next couple of weeks." The undersigned asked Zayo whether the process it envisioned included hearing preparations (in which case discovery responses were needed) or if the hearing would be continued and preparations postponed. *See* Exhibit 2 at 1. Zayo did not respond to this message, but prior responses made clear that Zayo would not willingly continue the January 18 hearing date. *Id.* at 1-2.

3.      With no discovery responses, the Bank then informed Zayo on January 10 that it would be again moving to continue the hearing. Production requests remained outstanding, and as reiterated to Zayo: "If Zayo's plan was to provide information a week or less before

the hearing, again, know that it gives insufficient time for review. This is particularly due to the jury trial I am preparing for, as identified on the record last we spoke." *See* Exhibit 3 at 3.

4.     Zayo eventually responded by saying "you will have all of your discovery tomorrow morning [Friday, January 12]." *Id.* at 1. But the morning of the 12th came and went without any transmittal. When the production arrived that afternoon, it contained 24 emails that did not intelligibly relate to what was requested. It appears that Zayo decided to produce non-responsive information to claim it produced something, in lieu of responding in substance to the Bank's requests.

5.     The Bank asked Zayo for information about its transmittal. Specifically, to identify what emails went with which request, and to state whether information was being withheld (because obviously it was). *See* Exhibit 4. Zayo has not responded.

6.     Separately, on January 8, 2024, Zayo issued written discovery to the Debtor. *See* Exhibit 5. It is unclear why Zayo can proceed with discovery prior to the hearing, but the Bank cannot.

## II. Argument

7.     On January 2 the Court queried whether applicable rules afforded the Bank with an opportunity for discovery prior to a final hearing on Zayo's Motion for Relief from Stay. Now as then, the answer is yes.

8.     "A motion for relief from an automatic stay provided by the Code . . . shall be made in accordance with Rule 9014." Fed. R. Bankr. P. 4001(a). Rule 9014, in turn, affords the Bank with the opportunity to conduct discovery of Zayo by way of deposition (Rule 7030), requests for admission (Rule 7036), interrogatories (Rule 7033), and most at issue here, production requests (Rule 7034). Fed. R. Bankr. P. 9014(c). The maintenance of these rights

is safeguarded by sanctions for noncompliance, *id.* (incorporating Rule 7037), and balanced by a movant's ability to seek a protective order, *id.* (incorporating Rule 7026). In sum, discovery applies unless "the court directs otherwise" and the Court has not directed otherwise here. So, the Bank is entitled to not appear at the hearing blind and Zayo is obligated to produce information.

9.    Zayo is not meeting its obligations. The Bank promptly submitted six requests to Zayo's counsel in December 11 and Zayo was required to "respond[] to each item" by either permitting inspection or "produc[ing] copies of documents or of electronically stored information instead." Fed. R. Bankr. P. 7037(b)(2)(B). In producing documents as Zayo has elected to do, it "must organize and label them to correspond to the categories in the request." In both respects Zayo falls short. In has not responded to "each item," despite the Bank's efforts to supply Zayo with a form. *See* Exhibit 1 at 2-3. Zayo also refuses to identify what it produced, which is no trifle because most of what Zayo discloses is facially unrelated to the Bank's requests. Were responsiveness obvious the Bank would not be asking. But it's not obvious, and Zayo's counsel refuses to squarely communicate about it. *See* Exhibits 1, 2, 3, 4.

10.    If rules are followed, then, Zayo has a choice to make. Either (i) continue the existing hearing and respond to discovery, or (ii) face default sanctions for withholding evidence and making the hearing one-sided to its favor. *E.g.* Fed. R. Bankr. P. 7037 (sanctions for not cooperating in discovery); *cf. e.g. GenoSource, LLC v. Secura Ins.*, No. 21-CV-86-CJW-KEM, 2023 WL 4702039, at *4 (N.D. Iowa Mar. 8, 2023) (finding "disclosure two weeks before trial" warranted sanctions); *Hayes v. Deere & Co.*, No. C21-2051-LTS-KEM, 2023 WL 3060822, at *17 (N.D. Iowa Apr. 24, 2023) (discovery nondisclosure was neither justified or non-prejudicial, such that sanctions were warranted). Before seeking those merit sanctions,

the Bank asks the Court to continue the hearing and allow time to serve as the remedy.

11.     With the benefit of time Zayo can complete its settlement negotiations with the Debtor while also fulfilling its discovery obligations to the Bank. When both are completed, the Court can set a final hearing—whether on Zayo's Motion to Lift Stay or a 9019 settlement motion.

12.     The bottom line is Zayo cannot obtain stay relief while refusing to provide documents and information about the alleged causes for stay relief recited in its Motion to Lift Stay. Two weeks have proven that the complete transparency professed by Zayo's counsel on January 2 is fiction, and that minimally, Zayo is withholding information until such a time as to render it useless. *See GenoSource* (late disclosure prejudice counsel's ability to prepare for trial).

13.     Likewise, as recited in the Bank's initial continuance request (Dkt. 339) and by multiple parties on January 2, these issues matter because by current tallies Zayo owes around $1 million dollars to the Estate. This is Bank collateral and a potential source of administrative claim payment, which Zayo should not curtail under the guise of lifting the automatic stay. Because lifting the automatic stay could have material consequences to the Estate, those consequences should be disclosed by Zayo and known to all interested parties prior to any final hearing.

14.     Due to travel considerations and the undersigned's pre-trial conflicts, the Bank requests expedited consideration of this Motion.

15.     As part of its continuance order the Court should order that the stay continue in effect until a final adjudication occurs. 11 U.S.C. § 362(e). Zayo should not be allowed to delay in discovery and thereby obtain automatic stay relief without a final hearing.

WHEREFORE, Keystone Savings Bank respectfully requests that the Court enter an

Order continuing the January 18, 2024 evidentiary hearing and ordering that the stay continue

until a final adjudication occurs, and for such further relief as may be just given the

circumstances.

Dated: January 15, 2024

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2024, a copy of the foregoing
document was filed with the Clerk of Court for the United States Bankruptcy Court for the
Northern District of Iowa using the CM/ECF system, and served electronically on those
participants that receive service through the CM/ECF System.

/s/ Abram V. Carls