| | |
|---|---|
| **From:** | Abram Carls |
| **Sent:** | Thursday, January 4, 2024 7:10 PM |
| **To:** | Jeffrey D. Goetz; Joe Peiffer (ABLS); Austin Peiffer (ABLS) (austin@ablsonline.com); Janczak, Elizabeth |
| **Cc:** | Timothy N. Lillwitz; Jordan A. Kroop; Jason Rosell; Brenda F. Mozena; Nicholas J. Valley; Theresa L. Birch |
| **Subject:** | RE: Confidential Settlement Communication {Matter No.[21840.1]}{Zayo Group, LLC/Bankruptcy Creditor - BDC Group, Inc.} |

Jeff, your second sentence identifies a process that would take "the next couple of weeks." I am going to be asked whether that process includes hearing preparations, or if the hearing would be continued and preparations postponed. That's why I asked. You said it depends, so until it does not depend, I have to follow both paths at the same time and need discovery responses.

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Thursday, January 4, 2024 6:51 PM
**To:** Abram Carls <acarls@spmblaw.com>; Joe Peiffer (ABLS) <joe@ablsonline.com>; Austin Peiffer (ABLS) (austin@ablsonline.com) <austin@ablsonline.com>; Janczak, Elizabeth <ejanczak@sgrlaw.com>
**Cc:** Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** Re: Confidential Settlement Communication {Matter No.[21840.1]}{Zayo Group, LLC/Bankruptcy Creditor - BDC Group, Inc.}

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

To be clear I was responding to your settlement offer. If you do not want to continue talking about settlement that's fine. My client is not waiving the January 18 date and you will receive the discovery. If you don't want to talk tomorrow fine stop sending mixed signals Jeff.

Get Outlook for iOS

**From:** Abram Carls <acarls@spmblaw.com>
**Sent:** Thursday, January 4, 2024 6:46:49 PM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>; Joe Peiffer (ABLS) <joe@ablsonline.com>; Austin Peiffer (ABLS) (austin@ablsonline.com) <austin@ablsonline.com>; Janczak, Elizabeth <ejanczak@sgrlaw.com>
**Cc:** Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** RE: Confidential Settlement Communication {Matter No.[21840.1]}{Zayo Group, LLC/Bankruptcy Creditor - BDC Group, Inc.}

Jeff, I won't have any response available tomorrow AM.

Without an assurance that January 18th is off the docket, please provide all of the requested discovery. I have attached the email thread that remains not responded to.

Exhibit 2 - Page 1 of 6

Abram Carls
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa  52401
Telephone: (319) 896-4034

Email:  acarls@spmblaw.com
www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Thursday, January 4, 2024 6:12 PM
**To:** Abram Carls <acarls@spmblaw.com>; Joe Peiffer (ABLS) <joe@ablsonline.com>; Austin Peiffer (ABLS) (austin@ablsonline.com) <austin@ablsonline.com>; Janczak, Elizabeth <ejanczak@sgrlaw.com>
**Cc:** Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** Re: Confidential Settlement Communication {Matter No.[21840.1]}{Zayo Group, LLC/Bankruptcy Creditor - BDC Group, Inc.}

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Depends on how your client and debtor responds to my email. Would you like to talk tomorrow AM? Jeff

Get Outlook for iOS

---

**From:** Abram Carls <acarls@spmblaw.com>
**Sent:** Thursday, January 4, 2024 6:08:59 PM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>; Joe Peiffer (ABLS) <joe@ablsonline.com>; Austin Peiffer (ABLS) (austin@ablsonline.com) <austin@ablsonline.com>; Janczak, Elizabeth <ejanczak@sgrlaw.com>
**Cc:** Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** RE: Confidential Settlement Communication {Matter No.[21840.1]}{Zayo Group, LLC/Bankruptcy Creditor - BDC Group, Inc.}

What happens to January 18th as we attempt to sort all this out?


Abram Carls
Member

Exhibit 2 - Page 2 of 6



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa  52401
Telephone: (319) 896-4034

Email:  acarls@spmblaw.com
www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Thursday, January 4, 2024 4:30 PM
**To:** Abram Carls <acarls@spmblaw.com>; Joe Peiffer (ABLS) <joe@ablsonline.com>; Austin Peiffer (ABLS) (austin@ablsonline.com) <austin@ablsonline.com>; Janczak, Elizabeth <ejanczak@sgrlaw.com>
**Cc:** Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** Confidential Settlement Communication {Matter No.[21840.1]}{Zayo Group, LLC/Bankruptcy Creditor - BDC Group, Inc.}

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Abe:  Please accept this email in response to your email yesterday and as a continuation of our good-faith settlement discussions, and therefore subject to all evidentiary privileges.  I appreciate you reaching out to me directly, but I believe any proposed settlement by its very nature will require consensus of Zayo, the Debtor, Keystone Bank and the Committee, and approval by the Court, within the next couple of weeks.  Taking your lead on resolving the pending motion for relief from stay through the payment of money is a good start.  To fill in the blanks, please consider the following bullet point outline of a process that I believe may be in everyone's best interest.

