**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re:<br><br>**BDC GROUP INC.,**<br><br>Debtor and Debtor in Possession | Case No.: 23-00484-tjc11<br><br>Chapter 11<br><br>**ZAYO GROUP'S OBJECTION TO KEYSTONE BANK'S SECOND MOTION TO CONTINUE HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY TO TERMINATE EXECUTORY CONTRACT**<br><br>Hearing Date: January 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6th Floor |

Zayo Group, LLC ("**Zayo**"), a Creditor of the above-referenced Debtor and Movant in the pending Motion for Relief from the Automatic Stay to Terminate Executory Contract (Docket No. 307) (the "RS Motion") objects to Keystone Bank's Second Motion to Continue Evidentiary Hearing at Docket Item 351, and would state to this Honorable Court as follows:

KEYSTONE BANK IS AN INTERLOPER ACTIVELY INTERFERING WITH ZAYO AND BDC'S CONTINUED GOOD FAITH EFFORTS TO REACH A GLOBAL COMPROMISE, SETTLEMENT, AND GENERAL MUTUAL RELEASE

Counsel for Keystone Bank is well aware of the continued, robust, good-faith settlement efforts between Zayo and BDC since the last court hearing, yet continues to intercede, interfere, and otherwise frustrate the good-faith efforts of the parties to the subject contract to defuse and amicably resolve the pending motion for relief from the automatic stay.

Zayo and BDC Group have made significant progress in not only moving towards resolution of the pending motion for relief from stay to terminate the contracts between the parties, but also attempting to reach a global settlement inside a framework of promptly

1

Document      Page 2 of 4

resolving the outstanding motion, and providing for immediate payments to the Debtor and Bankruptcy Estate of all undisputed invoices, release of mechanics liens, and a process and procedure for resolution of disputed invoices, including disputed invoices between BDC Group and Guidewell.

> KEYSTONE BANK'S DISCOVERY REQUESTS ARE A RED HERRING AND NOT RELEVANT OR PROBATIVE TO THE ISSUE BEFORE THE COURT OR CONDUCIVE TO AN AMICABLE RESOLUTION OF THIS PENDING MATTER

The only matter before the court is whether there is sufficient cause to warrant relief from stay to terminate the contracts between Zayo and BDC, based on BDC's breaches and defaults under said contracts. As the Court is aware, Keystone Bank is not a party to any of these contracts and has only a tangential interest in the outcome of the pending RS Motion, specifically as to the effect of the termination of the contract on the solvency of the estate.

The Court should take note that BDC has all the information it needs to defend itself from Zayo's arguments concerning breach of the subject contracts, and has, in fact, actively engaged with Zayo in seeking not only a resolution of the matter, but also ensuring they get promptly paid on all undisputed invoices and establishing a process and framework for quickly resolving the two December 22, 2023, invoices that are disputed. Additionally, since Guidewell, a party not before the Court, may be seeking payment for invoices disputed by BDC, said dispute resolution process is also included in the good-faith settlement discussions between the actual and real parties in interest. As undersigned counsel has already explained to the Court, however, payment for certain invoices will not be the subject of any relevant testimony or evidence the Court needs to hear to resolve the pending motion. Rather, the contracted work was not completed on time per the language of the contract, an incurable breach that provides a basis for relief from the automatic stay. *See In re Empire Equities Cap. Corp.*, 405 B.R. 687, 691 (Bankr.

S.D.N.Y. 2009) (the failure of the debtor to adhere to stated time deadlines in the contract renders the contract incurable).

An examination of Keystone Bank's informal discovery requests reveals that even if all of Keystone Bank's requests were fulfilled to their liking (something Zayo is beginning to believe may be impossible), none of that information is relevant or probative to the breach of contract issue before the Court. Keystone's counsel has already received some of the requested emails and invoices and Zayo is working to provide more. Again, however, none of the documents already produced to Keystone or to be produced to Keystone are relevant to the upcoming hearing. These facts support Zayo's contention that Keystone Bank's actions as an interloper is designed to interfere, delay, and cause Zayo and BDC harm, and therefore can rightly be determined to be in bad faith.

> BDC GROUP DOES NOT NEED KEYSTONE BANK TO DEFEND BDC'S INTERESTS, AS EVIDENCED BY BDC'S ACTIVE AND ROBUST EFFORTS TO AMICABLY AND GLOBALLY RESOLVE THEIR DISPUTES AND COUNSEL FOR KEYSTONE BANK'S PERSONAL TRIAL CALENDAR SHOULD NOT BE A BASIS TO CONTINUE THE HEARING

Zayo Group has provided more than enough discovery to Keystone Bank for them to confirm they do not have any basis to argue on BDC's behalf that there is no breach or default under the subject contracts. In fact, Keystone Bank can confirm that from the plain language of the contracts. Further, Zayo would note Keystone Bank has not requested any documents from BDC Group, which again shows Keystone Bank's attempt to simply delay Zayo's motion with irrelevant discovery requests.

Keystone Bank's only interest in wrongfully involving itself in the Debtor's business affairs is for its own interests, and not that of the Bankruptcy Estate, again, interfering with rights of the other parties.

3

Therefore, Zayo would assert that sufficient cause exists for this Court to deny Keystone Bank's attempt to interfere with the real parties in interest's efforts to resolve this matter, and deny their motion to continue, and for such other and further relief as is just and equitable under the circumstances.

Dated:  1/16/2024                         */s/ Jeffrey D Goetz*
                                          Jeffrey D. Goetz, Esq., AT0002832
                                          Bradshaw Fowler Proctor & Fairgrave P.C.
                                          801 Grand Avenue, Suite 3700
                                          Des Moines, IA  50309-8004
                                          515/246-5817
                                          515/246-5808 FAX
                                          goetz.jeffrey@bradshawlaw.com
                                          Counsel for Movant, Zayo Group, LLC


CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

*/s/  Brenda Mozena*

4