UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| In Re:<br><br>**BDC GROUP, INC.,**<br><br>Debtor-In-Possession. | Case No. 23-00484<br><br>Chapter 11<br><br>**MOTION TO SET DEADLINE FOR DEBTOR TO FILE AMENDED PLAN AND DISCLOSURE STATEMENT** |
|---|---|

COMES NOW GreenState Credit Union ("GSCU"), through its attorney, and in support of its Motion to Set Deadline for Debtor to File Plan and Disclosure Statement, states as follows:

1. Debtor commenced this Chapter 11 proceeding on June 13, 2023.

2. GSCU is a credit union that provided certain secured financing to the Debtor pre-petition to allow the Debtor to acquire certain vehicles and equipment. GSCU has filed Proof of Claims Nos. 81, 82, 83 and 84 (the "GSCU POCs") in this proceeding, evidencing total secured pre-petition debt owing to GSCU in the aggregate amount of $214,103.42 (the" GSCU Indebtedness").

3. To secure repayment of the GSCU Indebtedness, the Debtor pledged a security interest in various vehicles and equipment to GSCU acquired by the Debtor by use of the funds loaned to it by GSCU, as set forth in the various Commercial Security Agreements and other loan documents attached to GSCU POCs (such vehicles and units are collectively referred to as the "GSCU Collateral"). GSCU perfected the security interests granted to it by either noting its lien on the title pertaining to any titled vehicles, or by filing a financing statement with the Iowa Secretary of State, as reflected by the documents attached to the GSCU POCs.

The GSCU POCs and the documents attached thereto are incorporated by reference herein.

4.  By Order of the Court entered on October 20, 2023 (Docket # 265) the automatic stay was lifted to enable GSCU from recovering four units of the GSCU Collateral that the Debtor determined was no longer necessary for the Debtor's ongoing operations or plans to reorganize.  Those units upon which the automatic stay was lifted are as follows:

| GSCU Collateral | Location | POC #/GSCU Loan # | Claim $* |
| --- | --- | --- | --- |
| 2019 Dodge Ram 2500 pickup (VIN3C6URSHL3KG707747) | Iowa | POC 84/Loan #1003 | $65,744.43 |
| Cat TH255C Telehandler (Serial #JK200447) | Virginia | POC 81/Loan #1000 | $31,748.11 |
| Comstar RR-160 Reel Trailer | Virginia | POC 81/Loan #1000 | $31,748.11 |
| Toyota 8FGU25 Forklift (Serial #52481) | Virginia | POC 81/Loan #1000 | $31,748.11 |

*The Claim Amount identifies the amount listed in the filed POC that does NOT include post-petition interest, and other fees and charges owing under the loan documents, including reasonable attorney's fees.*

5.  The Debtor has retained the other vehicles and equipment making up the GSCU Collateral that continue to secure the balance of the debt reflected by the GSCU POCs.

6.  GSCU has been advised subsequent to the entry of the Court's Order on October 20, 2023 lifting the automatic stay on the foregoing four (4) units of GSCU Collateral that two of the units of equipment were in fact stolen at some point in time.  Only after a demand by GSCU did the Debtor file a police report and insurance claim with respect to such alleged theft. To date the insurance carrier has not indicated whether it will honor the loss claim filed by the

Debtor as to the two units that the Debtor now contends were stolen at some undisclosed point in time

7.During the duration of this Chapter 11 proceeding the Debtor has made no post-petition payments on the secured debt obligations owed to GSCU nor made any adequate protection payments to GSCU with respect to the Debtor's ongoing use of the other GSCU Collateral and the diminution in value caused by such continued use.

8.On October 17, 2023, the Debtor filed a Plan (Docket # 246) and Disclosure Statement  (Docket #247) and also filed a Motion (Docket #249) which was subsequently withdrawn by the Debtor during a hearing held on October 27, 2023, after several creditors and the United States Trustee filed Objections to the shortened time period that the Debtor was seeking in which creditors could file Objections to the proposed Plan.

9.The initial Plan filed by the Debtor sought, among other things, to re-amortize debt secured by the Debtor's equipment as held by various creditors on a new, or additional, ten (10) year basis, notwithstanding the already aged and depreciated condition of most of the equipment held by the Debtor and subject to secured creditors liens under various 3-5 year financing arrangements.

Several creditors indicated that they would object to such an extended repayment period given the age of the equipment in Objections that were filed to the Debtor's Motion to Shorten Time.  See Objections filed by United States Trustee (Docket #254); East Central Iowa Council of Governments (Docket #257); Manchester Leasing Services, Inc. (Docket # 260); Green Note Capital Partners SPV LLC (Docket #277); Ally Bank (Docket #282).

10. During the telephonic hearing held on October 27, 2023, the Debtor, through its attorneys, advised the Court and creditors in attendance that in addition to withdrawing the Motion to Shorten Time to file objections to the Debtor's proposed Plan, that the Debtor was withdrawing its Plan and would be amending the same in substantive manner to address concerns raised by creditors to the various debt repayment proposals, extension of a stay as to actions against the principals of the Debtor based on guaranty agreements that had been entered into, and various other terms that the creditors as a group largely found objectionable.

11. To date the Debtor has not formally withdrawn its initial Plan nor filed an Amended Plan to address the concerns and objections raised by creditors to the Plan that the Debtor first filed almost three (3) months ago now.

12. The Debtor's exclusivity period afforded to it to file a Chapter 11 Plan under 11 U.S.C. §1121(b) long ago expired on September 11, 2023.

13. Based on the length of time that this case has been pending, the ongoing revelations regarding the theft or "loss" of equipment pledged to various creditors concerned in this case, and the failure of the Debtor to follow through with amending its Plan and Disclosure Statement to propose a reasonable plan of repayment of the debt obligations concerned herein, as well as the lack of adequate protection provided by the Debtor to GSCU, the Court should enter an Order setting a deadline in the immediate future for the Debtor to file an Amended Plan and Disclosure Statement.

WHEREFORE, GreenState Credit Union prays that its Motion be granted, for cause, as set forth herein, and enter an Order directing the Debtor to file any Amended Plan and Disclosure Statement it wishes to proceed under with the Court in a short time frame and by a

date certain in the immediate future, and for any and all other relief deemed just and equitable in the premises.

Dated this 23rd day of January, 2024.

Respectfully submitted,

*/s/ Terry L. Gibson*
Terry L. Gibson            AT0002903
WANDRO & ASSOCIATES, P.C.
2015 Grand Avenue, Suite 102
Des Moines, Iowa 50312
Telephone:    515/717-7455
Facsimile:     515/608-4645
tgibson@wandrolaw.com

**COUNSEL TO GREENSTATE CREDIT UNION**

**Certificate of Service**

The document was served electronically on parties who receive electronic notice through the CM/ECF as listed on CM/ECF's notice of electronic filing.

Dated this 23rd day of January, 2024.

*/s/ Terry L. Gibson*
Terry L. Gibson