**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION TO LIFT STAY**<br>**(re Set Off and Account Freeze)** |

COMES NOW Keystone Savings Bank ("Bank"), and in support of this Motion respectfully states:

1. Pursuant to a Motion filed by the Debtor, this Court entered and enrolled an Interim DIP Order. *See* Dkt #47. Briefly, the DIP Order enabled the Debtor to borrow from the Bank, post-petition, moneys to operate the Debtor's business. In return, the Debtor pledged to the Bank certain items of collateral to support the post-petition loans due from the Debtor to the Bank. In addition, the parties executed a DIP Agreement, as well as accompanying promissory note and security agreement, etc.

2. On January 25, 2024, the Bank issued a Notice of Default to the Debtor, re the DIP Loan.

3. The DIP Agreement (which was attached to and approved pursuant to this Court's aforementioned Interim DIP Order) granted the Bank a right of setoff. In addition, Iowa law (which governs the loan transaction between the parties) grants the Bank a common-law right of setoff. *See, e.g., Farmers Co-op v. State Bank*, 236 N.W.2d 674, 677 (Iowa 1975).

4. As of the filing of this Motion, there existed an account at the Bank, in the name of the Debtor, with a balance of approximately $90,000.

5. The Bank wishes to setoff the $90,000 in the bank account, so as to partially repay the DIP loan due from the Debtor to the Bank.

6. Pursuant to applicable Supreme Court precedent, *see Citizens Bank v. Strumpf*, 116 S. Ct. 286 (1995), the Bank has frozen the $90,000 in the aforementioned DIP account.

7. The Bank is not adequately protected, as stated in the Notice of Default. Given the contractual and common-law right of setoff, the Bank should be permitted to exercise its right of setoff.

8. To the extent, if at all, the 11 U.S.C. §362 automatic stay prevents the Bank from exercising the right of setoff, and out of an abundance of caution, the Bank files this Motion and seeks relief from the automatic stay.

9. Notice is hereby given that any opposition to the relief requested herein must be served on the Bank's counsel and filed with the Clerk of this Court no later than 7 days before any hearing on this Motion.

WHEREFORE, the Bank respectfully prays this Court enter and enroll an Order granting the Bank relief as requested in this Motion, and for such other relief as may be just and proper under the premises.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
ATTORNEY FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on Jan. 25, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

                                        /s/ Kelly Carmichael

Keystone BDC/Pldgs/Drafts/M2LS.012524.256p.ewl