**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION TO LIFT STAY** |

   COMES NOW Keystone Savings Bank ("Bank"), and in support of this Motion respectfully states:

   1. At the time of the filing of the Chapter 11 Petition by the Debtor on June 13, 2023, the Bank was owed in excess of $3,000,000.00 from the Debtor. Indeed, the Bank filed Proof of Claim #77 circa August 19, 2023, and that Proof of Claim is by this reference incorporated herein as if set forth verbatim. Briefly, the Bank holds validly perfected U.C.C. security interests in various items of personal property of the Debtor, such as account receivables, equipment, and certain vehicles.

   2. Post-petition, the Debtor has been operating via a line of §364 credit issued by the Bank in favor of the Debtor. Indeed, this Court has issued various Orders approving the borrowing. As of the week of January 22, 2024, the Debtor owed the Bank approximately $600,000.00 of post-petition DIP loan. The DIP loan has a cap of $700,000.00.

   3. Early in the week of January 22, 2024, the Debtor informed the Bank that the Debtor has been delinquent with respect to post-petition withholding taxes. Specifically, according to information tendered to the Bank by the Debtor during the week of January 22, 2024, the Debtor as of the January 19, 2024 pay period was delinquent to various revenue agencies for withholding and other taxes in the amount of $246,000.00, of which approximately $169,000.00 was employee withholding (*i.e.* 26 U.S.C. §6672 liability). The Debtor projected that for the pay period ending February 2, 2024, the total post-petition withholding tax

delinquency will be approximately $270,000.00, of which $187,000.00 will be the "employee portion" of withholding delinquency.

4. Later during the week of January 22, 2024, the Debtor shared with the Bank a notice from the Debtor's insurance carrier (apparently issued early in January 2024) that insurance coverage would lapse as of 12:01 A.M., January 25, 2024. At least an installment of approximately $36,500.00 would be due the carrier/agent in order for the policy to be re-instated. The policy covers, *inter alia*, liability, as well as equipment (*i.e.* the Bank's collateral).

5. Upon information and belief, the Debtor is also delinquent in post-petition rent due at least one landlord (involving a parking lot). Pursuant to applicable Iowa statute, the landlord might be able to argue (the Bank does not so concede) that the landlord might have a statutory lien that might prime any U.C.C. lien.

6. The Bank therefore files this Motion to seek relief from the automatic stay, so that the Bank may pursue any and all *in rem* remedies against any and all collateral pledged by the Debtor to the Bank, with respect to the Bank's pre- and post-petition debts.

7. Without limiting itself (*i.e.* at any contested hearing the Bank reserves the right and opportunity to make additional arguments), the Bank relies on 11 U.S.C. §362(d)(1) as the basis to seek relief from the automatic stay. Specifically, §362(d)(1) "cause" exists in light of the Debtor's post-petition withholding tax delinquency, the lapse of insurance, and the potential for landlord statutory liens priming the Bank's U.C.C. lien. Additionally, even though the Debtor did file a Plan, months have elapsed and there is no progress whatsoever with respect to any realistic chance of confirmation.

8. Notice is hereby given that any objection to the relief requested herein must be served and filed within seven days of any hearing with respect to this Motion. Further, notice is

hereby given that the Bank will refer to Proof of Claim #77 and various monthly reports filed by the Debtor as exhibits in any contested hearing in this matter, and any objection to these exhibits must be timely and properly served as required by applicable Local Rules.

WHEREFORE, the Bank respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order lifting the automatic stay so as to enable the Bank to pursue any and all *in rem* remedies, all as prayed for in this Motion, and for such other relief as may be just and proper under the premises.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
ATTORNEY FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Kelly Carmichael