**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| IN RE: | Chapter 11 |
|---|---|
| BDC Group Inc., | Bankruptcy No. 23-00484 |
| Debtor-in-Possession. | MOTION TO CONVERT TO CHAPTER 7 |

COMES NOW the Debtor-in-Possession, BDC Group Inc., through its undersigned counsel, and under 11 U.S.C. § 1112(a) hereby respectfully requests this Court convert its bankruptcy to a Chapter 7, stating the following in support:

1. The Debtor-in-Possession filed its Chapter 11 bankruptcy on June 13, 2023.
2. No trustee has been appointed herein and debtor remains in possession of his property.
3. This case was not converted from a case under any chapter of the Bankruptcy Code.
4. Debtor desires to convert this case to a case under Chapter 7.
5. Debtor is eligible to be a debtor under Chapter 7.
6. Under 11 U.S.C. § 1112(a) Debtor may convert this case to a Chapter 7.
7. While some courts have discussed the idea that a voluntary Chapter 11 debtor has an absolute right to convert to a Chapter 7 (assuming the debtor is eligible under 11 U.S.C. § 1112(a)), the Debtor has found no binding precedent in this jurisdiction to that effect and there are cases from other jurisdictions where a Chapter 11 debtor's request to convert to a Chapter 7 under 11 U.S.C. § 1112(a) has been challenged and even denied. *In re Modern Metal Prods. Co.*, 422 B.R. 118 (Bankr. N.D. Ill. 2009) (conversion challenged; rejecting the notion of a debtor's absolute right to convert); *In re Johnson*, 546 B.R. 83 (Bankr. S.D. Ohio 2016) (conversion denied for bad faith); *In re Kearney*, 619 B.R. 487 (Bankr. D.N.M. 2020) (same), *aff'd* 625 B.R. 83 (10th Cir. B.A.P. 2021); *In re Adler*, 329 B.R. 406 (Bankr. S.D.N.Y. 2005) (denying debtor's motion to convert in favor of United States Trustee and IRS's motion to dismiss and rejecting the notion of a debtor's absolute right to convert); *In re Kimrow, Inc.*, 534 B.R. 219 (Bankr. M.D. Ga. 2015); *In re Marill Alarm Sys., Inc.*, 100 B.R. 606 (Bankr. S.D. Fla 1989) (rejecting the idea that a debtor has an absolute right to convert after a reorganization plan is confirmed); *In re Pero Bros. Farms, Inc.*, 91 B.R.

1000 (Bankr. S.D. Fla. 1988) (same); *In re Grinstead*, 75 B.R. 2 (Bankr. D. Minn. 1985) (same); *In re Garcia*, 606 B.R. 98 (Bankr. D.N.M. 2019) (considering the possibility that extraordinary circumstances might preclude conversion); *Results Sys. Corp. v. MQVP, Inc.*, 395 B.R. 1 (E.D. Mich. 2008) (while a debtor's motion to convert should almost always be granted, the debtor does not have an absolute right to conversion); *Monroe Bank & Trust v. Pinnock*, 349 B.R. 493 (E.D. Mich. 2006) (while a debtor "may convert" a case, 11 U.S.C. § 1112(a) does not say a court "shall" honor the debtor's request).

8. Additionally, a debtor's request to convert under 11 U.S.C. § 1112(a) must be made by motion as Fed. R. Bankr. P. 1017(f)(2) requires and must be noticed under Fed. R. Bankr. P. 2002(a)(4). *Compare* Fed. R. Bankr. P. 1017(f)(2) ("Conversion … under … [§] 1112(a) … shall be by motion filed and served as required by Rule 9013.") *with* Fed. R. Bankr. P. 1017(f)(3) ("A chapter 12 or chapter 13 case *shall* be converted without court order when the debtor files a notice of conversion under §§ 1208(a) or 1307(a)."). *See also* Fed. R. Bankr. P. 9013 ("A request for an order … shall be by written motion … The moving party shall serve the motion on [the parties the rules or court order require].").

9. *Modern Metal Prods.* includes an informative discussion:

> As stated in the Bankruptcy Rules, a debtor's request to convert does not have an automatic or self-executing effect, but instead "shall be on motion filed and served as required by Rule 9013." Fed. R. Bankr. P. 1017(f)(2). The conversion is effected by order of the court, not by mere notice from the debtor. … Finally, the statute does not state that a court shall honor a debtor's request, or otherwise indicate a Congressional intent to limit a court's discretion or equitable powers. … Instead, Congress intended that bankruptcy courts should have the discretion of allowing a debtor to convert a case.

