**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| IN RE: BDC Group Inc., Debtor-in-Possession. | Chapter 11<br><br>Bankruptcy No. 23-00484<br><br>MOTION TO EXPEDITE HEARING ON MOTION TO CONVERT; AND SHORTEN NOTICE OF HEARING |
|---|---|

COMES NOW the Debtor-in-Possession, BDC Group Inc., through its undersigned counsel, and hereby respectfully requests this Court set an expedited hearing and bar date on its Motion to Convert to Chapter 7 (Doc. 369) under Fed. R. Bankr. P. 9006(c)(1) and shorten notice of that hearing under Fed. R. Bankr. P. 9006(c)(1), stating the following in support:

1. The Debtor-in-Possession filed its Chapter 11 bankruptcy on June 13, 2024.
2. On January 25, 2024 Debtor's postpetition lender issued a notice of default under Debtor's postpetition financing and froze Debtor's bank accounts.
3. On January 26, 2024 Debtor stopped operations as it lacked assurances it would have money to pay its employees for the work they would perform that day.
4. On January 29, 2024 Debtor filed its Motion to Convert to Chapter 7.
5. With inapplicable exceptions, Fed. R. Bankr. P. 2002(a)(4) requires 21 days' notice of the hearing on a motion to convert a Chapter 11 bankruptcy to a Chapter 7 bankruptcy.
6. With inapplicable exceptions, Fed. R. Bankr. P. 9006(c)(1) authorizes this Court, in its discretion, to reduce that notice period for cause shown.
7. There is cause to shorten the notice period here. The Debtor is no longer operating. Its property and casualty insurance was set to end on Saturday, January 27, 2024, although 11 U.S.C. § 362 might prevent this. The Debtor has no postpetition financing, no prospects of reorganization, and no plausible sale prospects. Additionally, the Debtor understands that the United States Trustee and the Official Committee of Unsecured Creditors are considering filing their own conversion motions. Debtor is not aware of any parties in interest that believe conversion is inappropriate. Debtor no longer belongs in Chapter 11.

8. Moreover, quickly moving events threaten the estate and the Chapter 7 trustee's chances of recovering assets to administer and pay to Debtor's creditors. On January 24, 2024 John Deere sent Debtor a 10-notice to cure an adequate protection default. *See* Docs. 138 & 175. Keystone Savings Bank has filed two stay relief motions seeking to set off Debtor's funds against Debtor's debts to Keystone Savings Bank. Docs. 363 & 365. Zayo Group, LLC wishes to mediate its remaining disputes with Debtor on an expedited basis. *See generally* Doc. 361.
9. This case needs to be converted to a Chapter 7 quickly so a Chapter 7 trustee has a chance to address these issues.
10. The Debtor respectfully requests that this Court set a hearing on its Motion to Convert to Chapter 7 on February 5, 2024, set a bar date for objections to its Motion to Convert on February 2, 2024 at 5:00 P.M., and shorten notice of that hearing to six days.
11. The Debtor is contemporaneously moving to stay all case deadlines and time limits until 14 days after a Chapter 7 trustee is appointed. If granted, this stay request is another reason to expedite the conversion hearing—reducing the time before the Chapter 7 trustee is appointed will reduce the length of this stay and the burden on creditors and other parties in interests this stay affects.
12. Debtor is filing with this Motion a proposed order granting it. The Debtor will submit clean PDF and Word copies of the proposed order to the Court via email.
13. Under the Order Establishing Notice Procedures, Debtor will send notice of the hearing on the Motion to Convert to the Master Service List. *See* Docs. 10 & 140. Most of the parties on that list, and most of the parties that have been active in this case, have appeared through counsel and will receive CM/ECF notice of the relevant filings.

WHEREFORE the Debtor-in-Possession respectfully requests this Court set an expedited hearing and bar date on its Motion to Convert to Chapter 7, shorten notice of that hearing, and grant such other relief as is just and equitable given the circumstances.

Dated this 29th day of January, 2024.

        Respectfully submitted,

        AG & BUSINESS LEGAL STRATEGIES

        /s/ Austin Peiffer
        Austin J. Peiffer AT0014402
        P.O. Box 11425
        Cedar Rapids, Iowa 52410-1425
        Telephone:  (319) 363-1641
        Fax:  (319) 200-2059
        Email:  austin@ablsonline.com
        ATTORNEY FOR DEBTOR-IN-POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of January, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF system.

        Signed: /s/ Alex C. Tvedte