UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>  Debtor. | Chapter 11<br>Case No. 23-00484<br><br>DEERE'S MOTION FOR EMERGENCY RELIEF PURSUANT TO COURT ORDER FOR ADEQUATE PROTECTION ENTERED 8/23/2023 |

COMES NOW, John Deere Construction & Forestry Company and Deere Credit, Inc., d/b/a John Deere Financial (collectively "Deere"), by and through undersigned counsel and in support of this request respectfully states:

1. On July 27, 2023 Deere filed a Motion to Lift Stay (docket #137) and a Motion for Adequate Protection (docket #138) with respect to the Deere collateral described in said Motions.

2. On August 23, 2023 the Court entered a Consent Order lifting stay and establishing adequate protection (docket #175) which (1) granted relief from the automatic stay with respect to Deere's collateral located in Virginia and described on Exhibit A of said Order, and (2) ordered the Debtors to provide adequate protection with respect to Deere's remaining collateral located in Iowa. The Deere collateral which currently remains in the custody and control of the Debtor is as follows:

**Claim No. 27 - Account No. 510001920306:  (claim amount $16,334.96)**

   2020 John Deere 17G Compact Excavator,  Serial No. 1FF017GXCLK230189

   2020 John Deere 17G Compact Excavator,  Serial No. 1FF017GXLKK229815

**Claim No. 28 – Account No. 510001926594:** (claim amount $5,982.91)

2020 BIG-TEX 14LX Trailer, VIN 16V1D1625M5009202

2020 BIG-TEX 14LX Trailer, VIN 16V1D2120M5017723

**Claim No. 30 - Account No. 510002369176:** (claim amount $25,955.83)

2021 John Deere 35G Compact Excavator, Serial 1FF035GXTLK290411

BIGTOW Trailers, Model B6DT, VIN 4KNBF2325ML160614

John Deere Hyd Thumb, Serial No. 1000522,

TAG 18 inch Bucket, Serial No. 327635-2

**Claim No. 31 - Account No. 510002369177**: (claim amount $27,256.06)

2021 John Deere 35G Compact Excavator, Serial No. 1FF035GXJLK290512

John Deere Hyd Thumb, Serial No. 1000429

TAG 18 inch Bucket, Serial No. 324223-4

The above referenced collateral is hereinafter referred to as the "Collateral in Debtor's Possession".

3. With respect to the Collateral in Debtor's Possession, as described herein, the Debtor was to pay monthly adequate protection to Deere on the 15th day of each month in the amount of $3,304.74. In addition, the Debtor was required to maintain insurance coverage on all of Deere's remaining collateral in an amount not less than the value of the collateral.

4. The Debtor has defaulted in the required terms of the Order for Adequate Protection in the following particulars:

2

    (a)    Debtor has failed to pay the balance due for the monthly adequate protection payment due January 15, 2024, currently due in the amount of $2,164.00; and

    (b)    Deere has been notified that the Debtor's insurance coverage on Deere's collateral was canceled by the insurance company effective January 25, 2024, and as a result thereof all of Deere's collateral is currently uninsured.

5.    As a result of the Debtor in Possession's failure to pay the adequate protection due January 15, 2024, Deere, on January 24, 2024 provided the Debtor in Possession and its counsel with a written 10-day notice of default, a copy of which is attached hereto as Exhibit A, and by this reference made a part hereof.

6.    After providing the Debtor in Possession with the 10-day notice of default referred to in paragraph 5 above, Deere, on January 26, 2024, became aware that insurance coverage had been canceled for its collateral, and was also informed of the Debtor's intent to convert this case to a Chapter 7 proceeding.

7.    Because the Debtor in Possession will not have available funds to cure or pay adequate protection to Deere, has terminated their employees, is unable to provide insurance coverage on any collateral, and has now filed to convert its case to a proceeding Chapter 7, Deere respectfully submits that its remaining Collateral, currently in the Debtor's possession, is unprotected and subject to immediate irreparable harm and damage.

8.    Deere submits that the automatic stay with respect to its remaining Collateral should be immediately lifted pursuant to the terms of the adequate protection order previously entered on August 23, 2023 for the following reasons:

(a) the Debtor has failed to make the required adequate protection payment, and will be unable to cure upon the expiration of the current 10-day notice that was given, which notice will in any event expire on February 5, 2024;

(b) Deere's Collateral is currently uninsured, raising immediate concerns given the Debtor's prior history of certain of Deere's collateral being stolen post-petition, and as reflected by several filings in this case the alleging theft of other secured creditors' collateral post-petition;

(c) Deere has not been advised as to the current location of any of its collateral and is therefore unable to locate and inspect the same without the Debtor's cooperation; and,

(d) Debtor has no equity in Deere's collateral and said Collateral is no longer required for a successful reorganization, given the Debtor's conversion to Chapter 7.

9. Given the weather conditions, the Debtor's apparent desire to cease operations, and the lapse of insurance, it is imperative that Deere be permitted to proceed to recover its Collateral as soon as possible to safeguard said Collateral.

