UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|     BDC Group, Inc. | ) | CASE NO: 23-00484 |
| | ) | |
| | ) | OBJECTION TO MOTION TO |
| | ) | LIFT STAY |
|     Debtor(s). | ) | |

COMES NOW the Chapter 7 Trustee, Renee K. Hanrahan, and hereby Objects to Keystone Savings Bank's ("Bank") Motion to Lift Stay based on the Debtor's pre-conversion default under the Interim DIP agreement, filed on January 25, 2024 [Dkt 363], and in support thereof, respectfully states:

1. This case was converted to a case under Chapter 7and this trustee appointed on January 30, 2024.

2. This trustee expects to have counsel vetted and employed within the next few days. As should be expected in this case, virtually all regional bankruptcy counsel have conflicts of interest or lack capacity for an undertaking of this nature at this time.

3. Since conversion of this case, the trustee has several observations (from the perspective of the case trustee, not that of an attorney) that support not lifting the stay as to the funds on deposit in Keystone Savings Bank:

    a. The Interim DIP Financing agreement purports to grant Keystone Savings Bank a blanket and super-priority lien on any and all assets, both pre-petition and post-petition. Such a sweetheart deal over-secures the DIP financing by several million dollars for financing capped at $700,000;
    b. The trustee has spent, and will continue to spend, considerable time, effort, and resources to efficiently preserve assets and business records of the bankruptcy estate;
    c. The trustee has incurred, and will continue to incur, expenses directly attributable to preserving business records, including the use of IT personnel, renewing subscriptions to software, and the employment of accounting specialists with expertise in bankruptcy matters;
    d. This trustee, and her counsel, will likely need to surcharge the Bank and its collateral, including cash on deposit, for time and expenses which directly relate to the Debtor's assets, which the Bank posits are its collateral; and
    e. If virtually all assets are the Bank's post-petition collateral, and are needed to satisfy the Bank's DIP financing, then why was this case converted to Chapter 7 instead of being dismissed.

In summary, this case trustee respectfully Objects to Keystone Bank's Motion to Lift Stay until both she and counsel have a reasonable opportunity to engage in the legal issues before them.

DATED:___02.02.24_____          */s/ Renee K. Hanrahan*
                                                                             Chapter 7 Trustee
                                                                             PO Box 1088
                                                                             Cedar Rapids IA  52406
                                                                             319.533.7358
                                                                             rhanrahan@sharontc.net

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on February 02, 2024, the attached documents was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system.

                                             /s/ RKHanrahan