**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 23-00484<br><br>**MOTION TO LIFT STAY** |

COMES NOW Keystone Savings Bank ("Bank"), by and through its counsel, and in support of this Motion respectfully states:

1. On January 25 and January 26, 2024, the Bank filed two Motions to Lift Stay (Dkt #363 and Dkt #365), and those Motions are by this reference incorporated herein as if set forth verbatim.

2. On or about January 30, 2024, this Court entered an Order converting from one under Chapter 11 to one under Chapter 7. As such, the Debtor is no longer pursuing reorganization.

3. As indicated in the Bank's Proof of Claim #77, the Bank was owed approximately $3,100,000 as of the time of filing of the original Petition. In addition, pursuant to Motion from the Debtor (Dkt #11) and subsequent Orders from this Court (*e.g.* Dkt #47), the Bank loaned the then Debtor-in-Possession approximately $600,000 as of the Chapter 7 conversion date.

4. With assistance from and cooperation with the Trustee, the Bank's personnel and the Trustee eventually gained access to the Debtor's premises in the morning of February 1, 2024. As of the filing of this Motion, the Bank still has not been able to locate and then safeguard all the items of equipment and machinery, etc. collateral pledged by the Debtor to the Bank. The Bank is also working with an auctioneer, who will assist the Bank in its efforts and endeavors.

5. There also existed <u>*at least two*</u> bank accounts as of the conversion date, *i.e.* one at

the Bank and one at Midwest Bank, in which were deposited collections of pre-Petition and post-Petition account receivables. All those and other similarly deposited moneys are proceeds in which the Bank holds a validly perfected lien. Further, pursuant to a Consent Order, Zayo Group was to remit $480,000 of retainage by Feb. 1, 2024. These cash proceeds total approximately $1,700,000.

6.  Based on information available to the Bank, as of February 2, 2024, the Bank reasonably believes the total pledged equipment, vehicles etc. value might perhaps be in the range of $200,000 to $300,000, after taking into consideration costs and expenses of auction, as well as considering values in an auction environment. While there are still Work-in-Process ("WIP") and receivables to collect, and while the Bank posits it also holds a lien on Part V Actions[1], the net value (after litigation and collection costs and collectability considerations and "unknowns") of the WIP and receivables and Part V Action will not satisfy all of the Bank's pre- and post-petition claim in full. The Bank reasonably believes, and therefore asserts, the Bank is under-secured, with respect to *all* debts (pre- and post-Petition[2]) due the Bank, and there is no adequate protection or equity for the Estate with respect to the collateral pledged to the Bank. As such, the Bank posits it is entitled to relief pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2)(A).

7.  As indicated, this proceeding is now one under Chapter 7, and so therefore the reorganization prong of §362(d)(2)(B) is not applicable.

---

[1] The issue of the Bank's lien on Part V Actions is under advisement to this Court. If the Bank does not have a lien on Part V Actions, the value of the Part V Actions will not contribute to the payment of the Bank's claims, and the Bank is and will be further under-secured.

[2] Although the Bank also reasonably believes with respect to its post-petition §364 loan, the Bank is over-secured, likely due to the priming and super-priority provisions in the DIP Order. As to the entire amount of the Bank's pre- and post-Petition claims, the Bank posits it is under-secured.

8. Notice is hereby given that at any hearing concerning the Motions, the Bank will introduce as evidence the two previous Motions to Lift Stay filed by the Bank, as well as the Bank's Proof of Claim, and the §364 Motion and the §364 Order described *supra*. Any objection to the introduction of such exhibits must therefore be made in accordance with the time constraints established by applicable Local Rules.

9. Notice is further given that any objection to the relief requested herein must be filed and served within seven days before the date of any hearing on this Motion.

WHEREFORE, the Bank respectfully prays this Court enter and enroll an Order lifting the automatic stay in toto so that the Bank may pursue any and all *in rem* remedies against any and all collateral pledged to the Bank, so as to partially satisfy the Bank's pre- and post-Petition loans due it, and for such other relief as may be just and proper under the premises.

Dated February 2, 2024

/s/ Abram V. Carls
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 2, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system and served electronically on those participants that receive service through the CM/ECF System. A copy of the foregoing document was also mailed via the United States Postal Service with postage fully paid to:

/s/ Abram V. Carls