**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| In re:<br><br>BDC GROUP, INC.,<br><br>　　　　　Debtor. | Chapter 7<br>Case No. 23-00484<br><br>**CHAPTER 7 TRUSTEE'S RESPONSE AND OBJECTION TO KEYSTONE SAVINGS BANK'S MOTIONS FOR STAY RELIEF [DOCS. 363, 365, 409]** |

COMES NOW Renee K. Hanrahan, the duly-appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through undersigned counsel, and hereby files this *Chapter 7 Trustee's Response and Objection to Keystone Savings Bank's Motions for Stay Relief* (the "Response"). In support of the Response, the Trustee respectfully states as follows:

**Background**

1.　　On June 13, 2023, BDC Group, Inc. (the "Debtor") filed its voluntary bankruptcy petition and commenced its initial Chapter 11 bankruptcy case.

2.　　On January 25, 2024, creditor and DIP Lender Keystone Savings Bank ("KSB") filed its *Motion to Lift Stay (re Set off and Account Freeze)* [Doc. 363] (the "First Stay Motion") seeking to exercise its right to setoff in approximately $90,000 held in a DIP account located at KSB.

3.　　On January 26, 2024, KSB filed its *Motion for Relief from Stay* [Doc. 365] (the "Second Stay Motion"), seeking relief from the automatic stay to exercise any and all *in rem* remedies against any and all collateral pledged by the Debtor to KSB with respect to KSB's pre- and post-petition debts.

4.　　On January 30, 2024, this Court entered an order on the Second Stay Motion [Doc. 387] (the "Stay Order"), terminating and lifting the automatic stay to enable KSB to

pursue *in rem* remedies against equipment and vehicles and similar various items of machinery collateral pledged by the Debtor to KSB.

5. The Stay Order further provided: "Nothing in this order shall be deemed to grant relief from the automatic stay with respect to cash, deposit accounts, or accounts receivable, which stay shall remain in effect until further order of the Court."

6. The Stay Order also anticipated, "[w]ith respect to the Debtor's financial records, computers, etc. (such as WIPs and A/R records), [that KSB] will work with the eventual Chapter 7 Trustee to marshal the records." The Trustee intends to work with KSB to gather such records and information.

7. On January 30, 2024, this case was converted to a case under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed. [Doc. Nos. 384, 385]. The Trustee has spent the last week getting up to speed on the status of this bankruptcy case, the Debtor's estate and assets, and all briefing filed to date, as well as locating, vetting, and retaining counsel.

8. On February 2, 2024, after conversion of this case, KSB filed its most recent *Motion to Lift Stay* [Doc. 409] (the "February Stay Motion"). The February Stay Motion incorporates the First Stay Motion and Second Stay Motion by reference and requests that this Court lift the automatic stay "*in toto* so that [KSB] may pursue any and all *in rem* remedies against any and all collateral pledged to [KSB]." [Doc. 409]

### **Response and Objection**

9. The Trustee has no objection to the relief sought in the First Stay Motion, specifically, to KSB's request to exercise its right to setoff with respect to funds held in the DIP account located at KSB.

10. The Trustee does not object to the relief already granted to KSB in the Stay Order, specifically the termination and lifting of the stay with respect to the Debtor's equipment and vehicles and similar various items of machinery collateral pledged by the Debtor to KSB. The Trustee also does not object to stay relief that would permit KSB to exercise its *in rem* remedies with respect to additional equipment and personal property, including computers, to the extent that such relief is not already incorporated into and granted pursuant to the existing Stay Order.

11. The Trustee objects to the relief sought in the Second Stay Motion and the February Stay Motion to the extent such motions seek relief from the stay with respect to cash, accounts, including but not limited to deposit accounts, and accounts receivable.

12. The Trustee requires additional time to analyze the status of and interests in such cash, accounts, and accounts receivable prior to any grant of stay relief with respect thereto, and to determine whether further objection to such relief is appropriate.

WHEREFORE, the Trustee respectfully requests that this Court set the Second Stay Motion, and February Stay Motion for final hearing to the extent such motions seek relief from the automatic stay with respect to cash, accounts, and/or accounts receivable, and grant the Trustee such other and further relief as this Court deems just and proper.

Dated: February 8, 2024

By: */s/ Elizabeth M. Lally*
Elizabeth M. Lally, # AT0013010
**Spencer Fane LLP**
13815 FNB Pkwy, Ste. 200
Omaha, NE 68154
Telephone: 402.800.2299
email: elally@spencerfane.com

OM 1144335.1

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on February 8, 2023, the foregoing *Chapter 7 Trustee's Response and Objection to Keystone Savings Bank's Motions for Stay Relief* was served electronically upon those parties receiving electronic notification through the Court's CM/ECF system.

                                                    */s/ Elizabeth M. Lally*

OM 1144335.1