| | |
|---|---|
| **From:** | Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com> |
| **Sent:** | Wednesday, January 17, 2024 3:53 PM |
| **To:** | Abram Carls; Austin Peiffer (ABLS); Jordan A. Kroop; Timothy N. Lillwitz |
| **Cc:** | Jason Rosell; Brenda F. Mozena; Nicholas J. Valley; Theresa L. Birch |
| **Subject:** | RE: Confidential Settlement Communications RE: BDC/Zayo Lift Stay and Receivables Payment |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

What I said to Eric was correct at that time, on the premise the liens would be paid shortly. Now we are talking about a 30 day period. My understanding from Austin is that the pending mechanics liens filed by Guidewell <u>are not disputed</u>. I do not recall BDC saying at any point during our discussions the recorded liens included disputed invoices. If that is the case, they should be paid immediately. If Austin says now they are disputed, and can pinpoint with specificity which of those invoices/line items of Guidewell's Mechanics Lien invoices are disputed, I will talk with my client about deferring payment on the disputed mechanics lien pending resolution or considering an escrow scenario. My understanding is that Guidewell recently submitted additional invoices to BDC that BDC does dispute. It is my understanding there are no mechanics liens on those disputed invoices at this time, and those can be resolved through the ADR process.

I also need to clarify my prior email: There are 3 mechanics liens; one in IL for $40,798, that I did not include previously, therefore Zayo would want all $160,017 paid to Guidewell to release their liens. Guidewell's claims are post-petition claims entitled to administrative expense priority status per Sec. 503(b). Considering Zayo is prepared to pay $507k immediately, it should not be a problem paying $160k. These mechanics liens are a BAD situation and should and need to be resolved immediately. Jeff

**From:** Abram Carls <acarls@spmblaw.com>
**Sent:** Wednesday, January 17, 2024 3:24 PM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>; Austin Peiffer (ABLS) <austin@ablsonline.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Cc:** Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** RE: Confidential Settlement Communications RE: BDC/Zayo Lift Stay and Receivables Payment

Jeff,

This is not what you represented to Eric yesterday. I suggest we reserve that issue for mediation, as the core of the mediated dispute that you identified this morning involves these facts. Agreed?


**Abram Carls**
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa  52401
Telephone: (319) 896-4034

Exhibit 4 - Page 1 of 3

Email: acarls@spmblaw.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Wednesday, January 17, 2024 2:54 PM
**To:** Abram Carls <acarls@spmblaw.com>; Austin Peiffer (ABLS) <austin@ablsonline.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Cc:** Jason Rosell <jrosell@pszjlaw.com>; Brenda F. Mozena <Mozena.Brenda@bradshawlaw.com>; Nicholas J. Valley <Valley.Nicholas@bradshawlaw.com>; Theresa L. Birch <Birch.Theresa@bradshawlaw.com>
**Subject:** Confidential Settlement Communications RE: BDC/Zayo Lift Stay and Receivables Payment

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counselors:  Zayo will agree to the settlement provisions below with one caveat:  Upon Zayo paying BDC on account of the undisputed first tranche payment, BDC will need to pay the two (2) Guidewell liens ($46,125 & $73,094 = $119,219) immediately after Zayo pays BDC the approximately $507k.  Any additional Guidewell invoices that BDC wants to object to can be dealt with during the mediation/arbitration.  Please confirm that is acceptable to all.  Jeff

---

**From:** Abram Carls <acarls@spmblaw.com>
**Sent:** Wednesday, January 17, 2024 1:38 PM
**To:** Austin Peiffer (ABLS) <austin@ablsonline.com>; Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Subject:** BDC/Zayo Lift Stay and Receivables Payment

Gentlemen,

The bank is agreeable to the following terms that we discussed this morning. I ask that you please confirm your client's respective agreement to them. We can then move forward with submitting a proposed order that grants Zayo stay relief. Please speak up if I've missed something.

1. Proposed order to say: "Upon stipulation of Zayo, the Debtor, and Keystone Savings Bank, Zayo is granted relief from the automatic stay. Relief is granted without prejudice to the parties, who retain all existing rights and remedies."
2. Retainage from previously paid invoices totals $293,317.xx. Of that amount, Zayo will pay $243,317.xx upon entry of the order granting relief from stay which will be allocated to the oldest retainage balances first. The remaining $50,000.00 will continue to be held until four spans are tested. If the spans are cleared, the retainage will be released. If the spans are not cleared, we will add it to the items for mediation. (Please confirm, Jeff and Jordan, whether it is possible to have the tests completed in this time frame or whether it is not practical to add this to the mediated items, at least not at this time. Thank you).
3. Zayo does not dispute payment on eight outstanding BDC invoices which total $237,824.14. Zayo will pay that amount upon entry of the order granting relief from stay.
4. Zayo disputes payment on two outstanding BDC invoices, which total $241,642.90. Zayo will provide a $68,000 credit towards these invoices but not pay that credit until the disputes on these invoices are resolved. The parties—BDC, Zayo, and the bank—agree to attend mediation in good faith within the next 30 days for purposes of attempting to resolve the disputes on these invoices and the final amount owed by Zayo.

Because the parties are collaboratively pursing mediation, my understanding is that if any of us have reasonable information requests, then reasonable efforts will be taken to meet them in order to successfully mediate our disputes. I

Exhibit 4 - Page 2 of 3

am not inserting this as a term because it goes beyond the substance of what we discussed this morning. Please consider it an expectation that we likely all share. Thank you. Abe.

Abram Carls
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa  52401
Telephone: (319) 896-4034

Email:  acarls@spmblaw.com
www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

This email has been scanned for email related threats and delivered safely by Mimecast.

---

---

This email has been scanned for email related threats and delivered safely by Mimecast.

---

Exhibit 4 - Page 3 of 3