| | |
|---|---|
| **From:** | Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com> |
| **Sent:** | Monday, January 22, 2024 2:56 PM |
| **To:** | Abram Carls; Austin Peiffer (ABLS); Jordan A. Kroop; Timothy N. Lillwitz |
| **Cc:** | Jason Rosell; Janczak, Elizabeth; Davison, Claire R. (USTP); Quinn-Hanse, Allie (USTP); Eric Lam; Brenda F. Mozena; Nicholas J. Valley |
| **Subject:** | RE: BDC/Zayo Lift Stay and Receivables Payment |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counselors: Please accept this email as a continuation of our good-faith settlement discussions, and therefore subject to all evidentiary privileges. After discussion with my client and co-counsel this morning, I believe we have reached a consensus on the first part of this settlement process per below. ==Zayo will agree to Abe Carl's email below, and Zayo will not insist on payment of the Guidewell mechanics liens invoices until resolution of the disputed Zayo/BDC/Guidewell invoices through an mediation/arbitration ADR process.==

With that being said, once a mediator is agreed upon, I believe it will be necessary and appropriate for BDC to seek an order from the court authorizing and compelling the Debtor, Keystone Bank, BDC and Guidewell to mediate the disputed invoices, including the disputed Guidewell invoices to BDC, within 30 days. From Zayo's perspective, getting to mediation within 2 weeks would be optimal, as time is of the essence in these matters. I suggest BDC should reach out to Guidewell's counsel and advise them of the proposed ADR process.

I suggest Austin or Abe circulate a draft, proposed stipulation re: relief from stay at your earliest convenience. If filed within the next 24 hours, we may be able to get Judge Collins to enter an order approving the stipulation promptly, thus eliminating the need for a follow up status conference on Wednesday morning. For full disclosure, I am copying Counsel for the Committee and UST, to avoid any additional surprises/delays.

Please confirm your respective agreement by replying to all. Thank you to all the professionals involved in getting us to this point. Jeff

**Jeffrey D. Goetz**
**Attorney At Law**



801 Grand Ave., Suite 3700
Des Moines, Iowa 50309-8004
(515)246-5817 (p)  |  (515) 710-1988 (m)
goetz.jeffrey@bradshawlaw.com  |  www.dickinsonbradshaw.com
**VISIT OUR BLOG**

       **BOARD CERTIFIED - BUSINESS & CONSUMER BANKRUPTCY LAW**
       **AMERICAN BOARD OF CERTIFICATION**

Exhibit 5 - Page 1 of 3



**From:** Abram Carls <acarls@spmblaw.com>
**Sent:** Wednesday, January 17, 2024 1:38 PM
**To:** Austin Peiffer (ABLS) <austin@ablsonline.com>; Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>; Jordan A. Kroop <Jkroop@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Subject:** BDC/Zayo Lift Stay and Receivables Payment

Gentlemen,

The bank is agreeable to the following terms that we discussed this morning. I ask that you please confirm your client's respective agreement to them. We can then move forward with submitting a proposed order that grants Zayo stay relief. Please speak up if I've missed something.

1. Proposed order to say: "Upon stipulation of Zayo, the Debtor, and Keystone Savings Bank, Zayo is granted relief from the automatic stay. Relief is granted without prejudice to the parties, who retain all existing rights and remedies."
2. Retainage from previously paid invoices totals $293,317.xx. Of that amount, Zayo will pay $243,317.xx upon entry of the order granting relief from stay which will be allocated to the oldest retainage balances first. The remaining $50,000.00 will continue to be held until four spans are tested. If the spans are cleared, the retainage will be released. If the spans are not cleared, we will add it to the items for mediation. (Please confirm, Jeff and Jordan, whether it is possible to have the tests completed in this time frame or whether it is not practical to add this to the mediated items, at least not at this time. Thank you).
3. Zayo does not dispute payment on eight outstanding BDC invoices which total $237,824.14. Zayo will pay that amount upon entry of the order granting relief from stay.
4. Zayo disputes payment on two outstanding BDC invoices, which total $241,642.90. Zayo will provide a $68,000 credit towards these invoices but not pay that credit until the disputes on these invoices are resolved. The parties—BDC, Zayo, and the bank—agree to attend mediation in good faith within the next 30 days for purposes of attempting to resolve the disputes on these invoices and the final amount owed by Zayo.

Because the parties are collaboratively pursing mediation, my understanding is that if any of us have reasonable information requests, then reasonable efforts will be taken to meet them in order to successfully mediate our disputes. I am not inserting this as a term because it goes beyond the substance of what we discussed this morning. Please consider it an expectation that we likely all share. Thank you. Abe.

Abram Carls
Member



Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa  52401
Telephone: (319) 896-4034

Exhibit 5 - Page 2 of 3

Email:  acarls@spmblaw.com
www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

This email has been scanned for email related threats and delivered safely by Mimecast.

---

Exhibit 5 - Page 3 of 3