UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. |
| BDC GROUP, INC. | ) | |
| | ) | 23-00484 |
| | ) | |
| | ) | U.S. TRUSTEE'S OBJECTION TO THE |
| Debtor. | ) | THIRD AND FINAL FEE APPLICATION |
| | ) | FOR DEBTOR'S COUNSEL |

The Acting United States Trustee (UST), through the undersigned, hereby files this Objection to the *Third and Final Fee Application for Debtor's Counsel* ("Application"). *See* Doc. 468. In support the UST respectfully states:

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Objection and Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§330 and 331, as well as Fed. R. Bankr. P. 2016. The United States Trustee has standing to raise, appear and be heard on this Objection pursuant to 11 U.S.C. §307; 28 U.S.C. § 581 *et seq.*

## PROCEDURAL BACKGROUND

2. The Debtor, BDC Group, Inc., filed for chapter 11 relief on June 13, 2023. At the time, Debtor was represented by Ag & Business Legal Strategies (ABLS).

3. The United States Trustee filed its Notice of Appointment of Creditors' Committee on June 22, 2023, which was later amended on June 26. *See* Docs. 57 and 68. Counsel for the Official Committee of Unsecured Creditors filed their Notice of Appearance beginning on June 28, 2023. *See* Doc. 79.

1

4. The Debtor filed the First Application for Compensation for ABLS on August 17, 2023 ("First Application"). *See* Doc. 162. The First Application covered the period from June 13, 2023 through August 10, 2023, and sought payment of $65,588.00 in fees and $2,476.89 in expenses.

5. Prior to the expiration of the bar date, the UST filed a Response to the First Application, reserving her rights to object at a final fee application period. The First Application was granted in full by the Court on September 8, 2023. *See* Doc. 188.

6. The Debtor filed its Chapter 11 Plan on October 17, 2023. *See* Doc. 246. The Plan was not modified or confirmed prior to conversion of the case.

7. The Debtor filed a Second Application for Fees on November 1, 2023 ("Second Application"). *See* Doc. 279. The Second Application covers the period from August 11, 2023 through October 15, 2023 and seeks payment of $97,49375 in attorney fees and $6,31645 in expenses.

8. Prior to the expiration of the bar date on the Second Application, the UST filed her objection to the payment of $24,729.50 in fees and $6,036.16 in expenses. *See* Doc. 299. ABLS and the UST agreed at the time to delay adjudication of the amount at issue and allow payment of the amount that had not been objected to. *See* Doc. 320.

9. On January 29, 2024, the Debtor, through ABLS, filed its Motion to Convert the case to a chapter 7 case. The Motion was granted on January 30, 2024. *See* Doc. 383. The UST appointed Renee Hanrahan as chapter 7 Trustee on the same day. *See* Doc. 385.

10. On February 2, 2024, ABLS filed its Motion to Withdraw as attorneys to the Debtor. The Court granted the Motions on the same day. *See* Docs. 408 and 410.

11. ABLS filed its Third and Final Application for Fees on April 2, 2024 at docket number 468 ("Third Application" or "Final Application"). The Third Application seeks payment of $86,771.50 in fees and $6,358.08 in expenses for work starting on October 16, 2023 through January 30, 2024.

12. The Final Application seeks final approval of all fees applied for in this case. As described below, the UST objects to payment of the Third Application by a set amount, and objects to final payment of all fees as the issues the UST previously objected to remain outstanding.

## ARGUMENT

### A. Certain Fees Requested in the Third Application are Not Compensable

13. The Third Application was filed on April 2, 2024 and seeks payment of fees incurred between October 16, 2023 and the conversion of the case, January 30, 2024. In total the Third Application seeks payment of $86,771.50 in fees and $6,358.08 in expenses. In total the UST objects to $8,818.00 in fees.

14. The objectionable amount consists of entries for work done which does not benefit the estate, time billed for intra-office meetings between attorneys, and researching legal issues.

    *I.    Fees Incurred Prosecuting An Adversary Protecting a Non-Debtor Did Not Provide a Benefit to the Estate*

15. As stated in the UST's Objection to the Second Application for Compensation for ABLS (*see* Doc. 299), work done related to an adversary proceeding seeking to extend the automatic stay to the non-debtor principal does not present a benefit to the estate and is therefore not compensable through the bankruptcy estate.

