| | |
|---|---|
| **From:** | Jeffrey D. Goetz |
| **To:** | rhanrahan@sharontc.net |
| **Cc:** | Jordan A. Kroop; Jason Rosell; "Brittany McNamara"; Timothy N. Lillwitz; Brenda F. Mozena; Nicholas J. Valley |
| **Subject:** | Settlement Communication re: BDC/Zayo |
| **Date:** | Monday, February 5, 2024 10:16:00 AM |
| **Attachments:** | image001.jpg |
| | image006.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.jpg |
| | image003.jpg |

Renee:  Thank you for your last several emails.  It certainly looks like you "took the bull by the horns" in getting a tight grip on dealing with the multiple issues in the BDC case, doing site visits and abandoning equipment and machinery right away.  I would like to discuss my client, Zayo's, position regarding payment of the undisputed invoices, release of retainage funds, formulating a strategy to settle or adjudicate the disputed BDC invoices, and the GuideWell invoices and mechanics liens.  I hope my email to you on Friday with access to multiple files, documents, and records will be helpful in getting you fully up to speed.

As I initially advised you, Zayo entered into what it believed was good-faith settlement discussions with the Debtor and Keystone Bank regarding Zayo's motion for relief from stay to terminate Zayo's contract with BDC, based on multiple pre- and post-petition breaches and defaults by BDC.  Initially, it was Keystone which took the lead in objecting to Zayo's motion for relief from stay, ostensibly because they apparently felt their A/R collateral might be in jeopardy if relief from stay was granted.  Although the Debtor also objected, their objection was not effectively based on denial of their contract breaches/defaults, but attempting to blame Zayo for BDC's failure to live up to the terms of their contract.  As I previously mentioned, Zayo did, in fact, timely pay BDC for services rendered in July – September, during the period when BDC had hired GuideWell as their subcontractor, yet BDC failed and refused to timely pay GuideWell, which resulted in GuideWell filing mechanics liens on properties belonging to certain railroad owners, where the subject fiber optic cables where being laid/pulled in conduit.  When the railroads informed Zayo that they would not allow BDC onto their property because of the mechanics liens, Zayo was only left with the remedy of seeking relief from stay, so they could terminate the contract, and have a successor contractor come in and continue the project.  Among the several documents sent to you are included copies of the Lien Waiver Releases executed by the Debtor, affirmatively representing to Zayo that subcontractors such as GuideWell either had been paid or would be paid to protect the property from a mechanic's lien.  The representations in those Lien Waiver Releases were false.

With that background, you should know that Zayo does not believe counsel for Keystone Bank engaged in good-faith in connection with the "settlement" reached that resulted in the consent order granting Zayo relief from stay. Rather than waste time here explaining the facts, circumstances, and background on why Zayo has this position, suffice it to say, it is my sense you already know enough of the shenanigans Keystone Bank's counsel has and is playing.  Based on Keystone Bank filing their motions to tank the case mere hours after our settlement was reached so they could grab all the money and ensure the mechanics liens (or any other post-petition administrative expense priority claims) were not paid, is plainly obvious.

Exhibit 7 - Page 1 of 8

One of the reasons my client made the concessions it did, in pursuit of the Consent Order for Relief from Stay, was the belief that the subject parties would quickly engage in mediation to settle the disputed invoices, ensure GuideWell was paid promptly, so they would quickly release their mechanics liens, and provide a mechanism and process for ensuring all subcontractors, who continue to have the ability to put mechanics liens on the railroad properties, are also paid in full. Now with the Debtor's assets and property of the Bankruptcy Estate under your administration (and with Debtor's initial counsel now having withdrawn), I do not believe it is necessary for all the original parties to mediate; I believe you as Ch 7 Trustee, GuideWell, and Zayo are the only necessary parties for settlement/adjudication of the few disputed invoices.

Notwithstanding a few unsupported comments made by Debtor's counsel during our settlement discussions, Zayo does not believe any of the unpaid invoices upon which GuideWell based its mechanics liens are disputed, and; therefore, GuideWell should be paid on those invoices forthwith, so the mechanics liens can be released. Since Zayo previously paid BDC for the work evidenced by those invoices, and BDC failed and refused to pay GuideWell, Zayo would argue that a portion of what it owes the Bankruptcy Estate should be specifically earmarked for payment to GuideWell, in exchange for a release of their mechanics liens. If Zayo had its druthers, it would pay GuideWell immediately from some of the money it owes the Bankruptcy Estate. As I would argue, this is a text book example of recoupment in bankruptcy.

