## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No.:  23-00484 |
| | ) | |
| **BDC GROUP, INC.,** | ) | Chapter 7 (Converted from Chapter 11) |
| | ) | |
| Debtor. | ) | Hon. Thad J. Collins |
| | ) | |
| | ) | **JOINT MOTION TO APPROVE** |
| | ) | **SETTLEMENT PER BANKRUPTCY RULE** |
| | ) | **9019 BETWEEN BDC GROUP, INC. AND** |
| | ) | **KARMEN DENEA RANDALL** |

**COMES NOW** Karmen Denea Randall ("Randall"), by and through her Counsel of Record, Jeffrey D. Goetz, Esq., of the law firm of Dickinson, Bradshaw, Fowler & Hagen, P.C., and the duly-appointed and acting Chapter 7 Trustee, Renee K. Hanrahan, on behalf of the Bankruptcy Estate of the Debtor BDC Group, Inc., ("BDC" or "Debtor"), by and through her Counsel of Record, Elizabeth Lally, Esq. and Camber Jones, Esq. of the law firm of Spencer Fane, LLP, and respectfully file the instant Joint Motion for an Order approving the Settlement and Release Agreement between Randall and LM General Insurance ("LM General"), on behalf of BDC and its Bankruptcy Estate, and would show this Honorable Court as follows:

1.     BDC filed its voluntary Chapter 11 petition on June 13, 2023 (the "Petition Date"). The Debtor moved to convert its Chapter 11 case to a case under Chapter 7 on January 29, 2024 (Docket Item 369), and the Court entered its Order converting said case to Chapter 7 on January 30, 2024 (Docket Item 384). Renee Hanrahan was appointed as Chapter 7 Trustee the same day (Docket Item 385).

2.     Randall was involved in an automobile accident and/or incident with Ortiz Noe Castenda, an employee of, and while working for and on behalf of his employer, the Debtor BDC, on May 18, 2022 at or near the intersection of Old Ox Road and Trade Center Place, in Sterling, Loudoun County, Virginia (the "Accident").  At the time of the Accident, BDC was

insured under an insurance policy issued by the underwriting company LM General, and Randall duly made a claim under said insurance policy, said claim being assigned number AB505-500364.

3.      LM General, on behalf of its insured, the Debtor and its Bankruptcy Estate, and Randall, have reached a compromise, settlement and release regarding the Accident, the particular terms and conditions of which are memorialized in that certain Settlement and Release Agreement proposed by LM General and agreed to by Randall, attached as Exhibit "A" and incorporated by reference herein.

4.      Randall has not asserted, or filed any proof of claim against the Debtor or its Bankruptcy Estate.  The proposed Settlement and Release provides for LM General, on behalf of its insured Debtor and its Bankruptcy Estate, to pay Randall under the subject insurance policy. As such, the settlement payment to Randall will not come from the Debtor or property of the Debtor's Bankruptcy Estate, and therefore does not harm or impact the interests of the Debtor or its Bankruptcy Estate. Therefore, the Settlement and Release Agreement is of no prejudice or cost to the Debtor or its Bankruptcy Estate.

5.      Bankruptcy Rule 9019 authorizes a bankruptcy court to approve a compromise or settlement after notice and a hearing. FED. R. BANKR. P. 9019(a), and § 105 of the Bankruptcy Code empowers a court to issue any order that is "necessary or appropriate." 11 U.S.C. § 105(a). The authority to approve a compromise or settlement is within the Court's discretion.

6.      The 8th Circuit has found that "[t]he standard for evaluation of a settlement "is whether the settlement is fair and equitable and in the best interests of the estate. A settlement is not required to constitute the best result obtainable. Rather, the court need only . . . determine that the settlement does not fall below the lowest point in the range of reasonableness." Tri-State Fin., LLC v. Lovald, 525 F.3d 649, 654 (8th Cir. 2008) (internal citations omitted).

