United States Bankruptcy Court

Northern District of Iowa

| In re: | | Case No. 23-00484-TJC |
|---|---|---|
| BDC Group, Inc. | | Chapter 7 |
| Debtor | | |

# CERTIFICATE OF NOTICE

| District/off: 0862-1 | User: admin | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Sep 10, 2024 | Form ID: pdf902 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| +++ | Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 12, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | +++ | BDC Group, Inc., c/o Dennis C. Bruce, 565 Eastview Ave., Marion, IA 52302-5974 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| aty | Email/Text: legalassistant@ablsonline.com | Sep 10 2024 21:12:00 | Ag & Business Legal Strategies, PO Box 11425, Cedar Rapids, IA 52410 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 12, 2024            Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 10, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abram V. Carls | on behalf of Creditor Keystone Savings Bank acarls@spmblaw.com smiller-miller@spmblaw.com |
| Abram V. Carls | on behalf of Debtor BDC Group  Inc. acarls@spmblaw.com, smiller-miller@spmblaw.com |
| Austin Peiffer | on behalf of Attorney Ag & Business Legal Strategies austin@ablsonline.com austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | |

District/off: 0862-1                          User: admin                                    Page 2 of 4
Date Rcvd: Sep 10, 2024                       Form ID: pdf902                                 Total Noticed: 2

|  |  |
|---|---|
|  | on behalf of Creditor Ag & Business Legal Strategies austin@ablsonline.com austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | |
|  | on behalf of Plaintiff BDC Group  Inc. austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | |
|  | on behalf of Appraiser Craig Hilpipre austin@ablsonline.com  austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Benjamin Gregory Nielson | |
|  | on behalf of Creditor Herc Rentals  Inc. bnielson@pughhagan.com, eryan@pughhagan.com |
| Benjamin Gregory Nielson | |
|  | on behalf of Creditor Deere Credit Inc. bnielson@pughhagan.com  eryan@pughhagan.com |
| Benjamin Gregory Nielson | |
|  | on behalf of Creditor John Deere Financial f.s.b. bnielson@pughhagan.com  eryan@pughhagan.com |
| Benjamin Gregory Nielson | |
|  | on behalf of Creditor John Deere Construction & Forestry Company bnielson@pughhagan.com  eryan@pughhagan.com |
| Brian S. Koerwitz | |
|  | on behalf of Creditor Watts Electric Company bkoerwitz@eptlawfirm.com |
| Camber Jones | |
|  | on behalf of Trustee Renee K. Hanrahan cjones@spencerfane.com |
| Claire Davison | |
|  | on behalf of U.S. Trustee United States Trustee claire.r.davison@usdoj.gov |
| Dan Childers | |
|  | on behalf of Creditor Hiawatha Properties LLC drc@shuttleworthlaw.com  patti@shuttleworthlaw.com |
| David Skalka | |
|  | on behalf of Creditor Five Star Communications  LLC dskalka@crokerlaw.com, dcellar@crokerlaw.com |
| Elizabeth Lally | |
|  | on behalf of Trustee Renee K. Hanrahan elally@lally-legal.com  bakerm@goosmannlaw.com |
| Elizabeth L. Janczak | |
|  | on behalf of Attorney Smith  Gambrell & Russell, LLP ejanczak@sgrlaw.com, bkdocketing@sgrlaw.com |
| Elizabeth L. Janczak | |
|  | on behalf of Creditor Committee Official Committee of Unsecured Creditors ejanczak@sgrlaw.com  bkdocketing@sgrlaw.com |
| Emily X. Douglas Moore | |
|  | on behalf of Creditor Sheets Sterling  Inc. edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com |
| Emily X. Douglas Moore | |
|  | on behalf of Defendant Sheets Sterling  Inc. edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com |
| Eric J. Langston | |
|  | on behalf of Creditor DVA  Inc. d/b/a Ditch Witch of Virginia elangston@aegislaw.com, ericlangston357.gmail.com@recap.email |
| Eric W. Lam | |
|  | on behalf of Creditor Keystone Savings Bank ELam@simmonsperrine.com  kcarmichael@SPMBLAW.com |
| Evan Lincoln Moscov | |
|  | on behalf of Creditor Green Note Capital Partners SPV LLC evan.moscov@moscovlaw.com |
| Evan Lincoln Moscov | |
|  | on behalf of Defendant Green Note Capital Partners SPV LLC evan.moscov@moscovlaw.com |
| Janet G. Reasoner | |
|  | on behalf of U.S. Trustee United States Trustee janet.g.reasoner@usdoj.gov |
| Jason Rosell | |
|  | on behalf of Creditor Zayo Group  LLC jrosell@pszjlaw.com |
| Jeffrey Douglas Goetz | |
|  | on behalf of Creditor Karmen Denea Randall jgoetz@dickinsonbradshaw.com bmozena@dickinsonbradshaw.com,bankruptcyfile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com |
| Jeffrey Douglas Goetz | |
|  | on behalf of Creditor RP Construction  LLC jgoetz@dickinsonbradshaw.com, bmozena@dickinsonbradshaw.com,bankruptcyfile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com |
| Jeffrey Douglas Goetz | |
|  | on behalf of Creditor Zayo Group  LLC jgoetz@dickinsonbradshaw.com, bmozena@dickinsonbradshaw.com,bankruptcyfile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com |
| Jeffrey P. Taylor | |
|  | on behalf of Creditor Complete Design Solutions  LLC jtaylor@krflawfirm.com, jkanellis@krflawfirm.com |

