United States Bankruptcy Court
Northern District of Iowa

| | |
|---|---|
| In re: | Case No. 23-00484-TJC |
| BDC Group, Inc. | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0862-1 | User: admin | Page 1 of 4 |
| Date Rcvd: Oct 02, 2024 | Form ID: pdf902 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| +++ | Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 04, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | +++ | BDC Group, Inc., c/o Dennis C. Bruce, 565 Eastview Ave., Marion, IA 52302-5974 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: legalassistant@ablsonline.com | Oct 02 2024 20:31:00 | Ag & Business Legal Strategies, PO Box 11425, Cedar Rapids, IA 52410 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Oct 02 2024 20:30:21 | Ally Bank, c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 04, 2024                Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 2, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Abram V. Carls | on behalf of Creditor Keystone Savings Bank acarls@spmblaw.com smiller-miller@spmblaw.com |
| Austin Peiffer | |

| | | |
|---|---|---|
| District/off: 0862-1 | User: admin | Page 2 of 4 |
| Date Rcvd: Oct 02, 2024 | Form ID: pdf902 | Total Noticed: 3 |

| | |
|---|---|
| | on behalf of Attorney Ag & Business Legal Strategies austin@ablsonline.com austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | |
| | on behalf of Creditor Ag & Business Legal Strategies austin@ablsonline.com austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | |
| | on behalf of Plaintiff BDC Group  Inc. austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | |
| | on behalf of Appraiser Craig Hilpipre austin@ablsonline.com  austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Benjamin Gregory Nielson | |
| | on behalf of Creditor Herc Rentals  Inc. bnielson@pughhagan.com, eryan@pughhagan.com |
| Benjamin Gregory Nielson | |
| | on behalf of Creditor Deere Credit Inc. bnielson@pughhagan.com  eryan@pughhagan.com |
| Benjamin Gregory Nielson | |
| | on behalf of Creditor John Deere Financial f.s.b. bnielson@pughhagan.com  eryan@pughhagan.com |
| Benjamin Gregory Nielson | |
| | on behalf of Creditor John Deere Construction & Forestry Company bnielson@pughhagan.com  eryan@pughhagan.com |
| Brian S. Koerwitz | |
| | on behalf of Creditor Watts Electric Company bkoerwitz@eptlawfirm.com |
| Camber Jones | |
| | on behalf of Trustee Renee K. Hanrahan cjones@spencerfane.com |
| Claire Davison | |
| | on behalf of U.S. Trustee United States Trustee claire.r.davison@usdoj.gov |
| Dan Childers | |
| | on behalf of Creditor Hiawatha Properties LLC drc@shuttleworthlaw.com  patti@shuttleworthlaw.com |
| David Skalka | |
| | on behalf of Creditor Five Star Communications  LLC dskalka@crokerlaw.com, dcellar@crokerlaw.com |
| Elizabeth Lally | |
| | on behalf of Trustee Renee K. Hanrahan elally@lally-legal.com  bakerm@goosmannlaw.com |
| Elizabeth L. Janczak | |
| | on behalf of Attorney Smith  Gambrell & Russell, LLP ejanczak@sgrlaw.com, bkdocketing@sgrlaw.com |
| Elizabeth L. Janczak | |
| | on behalf of Creditor Committee Official Committee of Unsecured Creditors ejanczak@sgrlaw.com  bkdocketing@sgrlaw.com |
| Emily X. Douglas Moore | |
| | on behalf of Creditor Sheets Sterling  Inc. edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com |
| Emily X. Douglas Moore | |
| | on behalf of Defendant Sheets Sterling  Inc. edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com |
| Eric J. Langston | |
| | on behalf of Creditor DVA  Inc. d/b/a Ditch Witch of Virginia elangston@aegislaw.com, ericlangston357.gmail.com@recap.email |
| Eric W. Lam | |
| | on behalf of Creditor Keystone Savings Bank ELam@simmonsperrine.com  kcarmichael@SPMBLAW.com |
| Evan Lincoln Moscov | |
| | on behalf of Creditor Green Note Capital Partners SPV LLC evan.moscov@moscovlaw.com |
| Evan Lincoln Moscov | |
| | on behalf of Defendant Green Note Capital Partners SPV LLC evan.moscov@moscovlaw.com |
| Janet G. Reasoner | |
| | on behalf of U.S. Trustee United States Trustee janet.g.reasoner@usdoj.gov |
| Jason Rosell | |
| | on behalf of Creditor Zayo Group  LLC jrosell@pszjlaw.com |
| Jeffrey Douglas Goetz | |
| | on behalf of Creditor Karmen Denea Randall jgoetz@dickinsonbradshaw.com bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com |
| Jeffrey Douglas Goetz | |
| | on behalf of Creditor RP Construction  LLC jgoetz@dickinsonbradshaw.com, bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com |
| Jeffrey Douglas Goetz | |
| | on behalf of Creditor Zayo Group  LLC jgoetz@dickinsonbradshaw.com, |

