### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**APPLICATION FOR ATTORNEYS' FEES** |

Keystone Savings Bank ("Bank") submits its application for attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure 7054, which is made applicable by Federal Rule of Bankruptcy Procedure 9020 and 9014(c) and incorporates in relevant part Federal Rule of Civil Procedure 54(d)(2):

1.     The Bank requests an award of attorneys' fees under Federal Rule of Civil Procedure 54(d)(2) for the attorneys' fees incurred in obtaining an order of contempt against Zayo Group, LLC This motion is timely because it is filed "no later than 14 days" after the October 2, 2024 contempt order. Fed. R. Civ. P. 54(d)(2)(B)(i); Doc. 538, Order (Oct. 2, 2024).

2.     The Court held Zayo in contempt for failing to comply with the Court January 24, 2024 Stipulated Order commanding Zayo to pay the bankruptcy estate $243,317.51, among other amounts. Doc. 538. As stated in the contempt order, the Stipulated Order is "definite and specific" regarding Zayo's obligations to pay. *Id.* Despite that, the order found that "Zayo knew of these obligations and disregarded them." *Id.* at 7. And Zayo's attempts to claim recoupment as a defense to violating the Stipulated Order failed, not least because there is "no other way to read the Order" than as obligating Zayo to transfer funds to the estate. *Id.* at 12. Thus, for these and similar reasons, the Court held Zayo in contempt. *Id.* at 14-15.

3.     "[O]verriding considerations of justice" empower the Court award attorneys'

fees to the moving party in a civil contempt proceeding. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967). The reason an award of attorneys' fees is appropriate in a civil contempt proceeding is that civil contempt orders have both a "coercive" and a "remedial" purpose, *Grove v. Meltech, Inc.*, No. 8:20-cv-193, 2021 WL 6884495, at *1 n.1 (D. Neb. Jan. 29, 2021), and contempt orders' remedial purpose is advanced by "[r]eimburs[ing]" the moving party for the "expenses reasonably incurred in the prosecution of the contempt proceeding." *Hartman v. Lyng*, 884 F.2d 1103, 1107 (8th Cir. 1989). These expenses include attorneys' fees. *Jake's Ltd. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004) ("[A]n award of reasonably attorney's fees and expenses incurred by" the party "seeking to enforce the decree is a form of compensatory relief that is well within a district court's remedial discretion in civil contempt proceedings."); *see generally United States v. Abodeely*, 564 F. Supp. 327, 329 (N.D. Iowa 1983) (explaining that the court "may exercise its civil contempt power to compensate the injured party for the actions of the contemnor by awarding civil contempt damages, including attorney fees.").

4. "A remedial award of attorney's fees and costs is committed to the sound discretion of the district court." *Hartman*, 884 F.2d at 1107. In the Eighth Circuit, attorneys' fees can be awarded without a finding of willful disobedience. *Id.*

5. Accordingly, courts regularly award attorneys' fees to parties like the Bank, who incurred fees in coercing Zayo's compliance with a Court order. *E.g.*, *In re VeroBlue Farms USA, Inc.*, No. AP 19-09015, 2022 WL 1195643, at *4 (Bankr. N.D. Iowa Apr. 21, 2022) (Collins, J.) (awarding the attorneys' fees "incurred in attempting to get" compliance with a court order).

6. The Bank therefore requests attorneys' fees in the amount of $39,107.97. This

amount represents over 100 hours of work necessitated by Zayo's contempt and related conduct. A declaration supporting this fee request, as well as a time and expense report itemizing the services that incurred the fees, are attached as exhibits to this motion.

7. Although the time and expense report fully details the basis for the Bank's fee request, the Bank wishes to emphasize that much of its fees relate to Zayo's objections and litigation decisions pertaining to the Bank's motion to show cause. In Zayo's first objection to the motion, Zayo, without evidence, accused the Bank's attorneys of defrauding Zayo or otherwise fraudulently inducing it to consent to the order it contemned. *See* Doc. 449. This objection was followed by Zayo issuing discovery requests and subpoenas commanding the Bank's attorneys (Mr. Carls and Mr. Lam) to provide deposition testimony to attempt to buttress the baseless fraud accusations. Eventually, Zayo retracted the requests and subpoenas so the parties could informally exchange discovery materials. After further negotiations, Zayo also withdrew its fraud-based objection. Doc. 464. Getting Zayo to make this withdrawal and retraction demanded significant effort, as did defending against Zayo's discovery requests and fraud allegations.

8. Zayo's second objection was based on the doctrine of recoupment. Because the nature of the doctrine required Zayo to argue its obligation to make payments under the Court order arose out of Zayo's contracts with mechanics' lien claimants, the Bank's attorneys had to expend substantial time reading and analyzing those complex and lengthy documents to resist Zayo's second objection. Properly addressing the legal issues also required extensive research of factually pertinent decisions.

9. Beyond the above matters, there were two hearings on the Bank's contempt motion which necessitated argument, exhibit, and related preparations. The Bank submits

that the rates charged, and time spent, in obtaining the contempt order are reasonable.

WHEREFORE, Keystone Savings Bank respectfully requests that the Court award it $39,107.97 in fees as a remedial award for obtaining the contempt order and grant such other relief as is just under the circumstances.

Dated: October 16, 2024

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 16, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls