United States Bankruptcy Court
Northern District of Iowa

In re:                                                                    Case No. 23-00484-TJC
BDC Group, Inc.                                                          Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0862-1                    User: admin                              Page 1 of 3
Date Rcvd: Oct 17, 2024                 Form ID: pdf902                    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol        Definition**
+++            Addresses marked '+++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(e).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 19, 2024:**
**Recip ID        Recipient Name and Address**
db            +++  BDC Group, Inc., c/o Dennis C. Bruce, 565 Eastview Ave., Marion, IA 52302-5974

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2024                 Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 17, 2024 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Abram V. Carls | on behalf of Creditor Keystone Savings Bank acarls@spmblaw.com  smiller-miller@spmblaw.com |
| Austin Peiffer | on behalf of Attorney Ag & Business Legal Strategies austin@ablsonline.com austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | on behalf of Creditor Ag & Business Legal Strategies austin@ablsonline.com austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | on behalf of Plaintiff BDC Group  Inc. austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Austin Peiffer | on behalf of Appraiser Craig Hilpipre austin@ablsonline.com  austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com |
| Benjamin Gregory Nielson | |

District/off: 0862-1                                   User: admin                                              Page 2 of 3
Date Rcvd: Oct 17, 2024                                Form ID: pdf902                                         Total Noticed: 1

Benjamin Gregory Nielson
     on behalf of Creditor Herc Rentals  Inc. bnielson@pughhagan.com, eryan@pughhagan.com

Benjamin Gregory Nielson
     on behalf of Creditor Deere Credit Inc. bnielson@pughhagan.com  eryan@pughhagan.com

Benjamin Gregory Nielson
     on behalf of Creditor John Deere Financial f.s.b. bnielson@pughhagan.com  eryan@pughhagan.com

Benjamin Gregory Nielson
     on behalf of Creditor John Deere Construction & Forestry Company bnielson@pughhagan.com  eryan@pughhagan.com

Brian S. Koerwitz
     on behalf of Creditor Watts Electric Company bkoerwitz@eptlawfirm.com

Camber Jones
     on behalf of Trustee Renee K. Hanrahan cjones@spencerfane.com

Claire Davison
     on behalf of U.S. Trustee United States Trustee claire.r.davison@usdoj.gov

Dan Childers
     on behalf of Creditor Hiawatha Properties LLC drc@shuttleworthlaw.com  patti@shuttleworthlaw.com

David Skalka
     on behalf of Creditor Five Star Communications  LLC dskalka@crokerlaw.com, dcellar@crokerlaw.com

Elizabeth Lally
     on behalf of Trustee Renee K. Hanrahan elally@lally-legal.com  bakerm@goosmannlaw.com

Elizabeth L. Janczak
     on behalf of Creditor Committee Official Committee of Unsecured Creditors ejanczak@sgrlaw.com  bkdocketing@sgrlaw.com

Elizabeth L. Janczak
     on behalf of Attorney Smith  Gambrell & Russell, LLP ejanczak@sgrlaw.com, bkdocketing@sgrlaw.com

Emily X. Douglas Moore
     on behalf of Creditor Sheets Sterling  Inc. edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com

Emily X. Douglas Moore
     on behalf of Defendant Sheets Sterling  Inc. edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com

Eric J. Langston
     on behalf of Creditor DVA  Inc. d/b/a Ditch Witch of Virginia elangston@aegislaw.com, ericlangston357.gmail.com@recap.email

Eric W. Lam
     on behalf of Creditor Keystone Savings Bank ELam@simmonsperrine.com  kcarmichael@SPMBLAW.com

Evan Lincoln Moscov
     on behalf of Creditor Green Note Capital Partners SPV LLC evan.moscov@moscovlaw.com

Evan Lincoln Moscov
     on behalf of Defendant Green Note Capital Partners SPV LLC evan.moscov@moscovlaw.com

Janet G. Reasoner
     on behalf of U.S. Trustee United States Trustee janet.g.reasoner@usdoj.gov

Jason Rosell
     on behalf of Creditor Zayo Group  LLC jrosell@pszjlaw.com

Jeffrey Douglas Goetz
     on behalf of Creditor Karmen Denea Randall jgoetz@dickinsonbradshaw.com
     bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Jeffrey Douglas Goetz
     on behalf of Creditor RP Construction  LLC jgoetz@dickinsonbradshaw.com,
     bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Jeffrey Douglas Goetz
     on behalf of Creditor Zayo Group  LLC jgoetz@dickinsonbradshaw.com,
     bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Jeffrey P. Taylor
     on behalf of Creditor Complete Design Solutions  LLC jtaylor@krflawfirm.com, jkanellis@krflawfirm.com

Jordan A Kroop
     on behalf of Creditor Zayo Group  LLC jkroop@pszjlaw.com

Joseph A. Peiffer
     on behalf of Plaintiff BDC Group  Inc. joe@ablsonline.com,
     joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Joseph A. Peiffer
     on behalf of Creditor Ag & Business Legal Strategies joe@ablsonline.com

