### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION TO LIFT STAY** |

COMES NOW Keystone Savings Bank ("Bank"), and respectfully moves the Court to lift stay and in support of this Motion respectfully states:

1. At the time of the filing of the Chapter 11 Petition by the Debtor on June 13, 2023, the Bank was owed in excess of $3,000,000.00 from the Debtor. Indeed, the Bank filed Proof of Claim #77 circa August 19, 2023, and that Proof of Claim is by this reference incorporated herein as if set forth verbatim. Briefly, the Bank holds a validly perfected U.C.C. security interests in various items of personal property of the Debtor, such as account receivables, equipment, and certain vehicles.

2. In January 2024, Zayo Group, Inc. agreed and stipulated to an order that required its payment of $243,317.51 on account of pre-petition retainage held under contracts with Debtor BDC Group, Inc. and previously paid invoices. These account receivables are encumbered by the Bank's perfected security interests, and collateral pledged to satisfy BDC's debts to the Bank.

3. Following the Court's October 2, 2024, contempt ruling, Dkt. 538, Zayo paid $250,087.47 on October 24, 2024. *See* Dkt. 555. The funds are presently held by the Chapter 7 Trustee. *Id.*

4. The Bank files this Motion to seek relief from the automatic stay, so that the Bank may pursue its *in rem* remedies against Zayo's October payment ($250,087.47) with respect to the Bank's pre-petition debts and remedies for Zayo's contempt.

5. Without limitation the Bank relies on 11 U.S.C. §362(d)(1) and (d)(2) as the basis

to seek relief from the automatic stay. Most obviously, the Debtor and the bankruptcy estate have no equity in Zayo's October 2024 payment and such property is not necessary to any reorganization in this Chapter 7 liquidation proceeding. Further, portions of the amount Zayo paid in October represent a court-awarded remedy for Zayo's contempt in favor of the Bank. For example, Zayo's interest payment.[1] Thus, cause exists to lift stay because amounts held by the Chapter 7 Trustee exist to remedy Zayo's contempt and harm caused to the Bank, irrespective of Zayo's payable obligation (a BDC receivable subject to the Bank's security interests).

6.  The Bank requests that an order granting stay relief be effective immediately upon entry and that the 14-day stay period provided for in Bankruptcy Rule 4001(a)(3) not apply.

WHEREFORE, the Bank respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order lifting the automatic stay so as to enable the Bank to pursue any and all *in rem* remedies, all as prayed for in this Motion, and for such other relief as may be just and proper under the premises.

Dated: December 20, 2024

/s/ Abram V. Carls
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

---

[1] Zayo did not satisfy the contract interest request that the Bank identified in its Motion for Order to Show Cause, and instead adopted an interpretation that a much lesser judgment interest rate applied. This issue is reserved for consideration at a hearing the parties are working to schedule in mid to late February 2025.

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on December 20, 2024, a copy of the foregoing document was filed with the Clerk of Court for the United States Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

      /s/ Abram V. Carls