**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION FOR ORDER APPROVING COMPROMISE** |

COMES NOW Renee Hanrahan in her capacity as Chapter 7 Trustee ("Trustee"), and respectfully moves the Court to enter an Order approving the compromise reached between Zayo Group, Inc. ("Zayo"), Keystone Savings Bank (the "Bank"), and the Trustee on behalf of the Chapter 7 Bankruptcy Estate ("Estate"):

1. Debtor BDC Group, Inc. initiated this case as a Chapter 11 proceeding in June 2023, which was converted to a case under Chapter 7 on January 30, 2024. *See* Dkt. 384. The Trustee was appointed the same day and continues to serve and administer the Chapter 7 Estate in that capacity.

2. Prior to case conversion, Zayo entered into an agreement with the Debtor and the Bank and stipulated to an Order that required it to make certain payments and attend mediation on outstanding disputes. Dkt. 361. Zayo's partial non-performance of that Order precipitated a dispute between Zayo and the Bank, and, tangentially, the Trustee/Estate. Following an Order in October 2024 that addressed Zayo's conduct, Zayo made a payment and invited the Bank to participate in mediation to explore a global resolution of their disputes.

3. Formal mediation with Attorney Jeff Stone of Whitfield & Eddy occurred on December 18, 2024. Zayo and the Bank were not able to reach a resolution on that date, but were able to come to terms in the days that followed. The Trustee has since joined the agreement in exchange for the funds and other terms provided therein.

4. The Trustee believes that the Zayo/Bank/Trustee settlement will generate a return for the Estate while mitigating associated expenses, allowing assets of the Estate to be available for the administration of this case and for distribution to various creditors of the Estate.

5. A copy of the parties' agreement is attached as Exhibit 1 (the "Settlement"). As an outline of terms, Zayo, the Bank, and the Trustee have agreed that:

   a. Zayo will pay $100,000.

   b. From Zayo's payment, the Bank will receive an amount equal to the costs of its Zayo-related attorneys' fees, contempt-related interest, and the costs of mediation.

   c. The Trustee will retain whatever balance of the $100,000 that is not turned over to the Bank. The amount the Trustee retains will be free and clear of any lien, security interest, or claim that the Bank may have to it.

   d. Zayo will release the Estate and the Bank from any claims that it may have.

   e. The Estate and the Bank will release Zayo from any claims that they may have.

6. The Settlement brings to a close over twelve months of active litigation between Zayo, the Bank, and the Trustee, will result in the dismissal of Zayo's pending appeal, and resolves issues that have not yet advanced to a judicial forum. In absence of the agreement set forth in the Settlement, it is probable that the costs of pursuing Zayo would outstrip a return to the Estate, in which case the Estate would receive no return at all.

7. As further grounds supporting this Court's approval of the Settlement, the

Trustee has concluded: (i) the Estate lacks sufficient resources to reasonably and effectively pursue Zayo, (ii) Zayo is a large telecom company who has significant litigation resources at its disposal; (iii) there is no guarantee of recovery if the Estate pursues Zayo and abandoning claims provides no value to the Estate; and (iv) existing Estate resources are better directed elsewhere given the terms of the Settlement. *See* Exhibit at 1 ¶ 3.

8. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).

9. A decision of whether to approve a proposed settlement agreement is within the sound discretion of the bankruptcy court. *See In re Simply Essentials, LLC*, 640 B.R. 922, 930 (Bankr. N.D. Iowa 2022) (*citing In re Hildreth*, No. 09-00293, 2012 WL 4520635 (Bankr. N.D. Iowa 2012)). Generally, settlements are favored. *Id* at 931. A bankruptcy court need not determine that the settlement is "the best result obtainable;" rather, the standard of review "is whether the settlement is fair and equitable and in the best interests of the estate." *Ritchie Cap. Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015) (quoting *Tri-State Fin., LLC,* 525 F.3d 649, 654 (8th Cir. 2008)). In evaluating a settlement, the court need only ensure that "the settlement does not fall below the lowest point in the range of reasonableness." *Id.* (quoting *Tri-State Fin.,* 525 F.3d at 654).

10. Courts have developed a four-factor test to assist with the application of these standards:

> (a) [t]he probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

OM 1204642.1

*Simply Essentials*, 640 B.R. at 931 (quoting *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)). To the extent a court concludes it is in the best interest of the creditors to approve a settlement, and the settlement is in the best interest of the Estate, the settlement approval should be granted. *Id.*

11. For the foregoing reasons, these guidelines are readily satisfied here. Through the Settlement, the Estate gets what it cannot get or cannot afford to get in the absence of the Settlement. Resolving claims with Zayo and a shared division with the Bank provides immediate resources to the Estate, eliminates any risks, and frees Estate resources to pay for other, non-litigation costs and claims. The Court should accordingly grant this Motion.

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court approve this Motion and enter an Order approving the Settlement as outlined herein and attached hereto, and directing and authorizing the parties to do anything and everything reasonably necessary to effectuate the compromise, and for such other relief as may be just and proper under the circumstances.

Dated: January 21, 2025

Respectfully Submitted,

LALLY LEGAL GROUP, LLC

By: */s/ Elizabeth M. Lally*
Elizabeth M. Lally, #AT0013010
12020 Shamrock Plaza, Suite 200
Omaha, NE 68154
Phone: 402-778-4840
Email: elally@lally-legal.com
ATTORNEY FOR CHAPTER 7 TRUSTEE

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 21, 2025, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

      /s/ Elizabeth M. Lally

OM 1204642.1