# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") dated as of January 6, 2025, is entered into between Zayo Group, Inc., ("Zayo"), Keystone Savings Bank (the "Bank"), and Renee Hanrahan in her capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of BDC Group, Inc. ("BDC") (Zayo, the Bank, and Trustee are collectively the "Parties" and each is a "Party").

### RECITALS

A. BDC filed a voluntary petition for Chapter 11 bankruptcy relief on June 13, 2023 in the United States Bankruptcy Court for the Northern District of Iowa (the "Court"), docketed as case no. 23-00484 (the "Case").

B. The Bank was BDC's primary and senior lender before the Case continued that relationship through the Case via debtor-in-possession loan approved by the Court (the "DIP Loan").

C. BDC provided construction and related services to Zayo before and until shortly after the filing of the Case. As a result, BDC asserted certain pre-petition and post-petition accounts receivable against Zayo (the "Zayo Debts"), which were subject to the Bank's security interests granted under the DIP Loan.

D. BDC, Zayo, and the Bank agreed to, and the Court entered on January 24, 2024 (Dkt. 361), a stipulated order (the "Stipulated Order").

E. On January 30, 2024, the Court entered an order converting the Case to Chapter 7; the Trustee was duly appointed as the Chapter 7 Trustee that same day.

F. Shortly after, disputes arose concerning Zayo's continued obligation to satisfy the Zayo debts made the subject of the Stipulated Order. Those disputes were submitted to the Court, which issued a ruling in October 2024 (the "Contempt Order").

G. Zayo timely commenced an appeal of the Contempt Order on October 16, 2024, in the U.S. District Court for the Northern District of Iowa, Case No. 1:24-cv-00114-LTS-MAR (the "Appeal"). Zayo also paid $250,087.47 on October 24, 2024 pursuant to the Stipulated Order and the Contempt Order.

H. Zayo and the Bank agreed to mediate their respective positions in an effort to resolve all remaining disputes, including the subject matter of the Appeal. The successful mediation has culminated in Zayo and the Bank entering into this Agreement, which is joined by the Trustee.

I. Following her review of the case docket, schedules, claims, and the respective rights and interests in property of the estate, and in an effort to both maximize the value of the estate and minimize the risks inherent in litigation and costs of the same, the Trustee has determined, and upon consultation with counsel, that the terms and conditions within this Agreement are reasonable, fair, and in the best interests of the bankruptcy estate.

## TERMS

1. **Recitals.** The recitals set out above are incorporated into this Agreement.

2. **Contempt Order.** Upon complete performance of this Agreement, the Parties agree that Zayo has satisfied all its obligations under the Contempt Order and the Stipulated Order.

3. **Settlement Amount and Payment.** Zayo must pay $100,000 to the Trustee within 14 days after the Effective Date of this Agreement (the "Settlement Payment"). The Trustee must hold the Settlement Payment in trust pending the division provided for by this Agreement.

4. **Settlement Division.** The Bank and Trustee agree to divide the Settlement Payment as follows:

*first*, the Bank will be paid an amount equal to the sum of (i) the attorneys' fees identified in its pending fee application (Dkt. 544) plus fees related to Zayo incurred after the application date, (ii) $28,507.75, representing the difference between the interest the Bank requested in response to Zayo's contempt ($35,277.71) and the amount of interest that Zayo paid in October 2024 ($6,769.96), and (iii) the Bank's share of mediation costs; and

*second*, the Trustee will retain the remainder of the Settlement Payment that is not paid to the Bank for the benefit of BDC's bankruptcy estate.

5. **Limited Lien Release.** As of the Effective Date, and conditioned upon the performance of all other obligations of this Agreement, the Bank releases any lien, security interest, and claim to the portion of the Settlement Payment that the Trustee retains.

6. **October 2024 Payment Turnover.** On October 24, 2024, Zayo wired $250,087.47 to the Trustee pursuant to the Stipulated Order and Contempt Order and in satisfaction of certain pre-petition retainage that Zayo owed BDC. The transfer also included $6,769.96 of interest. The Bank filed a Motion to Lift Stay with respect to Zayo's October 2024 transfer on December 20, 2024 (Dkt. 573). Zayo and the Trustee agree with the contents of the Bank's Motion and will not object to the relief requested therein.

7. **Appeal Dismissal.** Within 14 days after the Effective Date of this Agreement, Zayo must take all necessary steps to dismiss the Appeal with prejudice. All Parties are responsible for their own costs associated with the Appeal.

