**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>      Debtor.<br>_____<br><br>RENEE HANRAHAN, in her sole capacity as Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>SUNBELT RENTAL CARS LLC,<br><br>      Defendant. | Chapter 7 Bankruptcy<br>Case No. 23-00484<br><br><br>Adversary Case No. _____<br><br><br>**COMPLAINT TO AVOID**<br>**PREFERENTIAL TRANSFERS** |

COMES NOW Plaintiff Trustee Renee Hanrahan, by and through her counsel, and in support of this Complaint, respectfully states:

                  **I.      JURISDICTION AND VENUE**

      1.      This Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§157 and 1334, 11 U.S.C. §§105, 502(d), 541, 547, 550, and 551, as well as F.R.B.P. 7001. This Court's subject matter jurisdiction is further augmented by a General Reference Order issued by the United States District Court.

      2.      Venue is proper in this Court and District by operation of 28 U.S.C. §1409.

      3.      This is a core proceeding by operation of 28 U.S.C. §157(b)(2)(A), (F), and (O).

4. To the extent, if at all, that this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of final judgment and a rendition of legal conclusion by this Court.

## II. BACKGROUND & PARTIES

5. Debtor BDC Group, Inc. ("Debtor") filed a voluntary Chapter 11 Petition pursuant to Title 11 U.S.C. §101, et seq., ("Bankruptcy Code") in this Court on June 13, 2023 ("Petition Date").

6. Debtor's Chapter 11 case was converted to one under Chapter 7 of the Bankruptcy Code on January 30, 2024.

7. The Plaintiff is the duly appointed and serving Trustee, administering the Debtor's Chapter 7 case.

8. The Debtor operated a business, which included making payments to vendors.

9. During the 90-day period before the filing of the Chapter 11 Petition, the Debtor paid Sunbelt Rental Cars LLC ("Defendant") the amount of at least $20,278.83 (the "Avoidable Transfer(s)").

10. Upon information and belief, Defendant has its principal place of business in Atlanta, Georgia.

11. The aforementioned Avoidable Transfer(s) constituted property of the Debtor at the time of payment.

12. The Avoidable Transfer(s) were made by the Debtor in its capacity as a debtor who owed money to the Defendant.

13. The aforementioned Avoidable Transfer(s) occurred while the Debtor was either actually insolvent or at least presumed to be insolvent.

14. The aforementioned Avoidable Transfer(s) enabled the Defendant to receive more than that which the Defendant would have received, had the aforementioned payment not been made pre-Petition, and had the Defendant participated in this Chapter 7 case as a creditor.

15. The Trustee and her counsel have exerted reasonable efforts to ascertain any defenses that might be available to the Defendant, and the Trustee and her counsel have concluded that the Defendant is entitled to no defenses.

## COUNT I: RECOVERY OF AVOIDABLE PREFERENCE PAYMENTS PURSUANT TO 11 U.S.C. 547

16. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

17. The Avoidable Transfer(s) identified on Exhibit 1 and attached hereto constitute transfers of property of the Debtor to or for the benefit of the Defendant, who was a creditor of the Debtor.

18. The Avoidable Transfer(s) were made for or on account of antecedent debts allegedly owed by the Debtor to the Defendant.

19. The Debtor was presumptively and actually insolvent at the time of the Avoidable Transfer(s).

20. The Avoidable Transfer(s) were made on or within the 90 days before the Petition Date.

21. By virtue of the Payments, the Defendant received more than it would have receive if the Debtor's estate had been liquidated under Chapter 7, the Payment(s) had not

occurred, and the Defendant had received payments of the debts to the extent permitted by the Bankruptcy Code.

22. The Avoidable Transfer(s) constitute avoidable preferences pursuant to Section 547 of the Bankruptcy Code.

### COUNT II: TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §550

23. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

24. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Payments were made.

25. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant(s) the sum of the Avoidable Transfer(s) plus interest thereon to the date of payment and the costs of this action.

### COUNT III: TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)

26. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

27. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

28. Pursuant to 11 U.S.C. § 502(d), any claim(s) of Defendant against the Debtor must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the avoidable transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant judgment as follows:

(a) Pursuant to Section 547(b) of the Bankruptcy Code, avoiding each of the Avoidable Transfer(s);

(b) Pursuant to section 550(a) of the Bankruptcy Code, directing Defendant to relinquish to Plaintiff the property transferred in the Avoidable Transfer(s), or pay to Plaintiff an amount to be determined at trial that is not less than the full amount of the Avoidable Transfer(s);

(c) Disallowing any Claim of Defendant pursuant to Section 502(d) of the Bankruptcy Code;

(d) Awarding pre-judgment interest at the maximum legal rate running from the date of Plaintiff's first demand to Defendant to return all Avoidable Transfer(s) to the date of judgment with respect to this Complaint ("Judgment") herein;

(e) Awarding post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full;

(f) Awarding Plaintiff costs of suit incurred herein, including, without limitation, attorneys' fees, costs, and other expenses incurred in this action, to the fullest extent allowed by applicable law;

(g) Requiring Defendant to pay forthwith the amount of the Judgment; and

(h) Ordering such other and further relief as the Court may deem just and proper in law or equity.

Dated: May 27, 2025

        Respectfully submitted,

        */s/ Elizabeth M. Lally*
        Elizabeth M. Lally, AT0013010
        LALLY LEGAL GROUP LLC
        12020 Shamrock Plaza, Suite 200
        Omaha, NE 68154
        Telephone: 402-778-4840
        E-mail: elally@lally-legal.com

        ATTORNEY FOR PLAINTIFF TRUSTEE