# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>      Debtor.<br>_____<br><br>RENEE HANRAHAN, in her sole capacity as Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>CANDACE N. BRUCE,<br>ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, VW CREDIT, INC., d/b/a AUDI FINANCIAL SERVICES, and AUTOHAUS, LTD., d/b/a CAROUSEL AUDI IOWA CITY,<br><br>      Defendant. | Chapter 7 Bankruptcy<br>Case No. 23-00484<br><br><br>Adversary Case No. _____<br><br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT AND POST-PETITION TRANSFERS, FOR UNJUST ENRICHMENT, AND DISALLOWANCE OF CLAIMS** |

COMES NOW Plaintiff Trustee Renee Hanrahan, by and through her counsel, and in support of this Complaint, respectfully states:

## I.    JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this Complaint by operation of 28 U.S.C. §§157 and 1334, 11 U.S.C. §§105, 502(d), 541, 548, 549, 550, and 551, as well as F.R.B.P. 7001. This Court's subject matter jurisdiction is further augmented by a General Reference Order issued by the United States District Court.

2. Venue is proper in this Court and District by operation of 28 U.S.C. §1409.

3. This is a core proceeding by operation of 28 U.S.C. §157(b)(2)(A), (F), and (O).

4. To the extent, if at all, that this Complaint does not involve a core proceeding, the Plaintiff consents to the entry of final judgment and a rendition of legal conclusion by this Court.

## II. PARTIES

5. Debtor BDC Group, Inc. ("Debtor") filed a voluntary Chapter 11 Petition pursuant to Title 11 U.S.C. §101, et seq., ("Bankruptcy Code") in this Court on June 13, 2023 ("Petition Date").

6. Debtor's Chapter 11 case was converted to one under Chapter 7 of the Bankruptcy Code on January 30, 2024.

7. The Plaintiff is the duly appointed and serving Trustee, administering the Debtor's Chapter 7 case.

8. The Debtor operated a business, which included making payments to vendors.

9. Upon information and belief, Candace N. Bruce ("Bruce") is a natural person believed to be residing in Marion, Iowa.

10. Bruce is an insider pursuant to 11 U.S.C. § 101(31)(B) at all times relevant hereto.

11. Upon information and belief, Allianz Life Insurance Company of North America ("Allianz") has its principal place of business in Minneapolis, MN.

12. Upon information and belief, VW Credit, Inc., d/b/a Audi Financial Services has its principal place of business in Libertyville, IL.

13. Upon information and belief, VW Credit, Inc., d/b/a Audi Financial Services ("Audi Financial Services") is licensed to business as a foreign for-profit entity in the State of Iowa.

14. Upon information and belief, Autohaus, LTD., d/b/a Carousel Audi Iowa City ("Carousel Audi") has its principal place of business in Iowa City, Iowa.

### III. BACKGROUND

15. During the two (2) years prior to the Petition Date, Debtor made payments for both the lease and buyout of an Audi Q8 vehicle leased by Bruce. *See* **Exhibit 1**.

16. During the two (2) years prior to the Petition Date, Debtor made payments to Audi Financial Services in the amount of at least $32,028.36 (the "Audi Financial Services Transfers"). *See* **Exhibit 1**.

17. During the two (2) years prior to the Petition Date, Debtor made payments to Carousel Audi in the amount of at least $3,206.00 (the "Carousel Audi Transfer(s)"). *See* **Exhibit 1**.

18. During the two (2) years prior to the Petition Date, Debtor made payments related to Bruce's lease and lease buyout of an Audi Q8 vehicle in the amount of at least $35,234.36 the "Audi Related Transfers"). *See* **Exhibit 1**.

19. Upon information and belief, the Audi Q8 was subsequently titled to Bruce.

20. Upon information and belief, in June 2022, Allianz issued a Universal Life Insurance Policy ("Life Insurance Policy") that listed Bruce as both the owner and primary insured under the Life Insurance Policy.

21. The $4,000.00 in monthly premiums called for pursuant to the Life Insurance Policy were paid by Debtor and from Debtor's bank account(s).

22. During the one (1) year prior to the Petition Date, Debtor made payments to Allianz on account of Bruce's Life Insurance Policy in the amount of at least $44,000.00 (the "Allianz Policy Payments"). *See* **Exhibit 2**.

23. The Audi Related Transfer(s) and Allianz Transfer(s), collectively, total at least $76,028.36 (the "Fraudulent Transfers") in payments made by the Debtor during the two (2) years prior to the Petition Date.

