## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

KEYSTONE SAVINGS BANK,

    Appellant,

vs.

RENEE HANRAHAN, in her capacity as Chapter 7 Trustee,

    Appellee.

No. C24-104-LTS-MAR

**MEMORANDUM OPINION AND ORDER ON BANKRUPTCY APPEAL**

### I.    INTRODUCTION

This case is before me on an appeal (Doc. 1) by secured creditor Keystone Savings Bank (KSB) from a September 10, 2024, decision of the United States Bankruptcy Court for the Northern District of Iowa (the Bankruptcy Court). KSB argues the Bankruptcy Court erred by denying KSB's motion to recognize lien and motion for summary judgment. Doc. 5. Appellee Renee Hanrahan, the Chapter 7 trustee, has filed a response (Doc. 6) and KSB has filed a reply (Doc. 7).

### II.    SUMMARY OF RELEVANT FACTS

As the Bankruptcy Court noted, there are no disputed issues of material fact. *In re BDC Group, Inc.,* Bankruptcy No. 23-00484, 2024 WL 4137984, at *1 (Bankr. N.D. Iowa 2024). The parties have not objected to the Bankruptcy Court's factual findings. As such, I will adopt the Bankruptcy Court's findings of fact, which state:

> The security agreements executed in favor of or held by KSB and related UCC financing statements identify "general intangibles" as collateral. KSB timely filed a proof of claim in BDC's bankruptcy case asserting its rights against all of its collateral.

*Id.*

### III. DISCUSSION

#### A. Parties' Arguments

The sole issue in this case is whether KSB has a lien on Chapter 5 avoidance actions by debtor BDC, Inc. (BDC). KSB argues that a recent Eighth Circuit Court of Appeals opinion, *In re Simply Essentials, LLC,* 78 F.4th 1006 (8th Cir. 2023), necessitates a finding that KSB has a lien on BDC's Chapter 5 avoidance actions. Specifically, KSB argues that the Eighth Circuit's statement in *Simple Essentials* that "the debtor has an inchoate interest in the avoidance actions prior to the commencement of the bankruptcy proceedings" means that secured creditors can receive a debtor's interest in avoidance actions as collateral. *Simply Essentials,* 78 F. 4th at 1009; Doc. 5 at 6.

Hanrahan argues that *Simply Essentials* does not stand for the proposition that Chapter 5 avoidance actions may be subject to post-petition liens based on a debtor's pledge of "general intangibles" as collateral. Doc. 6 at 11. Hanrahan further argues that even if the court were to hold that the avoidance actions are subject to liens, the value of those liens is *de minimis* at best. *Id.* at 15.

#### B. The Bankruptcy Court Opinion

The Bankruptcy Court rejected KSB's argument that *Simply Essentials* changed longstanding law regarding liens on avoidance actions. The Bankruptcy Court began by summarizing cases holding that pre-petition liens do not attach to avoidance actions. *BDC Group,* 2024 WL 4137984, at *2. For example, one bankruptcy court stated, "a pre-petition lien does not attach to rights or actions by the trustee of a bankruptcy estate that did not exist prior to the bankruptcy filing." *In re Pierport Dev. & Realty,* 491 B.R. 544, 549 (Bankr. N.D. Ill. 2013) (citing *In re Tek-Aids Indus.,* 145 B.R. 253, 256 (Bankr. N.D. Ill. 1992)). The Bankruptcy Court then discussed case law holding that avoidance actions arise post-petition, and thus qualify as after-acquired property that cannot be encumbered by pre-petition liens. *BDC Group,* 2024 WL 4137984, at *2 (citing *Official Comm. of Unsecured Creditors v. UMB Bank* (*In re Residential Cap., LLC*), 497 B.R.

2

403, 414 (Bankr. S.D.N.Y. 2013); *In re Connolly Geaney Ablitt & Willard, P.C.,* 585 B.R. 644 (Bankr. D. Mass. 2018); *In re AMKO Fishing Co.,* No. 1:15-BK-00489, 2018 WL 3748820 (B.A.P. 9th Cir. Aug. 7, 2018); *In re Ludford Fruit Prod., Inc.,* 99 B.R. 18, 25 (Bankr. C.D. Cal. 1989)). The Bankruptcy Court then noted that the leading Bankruptcy treatise, *Collier on Bankruptcy,* states in relevant part:

