**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br>BDC GROUP, INC.,<br>       Debtor. | Bankruptcy Case No. 23-00484<br>Adversary No. _____ |
| KEYSTONE SAVINGS BANK, on behalf of the BANKRUPTCY ESTATE OF BDC GROUP, INC.,<br>       Plaintiff,<br>v.<br>SUMMIT INFRASTRUCTURE GROUP, LLC,<br>       Defendant. | **COMPLAINT AND JURY DEMAND** |

    COMES NOW Plaintiff Keystone Savings Bank, on behalf of the Bankruptcy Estate of BDC Group, Inc., and for its Complaint against Defendant SummitIG, LLC, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

    1.    BDC Group, Inc. ("Debtor") is an Iowa corporation with its principal place of business located in Hiawatha, Iowa. BDC is the Debtor in the above bankruptcy case.

    2.    Plaintiff Keystone Savings Bank ("Bank") is a bank organized under the laws of the State of Iowa, which maintains its primary office at 81 Main Street, Keystone, Iowa.

    3.    Defendant Summit Infrastructure Group, LLC ("SummitIG") is a Virginia limited liability company with its principal place of business in Sterling, VA.

    4.    The Court has jurisdiction over the bankruptcy case and this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, as further augmented by a General Reference Order issued by the United States District Court for the Northern District of Iowa. This action is a core proceeding under 28 U.S.C. § 157.

5. Additionally, SummitIG has consented to the exercise of subject matter and personal jurisdiction by this Court, because it filed a Proof of Claim with this Court.

6. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## PROCEDURAL BACKGROUND

7. On June 13, 2023, Debtors commenced a bankruptcy case under Chapter 11 of the U.S. Bankruptcy Code.

8. The bankruptcy case was converted to a proceeding under Chapter 7 in January 2024.

9. SummitIG filed Proof of Claim 141 with this Court and against the Debtor's bankruptcy estate on May 6, 2024. SummitIG stated "unknown" for the amount of its claim, and while SummitIG identified "Construction Services Agreements" as the basis for its claim, it did not provide any of those documents as proof.

10. The Bank holds secured claims against the Debtor and its estate, and by order entered on August 29, 2024, Dkt. 528, possesses standing to pursue, recover, and prosecute certain property and interests of the Debtor and its bankruptcy estate, including for property that SummitIG continues to retain.

11. The bankruptcy case remains pending in the United States Bankruptcy Court for the Northern District of Iowa as case no. 23-00484.

## GENERAL ALLEGATIONS

12. Debtor operated a utility installation services and construction company with its principal office in eastern Iowa. The Debtor continued portions of its business after seeking bankruptcy protection, which operations halted by the time the case was converted to Chapter 7 in January 2024.

13. One of the companies that the Debtor contracted and engaged in business with was SummitIG.

14. The Debtor and SummitIG entered into multiple contracts, pursuant to which, in general terms, the Debtor contracted to install certain utilities at specified locations and in return, SummitIG agreed to make payment.

15. The Debtor tracked these several contracts with SummitIG in its system as different "jobs" and assigned a number and general location or description to each of them.

16. Throughout the job performance and installation process, the Debtor and any of its subcontractors, as applicable, worked at the locations and ultimate direction of SummitIG.

17. At various intervals, the Debtor submitted invoices to SummitIG for payment.

18. For some invoices, SummitIG partially paid the Debtor's invoice but withheld a certain amount as retainage. For other invoices, SummitIG did not pay.

19. In all cases, the Debtor or its subcontractors performed the work identified in and represented by the invoices that the Debtor remitted to SummitIG for payment.

20. The Debtor has open and unpaid invoices and receivables with SummitIG for the following job numbers: 19007, 20302, 21078, 21378, 21427, 21611, 22036, 22038, 22234, 22645, 22732, 23004, 23005, 23040. Discovery may reveal the existence of other open and unpaid invoices and jobs.

21. SummitIG has not timely paid all of the Debtor's invoices and has not remitted retainage to the Debtor.

22. The bankruptcy estate has not received payments from SummitIG on account of the Debtor's invoices.

23. The entirety of the Debtor's invoices to SummitIG have matured, and are presently due and owing.

24. Upon information and belief, SummitIG owed the Debtor approximately $1.4 million dollars at the time the Debtor entered bankruptcy protection, without accounting for interest, late payment penalties, or other charges.

