# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION FOR ORDER APPROVING COMPROMISE** |

COMES NOW Keystone Savings Bank (the "Bank"), as a representative of the Estate pursuant to the Court's August 29, 2024 Order, Dkt. 528, and respectfully moves the Court to enter an Order approving the compromise reached with MidAmerican Energy Company, and states:

1. The Court granted the Bank derivative standing to administer, collect, and pursue certain receivables that were owed to Debtor BDC Group, Inc. when it filed bankruptcy. The Bank holds security interests in these receivables, which became property of the Estate at the commencement of this case. *See* 11 U.S.C. § 541(a)(1); 11 U.S.C. § 552(b).

2. Following its receipt of derivative standing authority, the Bank intervened in Linn County Iowa District Court case number LACV 101650. The Debtor had previously initiated this case against MidAmerican Energy Company ("MidAmerican") to collect balances owed on construction contracts.

3. The Bank has diligently pursued discovery from MidAmerican focused on the owing receivable balances, which MidAmerican primarily disputed by rights of takeover and setoff that the applicable contracts provided.

4. Following a mediation with Judge Nelmark in Des Moines on September 16, 2025, the Bank and MidAmerican reached a settlement and agreed to the terms attached hereto.

5. MidAmerican has agreed to pay $209,119.79, which is the contract balance that

MidAmerican acknowledges remains owing. The figure represents a compromise between competing positions that MidAmerican setoff excess charges, on the one hand, and that additional damages caused by the Debtor's work continue to accrue and would be validly setoff against the existing contract balance, on the other. Further, the figure is the result of Judge Nelmark's mediator's recommendation.

6. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

7. A decision of whether to approve a proposed settlement agreement is within the sound discretion of the bankruptcy court. *See In re Simply Essentials, LLC*, 640 B.R. 922, 930 (Bankr. N.D. Iowa 2022) (*citing In re Hildreth*, No. 09-00293, 2012 WL 4520635 (Bankr. N.D. Iowa 2012)). Generally, settlements are favored. *Id* at 931. A bankruptcy court need not determine that the settlement is "the best result obtainable;" rather, the standard of review "is whether the settlement is fair and equitable and in the best interests of the estate." *Ritchie Cap. Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015) (quoting *Tri-State Fin., LLC,* 525 F.3d 649, 654 (8th Cir. 2008)). In evaluating a settlement, the court need only ensure that "the settlement does not fall below the lowest point in the range of reasonableness." *Id.* (quoting *Tri-State Fin.,* 525 F.3d at 654).

8. The Bank asserts that the settlement with MidAmerican is in the best interests of the Estate and asks the Court to approve it.

WHEREFORE, Keystone Savings Bank, as a representative of the Estate, respectfully requests that this Court approve this Motion and enter an Order authorizing the parties to consummate the Settlement as outlined herein and attached hereto, and directing and

authorizing the parties to do anything and everything reasonably necessary to effectuate the compromise, and for such other relief as may be just and proper under the circumstances.

Dated: September 19, 2025

Respectfully Submitted,

SIMMONS PERRINE MOYER BERGMAN PLC

/s/ Abram V. Carls
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 19, 2025, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls