**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Chapter 7 Bankruptcy<br><br>Case No. 23-00484<br><br>**LALLY LEGAL GROUP, LLC'S FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF ATTORNEY FEES AND EXPENSES FOR THE PERIOD OF AUGUST 18, 2024, THROUGH SEPTEMBER 30, 2025** |

COMES NOW Lally Legal Group, LLC ("Applicant") and the Chapter 7 Trustee Renee K. Hanrahan,, and in support of *Lally Legal Group, LLC's First Interim Application For Allowance And Payment Of Attorney Fees And Expenses For The Period Of August 18, 2024, Through September 30, 2025* (the "Application") pursuant to pursuant to Sections 330(a), 331, 503(a), 503(b)(2), and 507(a)(2) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and hereby requests the Court approve Applicant's Application and enter an order awarding the Applicant interim compensation and reimbursement of expenses in the amount of $57,307.26, which amount consists of: (i) fees ($57,239.00); and (ii) expenses ($68.26) for the period of August 18, 2024, through September 30, 2025 (the "First Compensation Period") incurred in connection with the Applicant's duties as counsel to the Trustee (defined below). In support of this Application, Applicant respectfully states:

**I.    JURISDICTION AND VENUE**

1. The Court has jurisdiction over the Application under 28 U.S.C. §§157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.  Venue is proper in this Court and District by operation of 28 U.S.C. §§ 1408 and 1409(a).

4.  The statutory predicates for the relief requested in this Application are §§ 330(a), 331, 503(a), 503(b)(2), and 507(a)(2) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2016.

## II.  BACKGROUND

5.  Debtor BDC Group, Inc., ("Debtor") filed a voluntary Chapter 11 Petition pursuant to the Bankruptcy Code in this Court on June 13, 2023 ("Petition Date").

6.  Debtor's Chapter 11 case was converted to one under Chapter 7 of the Bankruptcy Code on January 30, 2024.

7.  Renee K. Hanrahan ("Trustee") is the duly appointed and serving Trustee, administering the Debtor's Chapter 7 case.

8.  On August 21, 2024, an *Application to Employ Elizabeth M. Lally and Lally Legal Group as Attorney for Trustee Lally Legal Group, LLC and Ms. Elizabeth M. Lally* as Trustee's counsel in Debtor's Chapter 7 case as of August 18, 2024, was filed with this Court. (ECF 523).

9.  On August 21, 2024, the Office of the United States Trustee's filed a Recommendation in support of the *Application to Employ Elizabeth M. Lally and Lally Legal Group as Attorney for Trustee Lally Legal Group, LLC and Ms. Elizabeth M. Lally* as Trustee's counsel. (ECF 524).

10. On August 22, 2024, this Court entered an *Order Granting Application to Employ Elizabeth M. Lally and Lally Legal Group*. (ECF 525).

11. Applicant has submitted, and the Trustee has reviewed, an itemized statement for professional services rendered and expenses dispersed in connection with this Bankruptcy Case. *See Itemized Statement for First Compensation Period*, **Exhibit 1**.

12. Accordingly, Applicant hereby files its Application as its first interim Application for legal services and expenses provided to the Trustee with respect to Debtor's Bankruptcy Case.

### III. NARRATIVE SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY APPLICANT

13. Applicant submits the compensation sought by this Fee Application represents a fair and reasonable amount for the services rendered during the Application Period based on the criteria set forth in Section 330 of the Bankruptcy Code and the loadstar method used for evaluating applications for compensation, including: (i) the nature, extent and value of the services; (ii) the time spent on the services; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

