**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Chapter 7 Bankruptcy<br><br>Case No. 23-00484<br><br>**SPENCER FANE LLP'S FIRST INTERIM AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF ATTORNEY FEES AND EXPENSES FOR THE PERIOD OF FEBRUARY 1, 2024 THROUGH AUGUST 14, 2024** |

COMES NOW Spencer Fane LLP ("Applicant"), and the Chapter 7 Trustee Renee K. Hanrahan, and in support of *Spencer Fane LLP's First Interim and Final Application For Allowance And Payment Of Attorney Fees And Expenses For The Period Of February 1, 2024 Through August 14, 2024* (the "Application") pursuant to pursuant to Sections 330(a), 331, 503(a), 503(b)(2), and 507(a)(2) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2016, and hereby requests the Court approve Applicant's Application and enter an order awarding the Applicant final compensation and reimbursement of expenses in the amount of $39,951.00, which amount consists of: (i) fees ($39,910.00); and (ii) expenses ($41.00) for the period of February 1, 2024, through August 14, 2024 (the "Compensation Period") incurred in connection with the Applicant's duties as counsel to the Trustee (defined below). In support of this Application, Applicant respectfully states:

**I.      JURISDICTION AND VENUE**

1. The Court has jurisdiction over the Application under 28 U.S.C. §§157 and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper in this Court and District by operation of 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested in this Application are §§ 330(a), 331, 503(a), 503(b)(2), and 507(a)(2) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2016

## II. BACKGROUND

5. Debtor BDC Group, Inc., ("Debtor") filed a voluntary Chapter 11 Petition pursuant to the Bankruptcy Code in this Court on June 13, 2023 ("Petition Date").

6. Debtor's Chapter 11 case was converted to one under Chapter 7 of the Bankruptcy Code on January 30, 2024.

7. Renee K. Hanrahan ("Trustee") is the duly appointed and serving Trustee, administering the Debtor's Chapter 7 case (the "Bankruptcy Case").

8. On February 5, 2024, an *Application to Employ Elizabeth M. Lally and Spencer Fane LLP as Attorney for Trustee* requesting relief to employ Elizabeth M. Lally and Spencer Fane LLP as Trustee's counsel in the Bankruptcy Case. (ECF 417)

9. On February 5, 2024, the Office of the United States Trustee's filed a Recommendation in support of the *Application to Employ Elizabeth M. Lally and Spencer Fane LLP as Attorney for Trustee*. (ECF 418).

10. On February 6, 2024, this Court entered an *Order Granting Application to Employ Elizabeth M. Lally and Spencer Fane LLP*. (ECF 419).

11. On August 21, 2024, an *Application to Employ Elizabeth M. Lally and Lally Legal Group as Attorney for Trustee* as Trustee's counsel in the Bankruptcy Case as of August 18, 2024, was filed with this Court. (ECF 523).[1]

12. On August 21, 2024, the Office of the United States Trustee's filed a Recommendation in support of the *Application to Employ Elizabeth M. Lally and Lally Legal Group as Attorney for Trustee Lally Legal Group, LLC and Ms. Elizabeth M. Lally* as Trustee's counsel. (ECF 524).

13. On August 22, 2024, this Court entered an *Order Granting Application to Employ Elizabeth M. Lally and Lally Legal Group*. (ECF 525).

14. Applicant ceased its services on behalf of the Trustee upon the Trustee's employment of Lally Legal Group as counsel in the Bankruptcy Case as of August 18, 2024.

15. Applicant has submitted, and the Trustee has reviewed, an itemized statement for professional services rendered and expenses dispersed in connection with this Bankruptcy Case. *See Itemized Statement for Compensation Period*, **Exhibit 1**.

16. Accordingly, Applicant hereby files its Application as its first interim and final application for legal services and expenses provided to the Trustee with respect to Debtor's Bankruptcy Case.

### III. NARRATIVE SUMMARY OF SERVICES RENDERED AND EXPENSES INCURRED BY APPLICANT

17. Applicant submits the compensation sought by this Fee Application represents a fair and reasonable amount for the services rendered during the Application Period based on the criteria set forth in Section 330 of the Bankruptcy Code and the loadstar method used for evaluating

---

[1] Elizabeth M. Lally left Spencer Fane LLP to start Lally Legal Group in 2024, and the Trustee chose to employ Lally Legal Group as counsel at that time. Ms. Lally completed substantial work for the Trustee at Spencer Fane during the Compensation Period, which is reflected in the *Itemized Statement for Compensation Period*, attached hereto as **Exhibit 1**.

applications for compensation, including: (i) the nature, extent and value of the services; (ii) the time spent on the services; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

