**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION FOR ORDER APPROVING COMPROMISE** |

COMES NOW Renee K. Hanrahan, in her capacity as Chapter 7 Trustee of the Estate of BDC Group, Inc., and respectfully moves the Court to enter an Order approving the compromise reached with Keystone Savings Bank and Liberty Mutual Insurance Company, and states:

1. Keystone Savings Bank initiated adversary action no. 25-09016 against Liberty Mutual Insurance Company for a declaratory judgment and other claims focused on the Debtor's insured equipment located in Virginia, and losses related to a left claim. The Bank holds security interests in the Debtor's equipment and proceeds of any insurance claim.

2. The Bank joined the Trustee as a defendant and representative of the Estate due to the Estate's interests in the policy at issue and position as a necessary party under bankruptcy rule 7019.

3. After discussions, and the evaluation of asserted defense(s), the parties have agreed to settle the dispute in a manner that would result in Keystone Savings Bank receiving $41,000 and the Trustee receiving $1,500 after entry of a court order approving the settlement. A copy of the parties' settlement agreement is attached as Exhibit 1.

4. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). A decision of whether to approve a proposed settlement agreement is within the sound discretion of the bankruptcy court. *See In re Simply Essentials, LLC*, 640 B.R. 922, 930

(Bankr. N.D. Iowa 2022). Generally, settlements are favored. *Id* at 931. A bankruptcy court need not determine that the settlement is "the best result obtainable;" rather, the standard of review "is whether the settlement is fair and equitable and in the best interests of the estate." *Ritchie Cap. Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015). In evaluating a settlement, the court need only ensure that "the settlement does not fall below the lowest point in the range of reasonableness." *Id.* (quoting *Tri-State Fin.,* 525 F.3d at 654).

5. The Trustee asserts that the settlement of adversary no. 25-09016 is in the best interests of the Estate and asks the Court to approve it.

WHEREFORE, the Trustee respectfully requests that this Court approve this Motion and enter an Order authorizing the parties to consummate the settlement as outlined herein and attached hereto, and directing and authorizing the parties to do anything and everything reasonably necessary to effectuate the compromise, and for such other relief as may be just and proper under the circumstances.

Dated: February 19, 2026

Respectfully Submitted,

/s/ Renee K. Hanrahan
Renee K. Hanrahan, Chapter 7 Trustee
P.O. Box 1088
Cedar Rapids, IA 52406-1088
319.533.7358
rhanrahan@sharontc.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2026, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Renee K. Hanrahan