UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 Case No. 23-00484 |
| | ) | |
| BDC Group, Inc. | ) | |
| | ) | MOTION FOR PAYMENT OF |
| | ) | PRIORITY WAGE CLAIMS |
| Debtor(s). | ) | AND ATTENDANT WITHHOLDING |
| | ) | AND TRUST FUND TAX LIABILITIES |
| | ) | |

COMES NOW the Chapter 7 Trustee Renee K. Hanrahan, and in support of her Motion for Payment of Priority Wage Claims and Attendant Withholding and Trust Fund Tax Liabilities hereby moves the Court for an Order granting the relief described below. In support thereof, the Chapter 7 Trustee respectfully states:

1. 11 U.S.C. §§ 105(a), 501, 502, 507, and 726, and FRBP Rules 2002, 3001, 3002, and 3009 govern Proofs of Claim and the priority of distribution of property of the bankruptcy estate.

2. Debtor BDC Group, Inc. ("Debtor") filed a voluntary Chapter 11 Petition pursuant to the Bankruptcy Code on June 13, 2023. The case was converted to one under Chapter 7 of the Bankruptcy Code on January 30, 2024, the business ceased operating, and Renee K. Hanrahan ("Trustee") was duly appointed and serves as the case Trustee.

3. This Trustee currently has cash on hand in the amount of $305,839.37, with two (2) matters outstanding that are expected to generate additional funds into this bankruptcy estate. It is unknown how soon these matters will be resolved.

4. This Trustee reviewed the wage claims filed in the case and has determined that nine (9), totaling $25,499.32, are entitled to Priority status under 11 U.S.C. §§726(a), 507(a)(4) as gross wages for wages, salaries, vacation, or sick pay earned within 180 of the date the Debtor business ceased to operate.

5. The employment of David L. Koch and Koch & Lipkea , P.C. ("CPA") to provide all aspects of payroll processing and electronic reporting and payments of tax liabilities related to payroll, which are required to be submitted electronically, was approved by Court Order on October 13, 2026. [Dkt 775]

6. Attached as Exhibit 1 are the CPA's calculations of net pay for each claimant, federal and state withholding taxes, Social Security, Medicare, unemployment taxes, and Employer's tax liabilities. **The total outlay for payroll and attendant taxes is $28,319.21**.

7. After review of all Proof of Claim on file, this Trustee calculates that there will be sufficient funds available to pay all Administrative and Wage Claims that enjoy a Priority of §507(a)(1) through

§507(a)(4). The Estate would not be rendered administratively insolvent by the proposed interim distributions to these Priority Wage Claims.

8. Considering the amount of assets currently in the Estate, the amount of pending and estimated unpaid Chapter 7 higher priority claims, and the amount of work left to be done, the Trustee believes there is a minimal risk in making an interim distribution to Priority Wage Claims.

9. It is unlikely that a Trustee's Final Report will be submitted and approved before December 31, 2026. However, payment of the proposed distributions to Priority Wage Claims will help the Trustee and her accountants with containing the preparation of the payroll reporting and payment of withholding and trust fund taxes attributable to these wages to one tax year. Accordingly, it is important to pay the proposed Priority Wage Claims and attendant tax liabilities prior to December 31, 2026.

10. No previous request for payment of Priority Wage Claims and Attendant Tax Liabilities has been made in this case.

WHEREFORE, Renee K. Hanrahan, the Chapter 7 Trustee in the above-referenced case, respectfully requests the Court enter an Order:

a. Authorizing the Trustee to pay net wage distributions to claimants as shown on Exhibit 1 totaling $19,855.85;

b. Authorizing the Trustee to pay, in any manner required, the withholding taxes of $5,643.47, and trust fund taxes of $2,819.89, all as shown on Exhibit 1, totaling $8,463.36;

c. Authorizing the Trustee and/or her CPA to generate wage and tax reports, including but not limited to W2s, W3s, EFTPS for 940 and 941 payments, state withholding returns, state Workforce and FUTA as required; and

d. Authorizing such other and further relief as the Court deems just and appropriate under the circumstances.

DATED: October 26, 2026

_/s/ Renee K. Hanrahan ___________
Renee K. Hanrahan, Chapter 7 Trustee
P.O. Box 1088
Cedar Rapids, IA 52406-1088
319.533.7358
hanrahanrenee@gmail.com