# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") dated as of October 16, 2026, is entered into between Keystone Savings Bank, as a representative of the BDC Group, Inc. Bankruptcy Estate (the "Bank") and Mediacom Communications Corporation ("Mediacom"). The Bank and Mediacom are collectively referred to as "Parties" or individually as "Party."

WHEREAS, BDC Group, Inc. ("BDC") filed a voluntary petition for Chapter 11 bankruptcy relief on June 13, 2023 in the United States Bankruptcy Court for the Northern District of Iowa (the "Court"), docketed as case no. 23-00484;

WHEREAS, the Bank was BDC's primary and senior lender before bankruptcy, and in the course of BDC's Chapter 11 case continued that relationship through a DIP Loan filed and approved by the Court;

WHEREAS, BDC's reorganization efforts were not successful and on January 30, 2024 the Court entered an order converting the bankruptcy case from Chapter 11 to a proceeding under Chapter 7 of the Bankruptcy Code;

WHEREAS, the Bank received derivative standing to collect certain BDC receivables and other assets pursuant to the Court's August 29, 2024 Order. Pursuant to that authority, the Bank contacted Mediacom and has pursued receivables payment for business that BDC and Medicom previously conducted.

WHEREAS, Mediacom denies that it owes any payment to BDC and instead alleges that it is a creditor to BDC based on chargebacks for deficient work that was paid for by Mediacom in he past and the cost of work that had to be redone or completed by a third-party contractor after BDC failed to complete projects for Mediacom according to specifications.

WHEREAS, following its review of the case docket, schedules, claims, and the respective rights and interests in property of the estate, and in an effort to both maximize the value of the estate and minimize the risks inherent in litigation and costs of the same, the Bank has determined, following negotiations with Mediacom and upon consultation with counsel, that the terms and conditions within this Agreement are reasonable, fair, and in the best interests of the bankruptcy estate;

NOW THEREFORE the Parties in consideration of the foregoing and following mutual promises set forth herein, hereby agree as follows:

1. **Recitals.** The recitals set out above are incorporated into this Agreement.

2. **Settlement Amount and Payment.** In settlement of the Parties' respective claims against each other and in consideration of the Parties releasing their respective claims against each other, Mediacom shall pay $15,000 to Keystone Savings Bank within twenty-one (21) days after the later of either (1) the Effective Date of this Agreement (the "Settlement Payment") or (2) the date that Mediacom receives from counsel for the Bank a copy of the court-stamped final order of the Court approving this Agreement. Payment is contingent on receipt by Mediacom of a current signed IRS Form W-9 for the Bank. The Settlement Payment check made payable to Keystone Savings Bank shall be sent via overnight delivery to Abram Carls at Simmons Perrine PLC, 115 3rd Street SE, Suite 1200, Cedar Rapids, Iowa 52401. The Bank shall hold the Settlement Payment in trust, pending

the division provided for by the derivative standing agreement previously approved by the Court.

3. **Release of Mediacom.** The Bank, on behalf of the bankruptcy estate and the Debtor, hereby expressly releases and discharges Mediacom and its agents, attorneys, officers, Board of Directors, parents, subsidiaries, representatives, affiliates, owners, directors, successors, employees, administrators, predecessors, assigns and partners and any entity affiliated in any manner with Mediacom, and its respective representatives, administrators, successors, predecessors, assigns, partners, employees, directors, officers, owners, agents and attorneys from any and all past, present or future claims, counterclaims, demands, damages, obligations, liabilities or causes of actions that the bankruptcy estate or the Debtor has or may have against the released parties, whether known or unknown, contingent or matured, as of the Effective Date of this Agreement. The breach of any provision of this Agreement is expressly excluded from this release.

4. **Cooperation.** Each of the Parties agrees to make reasonable efforts to take such other necessary action as such other Party may reasonably request to effectuate the terms of this Agreement.

5. **Approval Motion.** As soon as reasonably practicable following execution of this Agreement the Bank shall file a motion pursuant to Bankruptcy Rule 9019, together with required supporting papers and required notices, with the bankruptcy court seeking approval of the settlements and terms contained in this Agreement. The Parties shall exercise best efforts to obtain Court approval in the form of an order that is acceptable to all Parties. Final Court approval (not subject to appeal) of this Agreement is a condition of the effectiveness of the terms of this Agreement.

6. **Effective Date**. The Effective Date of this Agreement shall be fourteen (14) days after entry of a final order of the Court (not subject to appeal) approving this Agreement.

7. **Preservation of Rights and No Admission by or Construction Against Any Party.** Except to the extent specifically provided or modified herein, the execution of this Agreement shall not be deemed a waiver of any of the Parties' rights, and all rights and remedies of the Parties shall remain in full force and effect. This Agreement is intended to be and is a pragmatic, commercial accommodation between the Parties and shall not be construed as an admission of responsibility, liability, or fault for any Party's claims. This Agreement is the jointly drafted product of arm's-length negotiations between the Parties with the benefit of advice from counsel, and the Parties agree that it shall be so construed. The Parties enter into this Agreement freely, without coercion. Each of the Parties acknowledges and verifies that it fully understands the terms of this Agreement and the consequences thereof. Consequently, no Party will claim that any ambiguity in this Agreement shall be construed against any other Party by reason of the identity of the drafter.

8. **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed and interpreted according to the laws of the State of Iowa.

9. **Modification.** This Agreement shall not be modified in any fashion except by written agreement executed by each of the Parties, approved by the Court.

10. **Binding Effect.** This Agreement will be binding upon, and inure to the benefit of, the successors, heirs and assigns of the Parties.

**11. Attorneys' Fees**. Each Party shall pay their own respective attorneys' fees and costs associated with this dispute and the preparation of this Agreement.

**12. Construction and Interpretation.** Each Party has been represented by counsel in the negotiation of this Agreement, and all accompanying documents, which shall be given effect according to their terms and the doctrine of *contra proferentum* shall not apply. Each Party further represents and warrants to the others that she/it has been represented by the counsel of her/its own choosing, has relied upon the advice of the chosen legal counsel, that the provisions of this Agreement have been read and explained to her/it by that counsel, and that the provisions this Agreement are understood and voluntarily accepted by her/it.

**13. Severability.** The invalidity or unenforceability of any provision of this Agreement, whether in whole or in part, shall not in any way affect the validity or enforceability of any other provision contained herein. All terms and conditions herein are material.

**14. Electronic, Facsimile and Counterparts.** This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. Counterparts may be delivered via facsimile, electronic mail or image, or other transmission method, and any counterpart so delivered shall be deemed to have been duly and validly delivered and effective for all purposes. An electronic copy of this Agreement shall be deemed an original. It shall not be necessary in making proof of this Agreement to produce or account for more than one such counterpart.

[*Remainder of page intentionally left blank*]

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

KEYSTONE SAVINGS BANK, REPRESENTATIVE OF THE BANKRUPTCY ESTATE OF BDC GROUP, INC.:

Signed: ______________________________

By: ______________________________

Title: ______________________________

MEDIACOM COMMUNICATIONS CORPORATION:

Signed: [signature]

By: Jenna Guarino

Title: VP, Legal Affairs

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

KEYSTONE SAVINGS BANK, REPRESENTATIVE OF THE BANKRUPTCY ESTATE OF BDC GROUP, INC.:

Signed: [signature]

By: Travis Armstrong

Title: EVP- Chief Lending Officer

MEDIACOM COMMUNICATIONS CORPORATION:

Signed: ______________________________

By: ______________________________

Title: ______________________________