**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**

| IN RE:<br><br>BDC GROUP, INC.,<br><br>Debtor. | Case No. 23-00484<br><br>**MOTION FOR ORDER APPROVING COMPROMISE** |
|---|---|

COME NOW Keystone Savings Bank (the "Bank"), as a representative of the Estate pursuant to the Court's August 29, 2024 Order, Dkt. 528, and Renee K. Hanrahan, Chapter 7 Trustee ("Trustee"), and respectfully move the Court to enter an Order approving the compromise reached with Summit Infrastructure Group, LLC ("SummitIG"), and state:

1. The Court granted the Bank derivative standing to administer, collect, and pursue certain receivables that were owed to Debtor BDC Group, Inc. when it filed bankruptcy. The Bank holds security interests in these receivables, which became property of the Estate at the commencement of this case. *See* 11 U.S.C. § 541(a)(1); 11 U.S.C. § 552(b).

2. Following its receipt of derivative standing authority, the Bank pursued recovery from SummitIG focused on the owing receivable balance stated in BDC's records, of approximately $1,400,000.00 which position and payment SummitIG disputed.

3. In reaching the resolution presented in this Motion, the Bank and SummitIG completed two rounds of full days of mediation. With the assistance of the mediator and counsel, the Parties[1] reached a settlement and agreed to the following material terms after the order approving the settlement becomes a final and non-appealable order: (a) a lump sum payment of $225,000, (b) reciprocal releases of the Bank, Trustee, and the Estate with SummitIG, and (c) SummitIG will withdraw its proof of claim.

[1] Bank, Trustee, and SummitIG are collectively referred to herein as the "Parties."

4. The figure represents a compromise between competing factual and legal positions, and considers the parties' relative expenses if the matter were pursued in litigation.

5. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

6. A decision of whether to approve a proposed settlement agreement is within the sound discretion of the bankruptcy court. *See In re Simply Essentials, LLC*, 640 B.R. 922, 930 (Bankr. N.D. Iowa 2022) (*citing In re Hildreth*, No. 09-00293, 2012 WL 4520635 (Bankr. N.D. Iowa 2012)). Generally, settlements are favored. *Id* at 931. A bankruptcy court need not determine that the settlement is "the best result obtainable;" rather, the standard of review "is whether the settlement is fair and equitable and in the best interests of the estate." *Ritchie Cap. Mgmt., L.L.C. v. Kelley*, 785 F.3d 273, 278 (8th Cir. 2015) (quoting *Tri-State Fin., LLC,* 525 F.3d 649, 654 (8th Cir. 2008)). In evaluating a settlement, the court need only ensure that "the settlement does not fall below the lowest point in the range of reasonableness." *Id.* (quoting *Tri-State Fin.,* 525 F.3d at 654).

7. The Bank and Trustee assert that the settlement with SummitIG is in the best interests of the Estate and ask the Court to approve it.

WHEREFORE, Keystone Savings Bank, as a representative of the Estate, and the Trustee respectfully request that this Court approve this Motion and enter an Order authorizing the Parties to consummate the settlement as outlined herein, and directing and authorizing the parties to do anything and everything reasonably necessary to effectuate the compromise, and for such other relief as may be just and proper under the circumstances.

Dated: November 19, 2026, 2026.

Respectfully Submitted,

SIMMONS PERRINE PLC

/s/ Abram V. Carls
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Phone: 319-366-7641
Facsimile: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR KEYSTONE SAVINGS BANK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2026, a copy of the foregoing document was filed with the Clerk of Court for the United States Bankruptcy Court for the Northern District of Iowa using the CM/ECF system, and served electronically on those participants that receive service through the CM/ECF System.

/s/ Abram V. Carls