Docusign Envelope ID: 0E72CD69-7E4C-8DB6-8276-BDB75698B4F3


# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") dated as of November 5, 2026, is entered into between Keystone Savings Bank ("Bank"), as a representative of the BDC Group, Inc. bankruptcy estate (the "Estate"), Renee K. Hanrahan, chapter 7 Trustee for the Estate ("Trustee"), and Summit Infrastructure Group, LLC ("SummitIG") (the Bank, the Trustee, and SummitIG collectively referred to as "Parties").

WHEREAS, BDC Group, Inc. ("BDC") filed a voluntary petition for Chapter 11 bankruptcy relief on June 13, 2023 in the United States Bankruptcy Court for the Northern District of Iowa (the "Court"), docketed as case no. 23-00484;

WHEREAS, the Bank was BDC's primary and senior lender before bankruptcy, and in the course of BDC's Chapter 11 case continued that relationship through a DIP Loan filed and approved by the Court;

WHEREAS, BDC's reorganization efforts were not successful and on January 30, 2024 the Court entered an order converting the bankruptcy case from Chapter 11 to a proceeding under Chapter 7 of the Bankruptcy Code and the Trustee was appointed;

WHEREAS on May 6, 2024, SummitIG filed proof of claim number 141 against the Estate ("POC") in an unknown amount and asserting setoff and recoupment rights against the Estate.

WHEREAS, the Bank received derivative standing to collect certain BDC receivables and other assets on behalf of the Estate pursuant to the Court's August 29, 2024 Order. Pursuant to that authority, on July 30, 2025, the Bank filed a Complaint on behalf of the Estate against SummitIG (Adversary Proceeding No. 25-09096) seeking turnover of alleged receivables owed to the estate and objecting to the POC ("Complaint").

WHEREAS, following their review of the bankruptcy case and adversary proceeding dockets, schedules, claims, the POC, and the respective rights and interests in property of SummitIG and the Estate, and in an effort to both maximize the value of the estate and minimize the risks inherent in litigation and costs of the same, and without any admission of liability by SummitIG, the Parties have determined, following negotiations through mediation, and upon consultation with counsel, that the terms and conditions within this Agreement are reasonable, fair, and in the best interests of the Estate;

NOW THEREFORE the Parties in consideration of the foregoing and following mutual promises set forth herein, hereby agree as follows:

**1. Recitals.** The recitals set out above are incorporated into this Agreement.

**2. Settlement Amount and Payment.** SummitIG shall pay $225,000 to the Bank within seven (7) days after the Order approving the Motion referenced in paragraph 6 below becomes final and non-appealable (the "Settlement Payment"). The Bank shall hold the Settlement Payment in trust, pending the division provided for by the derivative standing agreement previously approved by the Court.

**3. Release of SummitIG.** The Bank, on behalf of the Estate and the Debtor, and the Trustee hereby expressly release and discharge SummitIG and its agents, attorneys, officers, Board of Directors, parents, subsidiaries, representatives, affiliates, and from any and all claims, demands or causes of actions that the Estate or the Debtor has or may have against

the released parties, whether known or unknown, contingent or matured, including the claims asserted in the Complaint, as of the entry of a final non-appealable order approving the Motion referenced in paragraph 6 below. The breach of any provision of this Agreement is expressly excluded from this release.

**4. Release of Bank, Trustee, and Estate.** SummitIG hereby expressly releases and discharges the Bank, the Trustee, and the Estate, and their agents, attorneys, officers, Board of Directors, parents, subsidiaries, representatives, affiliates, and from any and all claims, demands or causes of actions that SummitIG has or may have against the released parties, whether known or unknown, contingent or matured, including the claims asserted in the POC, as of the entry of a final non-appealable order approving the Motion referenced in paragraph 6 below. The breach of any provision of this Agreement is expressly excluded from this release.

**5. Cooperation.** Each of the Parties agrees to make reasonable efforts to take such other necessary action as such other Party may reasonably request to effectuate the terms of this Agreement.

**6. Approval Motion.** As soon as reasonably practicable following execution of this Agreement the Bank shall file a motion pursuant to Bankruptcy Rule 9019, together with required supporting papers and required notices, with the bankruptcy court seeking approval of the settlements and terms contained in this Agreement. The Parties shall exercise best efforts to obtain Court approval in the form of an order that is acceptable to all Parties. Final Court approval (not subject to appeal) of this Agreement is a condition of the effectiveness of the terms of this Agreement. To the extent Court approval is not obtained, the terms of this Agreement are null and void.

**7. Dismissal of Complaint and Withdrawal of POC**. Within five (5) days of the Bank's receipt of the Settlement Payment, the Bank shall dismiss the Complaint with prejudice, and SummitIG shall withdraw its POC.

**8. Preservation of Rights.** Except to the extent specifically provided or modified herein, the execution of this Agreement shall not be deemed a waiver of any of the Parties' rights, and all rights and remedies of the Parties shall remain in full force and effect.

**9. Governing Law and Jurisdiction.** This Agreement shall be governed by and construed and interpreted according to the laws of the State of Iowa.

**10. Modification.** This Agreement shall not be modified in any fashion except by written agreement executed by each of the Parties, approved by the Court.

**11. Binding Effect.** This Agreement will be binding upon, and inure to the benefit of, the successors, heirs and assigns of the Parties.

**12. Construction and Interpretation.** Each Party has been represented by counsel in the negotiation of this Agreement, and all accompanying documents, which shall be given effect according to their terms and the doctrine of *contra proferentum* shall not apply. Each Party further represents and warrants to the others that she/it has been represented by the counsel of her/its own choosing, has relied upon the advice of the chosen legal counsel, that the provisions of this Agreement have been read and explained to her/it by that counsel, and that the provisions this Agreement are understood and voluntarily accepted by her/it.

**13. Severability.** The invalidity or unenforceability of any provision of this Agreement, whether in whole or in part, shall not in any way affect the validity or enforceability of any other provision contained herein. All terms and conditions herein are material.

**14. Electronic, Facsimile and Counterparts.** This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. Counterparts may be delivered via facsimile, electronic mail or image, or other transmission method, and any counterpart so delivered shall be deemed to have been duly and validly delivered and effective for all purposes. An electronic copy of this Agreement shall be deemed an original. It shall not be necessary in making proof of this Agreement to produce or account for more than one such counterpart.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

KEYSTONE SAVINGS BANK, REPRESENTATIVE OF THE BANKRUPTCY ESTATE OF BDC GROUP, INC.:

Signed: Signed by: Travis Armstrong
5F8F2796263B466...

By: Travis Armstrong

Title: Executive Vice President - Chief Lending Officer

SUMMIT INFRASTRUCTURE GROUP, LLC:

Signed: Signed by: Sunny Kumar
46607B1356094CD...

By: Sunny Kumar

Title: Authorized Signatory

RENEE K. HANRAHAN, CHAPTER 7 TRUSTEE

SIGNED: Signed by: [illegible]
637C2CA1D2F7491...