1. Zayo is amenable to settlement of the pending matters through a written Compromise, Settlement and General Mutual Release Agreement pursuant to Bankruptcy Rule 9019 that results in Zayo paying and BDC accepting payment in full for all undisputed invoices, in exchange for consent for relief from stay and a consensual termination of the contracts between Zayo and BDC.
2. Attached is a spreadsheet schedule of all Invoices received by Zayo from BDC beginning in June, 2022 through November 2023, including Invoice No., Invoice Date, Amount Submitted, Amount Paid and Payment Date.
3. Also attached is a QuickBooks Aged Receivables Report dated 12/22/23 from BDC's counsel, which identified Invoice No., Invoice Description, Aged A/R, Retainage, Age and Due Date.
4. Highlighted in both Yellow (numbers agree) and Orange (discrepancy) on both reports, you will see that Zayo's report differs from BDC's report on several items: either Invoice No., Invoice Date, or Invoice Amount/Invoice Paid.
5. I suggest that the parties first attempt to reconcile the differences between the reports, so that the parties can reach a consensus on what has been paid and what is outstanding.
6. Assuming that most invoices have already been paid, I believe there will be a few invoices that the parties will agree to, and several where there will be disputes.  For purposes of this initial discussion, I am prepared to advise that the following BDC Invoices submitted on 12/22/23 are either confusing, or will otherwise end up being disputed, as follows:

Exhibit 2 - Page 3 of 6

- A. PO# ZAYO-944135 CHI OMH OVERPULL THE FOLLOWING CHARGES ARE OUT OF SCOPE WORK PERFORMED AND DOWNTIME DUE TO RR SHUTDOWN 10/16-10/21 & 10/23 DOWNTIME DUE TO RR SWITCHING EACH MORNING AT GERDEU STEEL MILL  1.00 9,741.27  Not aware of excessive downtime on these dates? The original formal change order (CO #12) request for RR downtime in this area was 9/12-9/15 for $10,437.08. Zayo acknowledged that the downtime from 9/12-9/15 was excessive. Seems like they confused the dates and changed the dollar amount for whatever reason.
- B. 1.00 12/16 DOWNTIME DUE TO RR SHUT DOWN 18,554.80 18,554.80 - RR shut down due to liens filed against IAIS RR. Caused by BDC not paying subcontractor for work completed (Zayo paid BDC for fiber placed by GuideWell)
- C. 12/7 OUT OF SCOPE INVESTIGATION TO LOCATE ZAYO'S 18,554.80 PIPE / STOPPED DUE TO PIPE ISSUES  -1.00 18,554.80  It was discovered that the vacant conduit in this section (approximately 4 handhole spans) was not swept into the handholes according to BDC field manager. Zayo acknowledged that the work to sweep the conduit into the handholes was out of scope. Pricing was requested from BDC and ultimately countered to try to find common ground. BDC rejected the proposed counter offer on price per handhole location. As far as the "investigation" referenced, that was nothing more than the regular handhole exposure included in the CPF contract price.
- D. 12/8 OUT OF SCOPE INVESTIGATION TO LOCATE ZAYO'S 18,554.80 PIPE. DECIDED SWEEPING PIPE WAS NEEDED -1.00 18,554.80  Handhole exposure in preparation for fiber jetting is not out of the original scope. Zayo agreed to pay BDC to sweep conduit into the 4 handholes in this span. Ultimately, a price couldn't be agreed upon because BDC wanted an unreasonable amount of money per location.
- E. 12/12 DOWNTIME DUE TO ZAYO INFORMING THAT IAIS RR 18,554.80 PROJECT DOWN 1.00 18,554.80- How is Zayo financially responsible for this? Project was shut down due to the liens filed against the RR. Liens were filed because BDC didn't pay their subcontractor for work completed despite being paid by Zayo for aforementioned work.
- F. 12/13 UNLOADED UNEXPECTED REELS & BACKFILLED HOLES THAT WERE OPENED TO BLOW FIBER PRIOR TO SHUTDOWN -1.00 11,132.16  Unloading and storing of fiber reels is not out of the original agreed upon scope. Holes were backfilled and project was paused, once again, because IAIS notified Crandic of the liens filed.
- G. 12/14 DOWNTIME DUE TO CRANDIC RR CALLING US OFF DURING OUR CLEANUP  1.00 14,843.84-  How is Zayo financially responsible for this? Project was shut down due to the liens filed against the RR. Liens were filed because BDC didn't pay their subcontractor for work completed despite being paid by Zayo for aforementioned work.
- H. 12/15 FOURTH TRIP TO MOB TO UTICA TO TROUBLESHOOT VAULTS 6A-10 ON THE CSX PORTION. CONCLUDED IT STILL NEEDS A BORE SHOT -1.00 18,554.80  This was a site visit scheduled by PM (Erick Mast) to investigate a solution for the remaining 1700 on this section. BDC field manager agreed to meet on this section since they weren't able to continue work on Crandic RR due to liens. Also agreed to let Zayo use a BDC utility locator since Zayo's locator was misplaced by BDC personnel.
- I. 12/18-12/22 DOWNTIME DUE TO RR SHUTTING PROJECT DOWN 1.00 92,774.00 -  How is Zayo financially responsible for this? Project was shut down due to the liens filed against the RR. Liens were filed because BDC didn't pay their subcontractor for work completed despite being paid by Zayo for aforementioned work.
- J. 6/2/22-12/31/23 MONTHLY STORAGE FEE FOR ZAYO MATERIAL -19.00 2,800.00  53,200.00 A monthly storage fee has never been discussed or agreed upon. BDC has never even mentioned it until this invoice.
- K. SUBCONTRACTORS T&E INVOICES FOR OUT OF SCOPE  WORK PERFORMED  77,107.07 - Vague, need more details. No knowledge of the arrangement between BDC and subcontractors.