*Modern Metal Prods.*, 422 B.R. at 121 (cleaned up).

10. *Adler* reads similarly:

> First, the statutory language clearly states that a debtor "may" convert his case, but does not state that the Court "shall" honor his request. *In re Marcakis*, 254 B.R. 77, 82 (Bankr. E.D.N.Y. 2000). *See also In re Ponzini*, 277 B.R. 399, 404 (Bankr. E.D. Ark. 2002) ("The statute's use of the verb 'may' rather than 'shall' supports the view that the right granted by section 706(a) is presumptive rather than absolute."); *cf.* 11 U.S.C. § 1307(b) (Section

> 1307(b) states that the court "shall" dismiss a case upon request of the debtor at any time.)
>
> Second, the Bankruptcy Rules provide that a motion to convert a chapter 11 case to a case under chapter 7 must be made on at least 20 days' notice. *See* Bankruptcy Rule 2002(a)(4). Additionally, Bankruptcy Rule 1017(d) states in pertinent part: "Conversion or dismissal pursuant to §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013." Conversely, "[a] chapter 12 or chapter 13 case shall be converted without court order on the filing by the Debtor of a notice of conversion pursuant to §§ 1208(a) or 1307(a)...." Bankruptcy Rule 1017(d). The fact that a motion pursuant to section 1112(a) must be noticed to creditors pursuant to Bankruptcy Rule 2002 and not by a simple filing of a notice to convert, evidences the Court's continued authority to determine the motion. *In re Spencer*, 137 B.R. 506, 511 (Bankr. N.D. Okla. 1992) (Court noted that if conversion "must be allowed no matter what the circumstances, then no purpose would be served by motion and order."). If the Debtor had an automatic right to conversion, notice of the pending conversion would not be needed, creditors would only need to receive notice of the new chapter after the conversion of the case. *See In re Krishnaya*, 263 B.R. 63, 64 (Bankr. S.D.N.Y. 2001) ("while there is a presumptive right to convert under section 706(a), that right is not absolute, and the matter remains within the discretion of the Court.") *See also In re Marrama*, 313 B.R. 525 (1st Cir. B.A.P. 2004) (The bankruptcy appellate panel affirmed that the bankruptcy court has the authority to deny a Debtor's 706(a) request for conversion to Chapter 13, and upheld the denial of conversion because of the existence of "extreme circumstances" constituting bad faith.); *see also In re Marcakis*, 254 B.R. at 79–82 (Analyzing section 706(a), statutory history and caselaw, the court determined that the bankruptcy court can deny the Debtor's motion to convert where appropriate).

*Adler*, 329 B.R. at 408–09. *See also In re New Meatco Provisions, LLC*, 2014 WL 917335 at *4 (Bankr. C.D. Cal. March 10, 2014) (declining a committee's request for a 10-day notice if the debtor followed through with its threat to convert under 11 U.S.C. § 1112(a) because Fed. R. Bankr. P. 2002(a)(4) required the debtor to give 21 days' notice).

11. Because it appears that conversion is in the interest of the estate and creditors, because the Debtor does not believe that any of the circumstances that prevented conversion in other cases exist here, and because the United States Trustee and many creditors appear to vigorously support conversion with no

known parties opposing it (indeed, several suggested that conversion was automatic or *pro forma* upon a debtor filing a motion or request), the Debtor is contemporaneously filing a motion to reduce the time for a hearing on this motion. Though the Debtor firmly believes no party in interest will object to conversion, the Rules require that they be given the opportunity to object.

12. In order to preserve the estate and the status quo until this Debtor's motion to convert is heard the Debtor's is also requesting a stay of all time limits and deadlines until a Chapter 7 trustee has been appointed and had a chance to become familiar with the case.

WHEREFORE the Debtor-in-Possession respectfully requests this Court convert its bankruptcy to a Chapter 7, and grant such other relief as is just and equitable given the circumstances.

Dated this 29th day of January, 2024.

Respectfully submitted,

AG & BUSINESS LEGAL STRATEGIES

/s/ Austin Peiffer
Austin J. Peiffer AT0014402
P.O. Box 11425
Cedar Rapids, Iowa 52410-1425
Telephone:   (319) 363-1641
Fax:         (319) 200-2059
Email:       austin@ablsonline.com
ATTORNEY FOR DEBTOR-IN-POSSESSION

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of January, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

Signed: /s/ Alex C. Tvedte