10. Deere therefore respectfully requests that this Court enter an immediate order granting relief from the automatic stay with respect to the Deere Collateral identified herein, and that this Motion be heard by the Court by telephonic hearing, on January 30, at the time of other pending hearings in this case, or, no later than February 5, 2024, said hearing in conjunction with the currently scheduled hearing time on the Debtor's Motion to Convert.

WHEREFORE, Deere respectfully prays this Court either enter an order granting Deere relief from the automatic stay, or in the alternative, issue a notice setting a telephonic hearing on Deere's Motion for the earliest possible date.

/s/ Wesley B. Huisinga
Wesley B. Huisinga          AT0003670
Benjamin G. Nielson        AT0014460
SHUTTLEWORTH & INGERSOLL, PLC
115 Third Street SE, Suite 500
PO Box 2107
Cedar Rapids, IA  52406-2107
Phone: (319) 365-9461
Fax:  (319) 365-8443
wbh@shuttleworthlaw.com
bgn@shuttleworthlaw.com

ATTORNEYS FOR JOHN DEERE FINANCIAL, JOHN DEERE CONSTRUCTION & FORESTRY COMPANY and DEERE CREDIT, INC

CERTIFICATION OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing or mailed USPS on January 29, 2024.

/s/ Patti K. O'Keefe

| | |
|---|---|
| From: | Wes Huisinga |
| Sent: | Wednesday, January 24, 2024 12:18 PM |
| To: | 'Todd Shores'; 'Dennis Bruce' |
| Cc: | 'Joe Peiffer (ABLS)'; 'Austin Peiffer (ABLS)'; 'Jerry McMains' |
| Subject: | RE:   BDC Group  (Deere Adequate Protection Payment due January 15, 2024 - NOTICE OF DEFAULT Sent January 24, 2024 |
| Importance: | High |

Dear Joe, Austin and Dennis and Todd,

Pursuant to the Consent Order Lifting Stay and Establishing Adequate Protection entered by the Court on August 23, 2023 (docket No. 175) (the "Order)" , please accept this  e-mail as your ten (10) day  written <u>Notice of Default</u> as provided for in paragraph 6 of the Order.  Your current defaults consist of the following:

1. Deere has informed me that the adequate protection payment to Deere due January 15, 2024, has NOT been received.  NOTE:  Debtors paid $3,874 in Nov and Dec. The Adequate Protection Order requires a monthly payment of  $3,304. After deducting the over payments for November and December, from the amount due in Jan,   the Adequate Protection amount in default  for the January 15 , 2024 payment is **$2,164.00**.

<u>Please be advised that pursuant to the Order, you have ten (10) days to cure the above referenced defaults by payment of **$2,164.00 within 10 days of this notice** .   Failure to cure the default  by this deadline may result in Deere filing an affidavit of default and obtaining a lifting of the stay with regard to its remaining collateral.</u>  Thanks for  your attention to this important matter.

      Wesley B. Huisinga
      Attorney for Deere & company and John Deere Financial

---

From: Wes Huisinga
Sent: Friday, January 19, 2024 9:14 AM
To: 'Todd Shores' <tshores@bdcgroupinc.com>; 'Dennis Bruce' <dennis@bdcgroupinc.com>
Cc: 'Joe Peiffer (ABLS)' <joe@ablsonline.com>; 'Austin Peiffer (ABLS)' <austin@ablsonline.com>; 'Jerry McMains' <McmainsJerry@JohnDeere.com>
Subject: RE: BDC Group (Deere Adequate Protection Payment due January 15, 2024
Importance: High

Todd,

 Deere has informed me that they have not received the Adequate Protection payment that was due January 15, 2024.   Please advise when this is going to be paid.    Thanks

      Wes Huisinga, Attorney for Deere & Company

Exhibit A



**Wesley B. Huisinga**
Shuttleworth & Ingersoll, PLC
115 3rd Street SE, Suite 500
Cedar Rapids, IA  52401
Cell:  319-551-2499
Phone: 319-365-9461
Fax: 319-365-8443
E-mail:  wbh@shuttleworthlaw.com
Website:  www.shuttleworthlaw.com

This message is covered by the Electronic Communication Privacy Act, 18 USC Section 2510-2515, is intended only for the use of the person to whom it is addressed and may contain information that is confidential and subject to the attorney-client privilege. It should also not be forwarded to anyone else. If you received this message and are not the addressee, you have received this message in error. Please notify the person sending the message and destroy your copy and all attachments.

Since email messages sent between you and Shuttleworth & Ingersoll P.L.C. and its employees are transmitted over the Internet, Shuttleworth & Ingersoll P.L.C. cannot assure that such messages are secure. You should be careful in transmitting information to Shuttleworth & Ingersoll P.L.C. that you consider confidential. If you are uncomfortable with such risks, you may decide not to use email to communicate with Shuttleworth & Ingersoll P.L.C.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or in any attachment hereto.