16. On September 14, 2023, the Debtor, BDC Group, Inc., filed an adversary proceeding which sought to extend the automatic stay imposed in the Debtor's bankruptcy case to the Debtor's non-

3

filing principal. The adversary sought a temporary restraining order preventing any collection efforts against Dennis Bruce that would extend through Plan confirmation.

17. The stated purpose of the adversary proceeding was to "protect Debtor's President, Dennis Bruce, from Defendants' continuation of their active judicial actions. . ." *See*. Adversary 23-9042, Doc. 1, paragraph 1.

18. To apply for compensation from a bankruptcy estate, the work done must benefit the estate. The stated purpose of the adversary represents an interest that does not benefit the debtor, BDC Group, Inc., and is therefore not compensable. As such, the UST requests a reduction of the Third Application by $2,540.00 for non-compensable work that did not benefit the bankruptcy estate.

## II. Excessive Intra-Office Conferences and Overstaffing is Not Compensable

19. Again present in the Third Application as there were in the First and Second Applications is a considerable amount of time billed for conferences between professionals at ABLS.

20. It is well-settled that those applying for fees from a bankruptcy estate must exercise good billing judgment, which is evident where a case is staffed in an efficient manner that is cost-effective to the client's interest. *See Matter of Fansteel, Inc.*, No. 16-01823, 2017 Bankr. LEXIS 1265, at *5 (Bankr. S.D. Iowa May 9, 2017). Billing judgment must be implemented where work is duplicative. *See id.* at *3.

21. Further, this Court has held that "[f]ees are not allowed for simply reviewing the work product of another or for duplicative billing by attorneys involved in intra-office conferences." *In re Agriprocessors, Inc.*, Bankr. No. 08-02751, 2009 Bankr. LEXIS 3916, 2009 WL 4823808, at *2 (Bankr. N.D. Iowa Dec. 8, 2009).

22. Evident in the Third Application is a number of intra-office conferences keeping everyone up-to-date on the case and reviewing each other's work. These tasks represent duplicative billing and can not be approved.

23. The UST requests a reduction of the Third Fee Application by $4,053.00 for time spent conferencing with other professionals at ABLS.

### III. Attorney Time Spent Researching is Not Compensable

24. The Third Application includes a number of entries which constitute research on various legal issues.

25. ABLS has employed three different attorneys to assist on this case, whose hourly rates range from $350/hour to $600/hour after a rate increase effective on January 1, 2024. Non-attorney staff charge hourly rates beginning at $170/hour. These rates represent some of the highest charged in Iowa for attorneys who frequently file in the Northern District.

26. This Court in *In re VeroBlue Farms USA, Inc.*, 2023 Bankr. LEXIS 1071, *14 (Bankr. N.D. Iowa, April 19, 2023) noted that hourly rates must be reasonable. Counsel is presumed to be sufficiently experienced and to have an adequate background in the applicable law. *In re Pettibone Corp.*, 74 B.R. at 303.

27. Where a firm charges a high hourly rate, the expectation should be that they are being commensurately compensated for the level of skill they bring to a case. Here, researching basic Iowa law questions as they relate to a relatively straightforward bankruptcy and adversary should not be compensated.

28. The UST seeks a reduction of $2,225.00 for time spent researching legal issues which is not compensable.

5

### B. The UST Properly Preserved Her Right to Object to the First Application for Compensation

29. The Debtor filed the First Application for Compensation ABLS on August 17, 2023 ("First Application"). *See* Doc. 162. The First Application covered the period from June 13, 2023 through August 10, 2023, and sought payment of $65,588.00 in fees and $2,476.89 in expenses.

30. Prior to the expiration of the bar date, the UST filed a Response to the First Application, reserving her rights to object at a final fee application period. The First Application was granted in full by the Court on September 8, 2023. *See* Doc. 188.

31. Pursuant to this reservation of rights, the UST objects to payment of fees in the First Application. The UST would request a reduction of the award by $7,114.00 for fees incurred which do not benefit the estate, represent excessive intra-office conferencing, and represent attorney time spent on non-compensable research.

#### I. Time Entries Which Do Not Evidence A Benefit to the Estate are Not Compensable

32. A number of the time entries provide no benefit to the estate. This includes compiling documents into spreadsheets that were not referenced after their creation, drafting documents that would never be filed, and notably preparing for an adversary which does not benefit the Debtor, but the non-debtor principal.