Another concern of my client is the fact that the Debtor last filed its Monthly Operating Report for the month ending November 31, 2023. In that report, the Debtor listed over $500k in Post-Petition Accounts Payable. The Debtor did not timely file its December MOR, nor any final report through the date of conversion. Since the court entered its order on Friday allowing Debtor's Ch 11 counsel to withdraw, it may take some time before you and I know for sure how much money is owed on account of claims entitled to Post-Petition Administrative Expense Priority status, and among those unpaid post-petition creditors who may still have the right to file a mechanics lien on the railroad's property. Again, I can see Keystone Bank attempting to assert superior rights over those Post-Petition Administrative Expense Claimants.

Now that you have had a little bit of time to understand what has gone on in this case during the pendency of the Chapter 11, my client would like to engage with you regarding a strategy and action plan to do the following:

1. Pay GuideWell as soon as possible in exchange for their release of their several mechanics liens in IL and IA;
2. Figure out, if any, Post-Petition Administrative Expense Claimants that can file mechanics liens can be paid as soon as possible, to avoid them filing mechanics liens in the future; and,
3. Engage with you in good-faith settlement discussions to see if we can resolve those disputed BDC invoices and avoid the necessity to engage in mediation/arbitration/adjudication to resolve those disputed invoices.

I can assure you that I am ready, willing, and able to support you as Chapter 7 Trustee against Keystone Bank, to the extent they would attempt to take any of the money Zayo will pay to the Bankruptcy Estate for themselves, at the expense of not paying BDC's Post-Petition Accounts

Exhibit 7 - Page 2 of 8

Payable, including but not limited to GuideWell. As I understand, you are in the process of engaging legal counsel. Assuming you are successful engaging counsel this week, I would be happy to schedule a telephone or video conference call this week with my co-counsel and client, to discuss the above. Jeffrey Goetz.

**Jeffrey D. Goetz**
**Attorney At Law**



801 Grand Ave., Suite 3700
Des Moines, Iowa 50309-8004
(515)246-5817 (p) | (515) 710-1988 (m)
goetz.jeffrey@bradshawlaw.com | www.dickinsonbradshaw.com
VISIT OUR BLOG

**BOARD CERTIFIED - BUSINESS & CONSUMER BANKRUPTCY LAW**
**AMERICAN BOARD OF CERTIFICATION**



---

**From:** Renee Hanrahan <rhanrahan@sharontc.net>
**Sent:** Monday, February 5, 2024 8:08 AM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Cc:** Jkroop@pszjlaw.com; 'Jason Rosell' <jrosell@pszjlaw.com>; 'Brittany McNamara' <brittany.mcnamara@zayo.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Subject:** RE: BDC/Zayo

Attached are the wiring instructions for my trustee bank account for BDC Group Inc at AXOS Bank. Let me know how to expect payment – snailmail or wire transfer?

r.

Exhibit 7 - Page 3 of 8

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Sunday, February 4, 2024 2:06 PM
**To:** rhanrahan@sharontc.net
**Cc:** Jkroop@pszjlaw.com; Jason Rosell <jrosell@pszjlaw.com>; Brittany McNamara <brittany.mcnamara@zayo.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Subject:** RE: BDC/Zayo

Renee:  I will follow up with my folks on status and revert.  Jeff

---

**From:** Renee Hanrahan <rhanrahan@sharontc.net>
**Sent:** Saturday, February 3, 2024 10:46 AM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Subject:** RE: BDC/Zayo

Jeff,
Can you verify the $$$ has been mailed to my POBox?  If it hasn't already gone out --- I can get you the wiring instructions.

r

---

**From:** Renee Hanrahan <rhanrahan@sharontc.net>
**Sent:** Friday, February 2, 2024 3:41 PM
**To:** 'Jeffrey D. Goetz' <Goetz.Jeffrey@bradshawlaw.com>
**Subject:** RE: BDC/Zayo

Thank you, Mr. Goetz.
As you undoubtedly recognize, there will be fights to be fought, and turning over to the bankruptcy trustee anything/everything owed to the Debtor is in everyone's best interest. I look forward to working with you on resolution of the outstanding matters between your client and the debtor company.

I hope to have counsel on board within the next few days.