7.      Randall is informed and believes and thereupon alleges the proposed Settlement and Release Agreement is fair and equitable. It was negotiated in good faith by Randall and LM General on behalf of the Debtor and its Bankruptcy Estate. Resolution of Randall's claim through this settlement is the most expedient and cost-effective option for all parties involved.

8.      Randall and LM General, on behalf of the Debtor and its Bankruptcy Estate, believe that the proposed terms and conditions set out in the attached Settlement and Release Agreement represent a fair and reasonable settlement of all matters and disputes in connection with the Accident, and requests that the Court enter an Order approving the Settlement and Release Agreement.

9.      The statute of limitations on Randall's claim expires on May 15, 2024, and therefore time is of the essence in consummating the subject settlement.  Since the proposed settlement will be paid by LM General on behalf of the Debtor and its Bankruptcy Estate, and Randall's claim will not be a claim or expense the Debtor or its Bankruptcy Estate will have to bear, the parties respectfully request the Court waive the need to notice all creditors, schedule a bar date for objections, or schedule a hearing on said Motion, and enter an Order approving same on an expedited basis.  If the Court declines to waive the notice and opportunity for hearing, the parties respectfully request the Court provide for a Five (5) day Notice and Bar Date for objections, limited to parties who have specially appeared in the case.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

a)      Granting the instant Motion and approving the Settlement and Release Agreement;

b)      Waive the need for providing Notice to Creditors, Bar Date for Objections, or schedule a hearing, or, in the alternative, provide for limited notice to parties who have specially appeared in the case, and provide for a Five (5) day Notice and Bar Date for objections; and

c)      for such other and further relief as the Court may deem just and equitable under the circumstances.

/s/  *Jeffrey D. Goetz*_____
Jeffrey D. Goetz, Esq., AT
Dickinson, Bradshaw, Fowler & Hagen, P.C.
801 Grand Avenue, Suite 3700
Des Moines, Iowa  50309
515/ 246-5817
515/ 246-5808
jgoetz@dickinsonbradshaw.com

Attorney for Movant Karmen Denea Randall


/s/_*Renee K. Hanrahan*_____
Renee K. Hanrahan
Chapter 7 Trustee
P.O. Box 1088
Cedar Rapids, IA 52406-1088


## CERTIFICATE OF SERVICE

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

/s/ *Nicholas Valley*_____

# Exhibit A

CLAIM # AB505-500364

Underwriting Company LM General Insurance Company

Settlement and Release

The Claimant, Karmen Denea Randall, for the sole consideration of the sum of Eighteen Thousand-Five Hundred Dollars ($18,500.00), hereby releases and forever discharges Ortiz Noe Castenda and BDC Group, Inc. (hereinafter the "Released Parties") and the Released Party's insurers, (LM General Insurance Company) (hereinafter called the "company"), their heirs, executors, administrators, successors, agents, servants, employees, and assigns, and all other person, firm or corporations liable to who might be claimed to be liable from any and all claims for loss, damages, costs, contribution, indemnification, or any other thing whatsoever on account of, or in any way growing out of , all person injuries, death, property damage and any other type of damage of any kind, whether now known or unknown arising out of an accident or occurrence on May 18, 2022, at or near the intersection of Old Ox Road and Trade Center Place in Sterling, Loudoun County, Virginia (the "accident").

The Claimant agrees the settlement amount includes any right, or claim or demand for pre-settlement or post-settlement interest.  The Claimant agrees not to make a claim or demand for interest.

In further consideration of aforesaid payment, the Claimant agrees to indemnify, defend, and hold forever harmless the Released Party and Company of and from any and all claims, demands, damages, costs, expenses, loss, actions and causes of action arising out of any act or occurrence up to the present time, and particularly on account of all person injury, disability, property damage, loss of consortium, or other damages of any kind sustained or that may be sustained by said Claimant or Claimants children, siblings, parents, or other relatives inconsequent of or because of said accident.

The Claimants warrants that he/she is not a Medicare and/or Medicaid beneficiary between the date of the injury and the time of settlement.