District/off: 0862-1                          User: admin                                    Page 3 of 4
Date Rcvd: Sep 10, 2024                       Form ID: pdf902                           Total Noticed: 2

Jordan A Kroop
on behalf of Creditor Zayo Group  LLC jkroop@pszjlaw.com

Joseph A. Peiffer
on behalf of Plaintiff BDC Group  Inc. joe@ablsonline.com,
joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Joseph A. Peiffer
on behalf of Creditor Ag & Business Legal Strategies joe@ablsonline.com
joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Kristina M. Stanger
on behalf of Creditor Liquid Capital Exchange  Inc. kmstanger@nyemaster.com, mbbreckenridge@nyemaster.com

Mark A Ludolph
on behalf of Creditor Caterpillar Financial Services Corporation mludolph@heylroyster.com

Martin McLaughlin
on behalf of Creditor United States of America (SBA) marty.mclaughlin@usdoj.gov
usaian.ecfbkcycr@usdoj.gov;CaseView.ECF@usdoj.gov

Peter Chalik
on behalf of Creditor BMO Bank N.A.  f/k/a Bank of the West, d/b/a Ditch Witch Financial Services chalik@whitfieldlaw.com,
hodzic@whitfieldlaw.com

Renee K. Hanrahan
rhanrahan@sharontc.net  rhanrahan@ecf.axosfs.com

Ronald C. Martin
on behalf of Creditor Dennis Bruce rmartin@drpjlaw.com  rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Ronald C. Martin
on behalf of Interested Party Dennis Bruce rmartin@drpjlaw.com
rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Roy Ryan Leaf
on behalf of Creditor Liquid Capital Exchange  Inc. rleaf@nyemaster.com,
sgreenman@nyemaster.com;scarney@nyemaster.com;lduncan@nyemaster.com;mcopple@nyemaster.com;broberts@nyemaster.c
om

Rush M. Shortley
on behalf of Creditor East Central Iowa Council of Governments rush@shortleylaw.com  r51060@notify.bestcase.com

Rush M. Shortley
on behalf of Creditor Marcelino Avalos rush@shortleylaw.com  r51060@notify.bestcase.com

Scott D. Fink
on behalf of Creditor Breakout Capital Finance  LLC bronationalecf@weltman.com

Shelly A. DeRousse
on behalf of Creditor Committee Official Committee of Unsecured Creditors sderousse@sgrlaw.com  bkdocketing@sgrlaw.com

Stephanie L. Hinz
on behalf of Defendant Breakout Capital Finance  LLC shinz@pbalawfirm.com,
dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Stephanie L. Hinz
on behalf of Creditor Ally Bank  c/o AIS Portfolio Services, LLC shinz@pbalawfirm.com,
dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Terry Gibson
on behalf of Creditor GreenState Credit Union tgibson@wandrolaw.com  filings@wandrolaw.com

Terry Gibson
on behalf of Creditor Isotropic Network  Inc. tgibson@wandrolaw.com, filings@wandrolaw.com

Terry Gibson
on behalf of Creditor Manchester Leasing Services  Inc. tgibson@wandrolaw.com, filings@wandrolaw.com

Timothy N. Lillwitz
on behalf of Creditor Zayo Group  LLC tlillwitz@dickinsonbradshaw.com, birch.theresa@bradshawlaw.com

Tonita M Helton
on behalf of Creditor Committee Official Committee of Unsecured Creditors thelton@freeborn.com  lfrausto@freeborn.com

United States Trustee
USTPRegion12.CR.ECF@usdoj.gov

Wendee Noel Elliott-Clement
on behalf of Creditor BANK OF AMERICA  N.A. iabkndecf@southlaw.com, ksbkecf@ecf.courtdrive.com

Wesley B. Huisinga
on behalf of Creditor John Deere Construction & Forestry Company wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

District/off: 0862-1                     User: admin                              Page 4 of 4
Date Rcvd: Sep 10, 2024                  Form ID: pdf902                          Total Noticed: 2

Wesley B. Huisinga
                    on behalf of Creditor John Deere Financial f.s.b. wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

Wesley B. Huisinga

                    on behalf of Creditor Deere Credit Inc. wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com


TOTAL: 57

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

BDC GROUP, INC.,

      Debtor

Chapter 11

Bankruptcy No. 23-00484

## OPINION ON MOTION TO RECOGNIZE LIEN AND MOTION FOR SUMMARY JUDGMENT

The matters before the Court are secured creditor Keystone Savings Bank's ("KSB's") Motion to Recognize Lien and Motion for Summary Judgment. The Official Committee of Unsecured Creditors ("OCUC") filed an objection and a counter Motion for Summary Judgment. The Court held a telephonic hearing and took the matter under advisement on the papers submitted. Soon thereafter, the case converted to Chapter 7. The question arose whether the issue between KSB and the Chapter 11 OCUC (no longer a party) was still a live controversy. After several status conferences, the Chapter 7 trustee adopted and restated the position of the OCUC resisting KSB's motion. The Court held a hearing on the matter on March 28, 2024, and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