Case 23-00484    Doc 540    Filed 10/04/24    Entered 10/04/24 23:35:43    Desc Imaged
Certificate of Notice    Page 3 of 19

| District/off: 0862-1 | User: admin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Oct 02, 2024 | Form ID: pdf902 | Total Noticed: 3 |

bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Jeffrey P. Taylor
    on behalf of Creditor Complete Design Solutions LLC jtaylor@krflawfirm.com, jkanellis@krflawfirm.com

Jordan A Kroop
    on behalf of Creditor Zayo Group LLC jkroop@pszjlaw.com

Joseph A. Peiffer
    on behalf of Plaintiff BDC Group Inc. joe@ablsonline.com,
joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Joseph A. Peiffer
    on behalf of Creditor Ag & Business Legal Strategies joe@ablsonline.com
joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Kristina M. Stanger
    on behalf of Creditor Liquid Capital Exchange Inc. kmstanger@nyemaster.com, mbbreckenridge@nyemaster.com

Mark A Ludolph
    on behalf of Creditor Caterpillar Financial Services Corporation mludolph@heylroyster.com

Martin McLaughlin
    on behalf of Creditor United States of America (SBA) marty.mclaughlin@usdoj.gov
usaian.ecfbkcycr@usdoj.gov;CaseView.ECF@usdoj.gov

Peter Chalik
    on behalf of Creditor BMO Bank N.A. f/k/a Bank of the West, d/b/a Ditch Witch Financial Services chalik@whitfieldlaw.com, hodzic@whitfieldlaw.com

Renee K. Hanrahan
    rhanrahan@sharontc.net rhanrahan@ecf.axosfs.com

Ronald C. Martin
    on behalf of Creditor Dennis Bruce rmartin@drpjlaw.com rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Ronald C. Martin
    on behalf of Interested Party Dennis Bruce rmartin@drpjlaw.com
rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Roy Ryan Leaf
    on behalf of Creditor Liquid Capital Exchange Inc. rleaf@nyemaster.com,
sgreenman@nyemaster.com;scarney@nyemaster.com;lduncan@nyemaster.com;mcopple@nyemaster.com;broberts@nyemaster.com

Rush M. Shortley
    on behalf of Creditor East Central Iowa Council of Governments rush@shortleylaw.com r51060@notify.bestcase.com

Rush M. Shortley
    on behalf of Creditor Marcelino Avalos rush@shortleylaw.com r51060@notify.bestcase.com

Scott D. Fink
    on behalf of Creditor Breakout Capital Finance LLC bronationalecf@weltman.com

Shelly A. DeRousse
    on behalf of Creditor Committee Official Committee of Unsecured Creditors sderousse@sgrlaw.com bkdocketing@sgrlaw.com

Stephanie L. Hinz
    on behalf of Creditor Ally Bank c/o AIS Portfolio Services, LLC shinz@pbalawfirm.com,
dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Stephanie L. Hinz
    on behalf of Defendant Breakout Capital Finance LLC shinz@pbalawfirm.com,
dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Terry Gibson
    on behalf of Creditor GreenState Credit Union tgibson@wandrolaw.com filings@wandrolaw.com

Terry Gibson
    on behalf of Creditor Isotropic Network Inc. tgibson@wandrolaw.com, filings@wandrolaw.com