District/off: 0862-1　　　　　　　　　　　　　User: admin　　　　　　　　　　　　　Page 3 of 3
Date Rcvd: Oct 17, 2024　　　　　　　　　　Form ID: pdf902　　　　　　　　　　Total Noticed: 1

joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Kristina M. Stanger
on behalf of Creditor Liquid Capital Exchange  Inc. kmstanger@nyemaster.com, mbbreckenridge@nyemaster.com

Mark A Ludolph
on behalf of Creditor Caterpillar Financial Services Corporation mludolph@heylroyster.com

Martin McLaughlin
on behalf of Creditor United States of America (SBA) marty.mclaughlin@usdoj.gov
usaian.ecfbkcycr@usdoj.gov;CaseView.ECF@usdoj.gov

Peter Chalik
on behalf of Creditor BMO Bank N.A.  f/k/a Bank of the West, d/b/a Ditch Witch Financial Services chalik@whitfieldlaw.com,
hodzic@whitfieldlaw.com

Renee K. Hanrahan
rhanrahan@sharontc.net  rhanrahan@ecf.axosfs.com

Ronald C. Martin
on behalf of Creditor Dennis Bruce rmartin@drpjlaw.com  rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Ronald C. Martin
on behalf of Interested Party Dennis Bruce rmartin@drpjlaw.com
rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Roy Ryan Leaf
on behalf of Creditor Liquid Capital Exchange  Inc. rleaf@nyemaster.com,
sgreenman@nyemaster.com;scarney@nyemaster.com;lduncan@nyemaster.com;mcopple@nyemaster.com;broberts@nyemaster.c
om

Rush M. Shortley
on behalf of Creditor Marcelino Avalos rush@shortleylaw.com  r51060@notify.bestcase.com

Rush M. Shortley
on behalf of Creditor East Central Iowa Council of Governments rush@shortleylaw.com  r51060@notify.bestcase.com

Scott D. Fink
on behalf of Creditor Breakout Capital Finance  LLC bronationalecf@weltman.com

Shelly A. DeRousse
on behalf of Creditor Committee Official Committee of Unsecured Creditors sderousse@sgrlaw.com  bkdocketing@sgrlaw.com

Stephanie L. Hinz
on behalf of Defendant Breakout Capital Finance  LLC shinz@pbalawfirm.com,
dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Stephanie L. Hinz
on behalf of Creditor Ally Bank  c/o AIS Portfolio Services, LLC shinz@pbalawfirm.com,
dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Terry Gibson
on behalf of Creditor GreenState Credit Union tgibson@wandrolaw.com  filings@wandrolaw.com

Terry Gibson
on behalf of Creditor Isotropic Network  Inc. tgibson@wandrolaw.com, filings@wandrolaw.com

Terry Gibson
on behalf of Creditor Manchester Leasing Services  Inc. tgibson@wandrolaw.com, filings@wandrolaw.com

Timothy N. Lillwitz
on behalf of Creditor Zayo Group  LLC tlillwitz@dickinsonbradshaw.com, birch.theresa@bradshawlaw.com

Tonita M Helton
on behalf of Creditor Committee Official Committee of Unsecured Creditors thelton@freeborn.com  lfrausto@freeborn.com

United States Trustee
USTPRegion12.CR.ECF@usdoj.gov

Wendee Noel Elliott-Clement
on behalf of Creditor BANK OF AMERICA  N.A. iabkndecf@southlaw.com, ksbkecf@ecf.courtdrive.com

Wesley B. Huisinga
on behalf of Creditor John Deere Construction & Forestry Company wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

Wesley B. Huisinga
on behalf of Creditor John Deere Financial f.s.b. wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

Wesley B. Huisinga
on behalf of Creditor Deere Credit Inc. wbh@shuttleworthlaw.com  patti@shuttleworthlaw.com

TOTAL: 56

crtsvapl 8/2022

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

In Re:

BDC Group, Inc.

Debtor

Chapter 7

Bankruptcy No. 23–00484

## CERTIFICATE OF SERVICE
## RE: NOTICE OF APPEAL AND TRANSMISSION TO
## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA

The Notice of Appeal filed October 16, 2024 has been transmitted to the U.S. District Court for the Northern District of Iowa. (Fee Paid )

Notice is provided to the following parties by electronic means:

Abram V. Carls on behalf of Creditor Keystone Savings Bank
acarls@spmblaw.com, smiller–miller@spmblaw.com

Peter Chalik on behalf of Creditor BMO Bank N.A., f/k/a Bank of the West, d/b/a Ditch Witch Financial Services
chalik@whitfieldlaw.com, hodzic@whitfieldlaw.com

Dan Childers on behalf of Creditor Hiawatha Properties LLC
drc@shuttleworthlaw.com, patti@shuttleworthlaw.com

Claire Davison on behalf of U.S. Trustee United States Trustee
claire.r.davison@usdoj.gov