8. **Trustee's Release of Zayo.** The Trustee, on behalf of the BDC bankruptcy estate, releases and discharges Zayo and its agents, attorneys, officers, directors, employees, parents, subsidiaries, representatives, affiliates, and insurers (collectively, the "Zayo Released Parties") from any claims, demands, or causes of actions that the bankruptcy estate, the Trustee, or BDC has or may have against the Zayo Released Parties relating to BDC or the Case, whether known or unknown, contingent or matured, as of the Effective Date of this Agreement. The breach of any provision of this Agreement is expressly excluded from this release.

9. **The Bank's Release of Zayo.** The Bank releases and discharges the Zayo Released Parties from any claims, demands, or causes of actions that the Bank has or may have against the Zayo Released Parties relating to BDC or the Case, whether known or unknown, contingent or matured, as of the Effective Date of this Agreement. The breach of any provision of this Agreement is expressly excluded from this release.

10. **Zayo's Release of the Trustee.** Zayo releases and discharges the Trustee, the bankruptcy estate, BDC, and all of their respective agents, attorneys, representatives, and professionals (collectively, the "Trustee Released Parties") from any claims, demands, or causes of actions that Zayo has or may have against the Trustee Released Parties relating to BDC or the Case, whether known or unknown, contingent or matured, as of the Effective Date of this Agreement. The breach of any provision of this Agreement is expressly excluded from this release. Notwithstanding anything to the contrary contained in this subsection, the indemnification provision in any contract between BDC and Zayo remains in effect for any claims against Zayo by third parties for acts performed by BDC in connection with such contracts. Zayo and the Trustee represent that they are not aware of the existence of any such third party claims at the time of the execution of this Agreement.

11. **Zayo's Release of the Bank.** Zayo releases and discharges the Bank and its agents, attorneys, officers, directors, parents, subsidiaries, representatives, affiliates, and insurers (collectively, the "Bank Released Parties") from any claims, demands or causes of actions Zayo has or may have against the Bank Released Parties relating to BDC or the Case, whether known or unknown, contingent or matured, as of the Effective Date of this Agreement. The breach of any provision of this Agreement is expressly excluded from this release.

12. **Mutual Cooperation.** Each Party agrees to make reasonable efforts to take any action another Party reasonably requests to effectuate the terms of this Agreement.

13. **Approval Motion.** As soon as reasonably practicable following execution of this Agreement, the Trustee must file in the Case a motion under Bankruptcy Rule 9019, together with required supporting papers and required notices. If no objections are filed prior to the expiration of the bar date notice, the Trustee will submit the proposed form of order attached to this Agreement as Exhibit A (the "Proposed Settlement Order") with the Court seeking approval of the settlements and terms contained in this Agreement pursuant to local Court rules and practices. The Parties waive all appellate rights if the Court enters the Proposed Settlement Order without material modification.

14. **Effective Date**. The Effective Date of this Agreement is 14 days after entry of a final order of the Court (not subject to appeal) approving the Agreement.

15. **Preservation of Rights.** Except to the extent specifically provided or modified in this Agreement, the execution of this Agreement does not waive any of the Parties' rights and remedies, which remain in full force.

16. **Governing Law and Jurisdiction.** This Agreement is governed by and must be construed and interpreted according to the laws of the State of Iowa.

**17.    Modification.** This Agreement may not be modified except by written agreement executed by each of the Parties and approved by the Court.

**18.    Binding Effect.** This Agreement binds and inure to the benefit of the successors, heirs, and assigns of the Parties.

**19.    Construction and Interpretation.** Each Party has been represented by counsel in the negotiation of this Agreement and the Proposed Settlement Order, which must be given effect according to their terms. The doctrine of *contra proferentem* does not apply. The Parties represent and warrant to each other that they have been represented by their respective chosen counsel, has relied upon the advice of the chosen legal counsel, that the provisions of this Agreement have been read and explained to them by that counsel, and that they understand and accept the provisions this Agreement.

**20.    Severability.** The invalidity or unenforceability of any provision of this Agreement, whether in whole or in part, does not in any way affect the validity or enforceability of any other provision contained in this Agreement. All this Agreement's terms and conditions are material.

**21.    Electronic, Facsimile and Counterparts.** This Agreement may be executed simultaneously in two or more counterparts, each of which is an original but all of which together constitute one instrument. Counterparts may be delivered via facsimile, electronic mail or image, or other transmission method, and any counterpart so delivered has been duly and validly delivered and effective for all purposes. An electronic copy of this Agreement is be deemed an original.

　　　　IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the dates written below.

Zayo Group, Inc.:

Dated: _____　　　　　　　Signed: _____

　　　　　　　　　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　　　　　　　　　Title: _____

Keystone Savings Bank:

Dated: _____　　　　　　　Signed: _____

　　　　　　　　　　　　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　　　　　　　　　Title: _____

Renee Hanrahan as Chapter 7 Trustee of the
Bankruptcy Estate of BDC Group, Inc.:

Dated: _____　　　　　　　Signed: _____