24. Upon information and belief, in August 2024, during the pendency of Debtor's Chapter 11 case, Bruce surrendered the Life Insurance Policy and received $10,304.03 in cash surrender value related to the same ("Allianz Surrender Payment").

**COUNT I: AVOIDANCE AND RECOVERY OF FRAUDULENT
TRANSFERS PURSUANT TO 11 U.S.C. 548(a)(1)(B)
(Candace N. Bruce)**

25. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

26. The Fraudulent Transfers identified on Exhibits 1 and 2 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibits 1 and 2**.

27. The Fraudulent Transfers were made within two (2) years before the Petition Date. *See* **Exhibits 1 and 2**.

28. The Debtor received less than a reasonably equivalent value exchange for the Fraudulent Transfers.

29. The Fraudulent Transfers occurred while the Debtor was either actually insolvent or, became insolvent as a result of the Fraudulent Transfers.

30. Alternatively, and upon information and belief, the Fraudulent Transfers occurred while the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

31. Alternatively, and upon information and belief, the Fraudulent Transfers occurred at a time when the Debtor intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

32. Alternatively, and upon information and belief, the Debtor made the Fraudulent Transfers for the benefit of the Bruce, an insider, or incurred such obligation to or for the benefit of the Bruce, an insider, under an employment contract and not in the ordinary course of business.

33. The Fraudulent Transfers constitute fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

> **WHEREFORE**, the Plaintiff requests that the Court enter the following:
>
> a. An Order, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding the Fraudulent Transfers;
>
> b. Judgment in this action against Candance N. Bruce in an amount of not less than $76,028.36, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring Candance N. Bruce to pay such amount to Plaintiff; and
>
> c. An Order for such other and further relief as the Court may deem just and proper.

**COUNT II: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §550(a)
(Candace N. Bruce)**

34. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

35. The Fraudulent Transfers were made within two (2) years before the Petition Date. *See* **Exhibits 1 and 2**.

36. Upon information and belief, the Fraudulent Transfers were for the benefit of the Bruce.

37. Upon information and belief, alternatively, Bruce is an immediate or mediate transferee of one or more of the Fraudulent Transfers.

38. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Bruce the sum of the Fraudulent Transfers together with all applicable pre-judgment interest, costs of this action and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, plus post-judgment interest thereon to the date of payment.

**WHEREFORE**, the Plaintiff requests that the Court enter the following:

a. An Order, pursuant to 11 U.S.C. § 550, for recovery of an amount not less than $76,028.36, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring Candace N. Bruce to pay such amount to Plaintiff; and

b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT III: UNJUST ENRICHMENT**
**(Allianz Policy Payments to Candace N. Bruce)**

38. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

39. Debtor conferred a benefit upon Bruce from which Bruce benefitted on account of Debtor's payment payments to Allianz of the Allianz Policy Payments called for pursuant to Bruce's Life Insurance Policy. *See* **Exhibit 2**.

40. Upon information and belief, Bruce was aware Bruce was receiving benefits from the Debtor from via Debtor's payments to Allianz of the Allianz Policy Payments called for pursuant to Bruce's Life Insurance Policy.

41. Upon information and belief, Bruce, as an insider of the Debtor, allowed herself to receive the benefits via Debtor's payments to Allianz of the Allianz Policy Payments called for pursuant to Bruce's Life Insurance Policy

42. Bruce's acceptance / retention of the Allianz Policy Payments under the circumstances makes it inequitable for Bruce to retain such benefit without payment of their value.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a. Judgment against Candace N. Bruce in the amount of the benefit conferred on the same from the Allianz Policy Payments as determined at trial, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment; and

b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT IV: UNJUST ENRICHMENT**
**(Allianz Surrender Payment to Candace N. Bruce)**

43. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

44. Upon information and belief, in August 2024, during the pendency of Debtor's Chapter 11 case, Bruce surrendered the Life Insurance Policy.

45. Upon information and belief, in August 2024, during the pendency of Debtor's Chapter 11 case, Bruce and received the $10,304.03 Allianz Surrender Payment as a result of the Life Insurance Policy's cash surrender value.

46. Upon information and belief, the Allianz Surrender Payment paid to Bruce was a direct result of Debtor's having paid the Allianz Policy Payments.