> Once a bankruptcy case commences, however, because all recoveries under the avoiding powers are property of the estate, administered almost exclusively by the trustee for the benefit of the estate as a whole rather than for any creditor individually, it is difficult to see how such recoveries can be other than "after-acquired property" within the meaning of section 552(a), rather than proceeds of prepetition collateral under section 552(b)(1). This is true for fraudulent transfers as well as preferences, and no persuasive distinction seems possible along these lines. Prebankruptcy state law preferences exist, and may be asserted postbankruptcy under section 544(b) of the Bankruptcy Code. And the assertion by a trustee of state fraudulent transfer law under section 544(b) allows for an expanded recovery under the rule of *Moore v. Bay*, as well as section 550, underscoring the fact that the recoveries that are property of the estate under section 541(a)(3) are peculiarly postpetition in nature. Indeed, a creditor may not sue to recover a state law fraudulent transfer once a case in bankruptcy is commenced, because this would be taking a chose in action from the estate, thereby violating the automatic stay. On the whole, therefore, the more persuasively reasoned opinions do not permit secured creditors to share in recoveries obtained by bankruptcy trustees or estate representatives pursuant to the avoiding powers, even where such creditors may have independent, traceable rights to those funds.

5 *Collier on Bankruptcy* ¶ 552.02[5][d] (16th ed. 2020).

The Bankruptcy Court went on to discuss the myriad ways in which *Simply Essentials* failed to change anything about long-standing case law surrounding the effect of pre-petition liens on avoidance actions. It began by discussing the holding of *Simply Essentials*:

> The Eighth Circuit recognized in *Simply Essentials* that the "debtor in possession or the Trustee" is the party with the rights to the avoidance action—not Debtor. [*Simply Essentials,* 78 F.4th at 1009–10.] The Court recognized avoidance actions are allowed solely for the benefit of the estate

3

> and its creditors—not debtor or one of its creditors—and "belong to the estate". *Id*. The case did not purport to change this well-established law. KSB argues that because the Eighth Circuit noted (in one of its two alternative holdings on property of the estate) "that the debtor has an inchoate interest in avoidance actions prior to the commencement of the bankruptcy proceeding," this somehow necessarily changed the law and gives KSB a security interest in the trustee's actions that arise after the bankruptcy filing. KSB reads far too much into the Eighth Circuit's comment about "an inchoate interest" of the debtor.

*BDC Group,* 2024 WL 4137984, at *3. The Bankruptcy Court then explained that the Eighth Circuit had narrowly defined a debtor's inchoate interest in *Simply Essentials,* and this narrow definition did not allow for post-petition recovery on pre-petition liens on the debtor's inchoate interest in avoidance actions. *Id*.

Next, the Bankruptcy Court wrote that KSB's broad reading of a debtor's inchoate interest is in direct conflict with "fundamental bankruptcy principles." *Id*. at *4. For example, *Simply Essentials* reenforced the principle that Chapter 5 avoidance actions are placed under the control of the trustee or the debtor in possession (DIP). *Id*. The debtor's role in this scheme is the ability to file bankruptcy before the legal rights of avoidance actions come into existence. *Id*. The Bankruptcy Court noted that this right is narrow and not subject to a lien. *Id*. Even if this inchoate interest later becomes part of the estate as an avoidance action, another court noted that "there is no requirement that the debtor be able to transfer the interest, or that creditors be able to reach it, for the interest to be part of the estate[.]" *In re Jones,* 487 B.R. 224, 229 (Bankr. D. Ariz. 2012). Finally, as the Bankruptcy Court notes, the debtor has no ownership rights in avoidance actions, because avoidance actions "arise as a creditor's right outside bankruptcy, and in bankruptcy are only for the benefit of all creditors." *BDC Group,* 2024 WL 4137984, at *5.

The Bankruptcy Court then determined that KSB's arguments fundamentally undermine the holding of *Simply Essentials*. The court pointed out that KSB's arguments would fundamentally change existing law in which "(1) avoidance actions arise by statute

4

post-petition; (2) the trustee or DIP has the sole right to pursue avoidance actions, and (3) those avoidance actions can only be pursued for the benefit of all the estate's creditors, unless the Trustee or DIP sells them after filing." *Id*. at *6. *Simply Essentials* does not purport to overturn any of these established principles. Rather, *Simply Essentials* held that avoidance actions belong to the estate and that the trustee can thus sell them "for the benefit of the estate." *Simply Essentials,* 78 F. 4th at 1008. The Bankruptcy Court stated that KSB's theory would "effectively gut that result" because a "pre-petition creditor could lock [avoidance actions] up for its sole benefit." *BDC Group,* 2024 WL 4137984, at *6. Further, the Bankruptcy Court reiterated that KSB is not being deprived of collateral for which it bargained but instead is trying to impermissibly expand its collateral based on an overly broad reading of *Simply Essentials*. *Id*.