25. SummitIG is in possession of property of the Debtor's bankruptcy estate.

26. SummitIG has made a claim against the Debtor's property interests, invoices and the payments due and owing from SummitIG thereon, including as demonstrated through Proof of Claim 141.

## COUNT I – SECTION 542 TURNOVER

27. The Bank repeats the foregoing allegations as if fully set forth here.

28. The Debtor's bankruptcy case remains open and the administration of the bankruptcy estate is ongoing.

29. SummitIG is in possession, custody, and control of property that may be used or sold under 11 U.S.C. § 363, owes a debt that is property of the estate that has matured, and/or otherwise holds or owes property subject to 11 U.S.C. § 542.

30. Pursuant to 11 U.S.C. § 542(a), SummitIG is liable and shall deliver the value of such property in its possession, custody, and control.

31. Alternatively, pursuant to 11 U.S.C. § 542(b), SummitIG is liable and must pay the debt it owes.

## COUNT II – BREACH OF CONTRACT

32. The Bank repeats the foregoing allegations as if fully set forth here.

33. The Debtor and SummitIG entered into one or more contracts.

34. Debtor performed all material obligations under its contract(s) with SummitIG.

35. In exchange for the Debtor's performance, SummitIG was required, among other things, to remit payment in accordance with the terms of the contract(s).

36. SummitIG has failed and refused to pay the invoiced amounts, despite receiving the benefit of Debtor's performance and repeated demands for payment.

37. SummitIG has materially breached its obligations by, among other things, failing and refusing to pay amounts invoiced by the Debtor, and despite receiving the benefit of Debtor's performance and repeated demands for payment.

38. As a result of SummitIG's breaches, the Debtor and its bankruptcy estate have suffered damages and harm.

## COUNT III – UNJUST ENRICHMENT

39. The Bank repeats the foregoing allegations as if fully set forth here.

40. Debtor, whether directly or indirectly through its subcontractors, conferred a benefit upon SummitIG by performing work and services, installing telecommunications infrastructure, providing fiberoptic services at SummitIG's request and for its benefit, and such other benefits that may be revealed during the course of discovery.

41. SummitIG had knowledge of the benefits provided by Debtor and accepted those benefits, including the use of the installed infrastructure, without objection.

42. The enrichment of and receipt of benefits by SummitIG came at the expense, harm, and disadvantage of the Debtor.

43. It would be unreasonable and unjust for SummitIG to retain the benefits under the circumstances and without payment to the Debtor. A money judgment should be accordingly awarded and entered against SummitIG.

## COUNT IV – OBJECTION TO PROOF OF CLAIM

44. The Bank repeats the foregoing allegations as if fully set forth here.

45. SummitIG filed Proof of Claim 141.

46. SummitIG states the amount of its claim amount is "unknown" and otherwise provides no documentary evidence supporting its claim.

47. Upon information and belief, the person who signed Proof of Claim 141 for SummitIG has no personal knowledge or involvement with the Debtor prior to this bankruptcy case.

48. SummitIG has not provided sufficient factual and evidentiary support to establish a claim.

49. The Court should deny and disallow SummitIG's Proof of Claim 141.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keystone Savings Bank, prays that the Court enter relief and judgment as follows:

A. Entering judgment against Defendant Summit Infrastructure Group, LLC and in favor of Plaintiff, on behalf of the Bankruptcy Estate of BDC Group, Inc., in an amount equal to the value of the estate property in SummitIG's possession, custody, or control, or, alternatively, ordering SummitIG to pay the debt that it owes the Bankruptcy Estate;

B. Entering judgment against Defendant Summit Infrastructure Group, LLC and in favor of Plaintiff, on behalf of the Bankruptcy Estate of BDC Group, Inc., in an amount equal to the actual, consequential, and other damages recoverable on the claims asserted

herein, all interest allowable on such award at the maximum rate permitted by law, and for the fees and costs associated with this action;

  C. Entering an Order that denies and disallows SummitIG's Proof of Claim 141;

  D. Ordering Defendant Summit Infrastructure Group, LLC to pay Plaintiff's expenses incurred in prosecuting this action, including attorneys' fees as allowed by law; and

  E. Granting Plaintiff such other and further relief as requested herein or that may be just and equitable.

Dated: July 30, 2025

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Abram V. Carls, AT0011818
Annie M. Hardin Staveley, AT0015664
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
acarls@spmblaw.com
ahardin@spmblaw.com
ATTORNEYS FOR PLAINTIFF