14. "Given this statutory scheme...the starting point which bankruptcy courts have traditionally employed for arriving at a reasonable fee under 11 U.S.C. § 330 is to multiply a reasonable hourly rate times the number of hours worked [i.e. the lodestar method]. In re Kula, 213 B.R. 729, 736 (B.A.P. 8th Cir. 1997) (quoting P.A. Novelly v. Palans (In re Apex Oil Co.), 960 F.2d 728, 731 (8th Cir. 1992) ("The lodestar approach...is an appropriate method to use in calculating reasonable compensation under § 330"); In re Henricksen, 291 B.R. 833, 837 (B.A.P. 8th Cir. 2003) ("In determining if compensation sought is reasonable, the court must look to the time spent, the nature and extent of the services provided, and the value of the services

themselves"). "As a result, unless such a calculation would be inappropriate under the circumstances, the bankruptcy court must make a finding as to whether the number of hours billed were reasonable in light of the complexity of the case, and then multiply by a reasonable hourly rate for those services." In re Kula, 213 B.R. 729, 737.

15. This "lodestar" may then be adjusted upward or downward based upon a variety of subjective factors, including: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the [professional]; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases. See P.A. Novelly v. Palans (In re Apex Oil Co.), 960 F.2d 728, 732 (8th Cir. 1992).

16. The court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment as to value.

17. The impact of these factors to the captioned case is summarized as follows:

   A. <u>Time and labor required</u>. Applicant expended a total of **157.00 hours of which 155.40 hours was billed** providing necessary and reasonable services to the Trustee in connection with this Bankruptcy Case during the First Compensation Period. *See Itemized Statement for First Compensation Period*, **Exhibit 1**. Applicant endeavored to collaborate effectively and efficiently with the Trustee to avoid duplicative services while also representing the distinct interests of the

Trustee in this Bankruptcy Case. The Applicant submits the time spent in the Bankruptcy Case is reasonable for the services performed.

B. <u>The skill required to perform the services properly</u>. The Applicant has demonstrated skill as required to provide all services necessary to assist in the Trustee in the administration of Bankruptcy Case.

C. <u>Experience, reputation, and ability of the Applicant</u>. Elizabeth M. Lally is the owner / managing member of Lally Legal Group, LLC. She has almost 20 years of experience as an attorney and has focused her work almost exclusively in bankruptcy since May 2009. She is licensed in numerous states and has a multi-jurisdictional bankruptcy practice. Ms. Lally has represented multiple Chapter 7 and Chapter 11 bankruptcy trustees as well as private parties throughout her career in connection with bankruptcy proceedings and related litigation across the United States. Ms. Lally is also a Chapter 11, Subchapter V Trustee for Region 12.

D. <u>The customary fee</u>.

   i. Ms. Lally standard hourly rates ranged from $380.00 to $420.00 per hour during the First Compensation Period ($380.00 for attorney work in 2024, and $420.00 for attorney work in 2025). *See Itemized Statement for First Compensation Period*, **Exhibit 1**.

   ii. For work Ms. Lally considered paralegal in nature her hourly rates ranged from $110.00 to $150.00 per hour during the First Compensation Period ($110.00 for work in 2024, and $150.00 for work in 2025). *Id.*

   iii. Again, Applicant expended a total of **157.00 hours of which 155.40 hours was billed** providing necessary and reasonable services to the Trustee

during the First Compensation Period. **Time spent preparing this Application was entered as non-billable**. Applicant's effective, hourly rate for services performed in the Bankruptcy Case during the First Compensation Period is **$364.57 per hour ($57,239.00 / 157.00 = $364.57 per hour**). *Id.*

 iv. Applicant submits these rates are no greater than and in-line with those being charged by attorneys for other major parties-in-interest in this or other bankruptcy cases in this district.