18. "Given this statutory scheme...the starting point which bankruptcy courts have traditionally employed for arriving at a reasonable fee under 11 U.S.C. § 330 is to multiply a reasonable hourly rate times the number of hours worked [i.e. the lodestar method]. In re Kula, 213 B.R. 729, 736 (B.A.P. 8th Cir. 1997) (quoting P.A. Novelly v. Palans (In re Apex Oil Co.), 960 F.2d 728, 731 (8th Cir. 1992) ("The lodestar approach...is an appropriate method to use in calculating reasonable compensation under § 330"); In re Henricksen, 291 B.R. 833, 837 (B.A.P. 8th Cir. 2003) ("In determining if compensation sought is reasonable, the court must look to the time spent, the nature and extent of the services provided, and the value of the services themselves"). "As a result, unless such a calculation would be inappropriate under the circumstances, the bankruptcy court must make a finding as to whether the number of hours billed were reasonable in light of the complexity of the case, and then multiply by a reasonable hourly rate for those services." In re Kula, 213 B.R. 729, 737.

19. This "lodestar" may then be adjusted upward or downward based upon a variety of subjective factors, including: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The

amount involved and the results obtained; (9) The experience, reputation, and ability of the [professional]; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases. See <u>P.A. Novelly v. Palans (In re Apex Oil Co.)</u>, 960 F.2d 728, 732 (8th Cir. 1992).

20. The court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment as to value.

21. The impact of these factors to the captioned case is summarized as follows:

   A. <u>Time and labor required</u>. Applicant expended a total of **82.30 hours of which 80.70 hours were billed** providing necessary and reasonable services to the Trustee in connection with this Bankruptcy Case during the Compensation Period. *See Itemized Statement for Compensation Period*, **Exhibit 1**. Applicant reduced the rates of its attorneys and provided additional discounts and write-offs to the Trustee as reflected in the *Itemized Statement for Compensation Period*, **Exhibit 1**. Applicant endeavored to collaborate effectively and efficiently with the Trustee to avoid duplicative services while also representing the distinct interests of the Trustee in this Bankruptcy Case. Applicant ceased all services for the Trustee upon the Trustee's employment of Lally Legal Group as of August 18, 2024, to avoid any and all duplication or overlap in services after that time. The Applicant submits the time spent in the Bankruptcy Case is reasonable for the services performed.

   B. <u>The skill required to perform the services properly</u>. The Applicant has demonstrated skill as required to provide all services necessary to assist in the Trustee in the administration of Bankruptcy Case.

C. <u>Experience, reputation, and ability of the Applicant</u>. Elizabeth M. Lally has almost 20 years of experience as an attorney and has focused her work almost exclusively in bankruptcy since May 2009. She is licensed in numerous states and has a multi-jurisdictional bankruptcy practice. Ms. Lally has represented multiple Chapter 7 and Chapter 11 bankruptcy trustees as well as private parties throughout her career in connection with bankruptcy proceedings and related litigation across the United States. Ms. Lally is also a Chapter 11, Subchapter V Trustee for Region 12. In addition to Ms. Lally,[2] Spencer Fane has approximately forty (40) attorneys with a practice involving bankruptcy, restructuring and creditors' rights. Many of these attorneys concentrate their practice in reorganization, bankruptcy, and related litigation and commercial matters. The Firm's attorneys have extensive experience representing debtors, creditors' committees, creditors, trustees and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience in Chapter 7 and Chapter 11 cases.

D. <u>The customary fee</u>.

　　i. Spencer Fane's standard hourly rates for its attorneys working on this matter ranged from $490.00 to $550.00 per hour during the Compensation Period; however, the maximum rate billed for any attorney working on the case was $500.00. *See Itemized Statement for Compensation Period*, **Exhibit 1**.

　　ii. Again, Applicant expended a total of **82.30 hours of which 80.70 hours were billed** providing necessary and reasonable services to the Trustee

---

[2] Ms. Lally now practices law as Lally Legal Group and was retained to represent the Trustee as of August 18, 2024 under that name.

during the First Compensation Period. **Time spent preparing this Application was not billed**.

   iii.  Applicant submits these rates are no greater than and in-line with those being charged by attorneys for other major parties-in-interest in this or other bankruptcy cases in this district.

E. <u>The novelty and difficulty of the questions / The amount involved and the results obtained</u>. The Trustee and the Applicant came into Debtor's Bankruptcy Case after the Debtor's Chapter 11 case was converted to Chapter 7. Trustee and Applicant worked diligently to protect the Estate's interests in Section 500 actions, to work with creditors to settle disputes between them, and to analyze and investigate potential Section 500 actions. In summary, during the Compensation Period counsel for the Trustee:

   i.  Represented and advised the Trustee with respect to its dispute with Keystone Savings Bank ("<u>KSB</u>") related to ownership of proceeds related to the Estate's Section 500 actions, including briefing, court appearances and arguments, and settlement negotiations.

   ii.  Represented and advised the Trustee with respect to disagreements between KSB and Zayo Group, Inc., ("<u>Zayo</u>").

   iii.  Represented and advised the Trustee with respect to various, potential Section 547 preference actions.

   iv.  Represented and advised the Trustee with respect to asset valuation and analysis of recoveries.