7) I propose the Zayo & BDC business folks, with the assistance of and in consultation with their respective professionals, review the above confusing/disputed items, and attempt to resolve same through good-faith settlement discussions.

8) To the extent the parties do agree on some of those invoices, that agreed upon amount would be the starting point, and assuming the parties reach a global settlement, such amount can be paid in full upon final order of the court approving said settlement.

Exhibit 2 - Page 4 of 6

9) Assuming for the sake of argument the parties are unable to resolve all of the disputed invoices by themselves, the parties could agree to resolve the remaining disputed invoices with the assistance of a mediator.  Zayo would agree to mediation either under the auspices of the pending bankruptcy case, or outside of the case.  In the unlikely event the parties are unable to resolve their differences through mediation, the parties can still litigate same through arbitration or the bankruptcy court itself.  Zayo would agree to pay half of the costs of mediation.
10) To ensure any settlement is complete and thorough, Zayo would need assurances that the pending GuideWell Mechanics Liens are paid in full and removed as clouds on the title on the land in which the liens impair.  Since this is a "one bite at the apple"-type situation, Zayo would also need assurances that no other BDC subcontractors file liens on any of the properties under which the fiber cables are laid or to be laid.  I would note that based on BDC's November Monthly Operating Report, BDC reported over $500k in Post-Petition Accounts Payable to its subcontractors and other post-petition creditors.
11) To provide Zayo with such assurances, Zayo would insist that any Zayo payments made to BDC on account of undisputed invoices first be paid, by the Debtor, through its DIP account, to pay off the GuideWell Mechanics Liens, and followed by all other outstanding and undisputed Post-Petition Accounts Payable that are due and payable to BDC's subcontractors.  Since it is possible BDC has already paid some if not most of the A/P outstanding on 11/30 during the month of December, it would make sense for everyone to get their arms around the current state of BDC's Post-Petition A/P status.
12) When the disputed Zayo/BDC invoices are ultimately resolved through settlement, mediation, arbitration or adjudication by the Bankruptcy Court, Zayo would also insist that the first dollars from Zayo's payments to BDC be applied to satisfaction of all of BDC's Post-Petition Accounts Payable, until all are paid in full, with fully executed Lien Releases/Waivers by both BDC and its subcontractors.  Once all of BDC's Post-Petition Accounts Payable have been satisfied and Zayo is relieved of any concern of future Mechanics Liens by BDC's subcontractors, such dollars would be unrestricted after that point, as far as Zayo is concerned.

Please let me know your thoughts on the above.  I look forward to hearing from you shortly.  Jeffrey Goetz

**Jeffrey D. Goetz**
**Attorney At Law**



801 Grand Ave., Suite 3700
Des Moines, Iowa 50309-8004
(515)246-5817 (p)   |   (515) 710-1988 (m)
goetz.jeffrey@bradshawlaw.com   |   www.dickinsonbradshaw.com
**VISIT OUR BLOG**

**BOARD CERTIFIED - BUSINESS & CONSUMER BANKRUPTCY LAW**
**AMERICAN BOARD OF CERTIFICATION**




Exhibit 2 - Page 5 of 6

This email has been scanned for email related threats and delivered safely by Mimecast.

This email has been scanned for email related threats and delivered safely by Mimecast.

This email has been scanned for email related threats and delivered safely by Mimecast.

Exhibit 2 - Page 6 of 6