33. As stated in relation to the UST's Objection to the Second Application, the purpose of the adversary was to benefit the non-debtor principal, so time spent preparing for this adversary cannot be compensable.

34. Additionally, this application includes a number of entries which relate to violations by creditors of the automatic stay. Knowing the Debtor's principal personally guaranteed a number

of debts at issue in the chapter 11 case, it is unclear whether these letters were properly sent, and if they actually benefitted directly the bankruptcy estate. As such, the UST requests a reduction of $1,151.50 for time spent on automatic stay violations.

35. The UST would further request reduction of any award by an addition $1,785.00 for time spent on projects which did not benefit the estate.

### II. Excessive Intra-Office Conferences and Overstaffing is Not Compensable

36. Particularly evident in the First Application were a number of intra-office conferences and various attorneys meeting to update each other on developments.

37. While these meeting and updates may be the reality of having a number of attorneys on a case, the law is clear that billing judgment must be exercised when requesting fees from the Court.

38. Billing judgment requires that entries not be duplicative, and not represent other attorneys merely reviewing the work of their colleagues. *See In re Agriprocessors, Inc.*, Bankr. No. 08-02751, 2009 Bankr. LEXIS 3916, 2009 WL 4823808 (Bankr. N.D. Iowa Dec. 8, 2009); *see also Matter of Fansteel, Inc.*, No. 16-01823, 2017 Bankr. LEXIS 1265, at *5 (Bankr. S.D. Iowa May 9, 2017).

39. Because the First Application does not represent the best billing judgment in meeting with individuals within its own office, the UST requests a reduction of the First Fee Application by $3,615.00.

### IV. Attorney Time Spent Researching is Not Compensable

40. Finally, some attorney time was spent on legal research in the First Application. As stated above, legal research for attorneys operating at the hourly rates of ABLS is unacceptable.

41. The UST would request a reduction of the First Application by $522.00 for time spent on legal research.

### *C. The Fees Objected To in the Second Application Remain At Issue*

42. The UST raised a number of similar issues in her Objection to the Second Application of ABLS, filed at docket 299. In her Objection, the UST pointed out that $24,729.50 in fees were not compensable, as well as $6,036.6 in expenses.

43. Rather than litigate the issues the UST raised, the UST and ABLS entered into the Consent Order, allowing payment of the fees and expenses that were not at issue. *See* Doc. 320.

44. ABLS has not presented any new factual or legal arguments that would alter the UST's objection filed at docket 299. Further, the Final Application filed at docket number 468 presents no new facts or legal analysis to allow payment of the previously objected-to fees.

45. As such, the UST maintains her Objection at docket 299 as it pertains to the Second Application for Compensation of ABLS. Any final award of fees should be reduced by $24,729.50 and expenses reduced by $6,036.60.

### *D. Any Final Fee Application Award Must Be Reduced Pursuant to the UST's Objections*

46. The Third Application also represents ABLS' request for final allowance of fees.

47. As stated, the UST has objections to fees incurred during the First Application period, Second Application period, and now Third Application period.

48. Any award of fees should be reduced by the amounts the UST has objected to, specifically:

- Reduction of First Application (D# ): $7,073.50 in fees;
- Reduction of Second Application (D# ): $24,729.50 in fees, $6,036.16 in expenses;
- Reduction of Third Application (D# 468) $8,818.00 in fees.

WHEREFORE, the Acting United States Trustee requests that the Court reduce the Third Fee Application by a total of $8,818.00, and reduce the total award of fees in this case to ABLS by $46,657.16 for the reasons listed above and for other such relief as is just and equitable.

Dated:  April 23, 2024

                                              Respectfully Submitted,

                                              **Mary R. Jensen**
                                              Acting United States Trustee

                                              Claire R. Davison
                                              <u>By:/s/ Claire R. Davison</u>
                                              Claire R. Davison
                                              AT #0014945
                                              Federal Building, Room 793
                                              210 Walnut Street
                                              Des Moines, Iowa 50309-2108
                                              Ph: (202) 320-3943
                                              Claire.r.davison@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on April 23, 2024:
All parties receiving ecf notifications.

                                              */s/ Claire Davison*
                                              Claire Davison
                                              Trial Attorney
                                              Office of U.S. Trustee