R

---

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Friday, February 2, 2024 1:01 PM
**To:** Abram Carls <acarls@spmblaw.com>; Eric Lam <elam@simmonsperrine.com>
**Cc:** Jkroop@pszjlaw.com; Jason Rosell <jrosell@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Renee K. Hanrahan (rhanrahan@sharontc.net) <rhanrahan@sharontc.net>
**Subject:** RE: BDC/Zayo

Exhibit 7 - Page 4 of 8

With all due respect, I am no longer going to deal with you and your client on this specific matter. I and my client are currently, and will continue to, only deal directly with the Chapter 7 Trustee. I have already received payment instructions directly from the Trustee to send payment by paper check through the mail. If you desire to continue to discuss this matter further, I will only do so by phone. Feel free to give me a call. Jeff

**From:** Abram Carls <acarls@spmblaw.com>
**Sent:** Friday, February 2, 2024 12:51 PM
**To:** Eric Lam <elam@simmonsperrine.com>; Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Cc:** Jkroop@pszjlaw.com; Jason Rosell <jrosell@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Renee K. Hanrahan (rhanrahan@sharontc.net) <rhanrahan@sharontc.net>
**Subject:** RE: BDC/Zayo

Jeff,

Please share the wire transfer information that Zayo would use to pay so that Renee can validate her control over the account. I am unaware of any bank account closure, so Renee shouldn't need to open new accounts for Zayo to accomplish the Court ordered payments. But I understand your reluctance to initiate wires of this amount without account validation first.

If Zayo is serious about complying with the ordered payments, I assume validating account information and initiating the payment won't take long.


**Abram Carls**
Member

**Simmons Perrine Moyer Bergman PLC**
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa  52401
Telephone: (319) 896-4034
Email: acarls@spmblaw.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Friday, February 2, 2024 12:03 PM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Cc:** Abram Carls <acarls@spmblaw.com>; Jkroop@pszjlaw.com; Jason Rosell <jrosell@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>; Eric Lam <elam@simmonsperrine.com>; Renee K. Hanrahan (rhanrahan@sharontc.net) <rhanrahan@sharontc.net>
**Subject:** Re: BDC/Zayo

Exhibit 7 - Page 5 of 8

Jeff, I disagree with your posture. Indeed, I was under the impression we had a deal and I had expected your client to abide by our agreement and the consent order. Perhaps I was wrong in placing trust in a negotiated agreement

Let me know plz when the $480000 is en route. Just so we are on the same page, do recall the negotiated consent order and agreement specifically said the money will sit subject to further order or further agreement among the parties (and so the Ch 7 Te is protected). I don't see how your client can justify not abiding by the agreement and order

Tks

**From:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Sent:** Friday, February 2, 2024 11:34:09 AM
**To:** Eric Lam <elam@simmonsperrine.com>
**Cc:** Abram Carls <acarls@spmblaw.com>; Jkroop@pszjlaw.com <Jkroop@pszjlaw.com>; Jason Rosell <jrosell@pszjlaw.com>; Timothy N. Lillwitz <Lillwitz.Timothy@bradshawlaw.com>
**Subject:** RE: BDC/Zayo

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Eric/Abe: Apologies if my earlier email was not sufficiently clear. I have initiated discussions with the Chapter 7 Trustee regarding what Zayo owes the estate, and the timing, logistics and payment of same. Zayo will not be making any payment to Keystone Bank or the previously established DIP account, as there is no longer any Debtor in Possession, and the Chapter 7 Trustee is solely responsible for administration of the Bankruptcy Estate and its assets. I note with specificity the Ch 7 Trustee's objection to Keystone Bank's motion for relief from stay filed this morning. Feel free to telephone me directly if you have any additional questions or if you wish to discuss further.   Jeff

**Jeffrey D. Goetz**
**Attorney At Law**



**2024 Email Logo Dickinson Bradshaw_____**

801 Grand Ave., Suite 3700
Des Moines, Iowa 50309-8004
(515)246-5817 (p)   |   (515) 710-1988 (m)
goetz.jeffrey@bradshawlaw.com   |   www.dickinsonbradshaw.com
**VISIT OUR BLOG**

**BOARD CERTIFIED - BUSINESS & CONSUMER BANKRUPTCY LAW**
**AMERICAN BOARD OF CERTIFICATION**

Exhibit 7 - Page 6 of 8



**From:** Eric Lam <elam@simmonsperrine.com>
**Sent:** Thursday, February 1, 2024 7:21 PM
**To:** Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>
**Cc:** Abram Carls <acarls@spmblaw.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** BDC/Zayo

Jeff, has $480000 been wired to Linn County, as you had promised, and as required by the order to which you had consented?

**Eric Lam**
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 896-4018
Email: elam@simmonsperrine.com
Website: www.spmblaw.com

Please notify me if you receive this confidential email in error.

---

This email has been scanned for email related threats and delivered safely by Mimecast.

---

This email has been scanned for email related threats and delivered safely by Mimecast.

---

This email has been scanned for email related threats and delivered safely by Mimecast.

---

This email has been scanned for email related threats and delivered safely by Mimecast.

Exhibit 7 - Page 7 of 8

Exhibit 7 - Page 8 of 8