Claimant represents and warrants that as a result of the acciden4t referred to in the first paragraph of this Release, Medicare did not pay for any medical treatment covered under Medicare Part A, Medicare Part B, or Medicare Part D under the federal health insurance Medicare Program.  Claimant also represents that as a result of the accident referred to in the first paragraph of this Release, Medicare did not pay for any medical treatment covered under Medicare Part C of the federal health insurance Medicare Program, otherwise known as Medicare Advantage Plan.

No money out of the settlement is allocated towards future medical treatment.  While it is impossible to accurately predict the need for future treatment, this decision was based upon a good faith review of the claimant's current medical condition.  The parties have attempted to resolve this disputed matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider future medical expenses and do not replace any attempt to shift the burden of future care.  In the event any party is required reimbursement related to future medical treatment, this would be the sole responsibility of the Claimant.

HOLD HARMLESS AND INDEMNITY AGREEMENTS. The Claimant agrees to defend, hold harmless and indemnify those parties release herein against any direct losses, expenses, liens, claims, actions, encumbrances, liabilities, or damages (including costs and attorney's fees) or losses, expenses, liens,

claims, actions, encumbrances, liabilities or damages (including costs and attorney's fees) resulting from any assignment (whether expressed or be operation of law) or resulting from the undersigned's failure to fully pay or otherwise discharge any liens or encumbrances asserted by any person or entity, and/or from any future or additional claims or actions brought against any of the Release Parties by any additional heirs, known or unknown, by the undersigned at the time of the execution of this Release, and regardless whether the Claimant had notice or knowledge of such liens and/or encumbrances.

The Claimant shall further hold the Released Party and Underwriting Company and Liberty Mutual Group, Inc. harmless and to defend and indemnify the Released Parties and Underwriting Company and Liberty Mutual Group, Inc. from any and all adverse consequences in the event this settlement results in the loss of rights to Social Security benefits and/or Medicare benefits because the claimant intentional or unintentional spends settlement funds in a manner inconsistent with applicable regulations.

Claimant agrees that this settlement is in full compromise of disputed claims, related to the injury of May 18, 2022, as to both the issue of liability and as to the nature, extent and permanency of any such loss, injury, damage or detriment, and that the payment of said sum is not to be construed as an admission of liability by any party.  It is further agreed that the nature, extent and results of any loss, injury, damage or detriment sustained by the Claimant, on the date of May 18, 2022 may not now be fully known or anticipated, but the Claimant nevertheless desires to settle and compromise this claim in full.

The Claimant acknowledges that this Release and Hold Harmless and Indemnification Agreement extends to all claims of any kind which the Claimant had or may have against the parties released hereby, as it relates to the May 18, 2022 accident, and that any party, released hereby can raise this Release and Hold Harmless Indemnification Agreement as a completed defense to any claim or suit by or on behalf of the Claimant as related to the accident of May 18, 2022.

The Claimant acknowledge that he/she has read this instrument and fully understands that this instrument, in accordance with the intent and purpose expressed above encompasses all negotiations, discussions, and bargaining of the parties to this settlement, and is the entire agreement between the parties to this instrument.

The Claimant also acknowledges that he/she was informed prior to this signing of this agreement that he/she had the right to consult with legal counsel and medical advisors of the Claimant's own choice and that an adequate opportunity was afforded to the Claimant to seek such advice of counsel.  The Claimant further affirms that he/she was presented with an adequate opportunity between the matter giving rise to this agreement and the signing of this agreement to consider the agreement and its consequences.

Maryland State fraud language:

Ins. S 27-805 "Any person who knowingly or willfully presents a false or fraudulent claim for payment of a loss or benefit or who knowingly or willfully present false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison."

ATTENTION –READ BEFORE SIGNING

Please have your signature witnessed.

Claimant:

_____ x_____ _____

Printed Name                    Signature                              Date


Witness:

_____ x_____ _____

Printed Name                    Signature                              Date