## I.  STATEMENT OF THE CASE

BDC Group, Inc. ("BDC") was a solutions-based provider for broadband and communication infrastructure development.  BDC filed for Chapter 11 bankruptcy on June 13, 2023.  KSB moved the Court to recognize its security interests and its claim of a lien on Debtor's Chapter 5 avoidance actions and proceeds.  It then filed a Motion for Summary Judgment on the issue.  KSB argues that BDC's multiple pre-petition security agreements pledge substantially all its property—including the bankruptcy Chapter 5 actions—to secure debt owed to KSB.  The OCUC argued that Chapter 5 actions only come into being upon the commencement of the bankruptcy case, and there is no legal basis for KSB's security interests to reach them.  The case converted to Chapter 7 and eventually the Chapter 7 trustee adopted the position of the OCUC.  For the reasons that follow, the Court rejects KSB's arguments and concludes its lien rights do not extend to Chapter 5 avoidance actions.

## II.  LEGAL STANDARD

Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Transcon. Ins. Co. v. W.G. Samuels Co., 370 F.3d 755, 757 (8th Cir. 2004).  "Summary judgment is appropriate when only questions of law are involved."  Sarachek v. Wahls (In re Agriprocessors), Ch. 7 Case No. 08-02751, Adv. No. 10-09196, 2012 Bankr.

2

LEXIS 2452, at *6 (Bankr. N.D. Iowa May 30, 2012) (citing Anderson v. Hess Co.,
649 F.3d 891, 894 (8th Cir. 2011)).  Courts must evaluate admissible evidence in the
light most favorable to the non-moving party.  Iowa 80 Grp. v. IRS, 406 F.3d 950,
952 (8th Cir. 2005).  Here, the parties filed cross motions for summary judgment
and the same standards apply.  In re McDonald, No. AP 18-09036, 2021 WL 1234456,
at *3 (Bankr. N.D. Iowa Mar. 30, 2021).  The Court agrees with the parties that there
are no disputed material facts.

### III.    FINDINGS OF FACT

The parties agreed at the hearing and in their filings that there are no issues of
material fact.  The following are the undisputed material facts.  The security
agreements executed in favor of or held by KSB and related UCC financing
statements identify "general intangibles" as collateral.  KSB timely filed a proof of
claim in BDC's bankruptcy case asserting its rights against all of its collateral.

### IV.    CONCLUSIONS OF LAW AND DISCUSSION

Because there are no disputes of material fact, the moving party must
demonstrate that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).
The law is governed largely by the recent Eighth Circuit case, Pitman Farms v.
ARKK Food Co. (In re Simply Essentials), 78 F.4th 1006 (8th Cir. 2023).  In Simply
Essentials, the Eighth Circuit held that avoidance actions are property of the estate
that a trustee can sell under § 541(a) of the Bankruptcy Code. Id. at 1011.  In reaching

its conclusion, the Eighth Circuit noted (in one of two holdings on property of the estate) that avoidance actions are property of the estate under § 541(a)(1) because "the debtor has an inchoate interest in the avoidance actions prior to the commencement of the bankruptcy proceedings." Id. at 1009. This statement about "an inchoate interest in the avoidance actions" is the focus of the issue raised here. The parties argue about whether BDC's inchoate interest in avoidance actions before bankruptcy was sufficient to give KSB a lien on avoidance actions that arose after the case was filed through the pledge of "general intangibles."

### A. Existing Case Law Has Rejected KSB's Arguments

The weight of the case law that existed before the Simply Essentials decision flatly rejected the arguments KSB makes here. "[A] pre-petition lien does not attach to rights or actions by the trustee of a bankruptcy estate that did not exist prior to the bankruptcy filing." In re Pierport Dev. & Realty, 491 B.R. 544, 549 (Bankr. N.D. Ill. 2013) (citing In re Tek-Aids Indus., 145 B.R. 253, 256 (Bankr. N.D. Ill. 1992)). The trustee's claims arise "as of the date of the bankruptcy filing and [are] not subject to any creditor's pre-petition lien." Id. at 550.

> Avoidance actions, **including those arising under state law**, can only be brought by the trustee after the petition is filed under the trustee's section 554(b) rights. These claims, therefore, arise post-petition and must be considered after-acquired property belonging to the estate. Further, because the **Debtor does not own the right to pursue a fraudulent transfer action in bankruptcy (since that action belongs to the trustee post-petition under section 544(b)), the Debtor could not have encumbered or assigned that right prepetition**.

4

Official Comm. of Unsecured Creditors v. UMB Bank (In re Residential Cap., LLC),

497 B.R. 403, 414 (Bankr. S.D.N.Y. 2013) (emphasis added). See also In re Connolly

Geaney Ablitt & Willard, P.C., 585 B.R. 644 (Bankr. D. Mass. 2018) (relying on In

re Residential Cap. and holding that pre-petition liens do not attach to avoidance

recoveries); In re AMKO Fishing Co., No. 1:15-BK-00489, 2018 WL 3748820

(B.A.P. 9th Cir. Aug. 7, 2018) ("[T]he Trustee accedes to general unsecured creditors'

right to bring a fraudulent conveyance action [or other Chapter 5 actions], **which the**

**debtor cannot otherwise encumber.**") (emphasis added); In re Ludford Fruit Prod.,

Inc., 99 B.R. 18, 25 (Bankr. C.D. Cal. 1989) ("To conclude that preference actions

are the proceeds of collateral held pursuant to a pre-petition security interest would

not only violate logic but also the policy behind the avoidance powers.").