Terry Gibson
    on behalf of Creditor Manchester Leasing Services Inc. tgibson@wandrolaw.com, filings@wandrolaw.com

Timothy N. Lillwitz
    on behalf of Creditor Zayo Group LLC tlillwitz@dickinsonbradshaw.com, birch.theresa@bradshawlaw.com

Tonita M Helton
    on behalf of Creditor Committee Official Committee of Unsecured Creditors thelton@freeborn.com lfrausto@freeborn.com

United States Trustee
    USTPRegion12.CR.ECF@usdoj.gov

| | | |
|---|---|---|
| District/off: 0862-1 | User: admin | Page 4 of 4 |
| Date Rcvd: Oct 02, 2024 | Form ID: pdf902 | Total Noticed: 3 |

Wendee Noel Elliott-Clement
    on behalf of Creditor BANK OF AMERICA  N.A. iabkndecf@southlaw.com, ksbkecf@ecf.courtdrive.com

Wesley B. Huisinga
    on behalf of Creditor John Deere Construction & Forestry Company wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

Wesley B. Huisinga
    on behalf of Creditor John Deere Financial f.s.b. wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

Wesley B. Huisinga
    on behalf of Creditor Deere Credit Inc. wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

TOTAL: 56

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor | Chapter 7<br><br>Bankruptcy No. 23-00484 |

**RULING ON MOTION FOR CONTEMPT**

The matter before the Court is the Motion of Keystone Savings Bank ("KSB") for contempt against Zayo Group, LLC ("Zayo"). The Court held a telephonic hearing on this matter May 2, 2024. Eric Lam and Abram Carls appeared for KSB. Jeffrey Goetz, Jordon Kroop, and Timothy Lillwitz appeared for Zayo. Camber Jones and Elizabeth Lally appeared for Chapter 7 Trustee Renee Hanrahan. Mark Ludolph appeared for Caterpillar Financial Services Corporation. The Court heard arguments and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(B), (G) and (O).

### I. Statement of the Case

KSB and Zayo reached a settlement on Zayo's Motion for Relief from Stay and KSB's objection to it. They agreed to a stipulated order to implement this settlement, which the Court adopted and filed January 24, 2024 (hereinafter, "Stipulated Order" or "Order"). The Stipulated Order required Zayo to make

payments of just over $480,000 to the Debtor "upon entry of this Order." KSB filed this Motion for Contempt, claiming Zayo has failed to comply with the Stipulated Order. Zayo claims it functionally complied, in part, by exercising "recoupment" rights it had against the estate. The Court agrees with KSB and finds Zayo in contempt of the January 24, 2024, Stipulated Order.

## II. UNDISPUTED FACTUAL BACKGROUND

On December 7, 2023, Zayo moved for relief from the automatic stay under 11 U.S.C. § 362(d) seeking to terminate a contract with Debtor to install fiber optic cable adjacent to commercial railroads between Chicago and Omaha. Zayo noted several breaches in performance by the Debtor to support termination, including failure to pay one of Debtor's own subcontractors, GuideWell. GuideWell filed liens on the project.

KSB resisted the motion for relief from stay on a number of grounds. The Court held a preliminary hearing on the motion December 15, 2023, and set the matter for an in-court evidentiary hearing January 4, 2024. KSB filed a motion to continue that hearing on December 31, 2023. Debtor joined the motion to continue. Zayo resisted. The Court continued the hearing to January 18, 2024. On January 15, 2024, KSB filed a second motion to continue. Zayo objected again. The Court heard the second motion to continue by telephone. The Court converted the in-court stay hearing to a telephonic hearing which was held on January 18, 2024. The parties

2

informed the Court of settlement discussions and the Court continued the matter for a follow-up status conference January 24, 2024. The parties resolved the matter with the Stipulated Order at issue here, filed January 24, 2024.