Shelly A. DeRousse on behalf of Creditor Committee Official Committee of Unsecured Creditors
sderousse@sgrlaw.com, bkdocketing@sgrlaw.com

Emily X. Douglas Moore on behalf of Creditor Sheets Sterling, Inc.
edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com

Emily X. Douglas Moore on behalf of Defendant Sheets Sterling, Inc.
edouglas@midwestlawgroup.com, kscrutchfield@midwestlawgroup.com

Wendee Noel Elliott–Clement on behalf of Creditor BANK OF AMERICA, N.A.
iabkndecf@southlaw.com, ksbkecf@ecf.courtdrive.com

Scott D. Fink on behalf of Creditor Breakout Capital Finance, LLC
bronationalecf@weltman.com

Terry Gibson on behalf of Creditor GreenState Credit Union
tgibson@wandrolaw.com, filings@wandrolaw.com

Terry Gibson on behalf of Creditor Isotropic Network, Inc.
tgibson@wandrolaw.com, filings@wandrolaw.com

Terry Gibson on behalf of Creditor Manchester Leasing Services, Inc.
tgibson@wandrolaw.com, filings@wandrolaw.com

Jeffrey Douglas Goetz on behalf of Creditor RP Construction, LLC
jgoetz@dickinsonbradshaw.com,
bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Jeffrey Douglas Goetz on behalf of Creditor Zayo Group, LLC
jgoetz@dickinsonbradshaw.com,
bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Jeffrey Douglas Goetz on behalf of Creditor Karmen Denea Randall
jgoetz@dickinsonbradshaw.com,
bmozena@dickinsonbradshaw.com,bankruptcyefile@dickinsonbradshaw.com,nvalley@dickinsonbradshaw.com

Renee K. Hanrahan
rhanrahan@sharontc.net, rhanrahan@ecf.axosfs.com

Tonita M Helton on behalf of Creditor Committee Official Committee of Unsecured Creditors
thelton@freeborn.com, lfrausto@freeborn.com

Stephanie L. Hinz on behalf of Creditor Ally Bank, c/o AIS Portfolio Services, LLC
shinz@pbalawfirm.com, dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Stephanie L. Hinz on behalf of Defendant Breakout Capital Finance, LLC
shinz@pbalawfirm.com, dmyhre@pbalawfirm.com;reception@pbalawfirm.com

Wesley B. Huisinga on behalf of Creditor Deere Credit Inc.
wbh@shuttleworthlaw.com, patti@shuttleworthlaw.com

Wesley B. Huisinga on behalf of Creditor John Deere Construction & Forestry Company
wbh@shuttleworthlaw.com, patti@shuttleworthlaw.com

Wesley B. Huisinga on behalf of Creditor John Deere Financial f.s.b.
wbh@shuttleworthlaw.com, patti@shuttleworthlaw.com

Elizabeth L. Janczak on behalf of Attorney Smith, Gambrell & Russell, LLP
ejanczak@sgrlaw.com, bkdocketing@sgrlaw.com

Elizabeth L. Janczak on behalf of Creditor Committee Official Committee of Unsecured Creditors
ejanczak@sgrlaw.com, bkdocketing@sgrlaw.com

Camber Jones on behalf of Trustee Renee K. Hanrahan
cjones@spencerfane.com

Brian S. Koerwitz on behalf of Creditor Watts Electric Company
bkoerwitz@eptlawfirm.com

Jordan A Kroop on behalf of Creditor Zayo Group, LLC
jkroop@pszjlaw.com

Elizabeth Lally on behalf of Trustee Renee K. Hanrahan
elally@lally−legal.com, bakerm@goosmannlaw.com

Eric W. Lam on behalf of Creditor Keystone Savings Bank
ELam@simmonsperrine.com, kcarmichael@SPMBLAW.com

Eric J. Langston on behalf of Creditor DVA, Inc. d/b/a Ditch Witch of Virginia
elangston@aegislaw.com, ericlangston357.gmail.com@recap.email

Roy Ryan Leaf on behalf of Creditor Liquid Capital Exchange, Inc.
rleaf@nyemaster.com,

sgreenman@nyemaster.com;scarney@nyemaster.com;lduncan@nyemaster.com;mcopple@nyemaster.com;roberts@nyemaste

Timothy N. Lillwitz on behalf of Creditor Zayo Group, LLC
tlillwitz@dickinsonbradshaw.com, birch.theresa@bradshawlaw.com

Mark A Ludolph on behalf of Creditor Caterpillar Financial Services Corporation
mludolph@heylroyster.com

Ronald C. Martin on behalf of Creditor Dennis Bruce
rmartin@drpjlaw.com, rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Ronald C. Martin on behalf of Interested Party Dennis Bruce
rmartin@drpjlaw.com, rmartin.ecf@gmail.com,ashley@drpjlaw.com,lillian@drpjlaw.com