47. Upon information and belief, Bruce was aware Bruce was receiving benefits from the Debtor via the Allianz Surrender Payment, which payment was a direct result of Debtor's having paid the Allianz Policy Payments.

48. Bruce's acceptant / retention of the Allianz Surrender Payment under the circumstances make it inequitable for Bruce to retain such benefit without payment of their value.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a. Judgment against Candace N. Bruce in the amount of the benefit conferred on the same from the Allianz Surrender Payment as determined at trial, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment; and

b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT V:  AVOIDANCE AND RECOVERY OF POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 549 AND 550**
**(Candace N. Bruce)**

49. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

50. From the Petition Date until January 30, 2024, Debtor operated as a debtor-in-possession under the Bankruptcy Code.

51. After the Debtor's case was commenced, Bruce, an insider of the Debtor, exercised dominion and control over the Debtor and Debtor's assets, including, but not limited to, any remaining Allianz Surrender Payment proceeds.

52. Pursuant to § 549(a)(1)-(2) of the Bankruptcy Code: "[T]he trustee may avoid a transfer of property of the estate . . . that occurs after the commencement of the case . . . and . . . that is not authorized under section 303(f) or 542(c) of this title; or that is not authorized under this title or by the court." 11 U.S.C. §549(a)(1)-(2).

53. Pursuant to Section 101(54) of the Bankruptcy Code, a "transfer" means "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54).

54. Pursuant to Bankruptcy Code § 541(a)(6), a debtor's estate is comprised, in part, of: "Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. §541(a)(6).

55. Upon information and belief, any Allianz Surrender Payment proceeds Debtor was entitled to were transferred to Bruce, post-petition, without authority under the Bankruptcy Code or by the Court.

56. Bruce would not be considered a good-faith purchaser without knowledge as it relates to the Allianz Surrender Payment proceeds.

57. Pursuant to 11 U.S.C. §§ 549(a)(1) and (a)(2)(B), the post-petition transfer of the Allianz Surrender Payment is an avoidable post-petition transfer.

58. Under § 550 of the Bankruptcy Code, Plaintiff is entitled to recover the Allianz Surrender Payment, or the value thereof from Bruce.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

    a.    An Order, pursuant to 11 U.S.C. §§549(a)(1) and (a)(2)(B), avoiding any post-petition transfer of the Allianz Surrender Payment made to Candace N. Bruce;

    b.    Judgment against Candace N. Bruce, in an amount to be determined at trial, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment;

    c.    An Order, pursuant to 11 U.S.C. § 550, for recovery of the post-petition transfers of the Allianz Surrender Payment or the value thereof, and requiring Candace N. Bruce to pay such amount to the Plaintiff; and

    d.    An Order for such other and further relief as the Court may deem just and proper.

### COUNT VI: TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)
### (Candace N. Bruce)

59.    Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

60.    Section 502(d) of the Bankruptcy Code provides that "[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

61.    Pursuant to 11 U.S.C. § 502(d), any claim(s) of Bruce against the Debtor must be disallowed until such time as Bruce pays to Plaintiff an amount equal to the aggregate amount of all the avoidable transfers, plus interest thereon and costs.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a.  An Order disallowing any claims of Candace N. Bruce pursuant to 11 U.S.C. § 502(d); and

b.  An Order for such other and further relief as the Court may deem just and proper.

### COUNT VII: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. 548(a)(1)(B)
### (VW Credit, Inc., d/b/a Audi Financial Services)

62. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

63. The Audi Financial Services Transfers identified on Exhibit 1 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibit 1**.

64. The Audi Financial Services Transfers were made within two (2) years before the Petition Date. *See* **Exhibit 1**.

65. The Debtor received less than a reasonably equivalent value exchange for the Audi Financial Services Transfers.

66. Audi Financial Services Transfers occurred while the Debtor was either actually insolvent or, became insolvent as a result of the Audi Financial Services Transfers.

67. Alternatively, and upon information and belief, the Audi Financial Services Transfers occurred while the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

68. Alternatively, and upon information and belief, the Audi Financial Services Transfers occurred at a time when the Debtor intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

69. Alternatively, and upon information and belief, the Debtor made the Audi Financial Services Transfers for the benefit of the Bruce, an insider, or incurred such obligation to or for the benefit of the Bruce, an insider, under an employment contract and not in the ordinary course of business.