Next, the Bankruptcy Court noted that KSB ignored the other key holding of *Simply Essentials*, which is:

> [T]he avoidance actions clearly qualify as property of the estate under subsection (7) which includes "any interest in property that the estate acquires after the commencement of the case." The Bankruptcy Code makes these assets available to the estate after the commencement of the case.

*Simply Essentials,* 78 F.4th at 1009. Regarding this holding, the Bankruptcy Court stated:

> KSB's only arguable response to *Simply Essentials* section 541(a)(7) holding is that the "after-acquired" avoidance actions are "proceeds" of KSB's collateral interest in Debtors pre-petition inchoate right. This argument contradicts section 541(a)(7) and the *Simply Essentials* conclusion that avoidance actions arise and are acquired by the estate post-petition. There is no tie to a pre-petition right of Debtor because, under section 541(a)(7), the estate acquired the right post-filing when it came into being. This provides no basis for KSB's lien arguments.

*BDC Group,* 2024 WL 4137984, at *7. The Bankruptcy Court went on to note that extensive case law has rejected any notion that avoidance actions are proceeds of pre-petition collateral. *Id*.

5

The Bankruptcy Court concluded by noting that KSB's arguments undermine the holding of *Simply Essentials* in a different way, namely that *Simply Essentials* emphasized maximizing the value of the estate while KSB's arguments would lead to the opposite result and simply funnel what is available to the estate to a single creditor. *Id*. at *8.

C.  *Legal Standards*

The Bankruptcy Court's findings of fact are reviewed for clear error while its conclusions of law are reviewed *de novo*. *Tri-State Financial, LLC v. First Dakota Nat'l Bank*, 538 F.3d 920, 923-24 (8th Cir. 2008). The district court may affirm, reverse or modify the Bankruptcy Court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013.

D.  *Analysis*

After conducting a thorough, de novo review of the Bankruptcy Court's opinion and the underlying case law cited in that opinion, I find no error. While I agree with the entirety of the Bankruptcy Court's opinion, I will address three of KSB's arguments in more detail.

First, the thrust of KSB's argument continues to be that *Simply Essentials* overturned prior bankruptcy case law holding that avoidance actions are after-acquired property that cannot be encumbered by pre-petition liens. *BDC Group,* 2024 WL 4137984, at *2; Doc. 5 at 7 ("This issue is controlled by, and resolved by, a straightforward extension of *Simply Essentials's* reasoning and Uniform Commercial Code law."). I disagree. In *Simply Essentials*, the Eighth Circuit stated that "[t]he only issue on appeal is the legal question of whether avoidance actions can be sold as property of the estate." *Simply Essentials,* 78 F. 4th at 1008. While the court recognized that "the debtor has an inchoate interest in the avoidance actions prior to the commencement of the bankruptcy proceedings[,]" this reasoning applied to the sole issue on appeal: whether avoidance actions can be sold as property of the estate. *Id*. at 1009. The court

reasoned that avoidance actions are "brought for the benefit of the estate and therefore belong[] to the estate" and the sale of avoidance actions "is consistent with the congressional intent behind including a fiduciary duty to maximize the value of the estate." *Simply Essentials,* 78 F. 4th at 1008, 1009.  KSB's argument – which is that a debtor's inchoate interest in avoidance actions can be encumbered with liens and accessed by KSB as proceeds of pre-petition collateral – would turn the reasoning of *Simply Essentials* on its head.  Rather than remaining "consistent with the congressional intent behind including a fiduciary to maximize the value of the estate[,]" KSB's theory would allow a single creditor to diminish the estate at the expense of all other creditors.  *Id.* at 1009.