E. <u>The novelty and difficulty of the questions / The amount involved and the results obtained</u>. The Trustee and the Applicant came into Debtor's Bankruptcy Case after the Debtor's Chapter 11 case was converted to Chapter 7. Trustee and Applicant worked diligently to protect the Estate's interests in Section 500 actions, to work with creditors to settle disputes between them, to investigate potential Section 500 actions and to prosecute and settle the same. In summary, during the First Compensation Period counsel for the Trustee:

 i. Represented and advised the Trustee with respect to an appeal filed by Keystone Savings Bank ("KSB") related to this Court's *Opinion On Motion to Recognize Lien and Motion for Summary Judgment* related to ownership of proceeds related to the Estate's Section 500 actions (ECF 532), KSB's subsequent appeal of this Court's Opinion to the United States District Court for the Northern District of Iowa (EFCs 543, 555), which Opinion the District Court upheld; KSB's appeal of the District Court's ruling in the Trustee's favor to the United States Court of Appeals for the

  Eighth Circuit (ECF 654); and ultimate settlement of the issues raised in the same between KSB and the Trustee (ECFs 648 and 668).

ii. Represented and advised the Trustee with respect to disagreements between KSB and Zayo Group, Inc., ("Zayo") including KSB's *Motion for Contempt* as to Zayo, a hearing on the same, KSB's subsequent appeal of this Court's *Opinion/Ruling on Motion For Contempt* (ECF 538) to the United States District Court for the Northern District of Iowa (ECF 545); and ultimate settlement of the issues between KSB and Zayo (ECF 578, 584).

iii. Represented and advised the Trustee with respect to various, potential Section 547 preference actions, analysis of potential actions, pre-suit settlements of potential Section 547 preference actions, and tolling agreements as to the same.

iv. Represented and advised the Trustee with respect to the determination to settle numerous potential Section 547 preference actions prior to suit and/or after entering into tolling agreement.

v. Represented and advised the Trustee with respect to the determination to file **twelve (12) adversary proceedings**, including the commencement of eleven (11) Section 547 adversary proceedings (the "Preference Adversary Proceedings").

vi. Prepared all necessary pleadings and other filings related to the Preference Adversary Proceedings including, but not limited to, complaints, summons, agreements to extend times for defendants to answer, motions

      for default judgments, and motions to approve compromises and settlements all of which filings are available for review on the docket for the Debtor's Chapter 7 case, Case No. 23-00484 and/or the related Preference Adversary Proceedings, AP Case Nos. 25-09026 through 25-09039.

vii. Advised the Trustee with respect to the determination to settle numerous potential Section 547 preference actions after suit, conducted negotiations on the same, and prepared settlement agreements.

viii. Represented and advised the Trustee with respect to the determination to file an adversary proceeding against Candace N. Bruce, Allianz Life Insurance Company of North America, VW Credit, Inc., d/b/a Audi Financial Services and Autohaus, LTD., d/b/a Carousel Audi Iowa City ("<u>Hanrahan v. Bruce, et. al.</u>"), AP Case No. 25-09096, alleging fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550 as well common law claims of unjust enrichment and recovery of post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550.

ix. Drafted all pleadings and motions with respect to <u>Hanrahan v. Bruce, et. al.</u>, including a *Resistance* to Ms. Bruce's *Motion to Dismiss* (ECF 7 and 23), conducted settlement negotiations on the same with all defendants, and prepared settlement agreements as well as necessary notices / motion to approve settlements.

  i. The adversary proceedings filed brought in **$75,702.19** in settlement funds, some of which are still to paid to the Trustee over time.

      ii. Additionally, matters not involving adversary proceedings brought in **$181,332.52**, again, some of which funds are going to be paid to the Trustee over time.

      iii. In total, as of the time of this Application, adversary proceedings and matters not involving adversary proceedings have resulted in **$257,034.71** in funds and/or promised fund coming into Debtor's Estate.

F. <u>The preclusion of other employment</u>. Other employment was precluded due to this Bankruptcy Case time was spent by Applicant on this matter that would have been otherwise spent on other cases.

G. <u>Whether the fee is fixed or contingent</u>. Applicant's fees in this case were not contingent upon the outcome of any particular issue or adversary proceeding. However, as with many bankruptcy proceedings, Applicant faced the risk of there being insufficient funds in the Debtor's Estate to pay any / all fees related to professional services provided by the Applicant on behalf of the Trustee / Debtor's Estate.