F. <u>The preclusion of other employment</u>. Other employment was precluded due to this Bankruptcy Case time was spent by Applicant on this matter that would have been otherwise spent on other cases.

G. <u>Whether the fee is fixed or contingent</u>. Applicant's fees in this case were not contingent upon the outcome of any particular issue or adversary proceeding. However, as with many bankruptcy proceedings, Applicant faced the risk of there being insufficient funds in the Debtor's Estate to pay any / all fees related to professional services provided by the Applicant on behalf of the Trustee / Debtor's Estate.

H. <u>The "undesirability" of the case</u>. Given the risk of non-payment given the limited funds in Debtor's Estate at the time of conversion, and the battle concerning the ownership and prosecution of Section 500 Actions, Applicant feels the Bankruptcy Case was not particularly desirable. However, Applicant was committed to continuing to serve the Trustee and to help the Trustee with the administration of her duties.

I. <u>Awards in similar cases</u>. Applicant represents and would demonstrate the compensation for the services rendered and expenses incurred in connection with this Bankruptcy Case is not excessive and is commensurate with, or below the compensation sought or ordered in similar cases under the Bankruptcy Code. Taking into consideration the time and labor spent, the nature and extent of the representation, Applicant believes the allowance requested herein is reasonable.

22. The time described in the itemized statements represents the actual amount of time spent by Applicants to render the described services. *See Itemized Statement for Compensation Period*, **Exhibit 1**.

23. In addition, Applicant expended **$41.00 in costs** associated with Applicant's representation of the Trustee during the Compensation Period. *See Itemized Statement for Compensation Period*, **Exhibit 1**.

24. Travel time and expenses were kept to a minimum with all of Applicant's court appearances being via remote / telephonic means.

25. No agreement exists between Applicant and any third party for the sharing of compensation received by Applicant in connection with the captioned case, except as allowed by Bankruptcy Code § 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among the members, partners, or regular associates of Spencer Fane LLP.

### IV.  NOTICE AND OPPORTUNITY TO OBJECT

23. In compliance with Bankruptcy Rule 2002(a)(6), a Notice of the Application and Objection Deadline has been provided to all parties on the mailing matrix dated as of the date of this Application.

24. Applicant has also provided a copy of this Application and exhibit(s) to via the Court's CM/ECF system to: (a) all parties in interest; (b) the Office of the United States Trustee; and (c) all parties requesting electronic service.

25. Further, as set forth in the Notice of the Application and Objection Deadline, Applicant will provide a copy of this Application and exhibit(s) to any creditors or parties-in-interest who so request.

**WHEREFORE**, Applicant respectfully requests this Court enter an Order:

A. Granting *Spencer Fane LLP's First Interim and Final Application For Allowance And Payment Of Attorney Fees And Expenses For The Period Of February 1, 2024, Through August 14, 2024*;

B. Allowing and approving compensation for services rendered and expenses in the aggregate amount of $39,951.00, which amount consists of: (i) fees ($39,910.00); and (ii) expenses ($41.00) for the Compensation Period of February 1, 2024, through August 14, 2024, none of which has been previously applied for or approved for payment, on a final basis, as Chapter 7 administrative expenses of the Debtor's Estate under Bankruptcy Code §§ 503(b) and 507(a)(2);

C. Authorizing the Chapter 7 Trustee to pay fees and expenses to Spencer Fane LLP in the amount of $39,951.00, which amount consists of: (i) fees ($39,910.00); and (ii) expenses ($41.00) for the Compensation Period of February 1, 2024 through August 14, 2024 as administrative expenses of the Debtor's estate under Bankruptcy Code §§ 503(b) and 507(a)(2) fee from available funds on hand, at her discretion; and

D. Granting any other further relief the Court deems appropriate under the circumstances in law or equity.

January 20, 2026

Respectfully submitted,

/s/ Renee K. Hanrahan
Chapter 7 Trustee
PO Box 1088
Cedar Rapids IA  52406-1088
319.533.7358
rhanrahan@sharontc.net

/s/ *Camber M. Jones*
Camber M. Jones (admitted *pro hac vice*)
SPENCER FANE LLP
2144 E. Republic Road, Suite B300
Springfield MO 65804
Telephone: 417-888-1000
E-mail: cjones@spencerfane.com

ATTORNEY FOR TRUSTEE

OM 2047808.1