The leading treatise, Collier on Bankruptcy, is consistent with this body of

caselaw:

> Once a bankruptcy case commences, however, because all recoveries
> under the avoiding powers are property of the estate, administered
> almost exclusively by the trustee for the benefit of the estate as a whole
> rather than for any creditor individually, **it is difficult to see how such**
> **recoveries can be other than "after-acquired property" within the**
> **meaning of section 552(a), rather than proceeds of prepetition**
> **collateral under section 552(b)(1).** This is true for fraudulent transfers
> as well as preferences, and no persuasive distinction seems possible
> along these lines. Prebankruptcy state law preferences exist, and may
> be asserted postbankruptcy under section 544(b) of the Bankruptcy
> Code. And the assertion by a trustee of state fraudulent transfer law
> under section 544(b) allows for an expanded recovery under the rule of
> *Moore v. Bay*, as well as section 550, underscoring the fact that the
> recoveries that are property of the estate under section 541(a)(3) **are**

5

**peculiarly postpetition in nature**. Indeed, a creditor may not sue to recover a state law fraudulent transfer once a case in bankruptcy is commenced, because this would be taking a chose in action from the estate, thereby violating the automatic stay. **On the whole, therefore, the more persuasively reasoned opinions do not permit secured creditors to share in recoveries obtained by bankruptcy trustees or estate representatives pursuant to the avoiding powers, even where such creditors may have independent, traceable rights to those funds**.

5 Collier on Bankruptcy ¶ 552.02[5][d] (16th ed. 2020) (emphasis added).

### B. *Effect of Simply Essentials Decision on Existing Case Law*

Nothing from Simply Essentials changes this well-established law.  Simply Essentials never addressed this issue at all.  KSB also never discusses this well-established case law other than to suggest it all predates Simply Essentials and has somehow been overruled.  KSB does not even have an independent right to recovery which (as noted above) would give it the best—but still insufficient—argument. KSB is only trying to claim the trustee's post-petition right of recovery on avoidance actions for its own.  That right to recovery is "peculiarly postpetition in nature." 5 Collier on Bankruptcy ¶ 552.02[5][d] (16th ed. 2020).  It arises post-petition and only for the trustee or debtor in possession ("DIP") to pursue, and only for the benefit of the estate—not a single creditor.

The Eighth Circuit recognized in Simply Essentials that the "debtor in possession or the Trustee" is the party with the rights to the avoidance action—not Debtor.  74 F.4th at 1009–10.  The Court recognized avoidance actions are allowed

solely for the benefit of the estate and its creditors—not debtor or one of its creditors—and "belong to the estate". Id. The case did not purport to change this well-established law. KSB argues that because the Eighth Circuit noted (in one of its two alternative holdings on property of the estate) "that the debtor has an inchoate interest in avoidance actions prior to the commencement of the bankruptcy proceeding," this somehow necessarily changed the law and gives KSB a security interest in the trustee's actions that arise after the bankruptcy filing. KSB reads far too much into the Eighth Circuit's comment about "an inchoate interest" of the debtor.

*1. Debtor's Inchoate Interest is Narrowly Defined in Simply Essentials*

KSB seems to believe Simply Essentials defines Debtor's inchoate property interest in avoidance actions as equating to debtor's inchoate right to pursue and recover on those actions. Thus, KSB argues Debtor assigned these rights pre-petition to KSB as collateral, and KSB now controls or has a right to the recoveries on those actions. Simply Essentials says no such thing. The Eighth Circuit carefully defined what the rights of the various parties are:

> [A]voidance actions are used to undo transfers [of property] made by the debtor prior to the commencement of the bankruptcy that were made **voidable by the Bankruptcy Code.** Because debtors have the right to file for bankruptcy and the **debtor in possession or the Trustee may file avoidance actions** to recover property [for the estate], the debtor has an inchoate interest in the avoidance actions prior to the commencement of the bankruptcy proceedings.

7

In re Simply Essentials, 78 F.4th at 1009 (emphasis added). The Eighth Circuit thus narrowly limited Debtor's right in those avoidance actions to the act of filing the bankruptcy, which triggers the ability to have those transfers possibly undone by the trustee or DIP for the benefit of all creditors. Nowhere does Simply Essentials say Debtor's pre-petition inchoate right extends to or matures into the Debtor's right to recovery of the value of avoidance. That is not possible under the law. Simply Essentials specifically limits the inchoate right of debtor to something that is essentially legal—a right to file **bankruptcy** and invoke the Bankruptcy Code including its powers to have the trustee or DIP undo debtor's own transfers. Debtor's remaining inchoate right after invoking the Bankruptcy Code is limited to the remote right to participate in a distribution if enough recovery is made that all creditors are paid in full.