Under that Stipulated Order, Zayo agreed, among other things, to the following:

> 3. Zayo owes BDC $237,824.14 in non-retainage payments … Upon entry of this order Zayo will pay this amount.
> 4. Zayo owes BDC [in retainage] … Upon entry of this order Zayo will pay $243,317.51 to BDC of that retainage…

The agreement also noted that Zayo disputed additional invoices totaling $241,642.90 and outlined procedures for dealing with that issue. Finally, Zayo agreed:

> 6. Any and all moneys and payments from Zayo to the Debtor constitute the Bank's cash collateral and thusly will be held by the Debtor in the appropriate DIP account and shall not be used or disbursed until further order from this Court or consent/stipulation from all requisite parties in interest.

Zayo did not make payments upon entry of the Order as required. Zayo instead began negotiating with the Chapter 7 trustee about how payments would be made and used. Zayo told all of the parties that payments were being processed and were on their way to the BDC DIP account. No payments of any kind were made for more than five weeks.

Upon inquiry from KSB about the required payments, Zayo informed KSB that Zayo had initiated discussions with the Chapter 7 Trustee about what Zayo owed

3

the estate and the timing and logistics of payment. KSB informed Zayo that those matters were covered in the Stipulated Order and KSB believed that Zayo was required to comply with that Court order. Zayo said it would no longer deal with KSB on these issues and was instead engaging the Chapter 7 Trustee in "settlement" discussions. It admitted that no amounts had been paid as the Order required.

KSB filed its Motion for Contempt on February 23, 2024, reciting the above facts. Zayo filed a resistance, accusing KSB of fraudulently inducing Zayo into agreeing to the Stipulated Order as part of KSB's scheme to thwart Zayo's attempts to get releases of GuideWell's liens. Zayo also filed a Motion for Clarification of or Relief from the Stipulated Order. Zayo argued that the "fraudulent inducement" of KSB should relieve it of its obligation under the Stipulated Order. It also argued, for the first time, that recoupment rights should be afforded to Zayo so that it could pay GuideWell and obtain lien releases—lien releases that Zayo believed would satisfy any obligation it had to pay the estate money under the Stipulated Order.

KSB responded by pointing out that Zayo had specifically agreed during negotiations that it would not insist on payment of GuideWell mechanic's lien invoices as part of the agreement between the parties in the Stipulated Order. Debtor then prepared the Stipulated Order and both KSB and Zayo agreed to its terms. KSB also pointed out that Zayo knew very well that KSB was opposed to Zayo using money it owed the estate to pay GuideWell. The Stipulated Order specifically stated

4

that "[a]ny and all moneys and payments from Zayo to the Debtor constitute the Bank's cash collateral." KSB also set forth other serious weaknesses in Zayo's fraudulent inducement argument. It requested an evidentiary hearing.

On March 28, 2024, Zayo withdrew both its original resistance to the motion for contempt and its motion for clarification or reconsideration of the Stipulated Order. It informed the Court that the parties were again trying to resolve the matter. The Court then reset the hearing on the Motion for Contempt to May 2, 2024. On April 1, 2024, Zayo paid GuideWell $300,000 in exchange for the release of all its liens and release of the BDC bankruptcy estate. Zayo then paid the Debtor the first payment required by the Stipulated Order—the $237,824.14 non-retainage amount—on April 4, 2024. After settlement talks broke down, Zayo filed a new objection to KSB's Motion for Contempt on April 17, 2024. Zayo claimed the payments it made to GuideWell and BDC together satisfied its obligations under the Stipulated Order and therefore, it was not in contempt. Zayo claimed the $300,000 payment to GuideWell satisfied its obligation under the Stipulated Order to pay $243,317.51 in retainage to the estate because Zayo was properly exercising its rights of recoupment under the law.

On April 26, 2024, KSB filed its response to Zayo's new objection to the contempt motion. KSB reiterated its previous arguments and added that recoupment was only an equitable defense, not available in the face of a specific court-ordered

payment to the Debtor. KSB further pointed out Zayo was still in contempt of the Order and had only complied with part of it long after KSB's motion for contempt.