Martin McLaughlin on behalf of Creditor United States of America (SBA)
marty.mclaughlin@usdoj.gov, usaian.ecfbkcycr@usdoj.gov;CaseView.ECF@usdoj.gov

Evan Lincoln Moscov on behalf of Creditor Green Note Capital Partners SPV LLC
evan.moscov@moscovlaw.com

Evan Lincoln Moscov on behalf of Defendant Green Note Capital Partners SPV LLC
evan.moscov@moscovlaw.com

Benjamin Gregory Nielson on behalf of Creditor Deere Credit Inc.
bnielson@pughhagan.com, eryan@pughhagan.com

Benjamin Gregory Nielson on behalf of Creditor Herc Rentals, Inc.
bnielson@pughhagan.com, eryan@pughhagan.com

Benjamin Gregory Nielson on behalf of Creditor John Deere Construction & Forestry Company
bnielson@pughhagan.com, eryan@pughhagan.com

Benjamin Gregory Nielson on behalf of Creditor John Deere Financial f.s.b.
bnielson@pughhagan.com, eryan@pughhagan.com

Austin Peiffer on behalf of Appraiser Craig Hilpipre
austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com

Austin Peiffer on behalf of Attorney Ag & Business Legal Strategies
austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com

Austin Peiffer on behalf of Creditor Ag & Business Legal Strategies
austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com

Austin Peiffer on behalf of Plaintiff BDC Group, Inc.
austin@ablsonline.com, austinABLS@ecf.courtdrive.com;legalassistant@ablsonline.com

Joseph A. Peiffer on behalf of Creditor Ag & Business Legal Strategies
joe@ablsonline.com,
joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Joseph A. Peiffer on behalf of Plaintiff BDC Group, Inc.
joe@ablsonline.com,
joeABLS@ecf.courtdrive.com;peifferjr52528@notify.bestcase.com;legalassistant@ablsonline.com

Janet G. Reasoner on behalf of U.S. Trustee United States Trustee
janet.g.reasoner@usdoj.gov

Jason Rosell on behalf of Creditor Zayo Group, LLC
jrosell@pszjlaw.com

Rush M. Shortley on behalf of Creditor East Central Iowa Council of Governments
rush@shortleylaw.com, r51060@notify.bestcase.com

Rush M. Shortley on behalf of Creditor Marcelino Avalos

rush@shortleylaw.com, r51060@notify.bestcase.com

David Skalka on behalf of Creditor Five Star Communications, LLC
dskalka@crokerlaw.com, dcellar@crokerlaw.com

Kristina M. Stanger on behalf of Creditor Liquid Capital Exchange, Inc.
kmstanger@nyemaster.com, mbbreckenridge@nyemaster.com

Jeffrey P. Taylor on behalf of Creditor Complete Design Solutions, LLC
jtaylor@krflawfirm.com, jkanellis@krflawfirm.com

United States Trustee
USTPRegion12.CR.ECF@usdoj.gov


Notice is provided to the following parties by the Bankruptcy Noticing Center (BNC):

BDC Group, Inc.
c/o Dennis C. Bruce
565 Eastview Ave.
Marion, IA 52302


Date: October 17, 2024                    Sharon K. Mullin
                                          Clerk, Bankruptcy Court
                                          by:

                                          *Nicole J. Becker*

                                          Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re | Chapter 11 |
| BDC Group Inc., | Bankr. No. 23-00484 |
| Debtor. | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

Part 1: Identify the appellant

1.  Name of appellant: Zayo Group, LLC

2.  Position of appellant in the bankruptcy case that is the subject of this appeal:
    Creditor

Part 2: Identify the subject of this appeal

1.  Describe the judgment or the appealable order or decree from which the
    appeal is taken: Ruling on Motion for Contempt, Docket Item 538

2.  State the date on which the judgment or the appealable order or decree was
    entered: October 2, 2024

Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment or the appealable order or decree from
which the appeal is taken and the names, addresses, and telephone numbers of
their attorneys:

1.  Party: Zayo Group          Attorney:     Jeffrey D. Goetz, Esq.
                                             Dickinson, Bradshaw, Fowler &
                                             Hagen, P.C.
                                             801 Grand Ave., Ste. 3700
                                             Des Moines, IA 50309
                                             515/246-5817

2.  Party: Keystone Savings Bank  Attorney:  Abram V. Carls, Esq.
                                             Simmons Perrine Moyer
                                             Bergman, PLC
                                             115 Third St SE, Ste. 1200
                                             Cedar Rapids, IA 52401
                                             319/366-7641

Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[ X ]  Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Part 5: Sign below

Date:  10/16/2024                      /s/ *Jeffrey Goetz*
                                        Signature of attorney for appellant


CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

                          /s/ *Jeffrey Goetz*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

BDC GROUP, INC.,

         Debtor

Chapter 7

Bankruptcy No. 23-00484

**RULING ON MOTION FOR CONTEMPT**

The matter before the Court is the Motion of Keystone Savings Bank ("KSB")
for contempt against Zayo Group, LLC ("Zayo"). The Court held a telephonic
hearing on this matter May 2, 2024. Eric Lam and Abram Carls appeared for KSB.
Jeffrey Goetz, Jordon Kroop, and Timothy Lillwitz appeared for Zayo. Camber
Jones and Elizabeth Lally appeared for Chapter 7 Trustee Renee Hanrahan. Mark
Ludolph appeared for Caterpillar Financial Services Corporation. The Court heard
arguments and took the matter under advisement. This is a core proceeding under 28
U.S.C. § 157 (b)(2)(B), (G) and (O).