70. The Audi Financial Services Transfers constitute fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

> **WHEREFORE,** the Plaintiff requests that the Court enter the following:
>
> a. An Order, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding the Audi Financial Services Transfers;
>
> b. Judgment in this action against VW Credit, Inc., d/b/a Audi Financial Services in an amount of not less than $32,028.36, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring VW Credit, Inc., d/b/a Audi Financial Services to pay such amount to Plaintiff; and
>
> c. An Order for such other and further relief as the Court may deem just and proper.

**COUNT VIII: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §550(a)
(VW Credit, Inc., d/b/a Audi Financial Services)**

71. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

72. The Audi Financial Services Transfers identified on Exhibit 1 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibit 1**.

73. The Audi Financial Services Transfers were made within two (2) years before the Petition Date. *See* **Exhibit 1**.

74. Audi Financial was the initial transferee of the Audi Financial Services Transfers. *See* **Exhibit 1**.

75. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Audi Financial the sum of Audi Financial Services Transfers together with all applicable pre-judgment interest, costs of this action and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, plus post-judgment interest thereon to the date of payment.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a. An Order, pursuant to 11 U.S.C. § 550, for recovery of an amount not less than $32,028.36, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring VW Credit, Inc., d/b/a Audi Financial Services to pay such amount to Plaintiff; and

b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT IX: TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)**
**(VW Credit, Inc., d/b/a Audi Financial Services)**

76. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

77. Section 502(d) of the Bankruptcy Code provides that "[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

78. Pursuant to 11 U.S.C. § 502(d), any claim(s) of Audi Financial Services against the Debtor must be disallowed until such time as Audi Financial Services pays to Plaintiff an amount equal to the aggregate amount of all the avoidable transfers, plus interest thereon and costs.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a. An Order disallowing any claims of VW Credit, Inc., d/b/a Audi Financial Services pursuant to 11 U.S.C. § 502(d); and

b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT X: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. 548(a)(1)(B)**
**(Autohaus, LTD., d/b/a Carousel Audi Iowa City)**

79. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

80. The Carousel Audi Transfer(s) identified on Exhibit 1 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibit 1**.

81. The Carousel Audi Transfer(s) were made within two (2) years before the Petition Date. *See* **Exhibit 1**.

82. The Debtor received less than a reasonably equivalent value exchange for the Carousel Audi Transfer(s).

83. Carousel Audi Transfer(s) occurred while the Debtor was either actually insolvent or, became insolvent as a result of the Carousel Audi Transfer(s).

84. Alternatively, and upon information and belief, the Carousel Audi Transfer(s) occurred while the Debtor was engaged in business or a transaction, or was about to engage

in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

85. Alternatively, and upon information and belief, the Carousel Audi Transfer(s) occurred at a time when the Debtor intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

86. Alternatively, and upon information and belief, Debtor made the Carousel Audi Transfer(s) for the benefit of the Bruce, an insider, or incurred such obligation to or for the benefit of the Bruce, an insider, under an employment contract and not in the ordinary course of business.

87. The Carousel Audi Transfer(s)constitute fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

   **WHEREFORE,** the Plaintiff requests that the Court enter the following:

   a. An Order, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding the Audi Financial Services Transfers;

   b. Judgment in this action against Autohaus, LTD., d/b/a Carousel Audi Iowa City in an amount of not less than $3,206.00, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring Autohaus, LTD., d/b/a Carousel Audi Iowa City to pay such amount to Plaintiff; and

   c. An Order for such other and further relief as the Court may deem just and proper.

**COUNT XI: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §550(a)
(Autohaus, LTD., d/b/a Carousel Audi Iowa City)**

88. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

89. The Carousel Audi Transfer(s) identified on Exhibit 1 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibit 1**.

90. The Carousel Audi Transfer(s) was / were made within two (2) years before the Petition Date. *See* **Exhibit 1**.

91. Carousel Audi was the initial transferee of the Carousel Audi Transfer(s) Transfers. *See* **Exhibit 1**.

92. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Carousel Aul the sum of the Carousel Audi Transfer(s) together with all applicable pre-judgment interest, costs of this action and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, plus post-judgment interest thereon to the date of payment.