KSB argues that because the debtor has an inchoate interest in avoidance actions, it necessarily follows that this interest may be encumbered with a lien that KSB may access as post-petition proceeds.  *See* Doc. 5 at 11 ("The inchoate avoidance actions BDC had an interest in became estate property when BDC filed its bankruptcy petition … But BDC's act of commencing the bankruptcy case did not cause [KSB] to lose its security interest in the property. This is so because section 552(b)(1) preserved [KSB's] interest in its collateral and proceeds of its collateral.")).  The Bankruptcy Court noted that such arguments "have been almost uniformly rejected by case law which KSB does not even acknowledge."  *BDC Group,* 2024 WL 4137984, at *7.  The Bankruptcy Court summarized this case law as follows:

> "Proceeds" only covers "property that is directly attributable to prepetition collateral, without addition of estate resources." *In re Residential Cap.,* 501 B.R. at 612. See also *In re Twin Pines, LLC,* 2021 WL 312674 at *18 (Bankr. D.N.M. Jan. 29, 2021) (same). The Courts have generally found this rule to stem from and be consistent with Supreme Court case law that prohibited "the creation of an enforceable lien upon a subject not existent when the bankruptcy became effective or even arising from, or connected with, preexisting property, but brought into being solely as the fruit of the subsequent labor of the bankrupt." *In re Barbara K Enterprises Inc.,* 2008 WL 24 39679 at *10 (Bankr. S.D.N.Y. 2008) (quoting *Local Loan Co. v. Hunt,* 292 U.S. 234, 243, 54 S. Ct. 695, 78 L. Ed. 1230 (1934) (emphasis

7

added).  Here, avoidance actions by the trustee or DIP did not exist at filing and, at a minimum, are the quintessential things that require the addition of estate resources to succeed and produce a recovery. In fact, *Simply Essentials* recognized this very point by noting that estates often do not have the resources to pursue those actions—and instead of letting them go with no recovery, Trustees can sell them to get a recovery.

*Id*.

On appeal, KSB argues that "the availability of avoidance actions has to do with the debtor's pre-bankruptcy past and commencement of the case, and nothing to do with the amount of investment an estate puts into them." Doc. 5 at 13.  KSB acknowledges the contrary case law but argues that:

> [T]he availability of avoidance actions has to do with the debtor's pre-bankruptcy past and commencement of the case, and nothing to do with the amount of investment an estate puts into them. *In re Raynor,* 406 B.R. at 38. The decisions to transfer assets pre-bankruptcy and the "right to file for bankruptcy" belongs to the "debtor," not to the debtor's estate. *Simply Essentials,* 78 F.4th at 1009. Thus, avoidance actions do not depend upon estate resources. All it takes is a debtor filing a petition.

*Id*.  Again, I disagree.  The inchoate right in avoidance actions that a debtor possesses matures into the debtor's right to file for bankruptcy.  After this point, avoidance actions "arise as a brand-new thing" which are "created postpetition in the trustee or a DIP, solely for one of them to pursue, and solely for the benefit of the estate." *BDC Group,* 2024 WL 4137984, at *7.  As such, the Bankruptcy Court correctly concluded that avoidance actions "are the quintessential things that require the addition of estate resources to succeed and produce a recovery" and thus cannot be proceeds. *Id.*

Finally, I must address KSB's argument that the Bankruptcy Court erred by analogizing a debtor's inchoate interest in avoidance actions to a spouse's inchoate dower interest.  Doc. 5 at 14.  KSB argues that "setting aside the public policy dower interests are intended to promote, there is nothing about the inchoate nature of the interest that prevents it from being assigned or used as collateral." *Id*. at 15.  This misconstrues the Bankruptcy Court's argument.  The Bankruptcy Court did not argue that the presence of

8

a spouse's unassignable inchoate dower interest stands for the proposition that an inchoate right can never be assigned. Rather, inchoate dower interests are merely an example of how inchoate interests are not *necessarily* assignable. Further, KSB's argument that dower interests are not transferable because of "unique public policy undergirding dower interests" actually supports the non-assignability of avoidance actions. *Id.* The *Simply Essentials* court recognized that its holding was "consistent with the congressional intent behind including a fiduciary duty to maximize the value of the estate." *Simply Essentials,* 78 F. 4th at 1010. The policy of allowing the maximization of the value of the estate supports, rather than undermines, a finding that an inchoate interest in avoidance actions cannot be encumbered for the post-petition benefit of a single creditor.

## IV.   CONCLUSION

For the reasons stated herein, KSB's appeal (Doc. 1) of the Bankruptcy Court's September 10, 2024, decision to deny the motion to recognize lien and motion for summary judgment is **denied** and the Bankruptcy Court's decision is **affirmed**.

**IT IS SO ORDERED** this 17th day of July, 2025.

_____
Leonard T. Strand
United States District Judge