H. <u>The "undesirability" of the case</u>. Given Ms. Lally / Lally Legal Group, LLC is and was a sole member LLC during the First Compensation Period, the risk of non-payment given the limited funds in Debtor's Estate at the time of conversion, and the battle concerning the ownership and prosecution of Section 500 Actions, Ms. Lally feels the Bankruptcy Case was not particularly desirable. However, she was committed to continuing to serve the Trustee and to help the Trustee with the administration of her duties.

I. <u>Awards in similar cases</u>. Applicant represents and would demonstrate the compensation for the services rendered and expenses incurred in connection with this Bankruptcy Case is not excessive and is commensurate with, or below the compensation sought or ordered in similar cases under the Bankruptcy Code. Taking into consideration the time and labor spent, the nature and extent of the representation, Applicant believes the allowance requested herein is reasonable.

18. The time described in the itemized statements represents the actual amount of time spent by Applicants to render the described services. *See Itemized Statement for First Compensation Period*, **Exhibit 1**.

19. In addition, Applicant expended **$68.26 in costs** associated with Applicant's representation of the Trustee during the First Compensation Period. *See Itemized Statement for First Compensation Period*, **Exhibit 1**.

20. Travel time and expenses were kept to a minimum with all of Applicant's court appearances being via remote / telephonic means.

21. No agreement exists between Applicant and any third party for the sharing of compensation received by Applicant in connection with the captioned case, except as allowed by Bankruptcy Code § 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among the members, partners, or regular associates of Lally Legal Group, LLC.

### IV. NOTICE AND OPPORTUNITY TO OBJECT

23. In compliance with Bankruptcy Rule 2002(a)(6), a Notice of the Application and Objection Deadline has been provided to all parties on the mailing matrix dated as of the date of this Application.

24. Applicant has also provided a copy of this Application and exhibit(s) to via the Court's CM/ECF system to: (a) all parties in interest; (b) the Office of the United States Trustee; and (c) all parties requesting electronic service.

25. Further, as set forth in the Notice of the Application and Objection Bardate, the Chapter 7 Trustee will provide a copy of this Application and exhibit(s) to any creditors or parties-in-interest who so request.

**WHEREFORE**, Applicant respectfully requests this Court enter an Order:

A. Granting *Lally Legal Group, LLC's First Interim Application For Allowance And Payment Of Attorney Fees And Expenses For The Period Of August 18, 2024, Through September 30, 2025*;

B. Allowing and approving interim compensation for services rendered and expenses in the aggregate amount of $57,307.26, which amount consists of: (i) fees ($57,239.00); and (ii) expenses ($68.26) for the Frist Interim Compensation Period of August 18, 2024, through September 30, 2025, none of which has been previously applied for or approved for payment, on an interim basis, as Chapter 7 administrative expenses of the Debtor's Estate under Bankruptcy Code §§ 503(b) and 507(a)(2);

C. Authorizing the Chapter 7 Trustee to pay the interim fees and expenses to Lally Legal Group, LLC in the amount of $57,307.26, which amount consists of: (i) fees ($57,239.00); and (ii) expenses ($68.26) for the Frist Interim Compensation Period of August 18, 2024, through September 30, 2025 as administrative expenses of the Debtor's estate under Bankruptcy Code §§ 503(b) and 507(a)(2) fee from available funds on hand, at her discretion; and

  D. Granting any other further relief the Court deems appropriate under the circumstances in law or equity.

October 24, 2025

              Respectfully submitted,

              <u>/s/ Renee K. Hanrahan</u>
              Chapter 7 Trustee
              PO Box 1088
              Cedar Rapids IA  52406-1088
              319.533.7358
              rhanrahan@sharontc.net

              <u>*/s/ Elizabeth M. Lally*</u>
              Elizabeth M. Lally, AT0013010
              LALLY LEGAL GROUP LLC
              12020 Shamrock Plaza, Suite 200
              Omaha, NE 68154
              Telephone: 402-778-4840
              E-mail: elally@lally-legal.com

              ATTORNEY FOR PLAINTIFF TRUSTEE