2. *KSB's Broad Reading of Debtor's Inchoate Interest Conflicts with Fundamental Bankruptcy Principles*

KSB's entire argument hinges on an assumption that the pre-petition inchoate right of Debtor is much broader and includes the right to receive the trustee's avoidance recovery, which KSB can claim as part of its "general intangibles" collateral. The Eighth Circuit again, says no such thing. It simply reiterates the long-established law that the filing of bankruptcy creates Chapter 5 avoidance actions, places them under the exclusive control of the trustee or DIP (or a creditor the Court approves to act in the Trustee's place), and specifies the recovery is solely

8

for the benefit of the estate—and its creditors. <u>Id.</u>  Again, the law is well-established on these points.  <u>Briar Cap. Working Fund Cap. v. Remmert</u> (<u>Matter of S. Coast Supply Co.</u>, 91 F.4th 376, 382 (5th Cir. 2024), <u>cert. denied sub nom.</u> <u>Remmert v. Briar Cap. Working Fund Cap., LLC.</u>, 144 S. Ct. 2631 (2024); <u>In re Connelly Geaney Ablitt & Willard, P.C.</u>, 585 B.R. 644, 649–51 (Bankr. D. Mass. 2018); <u>In re Residential Cap.</u>, 497 B.R. at 414–15; <u>In re EPD Investment Co.</u>, No. 2:10-BK-62208-ER, 2018 WL 947636 at *8–10 (Bankr. C.D. Cal. Feb. 17, 2018); <u>In re Pierport Dev. & Realty</u>, 491 B.R. at 549.  The only thing the Debtor controls in any of this is simply the right to file bankruptcy—a legal right to trigger the trustee's or DIP's rights to pursue these recoveries for the estate.  When Debtor files, it gives those actions a chance to come into legal existence.  It is the crucial and necessary step to allow the avoidance actions—which could not exist pre-petition—to exist.  They come into existence solely by statute upon filing and solely for the benefit of the estate.

a. <u>Debtor's Inchoate Right Before Bankruptcy is a Narrow Legal Right Not Subject to a Lien</u>

The inchoate right KSB argues for—the right of the Debtor to file avoidance claims and to recover money for itself—did not and could not exist pre-petition, or ever.  The best way to understand this is to look to what KSB could have collected upon that was tied to the inchoate interest if bankruptcy was never filed.  <u>See</u> <u>Butner v. United States</u>, 440 U.S. 48, 55 (1979) (explaining that property interests, including security interests, should be defined and analyzed the same inside and outside of

9

bankruptcy).  The answer is nothing.  Trustee's avoidance actions do not exist outside of bankruptcy.  The inchoate property rights Debtor had pre-petition never encompassed—nor could they ever encompass—any collectible value outside bankruptcy.  That does not mean that the inchoate right described in <u>Simply Essentials</u> never exists.  It exists as a right that likely has no monetary value, except in the unlikely event that enough is recovered by the estate that all creditors would be paid and there would still be money available for the Debtor.  The right, however, is one with strategic and legal value for Debtor in deciding to file for bankruptcy.  It would not—in any event—be a "general intangible" right of **debtor** with value pre-petition that KSB could claim as collateral.  There is simply no lienable property interest KSB has access to at any time.

This legal or other remote right with limited to no value or transferability nevertheless becomes property of the estate.  <u>In re Ryerson</u>, 739 F.2d 1423, 1425 (9th Cir. 1984) (property interest, even if not transferable, becomes estate property); <u>In re Jones</u>, 487 B.R. 224, 229 (Bankr. D. Ariz. 2012) ("[T]here is no requirement that the debtor be able to transfer the interest, or that creditors be able to reach it, for the interest to be part of the estate").  This concept of the debtor's pre-petition inchoate property interest having no monetary value is not unusual.  A somewhat similar inchoate dower right was discussed in <u>In re Ventura</u>, 582 B.R. 755 (Bankr. N.D. Iowa 2018).  This Court noted that:

> Iowa law provides that, while the spouse is alive, a statutory dower share is an **inchoate, contingent interest** but is nonetheless a property right that attaches during the spouse's life. The nature of the statutory dower interest as a property right under Iowa law compels the Court to find that it became property of the estate.

Id. at 765 (emphasis added).   The inchoate dower interest becomes part of the bankruptcy estate, "but it [is] impossible to transfer that interest to Trustee—and so it [is] also impossible for Trustee to 'use, sell, or lease' the interest."   Id.   Like Ventura, this case has an "inchoate interest" of the pre-petition Debtor that enters the estate—but has no monetary value nor can it be administered by the estate.   Here, like Ventura, the pre-petition inchoate interest could not be sold or transferred at any point by the Debtor itself.

The inchoate, contingent dower interests and the inchoate, contingent Chapter 5 interests are certainly not identical in every way.   Dower rights vest in the holder upon the holder's spouse's death.   Id. at 766.   This could happen before or after bankruptcy.   Up until that point, the dower holder cannot transfer the interest.   Here, there can be no "vesting" or maturing of the claim for **Debtor**.   The avoidance actions only are available for the trustee or DIP.   The inchoate right of Debtor never produces value unless it is the rare case where all other creditors are paid and money still remains.   Simply stated, this case is another "strange case where the interest is technically property of the estate under § 541," but it has no continuing value for practical purposes to the debtor—unless all other creditors are paid in full.   Id.