KSB further asserted that Zayo knew that it did not have a right of recoupment in the Stipulated Order. It reiterated that Zayo agreed to the Order after specifically stating it would not insist on payment to GuideWell as a condition of the Order. KSB further pointed out that Zayo itself had previously recognized it did not have any such rights in an email during its alleged settlement negotiations with the Chapter 7 Trustee which stated:

> Zayo does not believe any of the unpaid invoices upon which GuideWell based its mechanics liens are disputed, and; therefore, GuideWell should be paid on those invoices forthwith, so the mechanics liens can be released. Since Zayo previously paid BDC for the work evidenced by those invoices, and BDC failed and refused to pay GuideWell, Zayo would argue that a portion of what it owes the Bankruptcy Estate should be specifically earmarked for payment to GuideWell, in exchange for a release of their mechanics liens. If Zayo had its druthers, it would pay GuideWell immediately from some of the money it owes the Bankruptcy Estate. As I would argue, this is a text book example of recoupment in bankruptcy.

### III. DISCUSSION AND CONCLUSIONS OF LAW

KSB argues that the Stipulated Order implementing the parties' settlement was clear and Zayo's failure to follow it was contempt. Zayo does not question this Court's authority to issue the contempt order that KSB requests. Zayo does not even meaningfully address the contempt standard or the sufficiency of the evidence to

6

support it. Zayo argues only that it has functionally complied with the Court's Order by making payments and exercising recoupment rights.

"A party commits contempt when [it] violates a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." In re Reed, 888 F.3d 930, 936 (8th Cir. 2018) (citations omitted). "A contempt finding requires 'clear and convincing evidence.'" Id. (citations omitted). Here, the Court finds that clear and convincing evidence in the record shows that Zayo has committed contempt. Zayo both failed to perform acts and failed to refrain from performing acts required under the Stipulated Order.

The Stipulated Order is definite and specific. It required Zayo to make payments to Debtor's bankruptcy estate, not any other party. The Order specified that Zayo owed BDC (the Debtor) the amounts stated. The payments were to be made upon entry of the Order. The Order specified that all payments were "from Zayo to the Debtor" and that those payments would be KSB's cash collateral. The Order prohibited Zayo or any other party from further using or disbursing any of that money "until further order from this Court or consent/stipulation from all requisite parties in interest."

Zayo knew of these obligations and disregarded them. Zayo did not comply with the terms of the Order. Zayo made no payments for over six weeks while it tried to negotiate a settlement with the Chapter 7 Trustee. Zayo was attempting to have

7

the Trustee earmark payments of funds Zayo would pay to the estate to a subcontractor, GuideWell, so it would release liens. Zayo knew these requests to the Trustee were not consistent with the Stipulated Order of January 24, 2024. Zayo's settlement communications with the Trustee stated, in part:

> Zayo would argue that a portion of **what it owes to the Bankruptcy Estate** should be specifically earmarked for payment to GuideWell, in exchange for a release of their mechanics liens. **If Zayo had its druthers, it would pay GuideWell immediately** from some of the money it owes the Bankruptcy Estate. As I would argue this is a textbook example of recoupment in bankruptcy.

The Chapter 7 Trustee did not agree to the arrangement. Zayo then——after six weeks—made payment of the $237,824.14 non-retainage amount to the estate. Zayo then decided to do what the trustee would not do—make payment of the retainage amounts to GuideWell in exchange for lien releases, and then claim recoupment supported its actions. The above communication shows that Zayo knew it had the obligation to pay the bankruptcy estate the retainage money, and that it decided not to do so. Zayo knew of its duty to pay the estate before anything would be paid to GuideWell. Zayo agreed—before the Stipulated Order was filed—that: "Zayo will not insist on payment of the GuideWell mechanics lien invoices until resolution of the disputed Zayo/BDC/Guidewell invoices 'through alternate dispute resolution.'"

As KSB points out: "One of the overreaching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge

the validity of orders to which they are subject." Chicago Truck Drivers v. Bhd. Lab. Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947). Zayo violated this principle when it decided it did not need to follow the stipulated order, instead using its own preferred method of payment and citing the doctrine of recoupment (nowhere mentioned in the Order and contrary to it) in support of its decision.