## I. STATEMENT OF THE CASE

KSB and Zayo reached a settlement on Zayo's Motion for Relief from Stay
and KSB's objection to it. They agreed to a stipulated order to implement this
settlement, which the Court adopted and filed January 24, 2024 (hereinafter,
"Stipulated Order" or "Order"). The Stipulated Order required Zayo to make

payments of just over $480,000 to the Debtor "upon entry of this Order." KSB filed this Motion for Contempt, claiming Zayo has failed to comply with the Stipulated Order. Zayo claims it functionally complied, in part, by exercising "recoupment" rights it had against the estate. The Court agrees with KSB and finds Zayo in contempt of the January 24, 2024, Stipulated Order.

## II. UNDISPUTED FACTUAL BACKGROUND

On December 7, 2023, Zayo moved for relief from the automatic stay under 11 U.S.C. § 362(d) seeking to terminate a contract with Debtor to install fiber optic cable adjacent to commercial railroads between Chicago and Omaha. Zayo noted several breaches in performance by the Debtor to support termination, including failure to pay one of Debtor's own subcontractors, GuideWell. GuideWell filed liens on the project.

KSB resisted the motion for relief from stay on a number of grounds. The Court held a preliminary hearing on the motion December 15, 2023, and set the matter for an in-court evidentiary hearing January 4, 2024. KSB filed a motion to continue that hearing on December 31, 2023. Debtor joined the motion to continue. Zayo resisted. The Court continued the hearing to January 18, 2024. On January 15, 2024, KSB filed a second motion to continue. Zayo objected again. The Court heard the second motion to continue by telephone. The Court converted the in-court stay hearing to a telephonic hearing which was held on January 18, 2024. The parties

2

informed the Court of settlement discussions and the Court continued the matter for

a follow-up status conference January 24, 2024. The parties resolved the matter with

the Stipulated Order at issue here, filed January 24, 2024.

Under that Stipulated Order, Zayo agreed, among other things, to the

following:

> 3. Zayo owes BDC $237,824.14 in non-retainage payments … Upon
>    entry of this order Zayo will pay this amount.
> 4. Zayo owes BDC [in retainage] … Upon entry of this order Zayo
>    will pay $243,317.51 to BDC of that retainage…

The agreement also noted that Zayo disputed additional invoices totaling

$241,642.90 and outlined procedures for dealing with that issue. Finally, Zayo

agreed:

> 6. Any and all moneys and payments from Zayo to the Debtor
>    constitute the Bank's cash collateral and thusly will be held by the
>    Debtor in the appropriate DIP account and shall not be used or
>    disbursed until further order from this Court or consent/stipulation
>    from all requisite parties in interest.

Zayo did not make payments upon entry of the Order as required. Zayo instead

began negotiating with the Chapter 7 trustee about how payments would be made

and used. Zayo told all of the parties that payments were being processed and were

on their way to the BDC DIP account. No payments of any kind were made for more

than five weeks.

Upon inquiry from KSB about the required payments, Zayo informed KSB

that Zayo had initiated discussions with the Chapter 7 Trustee about what Zayo owed

3

the estate and the timing and logistics of payment. KSB informed Zayo that those

matters were covered in the Stipulated Order and KSB believed that Zayo was

required to comply with that Court order. Zayo said it would no longer deal with

KSB on these issues and was instead engaging the Chapter 7 Trustee in "settlement"

discussions. It admitted that no amounts had been paid as the Order required.

KSB filed its Motion for Contempt on February 23, 2024, reciting the above

facts. Zayo filed a resistance, accusing KSB of fraudulently inducing Zayo into

agreeing to the Stipulated Order as part of KSB's scheme to thwart Zayo's attempts

to get releases of GuideWell's liens. Zayo also filed a Motion for Clarification of or

Relief from the Stipulated Order. Zayo argued that the "fraudulent inducement" of

KSB should relieve it of its obligation under the Stipulated Order. It also argued, for

the first time, that recoupment rights should be afforded to Zayo so that it could pay

GuideWell and obtain lien releases—lien releases that Zayo believed would satisfy

any obligation it had to pay the estate money under the Stipulated Order.