        **WHEREFORE,** the Plaintiff requests that the Court enter the following:

    a. An Order, pursuant to 11 U.S.C. § 550, for recovery of an amount not less than $3,206.00, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring Autohaus, LTD., d/b/a Carousel Audi Iowa City to pay such amount to Plaintiff; and

    b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT XII: TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)**
**(Autohaus, LTD., d/b/a Carousel Audi Iowa City)**

93. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

94. Section 502(d) of the Bankruptcy Code provides that "[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which

property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

95. Pursuant to 11 U.S.C. § 502(d), any claim(s) of Audi Financial Services against the Debtor must be disallowed until such time Carousel Audi pays to Plaintiff an amount equal to the aggregate amount of all the avoidable transfers, plus interest thereon and costs.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a. An Order disallowing any claims of Autohaus, LTD., d/b/a Carousel Audi Iowa City pursuant to 11 U.S.C. § 502(d); and

b. An Order for such other and further relief as the Court may deem just and proper.

### COUNT XIII: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. 548(a)(1)(B)
### (Allianz Life Insurance Company of North America)

96. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

97. The Allianz Policy Payments identified on Exhibit 2 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibit 2**.

98. The Allianz Policy Payments were made within one (1) year before the Petition Date. *See* **Exhibit 2**.

99. The Debtor received less than a reasonably equivalent value exchange for the Allianz Policy Payments.

100. The Allianz Policy Payments occurred while the Debtor was either actually insolvent or, became insolvent as a result of the Allianz Policy Payments.

101. Alternatively, and upon information and belief, the Allianz Policy Payments occurred while the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

102. Alternatively, and upon information and belief, the Allianz Policy Payments occurred at a time when the Debtor intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

103. Alternatively, and upon information and belief, the Debtor made the Allianz Policy Payments for the benefit of the Bruce, an insider, or incurred such obligation to or for the benefit of the Bruce, an insider, under an employment contract and not in the ordinary course of business.

104. The Allianz Policy Payments constitute fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

    **WHEREFORE,** the Plaintiff requests that the Court enter the following:

    a.    An Order, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding the Allianz Policy Payments;

    b.    Judgment in this action against Allianz Life Insurance Company of North America in an amount of not less than $44,000.00, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring Allianz Life Insurance Company of North America to pay such amount to Plaintiff; and

    c.    An Order for such other and further relief as the Court may deem just and proper.

**COUNT XIV: AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §550(a)**
**(Allianz Life Insurance Company of North America)**

105. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

106. The Allianz Policy Payments identified on Exhibit 2 (attached hereto) constituted transfers of property of the Debtor at the time of the payments. *See* **Exhibit 2**.

107. The Allianz Policy Payments were made within one (1) year before the Petition Date. *See* **Exhibit 2**.

108. Allianz was the initial transferee of the Allianz Policy Payments. *See* **Exhibit 2**.

109. Unless otherwise determined after a trial, pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover Allianz the sum of the Allianz Policy Payments together with all applicable pre-judgment interest, costs of this action and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court, plus post-judgment interest thereon to the date of payment.

   **WHEREFORE,** the Plaintiff requests that the Court enter the following:

   a. An Order, pursuant to 11 U.S.C. § 550, for recovery of an amount not less than $44,000.00, together with all applicable pre-judgment interest, costs and attorneys' fees to the extent recoverable under applicable law and the evidence submitted to the Court; plus post-judgment interest thereon to the date of payment, and requiring Allianz Life Insurance Company of North America to pay such amount to Plaintiff; and

   b. An Order for such other and further relief as the Court may deem just and proper.

**COUNT XV: TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502(d)**
**(Allianz Life Insurance Company of North America)**

110. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

111. Section 502(d) of the Bankruptcy Code provides that "[n]otwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

112. Pursuant to 11 U.S.C. § 502(d), any claim(s) of Allianz against the Debtor must be disallowed until such time as Allianz pays to Plaintiff an amount equal to the aggregate amount of all the avoidable transfers, plus interest thereon and costs.

**WHEREFORE,** the Plaintiff requests that the Court enter the following:

a. An Order disallowing any claims of Allianz Life Insurance Company of North America pursuant to 11 U.S.C. § 502(d); and

b. An Order for such other and further relief as the Court may deem just and proper.

Dated: June 11, 2025

        Respectfully submitted,

        */s/ Elizabeth M. Lally*
        Elizabeth M. Lally, AT0013010
        LALLY LEGAL GROUP LLC
        12020 Shamrock Plaza, Suite 200
        Omaha, NE 68154
        Telephone: 402-778-4840
        E-mail: elally@lally-legal.com

        ATTORNEY FOR PLAINTIFF TRUSTEE