11

b. <u>Debtor Had No Ownership Interest in Avoidance Actions</u>

KSB has no basis on which to claim a lien on "Debtor's causes of action" because the avoidance actions were **never Debtor's causes of action**.   <u>In re Residential Cap.</u>, 497 B.R. at 414 ("[B]ecause the Debtor does not own the right to pursue a fraudulent transfer action in bankruptcy … the Debtor could not have encumbered or assigned that right prepetition.") (citing numerous cases).  Avoidance actions come into being by statute, not as a continuation of rights already held by Debtor pre-petition.  <u>Matter of S. Coast Supply Co.</u>, 91 F. 4th at 382 (a preference action "is a right of action created by federal bankruptcy law."); <u>In re Pierport Dev. & Realty</u>, 491 B.R. at 549 (citing <u>In re Tek-Aids Indus.</u>, 145 B.R. 253, 256 (Bankr. N.D. Ill 1992) (holding that the right to bring a preference under § 547 arises as a special provision under the Bankruptcy Code)).  The Debtor never had—nor could it have—any such right pre-petition.

The only possible rights that existed pre-petition to carry over into avoidance actions are those that existed under state law for **all other creditors**—to use for collections if no bankruptcy case was ever filed.  <u>In re AMKO Fishing Co.</u>, No. 1:15-BK-00489, 2018 WL 3748820 (B.A.P. 9th Cir. Aug. 7, 2018) ("[T]he Trustee accedes to general unsecured creditors' right to bring a fraudulent conveyance action [or other Chapter 5 actions], **which the debtor cannot otherwise encumber**.") (emphasis added). <u>See also</u> <u>In re Connelly Geaney Ablitt & Willard, P.C.</u>, 585 B.R.

12

at 649 (state law avoidance claims can only be brought by trustee under §544(b) and "[d]ebtor does not own the right to pursue a fraudulent transfer action in bankruptcy (since that action belongs to the trustee post-petition under section 544(b)).");  In re Residential Cap., 497 B.R. at 414 ("Avoidance actions, including those arising under state law, can only be brought by the trustee **after** the petition is filed.") (emphasis added).  In fact, Simply Essentials cited Nat'l Tax Credit Partners L.P. v. Havlik, 20 F.3d 705, 708–09 (7th Cir. 1994) as stating: "[T]he right to recoup a fraudulent conveyances, **which outside of bankruptcy may be invoked by a creditor**, is property of the estate that only a trustee or debtor in possession may pursue once a bankruptcy is under way." 78 F. 4th at 1010 (emphasis added).

KSB is not claiming any lien rights in those actions that existed for all creditors outside of bankruptcy.  KSB had no security agreement with all creditors that suggested any such thing—and it has never asserted such rights.  Yet, KSB is claiming rights in a thing that was only created post-petition—the bankruptcy trustee's avoidance actions.  KSB's claim is that it has such rights through the Debtor even though **avoidance actions**, by their very terms, **arise as a creditor's right outside bankruptcy**, and in bankruptcy are available only for the benefit of all creditors.  KSB is entirely without a basis for such a claim.  The trustee or DIP never had any security agreement with KSB.  "All creditors" similarly had no such agreement with KSB.

c. <u>KSB's Argument Conflicts with Existing Law and Undermines the Actual Holding of Simply Essentials</u>

Nowhere did <u>Simply Essentials</u> suggest that a pre-petition debtor can recover monetarily from post-petition avoidance actions.  Under the law, that is not possible unless all other creditors are paid in full first.  <u>See</u> 11 U.S.C. 726(a) (statutory distribution scheme placing Debtor last in the distribution order).  <u>Simply Essentials</u> certainly did not say anything like that or suggest Debtor could give such rights as collateral to one pre-petition creditor.  KSB would have this Court believe <u>Simply Essentials</u> was a radical decision that fundamentally changed many aspects of the well-settled law.  KSB is arguing that now a trustee or DIP's rights to recover avoidance actions for the estate can be taken away by a pre-petition Debtor who decided to assign those rights (as collateral) for the sole benefit of a single pre-petition creditor.  KSB is suggesting that <u>Simply Essentials</u> set up a new role where a pre-petition debtor can funnel the benefit of those avoidance actions for one creditor until that creditor's claims have been satisfied.  KSB is essentially arguing <u>Simply Essentials</u> changed three bedrock principles noted by numerous citations above: (1) avoidance actions arise by statute post-petition; (2) the trustee or DIP has the sole right to pursue avoidance actions, and (3) those avoidance actions can only be pursued for the benefit of all the estate's creditors, unless the Trustee or DIP sells them after filing.  Nothing in <u>Simply Essentials</u> supports such a radical conclusion.

The <u>Simply Essentials</u> opinion did not make any such holdings.  <u>Simply Essentials</u> reiterated, not undercut, all of these bedrock principles.