Zayo initially argued unforeseeable events occurred after the entry of the Stipulated Order. Zayo argued KSB improperly terminated BDC's line of credit and forced the case to convert to Chapter 7. Zayo claimed that KSB knew it would be taking these actions and kept its plans quiet in order to fraudulently induce Zayo into signing the agreement. Zayo, however, later withdrew this part of its resistance and never offered evidence to support it. The Court will not consider it here.

Zayo instead stands entirely on its use of the doctrine of recoupment. It argues that it exercised its right to recoupment by paying GuideWell directly. Zayo claims Debtor took the money Zayo paid—money that should have gone to GuideWell—and thus Zayo has a claim against Debtor for those funds. Zayo claims its payment to GuideWell of the funds it owed Debtor under the Stipulated Order was effectively recouping its right to the amount Debtor did not pay over properly to GuideWell in the first place.

"Recoupment is 'an equitable principle that allows a creditor in bankruptcy to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the [debtor's] claim.'" In re Terry, 687 F.3d 961, 963 (8th Cir. 2012) (quoting U.S. Postal Service v. Dewey Freight System, Inc., 31 F.3d 620, 622–23 (8th Cir. 1994)). "Recoupment allows a defendant to deduct its claim from the amount the plaintiff could otherwise recover if the claim arises out of the same transaction or subject matter on which the plaintiff sued." Id. (citing In re NWFX, Inc., 864 F.2d 593 (8th Cir. 1989)). As Terry and other cases make clear, recoupment is a defense to a claim by the bankruptcy estate. See also Estate of Smith v. Primerica Life Ins., 2021 WL 4499454 at *4 (W.D. Mo. Mar. 24, 2021) ("[Recoupment] is solely a matter of defense."); In re WL Homes, 563 B.R. 512, 516 (Bankr. D. Del. 2017) ("[Recoupment] is essentially a defense to the debtor's claim against the creditor."); In re Azevedo, 497 B.R. 590, 596–97 (Bankr. D. Idaho 2017).

The recoupment Zayo argues for is unavailable for several key reasons. First, it is not supported by—and in fact, was functionally prohibited by—the Stipulated Order. Second, recoupment rights are equitable in nature and may not be invoked by a party who has engaged in inequitable conduct. Even if recoupment in this case aligned with other applicable principles of equity, Zayo could not make the required showing that its obligations arose out of a "single integrated transaction."

As noted above, recoupment is an equitable principle. Equity is generally "inapplicable where the relationship between the parties is founded upon a written agreement." Matter of North Broadway Funding Corp., 34 B.R. 620, 623 (Bankr. E.D.N.Y. 1983). "[W]herever the rights or the situation of parties are clearly defined and established by law, equity has no power to change or unsettle those rights or that situation, but in all such instances the maxim 'equitas sequitur legem' [equity follows the law] is strictly applicable." Petersen v. E.F. Johnson Co., 366 F.3d 676, 680 (8th Cir. 2004). See also Matter of North Broadway Funding Corp., 34 B.R. at 623 ("Equity should not intrude itself where knowledgeable parties contract and where they have not been overborne by actions of the other party.").

Here, the law is clear—there is a written agreement and court order on the issue, which does not provide any room for recoupment. The Stipulated Order required Zayo to pay the bankruptcy estate (not another party) and provided that the funds paid were "the Bank's cash collateral," to be kept in the DIP account and "not [to] be used or disbursed" without court order or consent of the parties. Recoupment was not preserved as a right in the settlement that resulted in the Stipulated Order. The Order specifically provided at paragraph 6 that "**[a]ny and all moneys and payments** from Zayo to the Debtor" are cash collateral to be held in the DIP account "and **shall not be used or disbursed** until further order from the Court" or agreement by the parties. By paying GuideWell, without court approval, Zayo

11

violated the express terms of the Order. The payment to GuideWell was an improper use or disbursement made by Zayo. There is no other way to read the Order.