KSB responded by pointing out that Zayo had specifically agreed during

negotiations that it would not insist on payment of GuideWell mechanic's lien

invoices as part of the agreement between the parties in the Stipulated Order. Debtor

then prepared the Stipulated Order and both KSB and Zayo agreed to its terms. KSB

also pointed out that Zayo knew very well that KSB was opposed to Zayo using

money it owed the estate to pay GuideWell. The Stipulated Order specifically stated

4

that "[a]ny and all moneys and payments from Zayo to the Debtor constitute the
Bank's cash collateral." KSB also set forth other serious weaknesses in Zayo's
fraudulent inducement argument. It requested an evidentiary hearing.

On March 28, 2024, Zayo withdrew both its original resistance to the motion
for contempt and its motion for clarification or reconsideration of the Stipulated
Order. It informed the Court that the parties were again trying to resolve the matter.
The Court then reset the hearing on the Motion for Contempt to May 2, 2024. On
April 1, 2024, Zayo paid GuideWell $300,000 in exchange for the release of all its
liens and release of the BDC bankruptcy estate. Zayo then paid the Debtor the first
payment required by the Stipulated Order—the $237,824.14 non-retainage amount—
on April 4, 2024. After settlement talks broke down, Zayo filed a new objection to
KSB's Motion for Contempt on April 17, 2024. Zayo claimed the payments it made
to GuideWell and BDC together satisfied its obligations under the Stipulated Order
and therefore, it was not in contempt. Zayo claimed the $300,000 payment to
GuideWell satisfied its obligation under the Stipulated Order to pay $243,317.51 in
retainage to the estate because Zayo was properly exercising its rights of recoupment
under the law.

On April 26, 2024, KSB filed its response to Zayo's new objection to the
contempt motion. KSB reiterated its previous arguments and added that recoupment
was only an equitable defense, not available in the face of a specific court-ordered

5

payment to the Debtor. KSB further pointed out Zayo was still in contempt of the

Order and had only complied with part of it long after KSB's motion for contempt.

KSB further asserted that Zayo knew that it did not have a right of

recoupment in the Stipulated Order. It reiterated that Zayo agreed to the Order after

specifically stating it would not insist on payment to GuideWell as a condition of the

Order. KSB further pointed out that Zayo itself had previously recognized it did not

have any such rights in an email during its alleged settlement negotiations with the

Chapter 7 Trustee which stated:

> Zayo does not believe any of the unpaid invoices upon which
> GuideWell based its mechanics liens are disputed, and; therefore,
> GuideWell should be paid on those invoices forthwith, so the mechanics
> liens can be released. Since Zayo previously paid BDC for the work
> evidenced by those invoices, and BDC failed and refused to pay
> GuideWell, Zayo would argue that a portion of what it owes the
> Bankruptcy Estate should be specifically earmarked for payment to
> GuideWell, in exchange for a release of their mechanics liens. If Zayo
> had its druthers, it would pay GuideWell immediately from some of the
> money it owes the Bankruptcy Estate. As I would argue, this is a text
> book example of recoupment in bankruptcy.

### III.   DISCUSSION AND CONCLUSIONS OF LAW

KSB argues that the Stipulated Order implementing the parties' settlement

was clear and Zayo's failure to follow it was contempt. Zayo does not question this

Court's authority to issue the contempt order that KSB requests. Zayo does not even

meaningfully address the contempt standard or the sufficiency of the evidence to

support it. Zayo argues only that it has functionally complied with the Court's Order by making payments and exercising recoupment rights.

"A party commits contempt when [it] violates a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." In re Reed, 888 F.3d 930, 936 (8th Cir. 2018) (citations omitted). "A contempt finding requires 'clear and convincing evidence.'" Id. (citations omitted). Here, the Court finds that clear and convincing evidence in the record shows that Zayo has committed contempt. Zayo both failed to perform acts and failed to refrain from performing acts required under the Stipulated Order.

The Stipulated Order is definite and specific. It required Zayo to make payments to Debtor's bankruptcy estate, not any other party. The Order specified that Zayo owed BDC (the Debtor) the amounts stated. The payments were to be made upon entry of the Order. The Order specified that all payments were "from Zayo to the Debtor" and that those payments would be KSB's cash collateral. The Order prohibited Zayo or any other party from further using or disbursing any of that money "until further order from this Court or consent/stipulation from all requisite parties in interest."

Zayo knew of these obligations and disregarded them. Zayo did not comply with the terms of the Order. Zayo made no payments for over six weeks while it tried to negotiate a settlement with the Chapter 7 Trustee. Zayo was attempting to have

7

the Trustee earmark payments of funds Zayo would pay to the estate to a

subcontractor, GuideWell, so it would release liens. Zayo knew these requests to the

Trustee were not consistent with the Stipulated Order of January 24, 2024. Zayo's

settlement communications with the Trustee stated, in part:

> Zayo would argue that a portion of **what it owes to the Bankruptcy
> Estate** should be specifically earmarked for payment to GuideWell,
> in exchange for a release of their mechanics liens. **If Zayo had its
> druthers, it would pay GuideWell immediately** from some of the
> money it owes the Bankruptcy Estate. As I would argue this is a
> textbook example of recoupment in bankruptcy.