KSB's reading of <u>Simply Essentials</u> would entirely undermine the actual holding and result of the opinion.  The Eighth Circuit concluded avoidance actions are property of the estate that the **trustee** can sell "**for the benefit of** the estate." 78 F. 4th at 1008 (emphasis added).  KSB argues for a reading of the case that would undercut or effectively gut that result.  KSB believes the case allows the pre-petition Debtor to provide Trustee's avoidance actions as a single creditor's collateral and that single creditor could claim all the benefit of those actions until it, not the other creditors of the estate, was paid in full.  The trustee or DIP would not be able to sell any avoidance actions for the estate because a pre-petition creditor could lock them up for its sole benefit.  This is the opposite of the result and rationale of <u>Simply Essentials</u>.  The only reading of the case that makes it consistent with itself and the existing law is the one adopted by this Court.  This Court rejects KSB's reading as a matter of law and common sense.

   d. <u>KSB's Cited Case Law Does Not Apply to Avoidance Actions</u>

KSB cites case law for the proposition that "[w]here the parties include an after acquired property clause, inchoate choses in action are brought within the grasp of the security interest." <u>In re Heron, Burchette, Ruckett, & Rothwell</u> 148 B.R. 660, 683 (Bankr. D.D.C. 1992) (citing supporting cases).  This rule applies only to

**Debtor's causes of action** that **Debtor** has an interest in pre-petition—but happen to fully mature post-petition. This rule does not apply here, where Debtor has no right in the action that would allow Debtor to pursue it outside of bankruptcy if it matured. <u>See</u> <u>Butner</u>, 440 U.S. at 55 (rights of creditors defined and analyzed the same inside and outside of bankruptcy). Simply stated, Debtor has no actionable right here, as those avoidance rights arise in trustee or DIP after filing—and only in all other creditors (if at all) before filing. That could never happen here because bankruptcy avoidance actions only come into being after filing and do not take life from Debtor's rights in Debtor's pre-petition past. The only theoretical related rights that existed pre-petition were those under state law for all creditors—not Debtor.

This result does not deprive KSB of key collateral it bargained for or on which it based its lending decisions. KSB is simply aggressively pursuing an argument to **add** to its collateral based on case law arising well after it made its bargain. KSB's collateral is not being reduced from what it bargained for or had reason to believe was available. KSB's collateral, in the simplest terms, is not expanded by the language from the <u>Simply Essentials</u> opinion about Debtor's inchoate pre-petition interest.

### 3. KSB Ignores <u>Simply Essentials</u> Holding Under 11 U.S.C. § 541(a)(7)

KSB also almost entirely ignores the second and equally applicable holding from <u>Simply Essentials</u>—which requires no consideration of Debtor's inchoate

interest at all.  That second and equally applicable holding was: "the avoidance actions **clearly qualify** as property of the estate under subsection (7) which includes 'any interest in property that the estate acquires **after** the commencement of the case.'  The Bankruptcy Code makes these assets **available to the estate after** the **commencement of the case**." 78 F. 4th at 1009 (emphasis added).  KSB has no argument about how it could possibly have full control or benefit of the avoidance actions as it claims—and still be consistent with this holding.  In short, these assets cannot be covered entirely by KSB's lien and still be available to the estate for the benefit of all creditors.

KSB's only arguable response to <u>Simply Essentials</u> section 541(a)(7) holding is that the "after-acquired" avoidance actions are "proceeds" of KSB's collateral interest in Debtors pre-petition inchoate right.  This argument contradicts section 541(a)(7) and the <u>Simply Essentials</u> conclusion that avoidance actions arise and are acquired by the estate post-petition.  There is no tie to a pre-petition right of Debtor because, under section 541(a)(7), the estate acquired the right post-filing when it came into being.  This provides no basis for KSB's lien arguments.

   a.  <u>Case Law Rejects KSB's Arguments that Avoidance Actions are Proceeds of Pre-petition Collateral</u>

Even if the Court were to assume KSB has a recognizable pre-petition security interest in avoidance actions (which it does not), the Court rejects KSB's proceeds

argument as being directly contrary to the law.  Section 552 addresses the post-

petition effect of security interests.  It states:

> Except as provided in subsection (b) of this section, **property acquired by the estate** or by the debtor **after the commencement of the case is not subject to any lien** resulting **from** any **security agreement** entered into by the debtor **before the** commencement of the **case**.

ll U.S.C. § 552(a) (emphasis added). Subsection (b)(1) states, in relevant part:

> … if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest … extends to property of the debtor acquired before the commencement of the case and to **proceeds** … of such property, then such security interest extends to such **proceeds** … acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law.

ll U.S.C. §552(b)(1) (emphasis added).  KSB argues under these sections that its lien

on general intangibles includes the inchoate right of Debtor before bankruptcy and

extends to the avoidance actions the estate acquires after the bankruptcy is filed

because these actions are "proceeds" of that pre-petition inchoate interest.  Similar

arguments, again, have been almost uniformly rejected by case law which KSB does

not even acknowledge.  "Proceeds" only covers "property that is directly attributable

to prepetition collateral, without addition of estate resources." In re Residential Cap.,

501 B.R. at 612.  See also In re Twin Pines, LLC, 2021 WL 312674 at *18 (Bankr.

D.N.M. Jan. 29, 2021) (same).  The Courts have generally found this rule to stem

from and be consistent with Supreme Court case law that prohibited "the creation of

an enforceable lien upon a subject **not existent when the bankruptcy became**

18

**effective** or even arising from, or connected with, preexisting property, but brought

into **being solely as the fruit of the subsequent labor of the bankrupt**." In re