In addition to being inapplicable when a written agreement exists between the parties, equitable remedies may not be invoked by a party who has engaged in inequitable conduct. "[O]ne of the first questions that must be asked before any equitable doctrine can be applied is 'whether he who seeks equity has done equity.'" In re Williams, 256 B.R. 885, 897 (B.A.P. 8th Cir. 2001) (citing Smith v. World Ins. Co., 38 F.3d 1456, 1462 (8th Cir. 1994). "[R]elief in equity is granted to one who can show his own good faith; it is denied to someone who has been guilty of inequitable conduct in the very matter about which affirmative relief is sought." In re Loganbill, 554 B.R. 871, 893 (Bankr. W.D. Mo. 2016) (citing Moore v. Carter, 201 S.W.2d 923, 929 (1947).

Here, Zayo negotiated the specifics of a settlement and later attempted to avoid the express terms of that agreement by appealing to the equitable doctrine of recoupment. This Court has already found Zayo in contempt of the Stipulated Order. It would contravene basic principles of equity if the Court were to allow Zayo to assert the defense of recoupment after it breached the settlement agreement between it and KSB and refused to comply with an order of this Court.

Lastly, as noted, recoupment is allowed only when obligations "arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy

12

the benefits of the transaction without also meeting its obligations." In re Terry, 687 F.3d at 963 (quoting United States Postal Serv. v. Dewey Freight Sys., Inc., 31 F.3d 620, 623 (8th Cir. 1994) (citations omitted)). Here, Zayo cannot show that the obligations arise from a single integrated transaction. Zayo mistakenly asserts that the transaction giving rise to the obligation came from the underlying construction contracts. Zayo fails to recognize the context of this dispute. Zayo is not asserting a recoupment in response to—in defense of—a demand or lawsuit by the estate for payment based on the underlying transaction. Zayo is asserting a right to recoupment in response to specific, court-ordered obligations. That Stipulated Order is the transaction which fixed Zayo's obligation here. It is not the underlying construction contracts that form Zayo's obligation here. It is a decided amount—from settlement of a dispute where such recoupment rights may have been asserted—and fixed by order of the Court—as if it was fully adjudicated. The recoupment "right" that Zayo asserts does not come from the Order or the underlying settlement transaction with KSB under. It comes from the transactions further back in time that are not part of the Order.

The record makes this point abundantly clear. Zayo expressed a desire during settlement negotiations with KSB that payment to GuideWell (the claimed recoupment here) be part of the settlement agreement. KSB said no and Zayo then specifically relented on—or waived its right to claim—GuideWell being paid as part

13

of the parties' agreement. Zayo cannot now rely on the equitable doctrine of recoupment to give it rights it expressly gave up in the negotiations leading up to the Stipulated Order.

Zayo appears to be arguing that the Court should allow for recoupment in the face of this based on fairness or equity concepts. As the Eighth Circuit made clear in Terry, however, there is not an additional balancing of the equities test beyond the same transaction requirement. "The same transaction analysis inherently embodies competing issues of equity, for the simple reason that it would be **inequitable** for a debtor to enjoy the benefits of the same transaction without meeting its obligations." 687 F.3d at 964 (quoting In re Slater Health Center, Inc., 398 F3d. 98, 104 (1st Cir. 2005)). "[A]nalysis of the recoupment issue should begin and end with the same transaction question without discussing other equitable issues." Id. The obligations at issue here are not from the same transaction, and no recoupment is available. Again, this is not a case where recoupment is a defense to a claim. Here, it is being asserted in response to a definite and clear obligation ordered by the Court.

For the reasons stated above, and for the additional reasons noted by KSB that are not discussed here, the Court concludes Zayo remains in contempt of the Stipulated Order. It has failed entirely to fulfill its obligations under paragraph 4 of that Order. Zayo has 21 days from the date of this Order to comply with the January 24, 2024, Stipulated Order, in full, and with interest to reflect the ongoing delay. The

Court, by separate order, will set a hearing at or soon after expiration of the 21-day period for the purpose of determining whether Zayo has purged itself of the contempt, and/or whether there are any damages or sanctions that must be further considered.

## IV. Conclusion/Order

For the foregoing reasons, the Motion for Contempt is **GRANTED**. Zayo shall have 21 days from the entry of this Order to comply with the January 24, 2024, Stipulated Order, in full and with interest to reflect the ongoing delay.

Ordered:

October 2, 2024

Thad J. Collins
Chief Bankruptcy Judge