The Chapter 7 Trustee did not agree to the arrangement. Zayo then——after

six weeks—made payment of the $237,824.14 non-retainage amount to the estate.

Zayo then decided to do what the trustee would not do—make payment of the

retainage amounts to GuideWell in exchange for lien releases, and then claim

recoupment supported its actions. The above communication shows that Zayo knew

it had the obligation to pay the bankruptcy estate the retainage money, and that it

decided not to do so. Zayo knew of its duty to pay the estate before anything would

be paid to GuideWell. Zayo agreed—before the Stipulated Order was filed—that:

"Zayo will not insist on payment of the GuideWell mechanics lien invoices until

resolution of the disputed Zayo/BDC/Guidewell invoices 'through alternate dispute

resolution.'"

As KSB points out: "One of the overreaching goals of a court's contempt

power is to ensure that litigants do not anoint themselves with the power to adjudge

8

the validity of orders to which they are subject." Chicago Truck Drivers v. Bhd. Lab. Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947). Zayo violated this principle when it decided it did not need to follow the stipulated order, instead using its own preferred method of payment and citing the doctrine of recoupment (nowhere mentioned in the Order and contrary to it) in support of its decision.

Zayo initially argued unforeseeable events occurred after the entry of the Stipulated Order. Zayo argued KSB improperly terminated BDC's line of credit and forced the case to convert to Chapter 7. Zayo claimed that KSB knew it would be taking these actions and kept its plans quiet in order to fraudulently induce Zayo into signing the agreement. Zayo, however, later withdrew this part of its resistance and never offered evidence to support it. The Court will not consider it here.

Zayo instead stands entirely on its use of the doctrine of recoupment. It argues that it exercised its right to recoupment by paying GuideWell directly. Zayo claims Debtor took the money Zayo paid—money that should have gone to GuideWell—and thus Zayo has a claim against Debtor for those funds. Zayo claims its payment to GuideWell of the funds it owed Debtor under the Stipulated Order was effectively recouping its right to the amount Debtor did not pay over properly to GuideWell in the first place.

"Recoupment is 'an equitable principle that allows a creditor in bankruptcy to show that because of matters arising out of the transaction sued on, he or she is not liable in full for the [debtor's] claim.'" In re Terry, 687 F.3d 961, 963 (8th Cir. 2012) (quoting U.S. Postal Service v. Dewey Freight System, Inc., 31 F.3d 620, 622–23 (8th Cir. 1994)). "Recoupment allows a defendant to deduct its claim from the amount the plaintiff could otherwise recover if the claim arises out of the same transaction or subject matter on which the plaintiff sued." Id. (citing In re NWFX, Inc., 864 F.2d 593 (8th Cir. 1989)). As Terry and other cases make clear, recoupment is a defense to a claim by the bankruptcy estate. See also Estate of Smith v. Primerica Life Ins., 2021 WL 4499454 at *4 (W.D. Mo. Mar. 24, 2021) ("[Recoupment] is solely a matter of defense."); In re WL Homes, 563 B.R. 512, 516 (Bankr. D. Del. 2017) ("[Recoupment] is essentially a defense to the debtor's claim against the creditor."); In re Azevedo, 497 B.R. 590, 596–97 (Bankr. D. Idaho 2017).

The recoupment Zayo argues for is unavailable for several key reasons. First, it is not supported by—and in fact, was functionally prohibited by—the Stipulated Order. Second, recoupment rights are equitable in nature and may not be invoked by a party who has engaged in inequitable conduct. Even if recoupment in this case aligned with other applicable principles of equity, Zayo could not make the required showing that its obligations arose out of a "single integrated transaction."

10

As noted above, recoupment is an equitable principle. Equity is generally
"inapplicable where the relationship between the parties is founded upon a written
agreement." Matter of North Broadway Funding Corp., 34 B.R. 620, 623 (Bankr.
E.D.N.Y. 1983). "[W]herever the rights or the situation of parties are clearly defined
and established by law, equity has no power to change or unsettle those rights or that
situation, but in all such instances the maxim 'equitas sequitur legem' [equity follows
the law] is strictly applicable." Petersen v. E.F. Johnson Co., 366 F.3d 676, 680 (8th
Cir. 2004). See also Matter of North Broadway Funding Corp., 34 B.R. at 623
("Equity should not intrude itself where knowledgeable parties contract and where
they have not been overborne by actions of the other party.").

Here, the law is clear—there is a written agreement and court order on the
issue, which does not provide any room for recoupment. The Stipulated Order
required Zayo to pay the bankruptcy estate (not another party) and provided that the
funds paid were "the Bank's cash collateral," to be kept in the DIP account and "not
[to] be used or disbursed" without court order or consent of the parties. Recoupment
was not preserved as a right in the settlement that resulted in the Stipulated Order.
The Order specifically provided at paragraph 6 that "**[a]ny and all moneys and
payments** from Zayo to the Debtor" are cash collateral to be held in the DIP account
"and **shall not be used or disbursed** until further order from the Court" or
agreement by the parties. By paying GuideWell, without court approval, Zayo

11

violated the express terms of the Order. The payment to GuideWell was an improper

use or disbursement made by Zayo. There is no other way to read the Order.