Barbara K Enterprises Inc., 2008 WL 24 39679 at *10 (Bankr. S.D.N.Y. 2008)

(quoting Local Loan Co. v. Hunt, 292 U.S. 234, 243 (1934) (emphasis added). Here,

avoidance actions by the trustee or DIP did not exist at filing and, at a minimum, are

the quintessential things that require the addition of estate resources to succeed and

produce a recovery. In fact, Simply Essentials recognized this very point by noting

that estates often do not have the resources to pursue those actions—and instead of

letting them go with no recovery, Trustees can sell them to get a recovery. 78 F. 4th

at 1010.

Avoidance actions arise post-petition as after-acquired property, not proceeds.

In re Stallings, 290 B.R. 777, 783 (Bankr. D.Id. 2003) ("It must be emphasized that

subsection (b)(1) creates and exception for proceeds … generated by prepetition

collateral, and not for 'after-acquired' property obtained by the … estate

postpetition") (citing Collier on Bankruptcy ¶ 552.02[1] 552–7). The actions do not

stem from or arise out of property of the debtor acquired pre-petition that was

changed, converted, substituted, or replaced with some other property. In Matter of

Strick Chex Columbus Two, LLC, 542 B.R. 914, 919 (Bankr. N.D. Ga. 2015). Debtor

does not own the right to avoidance actions. In re Residential Cap., 497 B.R. at 414.

Again, Debtor could not have encumbered those actions pre-petition. Even if so,

19

there is no pre-petition collateral that could possibly produce post-petition "proceeds." Id. They arise as a brand-new thing only after bankruptcy is filed. That is the second holding of Simply Essentials under § 541(2)(7). Debtor has no pre-petition right to collect on or recover from those actions—it is simply never a right debtor would or could have. When those rights are created, they are **created** post-petition in the trustee or a DIP, solely for one of them to pursue, and solely for the benefit of the estate. The filing that creates them thus makes their entire existence post-petition. They do not spring from something pre-petition. In re EDP Inv. Co., 2018 WL 947636 at *9–10 (Bankr. C.D. Cal. Feb. 17, 2018) (drawing key distinction between rights that arise entirely post-petition as being after acquired property and proceeds of pre-petition collateral.). They are not something that exist or can be used by debtor ever in a pre-petition setting.

The case of In re Connolly Geaney Ablitt & Willard, P.C. recited all these authorities and arguments at length before concluding the Residential Capital analysis was particularly persuasive. 585 B.R. 644, 651–63 (Bankr. D. Mass. 2018) (citing and quoting Residential Cap., 497 B.R. at 414). Similarly, in In re EDP Investment Co., the court held that:

> [A]ll recoveries under the avoiding powers are property of the estate, administered almost exclusively by the trustee for the benefit of the estate as a whole rather than for any creditor individually, it is difficult to see how such recoveries can be other than 'after-acquired property' within the meaning of section 552(a), rather than proceeds of prepetition collateral under section 552(b)(1).

2018 WL 947636 at *9–10 (Bankr. C.D. Cal. 2018) (quoting 5-552 <u>Collier on Bankruptcy</u> ¶ 552.02)).  Proceeds are something received in **exchange for** or upon the sale of **collateral**.  <u>Id.</u>

> The Bankruptcy estate's right to sue under 11 U.S.C. § 547 is not received by the bankruptcy estate in exchange for the transfer of any property.  Rather, it is a special power Congress grants to the fiduciary in charge of a bankruptcy estate, trustee or debtor in possession, to implement the equal distribution of assets among the various classes of claims in the estate.  To conclude that preference actions [or any avoidance claims] are the proceeds of collateral held pursuant to a pre-petition security interest would not only violate logic but also the policy behind the avoidance powers.

<u>Id.</u> (citing <u>In re Integrated Testing Products Corp.</u>, 69 B.R. 901, 904–05 (D.N.J. 1987)).  This Court adopts and reiterates these cases' detailed rationales and finds they are fully applicable after the decision in <u>Simply Essentials</u>.  These cases fully dispose of KSB's remaining arguments.

### 4. KSB's Arguments Conflict with <u>Simply Essentials</u> Emphasis on Maximizing Value of the Estate

In fact, KSB's arguments violate the principles set forth by <u>Simply Essentials</u> in another important way referenced above.  <u>Simply Essentials</u> noted that its decision to allow sale of avoidance actions "is consistent with the congressional intent behind including a fiduciary duty to maximize the value of the estate." 78 F. 4th at 1010. The 5th Circuit, in adopting the <u>Simply Essentials</u> holding, specifically noted how the Eighth Circuit "succinctly explained" that the decision furthered the policy of

maximizing the estate for all creditors. KSB's position—in addition to being wrong
as a matter of law—would do the opposite—diminish what is available to the estate
and funnel it all to KSB, a single creditor.

## V. CONCLUSION/ORDER

For the foregoing reasons, KSB's motions are denied.


Ordered:

    September 10, 2024

Thad J. Collins
Chief Bankruptcy Judge

22