In addition to being inapplicable when a written agreement exists between the

parties, equitable remedies may not be invoked by a party who has engaged in

inequitable conduct. "[O]ne of the first questions that must be asked before any

equitable doctrine can be applied is 'whether he who seeks equity has done equity.'"

In re Williams, 256 B.R. 885, 897 (B.A.P. 8th Cir. 2001) (citing Smith v. World Ins.

Co., 38 F.3d 1456, 1462 (8th Cir. 1994). "[R]elief in equity is granted to one who can

show his own good faith; it is denied to someone who has been guilty of inequitable

conduct in the very matter about which affirmative relief is sought." In re Loganbill,

554 B.R. 871, 893 (Bankr. W.D. Mo. 2016) (citing Moore v. Carter, 201 S.W.2d 923,

929 (1947).

Here, Zayo negotiated the specifics of a settlement and later attempted to

avoid the express terms of that agreement by appealing to the equitable doctrine of

recoupment. This Court has already found Zayo in contempt of the Stipulated Order.

It would contravene basic principles of equity if the Court were to allow Zayo to

assert the defense of recoupment after it breached the settlement agreement between

it and KSB and refused to comply with an order of this Court.

Lastly, as noted, recoupment is allowed only when obligations "arise out of a

single integrated transaction so that it would be inequitable for the debtor to enjoy

the benefits of the transaction without also meeting its obligations." <u>In re Terry</u>, <u>687 F.3d at 963</u> (quoting <u>United States Postal Serv. v. Dewey Freight Sys., Inc.</u>, <u>31 F.3d 620, 623</u> (8th Cir. 1994) (citations omitted)). Here, Zayo cannot show that the obligations arise from a single integrated transaction. Zayo mistakenly asserts that the transaction giving rise to the obligation came from the underlying construction contracts. Zayo fails to recognize the context of this dispute. Zayo is not asserting a recoupment in response to—in defense of—a demand or lawsuit by the estate for payment based on the underlying transaction. Zayo is asserting a right to recoupment in response to specific, court-ordered obligations. That Stipulated Order is the transaction which fixed Zayo's obligation here. It is not the underlying construction contracts that form Zayo's obligation here. It is a decided amount—from settlement of a dispute where such recoupment rights may have been asserted—and fixed by order of the Court—as if it was fully adjudicated. The recoupment "right" that Zayo asserts does not come from the Order or the underlying settlement transaction with KSB under. It comes from the transactions further back in time that are not part of the Order.

The record makes this point abundantly clear. Zayo expressed a desire during settlement negotiations with KSB that payment to GuideWell (the claimed recoupment here) be part of the settlement agreement. KSB said no and Zayo then specifically relented on—or waived its right to claim—GuideWell being paid as part

of the parties' agreement. Zayo cannot now rely on the equitable doctrine of recoupment to give it rights it expressly gave up in the negotiations leading up to the Stipulated Order.

Zayo appears to be arguing that the Court should allow for recoupment in the face of this based on fairness or equity concepts. As the Eighth Circuit made clear in Terry, however, there is not an additional balancing of the equities test beyond the same transaction requirement. "The same transaction analysis inherently embodies competing issues of equity, for the simple reason that it would be **inequitable** for a debtor to enjoy the benefits of the same transaction without meeting its obligations." 687 F.3d at 964 (quoting In re Slater Health Center, Inc., 398 F3d. 98, 104 (1st Cir. 2005)). "[A]nalysis of the recoupment issue should begin and end with the same transaction question without discussing other equitable issues." Id. The obligations at issue here are not from the same transaction, and no recoupment is available. Again, this is not a case where recoupment is a defense to a claim. Here, it is being asserted in response to a definite and clear obligation ordered by the Court.

For the reasons stated above, and for the additional reasons noted by KSB that are not discussed here, the Court concludes Zayo remains in contempt of the Stipulated Order. It has failed entirely to fulfill its obligations under paragraph 4 of that Order. Zayo has 21 days from the date of this Order to comply with the January 24, 2024, Stipulated Order, in full, and with interest to reflect the ongoing delay. The

14

Court, by separate order, will set a hearing at or soon after expiration of the 21-day

period for the purpose of determining whether Zayo has purged itself of the

contempt, and/or whether there are any damages or sanctions that must be further

considered.

## IV.  CONCLUSION/ORDER

For the foregoing reasons, the Motion for Contempt is **GRANTED**. Zayo

shall have 21 days from the entry of this Order to comply with the January 24, 2024,

Stipulated Order, in full and with interest to reflect the ongoing delay.

Ordered:

October 2, 2024

Thad J. Collins

Chief Bankruptcy Judge